# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

        Plaintiffs,

      v.                             Case No. 10-CV-00910-WCG

NCR CORPORATION, et al.

        Defendants.

## DEFENDANT, CBC COATING, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED COMPLAINT

### ANSWER

COMES NOW the Defendant, CBC Coating, Inc. ("CBC"), by its attorneys, von Briesen & Roper, s.c., and as and for its answer to the First Amended Complaint ("Complaint") admits, denies, and shows to the Court as follows:

### NATURE OF THE ACTION

1.     Answering paragraph 1 of the Complaint, admits that the United States and the State of Wisconsin (collectively, "Plaintiffs") filed a civil action against Defendants under sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. §§ 9606 and 9607; denies any allegations of Paragraph 1 of the Complaint alleging that CBC is liable to either Plaintiff; and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1, and therefore denies same.

## JURISDICTION AND VENUE

2.      Answering paragraph 2 of the Complaint, admits.

3.      Answering paragraph 3 of the Complaint, admits.

## BACKGROUND ON THE SITE AND THE STATUTE

4.      Answering paragraph 4 of the Complaint, admits that the Site encompasses a nearly 40 mile stretch of the Lower Fox River; denies that any facilities owned and operated by CBC discharged large amounts of PCBs to the River in connection with past production and re-processing of a particular type of PCB-coated "carbonless" copy paper, known as "No Carbon Required" paper; admits that PCB contamination remains at the Site; admits that PCBs do not break down readily by natural processes and bioaccumulate in the fatty tissue of animals;  admits that fish and waterfowl in the area are subject to consumption advisories and that PCBs are probable human carcinogens; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

### Response Activities By Plaintiffs

5.      Answering paragraph 5 of the Complaint, states that the allegations are legal conclusions to which no response is required.  To the extent a response is required, admits that as a general matter CERCLA provides the EPA and the States with the authority under certain circumstances to take response actions including removal and remedial actions, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

6.      Answering paragraph 6 of the Complaint, admits that the EPA and the WDNR have taken various response activities at the Site, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

Case 1:10-cv-00910-WCG   Filed 12/17/10   Page 2 of 22   Document 57

7.      Answering paragraph 7 of the Complaint, admits that WDNR issued the reports listed in Paragraph 7 of the Complaint, denies that all of these reports were "scientific" and were prepared in accordance with the National Contingency Plan ("NCP"), and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

8.      Answering paragraph 8 of the Complaint, admits that in 2001, EPA and WDNR issued a Proposed Remedial Action Plan for the Site, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

9.      Answering paragraph 9 of the Complaint, admits.

10.     Answering paragraph 10 of the Complaint, admits.

11.     Answering paragraph 11 of the Complaint, admits.

12.     Answering paragraph 12 of the Complaint, admits.

## Response Costs

13.     Answering paragraph 13 of the Complaint, states that the allegations are legal conclusions to which no response is required.  To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law; lacks knowedge or information sufficient to form a belief as to whether costs incurred by the Plaintiffs are consistent with the NCP and therefore denies any such allegation; and further denies that CBC Coating is liable to the Plaintiffs for any costs.

14.     Answering paragraph 14 of the Complaint, admits that the EPA and WDNR incurred costs at the Site, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

15.    Answering paragraph 15 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

16.    Answering paragraph 16 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

17.    Answering paragraph 17 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

18.    Answering paragraph 18 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

19.    Answering paragraph 19 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

20.    Answering paragraph 20 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

21.    Answering paragraph 21 of the Complaint, admits that certain costs incurred by Plaintiffs have been reimbursed, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

22.    Answering paragraph 22 of the Complaint, states that the allegations are legal conclusions to which no response is required.  To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

23.    Answering paragraph 23 of the Complaint, admits that the United States made a written demand for payment of a specified amount on January 15, 2009, but denies that the demand properly specified or demonstrated that the amount demanded represented unreimbursed response costs incurred by the United States.

## Cleanup Requirements

24.     Answering paragraph 24 of the Complaint, states that the allegations are legal conclusions to which no response is required.  To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

25.     Answering paragraph 25 of the Complaint, admits that in November 2007, EPA issued a UAO, which order speaks for itself, and denies any allegations in addition or contrary thereto.

## Natural Resource Damage Assessment and Restoration Activities

26.     Answering paragraph 26 of the Complaint, states that the allegations are legal conclusions to which no response is required.  To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

27.     Answering paragraph 27 of the Complaint, states that the allegation are legal conclusions to which no response is required.  To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

28.     Answering paragraph 28 of the Complaint, admits that PCBs have been released into the environment at the Site, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

29.     Answering paragraph 29 of the Complaint, admits that the Department of the Interior ("DOI") has been designated as a natural resource trustee for certain natural resources at the Site, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

30.     Answering paragraph 30 of the Complaint, admits that WDNR has been designated as a natural resource trustee for certain natural resources at the Site, and lacks

5

knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

31.    Answering paragraph 31 of the Complaint, states that the allegations are legal conclusion to which no response is required. To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

32.    Answering paragraph 32 of the Complaint, states that the allegations are legal conclusion to which no response is required. To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

33.    Answering paragraph 33 of the Complaint, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, admits that DOI has promulgated regulations codified at 43 C.F.R. pt. 11, which regulations speak for themselves, and denies any allegations in addition or contrary thereto.

34.    Answering paragraph 34 of the Complaint, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

35.    Answering paragraph 35 of the Complaint, admits that certain parties, including DOI and WDNR, have performed certain natural resource damages ("NRD") assessment and restoration activities at the Site but lacks knowledge or information sufficient to form a belief as to whether they were in accordance with DOI's NRD assessment regulations and therefore denies same; admits that certain persons prepared documents titled "Restoration and Compensation Determination Plan" and "Joint Restoration Plan by the Federal, State, and Tribal Trustees," which documents speak for themselves and denies any allegations in addition or

contrary thereto; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

36.     Answering paragraph 36 of the Complaint, states that the allegations contain legal conclusions to which no response is required.  To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

37.     Answering paragraph 37 of the Complaint, admits that Plaintiffs have obtained partial recoveries on their NRD claims for the Site through partial settlements with some of the Defendants and other PRPs.  The remaining allegations contain legal conclusions to which no response is required.  To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

38.     Answering paragraph 38 of the Complaint, states that the allegation is a legal conclusion to which no response is required.  To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

## GENERAL ALLEGATIONS AND ALLEGATIONS RELATING TO THE DEFENDANTS

### General Allegations

39.     Answering paragraph 39 of the Complaint, admits that CBC, NCR and API are "persons" as alleged in paragraph 39; the remaining allegations in paragraph 39 are not directed toward CBC and therefore no response is required from CBC.

40.     Answering paragraph 40 of the Complaint, states that the allegation is a legal conclusion to which no response is required.  To the extent a response is required, lacks

knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

41.     Answering paragraph 41 of the Complaint, states that the allegation is a legal conclusion to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

42.     Answering paragraph 42 of the Complaint, states that the allegation is a legal conclusion to which no response is required.  To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

43.     Answering paragraph 43 of the Complaint, admits.

44.     Answering paragraph 44 of the Complaint, admits.

**NCR Corporation and Appleton Papers Inc.**

45.-54. The allegations in Paragraphs 45-54 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

**CBC Coating, Inc.**

55.     Answering paragraph 55 of the Complaint, admits that CBC Coating, Inc. when it was formerly known as Riverside Paper Corporation owned and operated a paper production facility (the "Riverside Facility") on South Lawe Street in Appleton, Wisconsin; denies that CBC Coating still owns or operates a paper production facility and denies any and all remaining allegations of said paragraph.

56.     Answering paragraph 56 of the Complaint, admits that Riverside Paper Corporation ("Riverside") reprocessed wastepaper at the Riverside Facility, but denies that the wastepaper contained PCBs and denies the remaining allegations of said paragraph.

8

57.     Answering paragraph 57 of the Complaint, denies that the Riverside Faciltiy reprocessed PCB-containing wastepaper, admits that on three or four occasions the Riverside Facility discharged wastewater containing very low levels of PCBs to the City of Appleton's sewer system and POTW, admits that the Riverside Facility was owned and operated by Riverside Paper Corporation (now known as CBC Coating) at that time of the discharge; and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

58.     Answering paragraph 58 of the Complaint, denies.

59.     Answering paragraph 59 of the Complaint, denies.

60.     Answering paragraph 60 of the Complaint, admits that the Complaint does not assert claims against CBC for any responses costs associated solely with OU1, and denies the remaining allegations.

## City of Appleton

61.     Answering paragraph 61 of the Complaint, admits that on three or four occasions the City of Appleton's sewer system and POTW received wastewater containing very low levels of PCBs from the Riverside Facility, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

62-64.     The allegations in Paragraphs 62-64 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

## Georgia-Pacific Consumer Products LP

65-72.     The allegations in Paragraphs 65-72 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

9

### Kimberly-Clark Corporation

73-79.     The allegations in Paragraphs 73-79 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

### Menasha Corporation

80-84.     The allegations in Paragraphs 80-84 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

### NewPage Wisconsin Systems, Inc.

85-89.     The allegations in Paragraphs 85-89 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

### P.H. Glatfelter Company

90-96.     The allegations in Paragraphs 90-96 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

### U.S. Paper Mills Corp.

97-103.     The allegations in Paragraphs 97-103 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

### WTM I Company

104-109.     The allegations in Paragraphs 104-109 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

### Neenah-Menasha Sewerage Commission

110-112.     The allegations in Paragraphs 110-112 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

### Brown County

113-116.     The allegations in Paragraphs 113-116 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

117-120.   The allegations in Paragraphs 117-120 of the Complaint are not directed toward CBC, and therefore no response is required from CBC.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)**

121.      Answering paragraph 121 of the Complaint, incorporates by reference CBC's responses to paragraphs 1 through 120 of the Complaint as if fully set forth herein.

122.      Answering paragraph 122 of the Complaint, denies.

### SECOND CLAIM FOR RELIEF
**(Declaratory Judgment for Recovery of Further Response Costs by the United States)**

123.      Answering paragraph 123 of the Complaint, incorporates by reference CBC's responses to paragraphs 1 through 120 of the Complaint as if fully set forth herein.

124.      Answering paragraph 124 of the Complaint, denies.

### THIRD CLAIM FOR RELIEF
**(Cost Recovery by the State Under CERCLA Section 107, 42 U.S.C. § 9607)**

125.      Answering paragraph 125 of the Complaint, incorporates by reference CBC's responses to paragraphs 1 through 120 of the Complaint as if fully set forth herein.

126.      Answering paragraph 126 of the Complaint, denies.

### FOURTH CLAIM FOR RELIEF
**(Declaratory Judgment for Recovery of Further Response Costs by the State)**

127.      Answering paragraph 127 of the Complaint, incorporates by reference CBC's responses to paragraphs 1 through 120 of the Complaint as if fully set forth herein.

128.      Answering paragraph 128 of the Complaint, denies.

## FIFTH CLAIM FOR RELIEF
### (United States' Claim for Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

129.     Answering paragraph 129 of the Complaint, incorporates by reference CBC's responses to paragraphs 1 through 120 of the Complaint as if fully set forth herein.

130.     Answering paragraph 130 of the Complaint, admits that the EPA issued the UAO in November 2007, which document speaks for itself, and denies any allegations in addition or contrary thereto, and denies any remaining allegations of said paragraph.

131.     Answering paragraph 131 of the Complaint, admits that the EPA issued the UAO in November 2007, which document speaks for itself, and denies any allegations in addition or contrary thereto, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

132.     Answering paragraph 132 of the Complaint, admits that the United States seeks the relief stated in said paragraph, but denies that the United States is entitled to such relief.

## SIXTH CLAIM FOR RELIEF
### (Natural Resource Damages)

133.     Answering paragraph 133 of the Complaint, incorporates by reference CBC's responses to paragraphs 1 through 120 of the Complaint as if fully set forth herein.

134.     Answering paragraph 134 of the Complaint, admits that PCBs have been released into the environment at the Site, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

135.     Answering paragraph 135 of the Complaint, denies.

136.     Answering paragraph 136 of the Complaint, denies.

## UNITED STATES AND STATE OF WISCONSIN'S PRAYER FOR RELIEF

CBC denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses available to it, CBC hereby asserts the following defenses:

1. Plaintiffs have failed to comply with the requirements of the National Contingency Plan, including the failure to choose or to conduct a remedy in a manner not inconsistent with the National Contingency Plan, and therefore cannot be reimbursed for the expenses they may have incurred or may later incur, in whole or in part.

2. Plaintiffs' claims are barred in whole or in part because the harms at this Site are divisible, or a reasonable basis for apportioning liability exists, and CBC is not jointly and severally liable for some or all of the response actions, response costs, and damages for which Plaintiffs seek recovery.

3. CBC is exempt from liability pursuant to 42 U.S.C. § 9607(o).

4. Without admitting liability, CBC asserts that any discharge of hazardous substances, pollutants, or contaminants, or harm resulting from any such release as alleged in Plaintiffs' Complaint is the result of superseding or intervening acts or omissions of third parties over whom CBC had no control.

5. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

6. In the event that CBC is held liable to Plaintiffs, all such liability being expressly denied, then liability should be determined on a proportional basis taking into account the contributions of all other parties, including Plaintiffs, the other named defendants, persons that Plaintiffs have sued and then dismissed by reason of settlement or otherwise, and all other persons and entities in any way responsible for conditions at the Lower Fox River Site.

7.     Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands. Additionally, with respect to equitable claims, any damages which may be due and owing to Plaintiffs are the sole result of Plaintiffs' negligence, the negligence of other named Defendants, the negligence of other persons not parties to this lawsuit, or other wrongdoing.

8.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

9.     Plaintiffs' claims are barred in whole or in party by the doctrine of estoppel.

10.    Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

11.    Plaintiffs' claims are barred because the release or threat of release of a hazardous substance and the damages resulting from that release or threatened release were caused solely by an act of God, or an act or omission of a third party other than an employee or agent of CBC, or other than one whose act or omission occurred in connection with a contractual relationship, existing directly or indirectly, with CBC.  CBC exercised due care with respect to any PCBs at its facility, taking into consideration the characteristics of PCBs in light of all relevant facts and circumstances, and CBC took precautions against foreseeable acts or omissions of third parties and the consequences that could foreseeably result from such acts or omissions.

12.    Plaintiffs' claims for natural resource damages are barred or limited by law.

13.    Plaintiffs' claims are barred in whole or in part by the doctrine of claim preclusion.

14.    Plaintiffs' claims are barred in whole or in part by the doctrine of issue preclusion.

15.    This action is barred by a prior action pending before this Court that involves the same transactions, issues, parties, and Site that are the subject of Plaintiffs' Complaint.

Case 1:10-cv-00910-WCG   Filed 12/17/10   Page 14 of 22   Document 57

16.     Plaintiffs' Complaint fails to state a claim against CBC upon which relief may be granted.

17.     The United States is a party responsible for the Site pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Accordingly, EPA is not permitted to issue a unilateral administrative order for remedial action with respect to this Site because EPA may not unilaterally determine the allocation of liability among responsible parties of which it is one. Further, neither the United States nor the State may seek enforcement of such a unilateral administrative order.

18.     Any recovery against CBC should be reduced by the amount CBC paid under the Agreement Between the State of Wisconsin and Certain Companies Concerning The Fox River, dated January 31, 1997.

19.     Each Plaintiff is a "covered person" with respect to this Site pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Neither Plaintiff may bring a claim to recover costs pursuant to section 107(a)(1)-(4)(A), *id.* § 9607(a)(1-4)(A), but instead may only pursue a contribution claim pursuant to section 113(f), *id.* § 9613(f).

20.     CBC is not liable for any damages for injury to or destruction of or loss of natural resources unless those losses were caused by a release of hazardous substances for which CBC is responsible.

21.     CBC did not intend to treat or dispose of hazardous substances.

22.     Releases of PCBs by CBC, if any, did not cause the Plaintiffs to incur any damages.

23.     Plaintiffs failed to mitigate, reduce, or otherwise avoid their alleged damages.

24.     Some or all of Plaintiffs' alleged costs are not "response costs" under CERCLA and thus cannot be recovered under CERCLA.

25.     CBC incorporates herein by reference potentially applicable affirmative defenses asserted by other defendants in this action and reserves its right to add Affirmative Defenses to the extent they become known during discovery in this case.

## COUNTERCLAIMS

CBC Coating, Inc. brings these counterclaims for contribution under CERCLA Sec. 113(f), 42 U.S.C. Sec. 9613(f) and for declaratory relief under CERCLA Sec. 113(g)(2) and Declaratory Judgment Act, 28 U.S.C. Sec. 2201(a), with respect to this Site, against the United States.

## PARTIES

1.     CBC Coating, Inc. ("CBC") is a Wisconsin corporation with its principal place of business in Appleton, Wisconsin. CBC is a successor to Riverside Paper Corporation. CBC and Riverside Paper Corporation shall be referred to collectively hereafter as "CBC."

2.     The United States is a "person" as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21). The United States acts through its various agencies and departments, including among others the DOI, EPA, and the U.S. Army Corps of Engineers.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this counterclaim under 42 U.S.C. § 9613, 28 U.S.C. § 1331, and 28 U.S.C. Sec. 2201(a).

4.     There is an actual, existing and justiciable controversy between CBC and the United States for each and every count alleged in these counterclaims, and the parties have genuine and opposing interests, which are direct and substantial, relating to the liability and

responsibility of the United States for future response cost necessary to abate the release or threatened release of hazardous substances at or from the Site.

5.     The Court has jurisdiction to award declaratory relief pursuant to Sec. 113(g)(2) of CERCLA, 42 U.S.C. Sec. 9613(g)(2) and the Declaratory Judgment Act, 28 U.S.C. Sec. 2201(a).

6.     Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(e), because a substantial part of the events giving rise to the claims occurred in this District and the Site is located in this District.

## FACTUAL ALLEGATIONS

7.     Polychlorinated biphenyls ("PCBs") are "hazardous substances" as defined by CERCLA section 101(a)(14), 42 U.S.C. § 9601(14).

8.     By no later than 1971, the United States was aware of the persistence of PCBs in the environment and their impact on the health of fish, birds and animals.

9.     By the end of 1971, the United States knew the primary source of PCBs in paperboard food packaging was recycled carbonless copy paper and that some mills recycling PCB-containing paper discharged effluent to the Lower Fox River.

10.     The United States knew by no later than 1972 that sediments in the Fox River were contaminated by PCBs and that production and recycling of carbonless copy paper were a source of those PCBs.

11.     The EPA and its 1979 PCB Ban Rule Guidance authorized the use and the recycling of PCB-containing carbonless paper because the amount of PCB on each sheet was extremely small and no inexpensive method of separating PCB from non-PCB carbonless paper had been developed.

12. The United States, through the U.S. Army Corps of Engineers, has been dredging the Lower Fox River to maintain navigational channels since at least 1954.

13. On information and belief, the United States also dredged to maintain dams along the Lower Fox River.

14. On information and belief, the U.S. Army Corps of Engineers' dredging operations caused the resuspension and release of PCB-contaminated sediments from the bed of the river into the waters of the Lower Fox River and the bay of Green Bay.

15. On information and belief, the U.S. Army Corps of Engineers also removed dredged PCB-containing sediments from the Lower Fox River and disposed of them in the open waters of the bay of Green Bay and in disposal facilities known as Bayport and Kidney Island, which are located in the bay of Green Bay.

16. The U.S. Army Corps of Engineers' dredging and disposal of PCB-contaminated sediments continued during the 1970s, and after the point at which the United States knew that some of the sediments of the Lower Fox River were contaminated with PCBs. The U.S. Army Corps of Engineers continues to dredge at the Site today.

17. Since the 1970s, the United States has encouraged the recycling of paper.

18. Beginning in or about 1974, the United States participated in the WASTE NOT® recycling program implemented by Shade Information Services, Inc. of Green Bay, Wisconsin.

19. Various United States' offices disposed of waste office paper through the WASTE NOT® program.

20. During the 1970's, the United States was aware that some of the office paper it was disposing of through the WASTE NOT® program contained PCBs.

21.     On information and belief, the United States knew that wastepaper collected by the WASTE NOT® program would be recycled by one or more of the paper mills on the Lower Fox River.

22.     Wastepaper collected by the WASTE NOT® program was recycled by at least one paper mill on the Lower Fox River resulting in the release of PCBs to the Lower Fox River.

23.     Even after becoming aware of PCBs in its office waste, the United States continued to dispose of waste office paper and old government forms files through the WASTE NOT® program.

24.     CBC contributed approximately $665,224 to the custodial account held by the Fox River Group between 1997 and 2003, which accrued interest in the amount of $450,834 as of June 1, 2010.  Of the money CBC contributed to the Fox River Group, at least $256,670 was for response costs related to the remediation of OUs 2-5.

### COUNT I – CONTRIBUTION CLAIM UNDER CERCLA SEC. 113(f) AGAINST THE UNITED STATES

25.     CBC incorporates by reference its allegations in paragraphs 1 through 24 above.

26.     The Site is a "facility" under CERCLA Sec. 101(9), 42 U.S.C. Sec. 9601(9).  The dredging vessels and equipment used by the U.S. Army Corps of Engineers to dredge the Lower Fox River, are "facilities" or "vessels" under CERCLA Sec. 101(9) or 101(28), 42 U.S.C. Sec. 9601(9) or 9601(28).

27.     As a result of the activities described above, the United States is a "person" who is liable for a "release" pursuant to CERCLA Sec. 107(a)(1)-(4), 42 U.S. C. Sec. 9607(a)(1)-(4).

28.     The United States excavated, dredged, resuspended and disposed of PCB-contaminated sediments in the Lower Fox River from at least 1954 to the present, resulting in

release or threatened releases as defined in CERCLA, Sec. 101(22), 42 U.S.C. Sec. 9601(22) of hazardous substances into the environment.

29.     The United States, through various federal administrative agencies and departments, provided PCB-containing wastepaper and scrap paper to various mills along the Lower Fox River and therefore "arranged" for the transport and disposal or treatment of a hazardous substance under CERCLA, Sec. 107(a)(3), 42 U.S.C. Sec. 9607(a)(3).

30.     The United States' disposal of PCB-containing wastepaper to various mills along the Lower Fox River resulted in the release or threatened releases within the meaning of CERCLA Sec. 101(22), 42 U.S.C. Sec. 9601(22) of hazardous substances into the environment at or from the various mills along the Lower Fox River to whom the United States sold and provided PCB-containing waste paper.

31.      Pursuant to CERCLA Sec. 113(f), the United States is liable under CERCLA for an equitable share of the response costs and natural resource damages at the Site.

32.     CBC has incurred, and will continue to incur, response costs as defined by CERCLA Sec. 101(25), 42 U.S.C. Sec. 9601(25) as a result of the release or threatened release of hazardous substances at the Site.  These costs incurred and to be incurred by CBC are and will be consistent with the National Contingency Plan, 40 C.F.R., Part 300, promulgated by the United States through the EPA under the authority of CERCLA Sec. 105, 42 U.S.C. Sec. 9605.

33.     CBC requests that the Court determine the United States' allocable share of the necessary costs of response to clean up the Site, as well as its share of natural resource damages, and determine that the United States is liable in contribution to CBC under CERCLA Sec. 113(f) for those costs and damages incurred and to be incurred by CBC which may exceed its allocable share.

**COUNT II – DECLARATORY JUDGMENT UNDER CERCLA SEC. 113(g) AND THE DECLARATORY JUDGMENT ACT**

34.     CBC incorporates by reference its allegations in paragraphs 1 through 33 above.

35.     CBC is entitled to a declaratory judgment under CERCLA Sec. 113(g) and Declaratory Judgment act, 28 U.S.C. Sec 2201(a) against the United States declaring that the United States is liable for response costs and natural resource damages at the Site, allocating the United States' share of those costs and damages, and holding the United States liable to CBC for all response costs and natural resource damages incurred or to be incurred by CBC in the future which exceed CBC's allocable share.

**PRAYER FOR RELIEF**

WHEREFORE, CBC respectfully requests that this Court enter judgment in its favor and against Plaintiffs United States and the State of Wisconsin dismissing the First Amended Complaint, with prejudice; and for judgment against the United States for costs and damages properly allocable to CBC, as follows:

A.     An award under its counterclaim, in contribution under CERCLA Sec. 113(f), 42 U.S.C. Sec. 9613(f) for response costs and natural resource damages paid by CBC in excess of its allocable share, with interest from the date incurred;

B.     For a declaration under its counterclaims that the United States is liable to CBC for response costs and natural resource damages incurred and to be incurred in the future by CBC at the Site, with such declaratory judgment to be binding in this action and in any future action by or against the United States under CERCLA Sections 107 or 113 in connection with the Lower Fox River;

C.     Prejudgment interest on all damages awarded at the maximum rate allowed by law;

D.      For such costs and attorneys fees as constitute response costs;

E.      For costs and disbursements in this action; and

F.      For such further relief as the Court deems just and proper.

Dated this _____ day of December, 2010.

                                    s/ Susan E. Lovern
                                    Susan E. Lovern (#1025632)
                                    Michael P. Carlton (#1016037)
                                    Thomas Armstrong (#1016529)
                                    Kelly J. Noyes (#1064809)
                                    Attorneys for Defendant, CBC Coating, Inc.
                                    von Briesen & Roper, s.c.
                                    411 East Wisconsin Avenue, Suite 700
                                    Milwaukee, WI 53202
                                    Telephone: (414) 276-1122
                                    Fax: (414) 276-6281
                                    slovern@vonbriesen.com
                                    mcarlton@vonbriesen.com
                                    tarmstro@vonbriesen.com
                                    knoyes@vonbriesen.com

22039355_1