

| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>FRANKFURT<br>GENEVA<br>HONG KONG<br>LONDON<br>LOS ANGELES | NEW YORK<br>PALO ALTO<br>SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| jheyde@sidley.com<br>312-853-7716 | FOUNDED 1866 | |

July 26, 2010

**By E-Mail and U.S. Mail**

Mr. Bruce Baker
Wisconsin Department of Natural Resources
101 South Webster Street
P.O. Box 7921
Madison, WI 53707-7921

    Re:    <u>Fox River – Long-Term Monitoring for Operable Unit 2</u>

Dear Bruce:

    I am writing on behalf of Appleton Papers Inc. ("API") and NCR Corporation ("NCR") to respond to your recent request that Appleton Papers Inc. ("API") and NCR Corporation ("NCR") pay the oversight costs that the Wisconsin Department of Natural Resources ("WDNR") has incurred and will incur in 2010 in connection with the November 2007 unilateral administrative order (the "Order").

    API and NCR respectfully decline to pay these oversight costs. As you know, while the Order purports to require the Respondents to pay the response costs of the United States related to the Order, it does not require payment of WDNR's oversight costs. (Moreover, as API and NCR have commented previously, even the requirement to pay the United States' costs is beyond EPA's authority under Section 106 of CERCLA.)

    Despite the lack of any obligation to pay WDNR's oversight costs, API and NCR, acting through the Lower Fox River Remediation LLC (the "LLC"), have paid WDNR's oversight costs for 2009. API and NCR believed at the time that other Respondents to the Order would participate in paying oversight costs, either by joining the LLC or through other agreements. API and NCR never intended to become the sole payors of oversight costs. Since then, no other Respondents have indicated any willingness to pay any costs related to the Order, whether oversight costs or otherwise. API and NCR believe that the 2010 oversight costs present an excellent opportunity for the Response Agencies (WDNR and EPA) to press for involvement of other Respondents. In fact, as you will recall, when the LLC inquired in fall 2009 about a budget

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



Mr. Bruce Baker
July 26, 2010
Page 2

for 2010 oversight costs, WDNR informed the LLC that WDNR did not plan to bill API and NCR for those costs. Instead, the LLC was told, WDNR planned to pay for the 2010 oversight costs out of funds contributed in a *de minimis* settlement with other potentially responsible parties. We continue to believe that other responsible parties should bear a share of oversight costs.

  API and NCR value a collaborative working relationship with the Response Agencies, and we appreciate the work WDNR and its oversight team have put into the Phase 2 remediation. API and NCR also will continue paying WDNR's oversight costs related to the Administrative Settlement Agreement and Order on Consent ("AOC") for remedial design, pursuant to the agreed terms of those undertakings. However, we believe it is appropriate that WDNR press other Respondents to the Order to pay for 2010 oversight costs related to the Order so that all Respondents are participating in the Phase 2 remediation to some degree.

              Sincerely,

              John M. Heyde

c:  Cynthia J. Hirsch, Wisconsin Department of Justice