## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and<br>THE STATE OF WISCONSIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-C-910 |
| | ) | |
| NCR CORPORATION, | ) | |
| APPLETON PAPERS INC., | ) | |
| BROWN COUNTY, | ) | |
| CITY OF APPLETON, | ) | |
| CITY OF GREEN BAY, | ) | |
| CBC COATING, INC., | ) | |
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, | ) | |
| KIMBERLY-CLARK CORPORATION, | ) | |
| MENASHA CORP., | ) | |
| NEENAH-MENASHA SEWERAGE COMMISSION, | ) | |
| NEWPAGE WISCONSIN SYSTEMS, INC., | ) | |
| P.H. GLATFELTER CO., | ) | |
| U.S. PAPER MILLS CORP., and | ) | |
| WTM I COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT NCR CORPORATION'S MEMORANDUM IN OPPOSITION TO DEFENDANT GEORGIA-PACIFIC CONSUMER PRODUCTS LP'S MOTION TO DISMISS CROSS-CLAIM

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... i

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD ...................................................................................................... 2

ARGUMENT .................................................................................................................... 3

    I.      NCR HAS STATED A VALID CLAIM FOR COST RECOVERY UNDER § 107 ...................................................................................................................... 3

    II.    THERE IS NO BASIS FOR GP'S ARGUMENT THAT NCR CANNOT STATE A § 107 CLAIM "AS A MATTER OF LAW." ...................................................... 6

            A.      NCR Is Not Precluded From Bringing A § 107 Claim Simply Because It Has Been Subject To Governmental Action. ................................................ 6

            B.      NCR is Not Precluded As a Matter of Law from Bringing a Claim Under § 107 Because of Rulings In *Whiting*. .......................................................... 8

            C.      GP's Arguments Are Inconsistent with CERCLA's Public Policy Principles ................................................................................................. 10

    III.   THE § 107 CROSS-CLAIM IN THIS CASE IS NEITHER DUPLICATIVE OF THE CLAIMS ASSERTED IN *WHITING*, NOR BARRED BY THE DOCTRINE OF *RES JUDICATA*. ...................................................................... 11

CONCLUSION ................................................................................................................ 14

Case 1:10-cv-00910-WCG   Filed 02/07/11   Page 2 of 22   Document 97

**TABLE OF AUTHORITIES**

Cases                                                                                    Page(s)

*Ashland Inc. v. Gar Electroforming,*
    2010 WL 2927374, No. 08-227ML (D. R.I. July 22, 2010)....................................................7

*Asset Allocation & Management Co. v. Western Employers Ins. Co.,*
    892 F.2d 566 (7th Cir. 1989) ........................................................................................12

*Baker Group v. Burlington N. & Santa Fe Ry. Co.,*
    228 F.3d 883 (8th Cir. 2000) ........................................................................................13

*Burgos v. Hopkins,*
    14 F.3d 787 (2d Cir. 1994)............................................................................................13

*Burlington Northern v. United States,*
    129 S.Ct. 1870 (2009) .............................................................................................1, 5, 9

*Campbell v. Illinois Dept. of Corrections,*
    907 F. Supp. 276 (N.D. Ill. 1995) ...............................................................................13

*City of Waukegan v. Nat'l Gypsum Co.,*
    2009 U.S. Dist. LEXIS 109413 (N.D. Ill. Nov. 20, 2009)...........................................6

*Davidson v. Capuano,*
    792 F.2d 275 (2d Cir. 1986)..........................................................................................13

*Dico, Inc. v. Amoco Oil Co.,*
    340 F.3d 525 (8th Cir. 2003) .........................................................................................6

*Environmental Transp. Sys., Inc. v. Ensco, Inc.,*
    969 F.2d 503 (7th Cir. 1992) .........................................................................................6

*Fayyumi v. City of Hickory Hills,*
    18 F. Supp.2d 909 (N.D. Ill. 1998) ..............................................................................13

*Gibson v. City of Chicago,*
    910 F.2d 1510 (7th Cir. 1990) .......................................................................................3

*Golden v. Cook,*
    293 F.Supp.2d 546 (W.D.Pa. 2003).............................................................................2

*Henan Machinery & Elec. Import & Export Co., Ltd. v. WDF Intern. Trading Co., LLC,*
    2007 WL 5601486 (W.D. Wis. May 29, 2007) .........................................................12

*Higgs v. Carver,*
    286 F.3d 437 (7th Cir. 2002) .........................................................................................3

Case 1:10-cv-00910-WCG   Filed 02/07/11   Page 3 of 22   Document 97

*Highway J Citizens Group v. U.S. Dept. of Transp.,*
     456 F.3d 734 (7th Cir. 2006) .............................................12

*Jackson v. E.J. Brach Corp.,*
     176 F.3d 971 (7th Cir. 1999) ..............................................3

*Key Tronic Corp. v. United States,*
     511 U.S. 809 (1994).........................................................7

*Lawlor v. National Screen Service Corp.,*
     349 U.S. 322 (1955).......................................................13

*Metropolitan Water Reclamation Dist. of Greater Chicago v. N. Am. Galvanizing &*
     *Coatings, Inc.,*
     473 F.3d 824 (7th Cir. 2007) ...........................................6, 11

*Providential Development Co. v. U.S. Steel Co.,*
     236 F.2d 277 (10th Cir. 1956) ............................................3

*Serlin v. Arthur Andersen & Co.,*
     3 F.3d 221 (7th Cir. 1993) ...............................................12

*Spiegel v. Continental Illinois Nat'l Bank,*
     790 F.2d 638 (7th Cir. 1986) ............................................14

*United States v. Alcan Aluminum Corp.,*
     964 F.2d 252 (3d Cir. 1992).................................................5

*United States v. ASARCO,*
     814 F. Supp. 951 (N.D. Colo. 1993)........................................5

*United States v. Clark County, Ind.,*
     113 F.Supp.2d 1286 (S.D. Ind. 2000)........................................3

*United States v. Fleet Factors Corp.,*
     901 F.2d 1550 (11th Cir. 1990) ..........................................11

*Versatile Plastics, Inc. v. Sknowbest! Inc.,*
     247 F. Supp.2d 1098 (E.D. Wis. 2003) (Griesbach, J) ......................3

STATUTES

42 U.S.C. § 9607(a) ..........................................................1, 3

42 U.S.C. § 9613(f)(1) ..................................................1, 4, 5, 7

OTHER AUTHORITIES

6 Wright & Miller, Federal Practice and Procedure – Civil, § 1431 .............3

iii

Federal Rule of Civil Procedure 8(a)(2) ........................................................................2

Federal Rule of Civil Procedure 12(b)(6) ..................................................................2, 3

Federal Rule of Civil Procedure 13(g) ..........................................................................3

Federal Rule of Civil Procedure 54(b) ........................................................................14

H.R. Rep. No. 99-253(I), (1985)....................................................................................7

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982) ....................................13

iv

Defendant NCR Corporation ("NCR"), by and through its undersigned counsel, hereby files its Memorandum in Opposition to Defendant Georgia-Pacific Consumer Products LP's Motion to Dismiss the Cross-Claim asserted in NCR's Amended Answer to the First Amended Complaint("Motion"). For the reasons set forth herein, the Motion should be denied.

## INTRODUCTION

This is an enforcement action. Plaintiffs the United States and the State of Wisconsin (collectively, the "Governments") have sued NCR under CERCLA §§ 106 and 107, 42 U.S.C. §§ 9607, 9613, seeking to hold NCR *jointly and severally liable* for the Governments' oversight costs, alleged natural resource damages, and compliance with the Unilateral Administrative Order issued in November 2007 (the "UAO"). In response to these claims, NCR has properly asserted the well-established defense that joint and several liability should not apply because there is a reasonable basis for apportioning the harm at the Lower Fox River site. *See* NCR's Amended Answer, Affirmative Defenses, Counterclaims, and Cross-Claim to the First Amended Complaint (the "Amended Answer and Cross-Claim") (Dkt. # 82), p.41, ¶ 2; *Burlington Northern v. United States*, 129 S.Ct. 1870, 1881 n.9 (2009)("CERCLA defendants [can] avoid joint and several liability [if they] bear the burden of proving that a reasonable basis for apportionment exists").

Directly related to that defense, NCR has also asserted a derivative cross-claim (the "Cross-Claim") against Georgia-Pacific ("GP")[1] under CERCLA § 107 to recover those costs that NCR has incurred, but for which NCR is not liable.[2] This § 107 claim is the only

---

[1] The term "Georgia-Pacific" or "GP" shall refer to Georgia-Pacific Consumer Products LP, Georgia-Pacific LLC, Fort James Operating Company, Fort Howard Company, and Fort James Corporation, collectively.

[2] NCR entered into a stipulation with the other defendants pursuant to which the filing of cross-claims would be postponed. *See* Order Deferring Cross-Claims Among Particular Defendants (Dkt. #72). GP refused to enter into this stipulation.

1

appropriate means in this proceeding for NCR to recover such costs. If NCR proves that the harm at the site is capable of apportionment and that NCR has incurred costs beyond its divisible share, which must be assumed for the purposes of this Motion, NCR would *not* be jointly and severally liable with GP or the other defendants, and therefore the necessary predicate for a claim under CERCLA § 113 – "common liability" – would not exist. Under such circumstances, as this Court has recognized, NCR "*must be allowed to recover under § 107(a) if injustice is to be avoided.*" *See Whiting*, August 20, 2008 Decision and Order (Dkt. # 227) (the "August 2008 Decision"), p.12 (emphasis added).[3]

　　　　None of this Court's decisions in the *Whiting* action alter this conclusion. In *Whiting*, NCR was not permitted to assert a § 107 claim because it was a "contribution plaintiff" (in the Court's words), and therefore could not raise, as a procedural matter, a "divisibility defense." *See Whiting*, November 18, 2009 Decision and Order (Dkt. # 751)(the "November 2009 Decision"), pp. 6-7. Here, however, NCR is a *defendant* subject to claims by the Governments, and has properly asserted a divisibility defense. Contrary to the Court's concerns in *Whiting*, this case presents the precise procedural posture for NCR to bring a § 107 cross-claim to recover costs it has incurred but for which it is not liable.

## LEGAL STANDARD

　　　　The plain language of Federal Rule of Civil Procedure 8(a)(2) requires only that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the

---

[3] *Appleton Papers Inc. and NCR Corp. v. George A. Whiting Co., Inc., et al.,* No. 1:08-CV-00016-WCG (E.D. Wisc.) (*"Whiting"*). For ease of reference, citations in this brief to "*Whiting*, Dkt. __" refer to filings in the *Whiting* action. As GP acknowledges, the Court may take judicial notice of pleadings and orders in *Whiting* bearing upon the matters at issue. *See Golden v. Cook,* 293 F.Supp.2d 546, 551 (W.D.Pa. 2003).

2

court is to "accept all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in favor of [the non-moving party]." *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999); *see also Versatile Plastics, Inc. v. Sknowbest! Inc.,* 247 F. Supp. 2d 1098, 1103 (E.D. Wis. 2003) (Griesbach, J.). The federal rules generally require "only that the complaint state a claim, not that it plead the facts that if true would establish . . . that the claim was valid." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *See generally Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990); *United States v. Clark County, Ind.*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000).

Further, Rule 13(g) governing cross-claims is construed liberally:

> [T]he general policy behind allowing crossclaims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps. In keeping with this policy the courts generally have construed subdivision (g) liberally in order to settle as many related claims as possible in a single action. Indeed there is no reason why broad joinder of claims between coparties should not be encouraged at the pleading stage . . .

6 Wright & Miller, Federal Practice and Procedure – Civil, § 1431; *see also Providential Development Co. v. U.S. Steel Co.*, 236 F.2d 277, 281 (10th Cir. 1956) ("[Rule 13(g)] is broad enough to include a claim of a *contingent nature, the ultimate outcome of which depends upon the determination of other features or issues in the case*.") (emphasis added).

## ARGUMENT

## I.  NCR HAS STATED A VALID CLAIM FOR COST RECOVERY UNDER § 107.

CERCLA provides two mechanisms by which a party may recover costs it has spent in responding to releases of hazardous substances: contribution under § 113(f) and cost recovery under § 107(a). *See* 42 U.S.C. §§ 9607(a), 9613(f)(1). A claim for contribution under

3

§ 113(f) is available when the parties share a "common liability."  42 U.S.C. § 9613(f)(1) ("[A]

PRP's right to contribution under § 113(f)(1) is contingent upon an inequitable distribution of

*common liability* among *liable parties.*") (emphases added).  A claim for cost recovery under §

107 is available when there is no such "common liability."  *See* August 2008 Decision, p.12

("[Where] parties [] do not have access to § 113(a) . . . because they are completely innocent and

*do not share common liability* with any PRPs, . . . *[they] must be allowed to recover under §*

*107(a) if injustice is to be avoided*") (emphases added).[4]

Whether or not NCR in fact has such a "common liability" with GP and the other

defendants will necessarily be determined in this case.  This is a CERCLA enforcement action.

*See* Plaintiffs' Joint Brief in Support of Mot. to Enter Consent Decree with GP (Dkt. # 77)

(characterizing this lawsuit as an "enforcement action").  The Governments seek to hold NCR

jointly and severally liable along with the other Defendants for all their past and future oversight

costs; for alleged natural resource damages; and for compliance with all aspects of the UAO.

*See* Plaintiffs' First Amended Complaint (Dkt. # 30), pp. 29-30, ¶¶ 122, 126, 136; pp. 31-32, ¶¶

1, 3.

NCR has specifically denied that it is liable for the relief the Governments seek,

and denied in particular that there is joint and several liability – *i.e.,* "common liability" –

amongst the defendants:

> NCR is not jointly or severally liable for Plaintiffs' response costs
> at the Lower Fox River site because the harm giving rise to those
> response costs is divisible, reasonably capable of being
> apportioned, and/or because the imposition of joint and several
> liability is otherwise inappropriate.  NCR is liable only for those

---

[4] NCR continues to believe that a claim under § 107 is also available to recover costs incurred voluntarily by NCR.
*See Whiting*, Plaintiffs' Consolidated Response to Defendants P.H. Glatfelter's and Menasha Corporation's Motions
to Dismiss (Dkt. # 92); *Whiting*, Plaintiffs' Response to Defendant WTM I Corporation's Motion to Dismiss (Dkt #
220); *Whiting*, Plaintiffs' Response to the United States' *Amicus Curiae* Brief (Dkt. # 162).

4

> response costs, if any, that are attributable to the harm caused by
> its releases of hazardous substances.

Amended Answer and Cross-Claim, p.41, ¶ 2. Such a "divisibility defense" to government §§

106 and 107 claims is well-established. *See Burlington Northern*, 129 S.Ct. at 1881 n.9

("CERCLA defendants [can] avoid joint and several liability [if they] bear the burden of proving

that a reasonable basis for apportionment exists"). Thus, in order to determine whether the

Governments are entitled to the relief they seek against NCR, this Court will necessarily have to

resolve this particular issue.

NCR's Cross-Claim follows derivatively from this determination. The Cross-

Claim alleges that the harm at the site is reasonably capable of apportionment and that NCR

bears no liability for the costs it has incurred or will incur in excess of its divisible share. *See*

Amended Answer and Cross-Claim, pp. 61-62, 66, ¶¶ 2, 5, 26, 28. If these allegations are taken

as true, as they must be for purposes of deciding this Motion, then NCR is entitled to recover

from other PRPs those costs for which it is not liable. *See United States v. Alcan Aluminum*

*Corp.*, 964 F.2d 252, 270 n.29 (3d Cir. 1992) ("Thus, if the defendant can prove that the harm

was divisible and that it only caused some portion of the injury, it should only be held liable for

that amount.").

Moreover, if the harm is divisible, NCR cannot recover those costs in a

contribution action under § 113, as numerous authorities recognize:

> If two parties are not jointly and severally liable because the harm
> is divisible, one party could assert an independent cost recovery
> claim against the other because there is no common liability and
> therefore, no right of contribution.

*United States v. ASARCO*, 814 F. Supp. 951, 956 n.4 (N.D. Colo. 1993); *see also* 42 U.S.C. §

9613(f)(1) ("[i]n resolving contribution claims, the court may allocate response costs *among*

*liable parties* using such equitable factors as the court determines are appropriate.") (emphasis

5

added); *Atlantic Research*, 551 U.S. at 139 ("a PRP's right to contribution under § 113(f)(1) is contingent upon an inequitable distribution of *common liability* among *liable parties*.") (emphases added); *Environmental Transp. Sys., Inc. v. Ensco, Inc.*, 969 F.2d 503, 508 (7th Cir. 1992) ("There can be no right to contribution unless there is joint and several liability.").[5]

If NCR's allegations are taken as true (as they must be for purposes of this Motion), then the harm is divisible and NCR has incurred costs in excess of its divisible share. Because NCR cannot recover those costs in a contribution action, as the statutory language and case law dictate, NCR instead "*must be allowed to recover under § 107(a) . . . .*" August 2008 Decision, p. 12 (emphasis added). Indeed, GP's Motion to Dismiss must be denied "*if injustice is to be avoided.*" *Id.* (emphasis added).

## II.	THERE IS NO BASIS FOR GP'S ARGUMENT THAT NCR CANNOT STATE A § 107 CLAIM "AS A MATTER OF LAW."

### A.	NCR Is Not Precluded From Bringing A § 107 Claim Simply Because It Has Been Subject To Governmental Action.

GP is simply wrong when it asserts that because NCR was the recipient of a § 106 order, it is forever limited to claims under § 113 as a matter of law. *See* Mem. of Points and Authorities in Support of Defendant Georgia-Pacific Consumer Products LP's Notice of Motion and Motion to Dismiss (Dkt. # 84), pp. 9-10 ("GP's Mem."). That position cannot be reconciled with cases permitting § 107 claims brought by parties that have been subject to prior governmental action or compulsion. *See, e.g., City of Waukegan v. Nat'l Gypsum Co.*, 2009 U.S. Dist. LEXIS 109413, at *20-21 (N.D. Ill. Nov. 20, 2009) (party subject to prior consent decrees

---

[5] *See also Metropolitan Water Reclamation Dist. of Greater Chicago v. N. Am. Galvanizing & Coatings, Inc.*, 473 F.3d 824, 836 n.17 (7th Cir. 2007) (indicating that a party "who is not itself liable may not pursue contribution"); *Dico, Inc. v. Amoco Oil Co.*, 340 F.3d 525, 531 (8th Cir. 2003) ("[A]n action between an innocent party and another PRP is not between two liable parties.").

nonetheless permitted to bring § 107 claim). It is also inconsistent with Supreme Court's guidance that §§ 107 and 113 are not mutually exclusive. *See Atlantic Research*, 551 U.S. at 138 n.6, 139 (noting that §§ 107 and 113 have some "overlap," but "*neither remedy swallows the other*" and that certain types of response costs could be "recoverable under § 113(f), § 107(a), or both") (emphasis added); *see also Key Tronic Corp. v. United States*, 511 U.S. 809, 816 (1994) (noting that §§ 107 and 113 provide "similar and somewhat overlapping remed[ies].").

Indeed, GP's argument is fundamentally at odds with CERCLA's statutory scheme. According to GP, if a party subject to prior governmental action is later determined not to be liable for a certain portion of the harm at a site – which is exactly NCR's posture for the purposes of this Motion – that party's ability to recover the costs of addressing that portion of the harm from other PRPs who *are* liable would be adjudicated using § 113 and equitable factors. GP's argument conflicts with the plain language of § 113 that it is only available to "allocate response costs *among liable parties.*" 42 U.S.C. § 9613(f)(1) (emphases added.); *see also* H.R. Rep. No. 99-253(I), at 79 (1985) (§ 113(f) was designed to "clarif[y] and confirm . . . the right of a person *held jointly and severally liable under CERCLA* to seek contribution from other potentially liable parties") (emphasis added). It also conflicts with established case law that an "innocent" party – which NCR is assumed to be for the purposes of this Motion – may recover from other PRPs subject only to the strict liability standards of § 107. *See Atlantic Research,* 551 U.S. at 136 ("CERCLA §9607 is a strict liability statute.") (*quoting United States v. Alcan Aluminum Corp.,* 315 F.3d 179, 184 (2d Cir. 2003)). GP's argument, if accepted, would mean that the equitable factors analysis permitted for *allocating* costs would also be used to determine *whether liability exists at all*, and that is not what CERCLA provides. *See Ashland Inc. v. Gar Electroforming*, 2010 WL 2927374, No. 08-227ML (D.R.I. July 22, 2010) (holding that prior

7

allocation of liability under equitable factors in a § 113 contribution claim amongst PRPs was not binding on subsequent § 107 cost recovery claim).

GP acknowledges that "[t]he viability of Section 107 claims depend on the procedural and factual context of each CERCLA case." GP's Mem, p. 10 n.8. If the "procedural and factual context" determine whether a § 107 claim is proper, then *a fortiori* the procedural and factual context of *this* case must be considered; NCR's § 107 claim cannot be foreclosed "*as a matter of law.*" Yet GP wholly ignores the "procedural and factual context" of the enforcement case before the Court here when it argues that NCR's § 107 cross-claim should be dismissed based on decisions in the markedly different "procedural and factual context" of *Whiting*.

### B. NCR is Not Precluded As a Matter of Law from Bringing a Claim Under § 107 Because of Rulings In *Whiting*.

GP's reliance on this Court's prior decisions in *Whiting* is misplaced. Contrary to GP's characterization, the November 2009 Decision did not hold that NCR was foreclosed from *ever* bringing a § 107 claim. Rather, that decision addressed only whether NCR could bring such a claim given the specific *procedural posture* of the *Whiting* action. The principal objection raised by GP, the United States, and the other *Whiting* Defendants[6] was that NCR should not be allowed to assert a § 107 claim because the threshold issue – whether liability at the site is divisible – was one that NCR *could not properly raise* given the "procedural circumstances" in *Whiting*, where NCR was a "contribution plaintiff." November 2009 Decision, p. 6. For example:

---

[6] NCR and API asserted § 107 claims in *Whiting* against Defendants P.H. Glatfelter Co., WTM I Company, Menasha Corporation, U.S. Paper Mills Corp., CBC Coating Inc., City of Appleton, and Neenah Menasha Sewerage Commission. GP was added as a defendant in *Whiting* after those claims were dismissed by the court in the August 2008 Decision. All of these defendants are referred to collectively herein as the "*Whiting* Defendants."

8

- GP and the other *Whiting* Defendants argued in their brief opposing NCR and API's Motion for Leave to File an Eighth Amended Complaint (the "Motion to Amend"): "Contribution plaintiffs may not convert their claims to section 107 cost recovery actions by asserting a *defense* of divisibility. *Burlington Northern* does not change this. Defenses are for *defendants*, not *plaintiffs*." *Whiting*, Certain Defendants' Response to Motion for Leave to Amend (Dkt. # 618), pp. 6-9 (emphases added).

- At oral argument on NCR's Motion to Amend, GP and the other *Whiting* Defendants reiterated: "If [NCR's] complaint is that they're not responsible for that money in the first place [*i.e.*, that liability at the site is divisible], the [*Whiting*] defendants aren't the right party for that. That's a [divisibility] *defense*. They should work it out with the United States." *Whiting*, Transcript of November 10, 2009 Hearing, 33:12-15 (emphasis added).

- At the pre-trial conference in *Whiting* (held prior to the Court's decision to deny NCR's Motion to Amend), the United States argued: "The concept that plaintiffs could bring a 113 action and then sort of back door in a divisibility argument against the United States or to determine the United States' liability is certainly a novel theory that we would oppose emphatically." *Whiting*, Transcript of July 30, 2009 Preliminary Pretrial Conference, 48:1-5.

This Court specifically adopted these arguments in denying the Motion to Amend.[7] The Court found that "[t]here is simply no precedent for a *plaintiff* instituting an action whose first order of business is to obtain a ruling on divisibility before going forward." November 2009 Decision, p. 7 (emphasis in original). The Court further found that "there [are no] § 113 cases in which a court determined the divisibility question before finding that § 113 was available. Instead, the cases uniformly talk about a *defendant* being able to avoid joint and several liability by proving divisibility. It is called a 'divisibility defense.'" *Id.* (emphasis in

---

[7] NCR continues to disagree with the positions taken by the *Whiting* Defendants and the United States, and believes that (1) the issue of liability, including whether or not liability at the site is divisible, could have been (and should have been) addressed by the Court in *Whiting*, (2) NCR should have been granted leave to assert a § 107 claim to recover those costs for which it has no liability, and (3) NCR should have been permitted to take full and fair discovery in *Whiting* on divisibility and other issues.

Case 1:10-cv-00910-WCG   Filed 02/07/11   Page 14 of 22   Document 97

original); *see also id.* at p. 8 ("Divisibility is primarily a *defense* to liability vis-à-vis the government itself.") (emphasis added).[8]

Contrary to the Court's concerns in the *Whiting* action, this case presents the precise procedural posture for NCR to bring a §107 cross-claim to recover costs it has incurred, but for which it is not liable. Here, NCR *is a defendant* subject to a § 107 claim by the Governments, and has properly asserted a divisibility defense. As discussed above, given the "procedural and factual context" of *this* case, NCR has clearly pled a viable claim to recover costs that exceed its divisible share of liability under § 107. The Court's November 2009 Decision does not address the specific "procedural and factual context" of *this* case, and is therefore inapposite.[9]

### C. GP's Arguments Are Inconsistent with CERCLA's Public Policy Principles.

GP would have this Court construe its prior decisions in *Whiting* more broadly, but this must be rejected. If NCR is forever limited exclusively to a § 113 action, and NCR is barred from recovering under § 113 based on equitable factors,[10] it would mean that NCR could

---

[8] The Court's additional concern – "that allowing [NCR and API] to pursue a divisibility case at this stage would upset the government's right to proceed as it sees fit against Plaintiffs and other PRPs" – is similarly not applicable to *this* case, in which the Governments have chosen to bring their claims. November 2009 Decision, p. 8.

[9] This Court's August 2008 Decision similarly does not foreclose NCR from bringing a § 107 claim in *this* case given its different procedural posture. The only issue addressed by the Court in that decision was whether NCR and API could assert a § 107 claim to recover "voluntary" costs concurrently with a § 113 claim to recover "involuntary" costs that had been incurred beyond their fair share of the "common liability" for the site. The Court explained that, "[d]espite the courts' use of the terms 'voluntary' and 'involuntary' to distinguish payments recoverable under § 107(a) and those recoverable under § 113(f), the operative principle appears to be that § 107(a) is available to recover payments *only in cases where § 113(f) is not*." August 2008 Decision, p. 11 (emphasis added). Because NCR and API had "clearly alleged a claim for contribution" under § 113(f), the Court concluded that NCR and API could recover "whatever payments they made in excess of their proportionate share" under § 113(f), "includ[ing] not only payments made pursuant to the consent decree . . . but also any other ['voluntary'] payments they made to discharge their *common liability* under § 107(a) before or after that time." *Id.* at p. 14 (emphasis added). The Court did not hold, as GP claims, that the availability of a § 113 contribution claim extinguishes a party's right to recover under § 107 costs for which it has *no* "common liability," as NCR is seeking to do in this case.

[10] *See* December 16, 2009 Decision and Order Denying Plaintiffs' Claims for Contribution (Dkt. # 795). NCR respectfully disagrees with this Court's ruling that NCR cannot obtain contribution from the defendants in *Whiting*.

10

never recover any costs from GP – *even if after trial in this case it is determined that NCR has no liability for those costs,* as must be assumed for the purposes of this Motion. This would apply, for example, even to costs associated with the area of the river immediately adjacent to GP's facility, and to the cleanup tied to GP's own discharges.

This cannot be what the Court intended, and is certainly not what Congress intended when it passed CERCLA. Whether or not equitable factors can preclude NCR from recovering costs to clean up contamination caused by it and others together (*i.e.*, costs for which NCR and others share a "common liability"), NCR must still be afforded an opportunity to recover costs for cleaning contamination it had no part in causing; an "innocent" party (which NCR is assumed to be for the purposes of this Motion) should not be denied all means of relief against a party like GP that has publicly conceded its liability. To hold otherwise would be inconsistent with CERCLA's public policy principles. *See Metro. Water Reclamation Dist. of Greater Chicago v. N. Am. Galvanizing & Coatings, Inc.*, 473 F.3d 824, 827 (7th Cir. 2007) ("CERCLA was meant to shift the costs of cleanup to the parties responsible for the contamination."); *see also United States v. Fleet Factors Corp.*, 901 F.2d 1550, 1553 (11th Cir. 1990) ("The essential policy underlying CERCLA is to place the ultimate responsibility for cleaning up hazardous waste on 'those responsible for problems caused by the disposal of chemical poison.'").

## III.   THE § 107 CROSS-CLAIM IN THIS CASE IS NEITHER DUPLICATIVE OF THE CLAIMS ASSERTED IN *WHITING*, NOR BARRED BY THE DOCTRINE OF *RES JUDICATA*.

GP's other arguments for dismissing the Cross-Claim are simply a repackaging of the same argument. GP's assertion that the Cross-Claim is "duplicative" of those asserted in *Whiting* ignores the fact, as discussed above, that the Court's dismissal of NCR's § 107 claims

11

were based principally on the specific procedural and factual circumstances *in that case*. The procedural and factual circumstances in *this* case are markedly different. Given these differences, the Cross-Claim in this case cannot be construed as "duplicative" of the claims asserted in *Whiting*.[11]

Moreover, NCR's assertion of a § 107 cross-claim is not, as GP contends, a "vexatious litigation strategy." As discussed above, the Cross-Claim is based on and derivative to a properly raised divisibility defense to the Governments' enforcement action – a defense that is well-recognized and which, for the purposes of deciding the present Motion, must be taken as true. In such circumstances, dismissal is not appropriate. *See generally, Henan Machinery & Elec. Import & Export Co., Ltd. v. WDF Intern. Trading Co., LLC*, 2007 WL 5601486 (W.D. Wis. May 29, 2007) (refusing to dismiss plaintiff's claims as "duplicative" where they were "not-frivolous"); *Asset Allocation & Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989) (disapproving the practice of dismissing duplicative actions unless duplicative action is vexatious or harassing).

Likewise, the doctrine of *res judicata* does not bar NCR's Cross-Claim in this case, for three reasons. *First,* the requirements for *res judicata* are not met. "The three requirements for *res judicata* under federal law are: (1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Highway J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734 (7th Cir. 2006) (*citing Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002)). GP

---

[11] The cases cited by GP bear no likeness to this case and do not mandate dismissal of NCR's Cross Claim. For example, the Seventh Circuit affirmed the dismissal in *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221 (7th Cir. 1993) only because there were no "special factors" that counseled against dismissal. Here, however, the different procedural and factual context, with NCR now a defendant asserting a well-recognized divisibility defense, constitutes exactly the type of "special factor" that argues in *favor* of allowing NCR's § 107 claim to proceed.

glosses over these requirements, making conclusory statements that all three requirements are satisfied – and in the process ignores the critical procedural differences between this case and *Whiting*. Because of these differences, as discussed above, there is not a sufficient "identity of causes of action" for *res judicata* to apply.

   *Second*, the limitations of the *Whiting* action preclude the application of *res judicata* here. It is well-established that *res judicata* does not "extinguish[] claims . . . which could not possibly have been sued upon in the previous case." *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 328 (1955); *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986) (*res judicata* does not apply where "the initial forum did not have the power to award the full measure of relief sought in the later litigation."); *Baker Group v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 887 (8th Cir. 2000) ("a judgment is not *res judicata* as to any matters which a court . . . directed to be litigated in another forum or in another action."). The Restatement (Second) of Judgments explains why:

> The general rule [against relitigation of a claim] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. **When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first**.

Restatement (Second) of Judgments § 26(1)(c) cmt. c (1982) (emphasis added).[12] Given that NCR could not affirmatively litigate its "divisibility defense" in *Whiting* and was therefore

---

[12] *See also See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("Thus, where a plaintiff was precluded from recovering damages in the initial action by formal jurisdictional or statutory barriers, not by plaintiff's choice, a subsequent action for damages will not normally be barred by *res judicata* even where it arises from the same factual circumstances as the initial action."); *Fayyumi v. City of Hickory Hills*, 18 F. Supp. 2d 909, 918 (N.D. Ill. 1998) ("[I]f the plaintiff could not have brought his current suit in the previous action, the subsequent suit is not barred, even if the defendant could otherwise satisfy the three elements of *res judicata*."); *Campbell v. Illinois Dept.*

procedurally precluded from prosecuting a § 107 claim there, NCR cannot be precluded from asserting its § 107 claim in this case.

Third, the November 2009 Decision was not the type of ruling on the merits to which *res judicata* can apply. It was simply a decision on NCR's *procedural* ability to amend its complaint, *not* a substantive "final" decision on the merits of the § 107 claims NCR was seeking to assert. *See Spiegel v. Continental Illinois Nat'l Bank*, 790 F.2d 638, 645 (7th Cir. 1986) ("With respect to the initial requirement that the final judgment in the previous action must have been on the merits, we note that a judgment on the merits is one which is based upon legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form.").[13] For these reasons, *res judicata* does not bar NCR's Cross-Claim, and GP's Motion to Dismiss should be denied.

## CONCLUSION

For the foregoing reasons, none of GP's arguments for dismissal of NCR's § 107 cross-claim has any merit. Accordingly, the Court should deny GP's Motion to Dismiss in its entirety.

---

*of Corrections*, 907 F. Supp. 276, 280 (N.D. Ill. 1995) ("[A]s 'statutory and jurisdictional' barriers precluded Campbell's recovery of damages in his initial action, *res judicata* will not bar his subsequent Section 1983 claim for damages, even though it arises from the same factual circumstances.").

[13] It should also be noted that GP's assertion that NCR has "conceded" that the November 2009 Decision was "final" with respect to its § 107 claims is disingenuous. GP quotes from NCR's Motion for Partial Final Judgment Under Rule 54(b), wherein NCR asked this Court to certify its November 2009 and December 2009 Decisions as "final" for purposes of immediate appeal. GP *opposed* this Motion, taking the position that those decisions were *not* sufficiently "final" to be certified for immediate appeal. The Court agreed, and denied NCR's Motion.

Respectfully submitted,

/s/ Kathleen L. Roach
_____

SIDLEY AUSTIN LLP
Kathleen L. Roach (IL Bar No. 6191432)
Evan B. Westerfield (IL Bar No. 6217037)
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
kroach@sidley.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler (NY Bar No. 1475722)
Sandra C. Goldstein (NY Bar No. 2198745)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1000
Fax: (212) 474-3700

MARTEN LAW PLLC
Bradley M. Marten (WA Bar No. 13582)
Linda R. Larson (WA Bar No. 9171)
1191 Second Avenue
Suite 2200
Seattle, WA 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

*Attorneys for NCR Corporation*

Dated: February 7, 2011

15

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

UNITED STATES OF AMERICA and )
THE STATE OF WISCONSIN, )
                   )
            Plaintiffs, )
                   )
            v. )         Civil Action No. 10-C-910
                   )
NCR CORPORATION, APPLETON PAPERS INC., )
BROWN COUNTY, CITY OF APPLETON, )
CITY OF GREEN BAY, CBC COATING, INC., )
GEORGIA-PACIFIC CONSUMER PRODUCTS LP, )
KIMBERLY-CLARK CORPORATION, MENASHA )
CORP., NEENAH-MENASHA SEWERAGE )
COMMISSION, NEWPAGE WISCONSIN )
SYSTEMS, INC., P.H. GLATFELTER CO., U.S. PAPER )
MILLS CORP., and WTM I COMPANY, )
                   )
          Defendants. )

## CERTIFICATE OF SERVICE

        I hereby certify that, on this 7th day of February 2011, a true and correct copy of

the foregoing Memorandum in Opposition to Defendant Georgia-Pacific Consumer Products

LP's Motion to Dismiss the Cross-Claim asserted in NCR's Amended Answer to the First

Amended Complaint was filed electronically via the Electronic Court Filing system and is

available for viewing and downloading.  In addition, a true and correct copy was served via first-

class mail upon the following:

Peter C Karegeannes
Quarles & Brady LLP
411 E Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202-4497

16

NCR CORPORATION


/s/ Kathleen L. Roach
One of Its Attorneys

Kathleen L. Roach
Evan B. Westerfield
Joan Radovich
Eric W. Ha
Margaret R. Sobota
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Phone:  (312) 853-7000
Fax:     (312) 853-7036
Email:  kroach@sidley.com
            evanwesterfield@sidley.com
            jradovich@sidley.com
            eha@sidley.com
            msobota@sidley.com

Evan R. Chesler
Sandra C. Goldstein
Alexandra Reeve Givens
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1000
Fax:     (212) 474-3700
Email:  echesler@cravath.com
            sgoldstein@cravath.com
            areevegivens@cravath.com

Linda R. Larson
Bradley M. Marten
Meline G. MacCurdy
MARTEN LAW PLLC
1191 Second Avenue, Suite 2200
Seattle, WA 98101
Phone: (206) 292-2600
Fax:     (206) 292-2601
Email:  llarson@martenlaw.com
            bmarten@martenlaw.com
            mmaccurdy@martenlaw.com

17