

Not Reported in F.Supp.2d, 2007 WL 5601486 (W.D.Wis.)
**(Cite as: 2007 WL 5601486 (W.D.Wis.))**

Only the Westlaw citation is currently available.

United States District Court,
W.D. Wisconsin.
HENAN MACHINERY & ELECTRIC IMPORT AND EXPORT COMPANY, LTD., Plaintiff,
v.
WDF INTERNATIONAL TRADING CO., LLC, Defendant.

No. 06-C-715-C.
May 29, 2007.

John C. Scheller, Michael Best & Friedrich, LLP, Madison, WI, for Defendant.

OPINION and ORDER
BARBARA B. CRABB, District Judge.

**\*1** In this civil action, plaintiff Henan Machinery & Electric Import and Export Company, Ltd. contends that defendant WDF International Trading Company, LLC, has failed to pay for goods that plaintiff shipped to defendant from China. Currently before the court is defendant's motion to dismiss, transfer or alternatively to stay the action and to dismiss plaintiff's "claim" for punitive damages. Jurisdiction is present because the parties are of diverse citizenship and the amount in controversy is more than $75,000. 28 U.S.C. § 1332.

In its motion, defendant contends that this case should not proceed because it is duplicative of an action filed by defendant previously in the United States District Court for the Middle District of Florida. However, because the action in Florida is "administratively closed" and this case is proceeding forward, I will deny defendant's motion. Further, defendant contends that plaintiff's request for punitive damages should be dismissed because plaintiff included it as a claim improperly and did not plead its request for punitive damages with sufficient specificity. I will deny defendant's motion to dismiss with respect to this argument as well because punitive damages need not be pleaded with specificity.

From the complaint, the documents submitted by the parties and information contained in the docket for the action pending in the United States District Court for the Middle District of Florida, I find for the sole purpose of deciding this motion that the following facts are undisputed and material.

FACTS

Plaintiff is a Chinese corporation and has its principal place of business in Zhengzhou, China.

Defendant is a limited liability company organized under the laws of the State of Florida, where it has its principal place of business. Previously, defendant was a limited liability company organized under the laws of the state of Wisconsin, with a principal place of business in Wausau, Wisconsin. Defendant dissolved in Wisconsin on August 11, 2006.

In 2004 and 2005, plaintiff and defendant had a business relationship. Plaintiff produced axles and axle components, which defendant purchased from it. Defendant, along with Palm Harbor Logistics Group, Ltd., a related company, then sold and distributed these products to its customers, many of whom were located in Florida. Under the parties' normal course of dealing, defendant submitted purchase orders for the products, which plaintiff filled. In addition, the parties entered into "Secrecy Agreements" that prohibited plaintiff from disclosing defendant's designs and specifications to unauthorized parties.

In late 2004 through mid-2005, the parties' relationship deteriorated. Plaintiff contends that it supplied defendant with $1,776,909.11 in goods for which it was never paid. Defendant contends that plaintiff failed to deliver some of the goods that defendant ordered.

On January 31, 2006, defendant and Palm Har-

Case 1:10-cv-00911-TWCG  Filed 02/07/11  Page 1 of 5  Document 97-5

bor Logistics Group filed a lawsuit against plaintiff and another Chinese company called IMEC in the United States District Court for the Middle District of Florida. That action was assigned case number 8:06-cv-00174-RAL-EAJ. In that action, defendant and Palm Harbor Logistics Group allege that plaintiff and IMEC breached the "Secrecy Agreements," misappropriated trade secrets and interfered with defendant's and Palm Harbor Logistics Group's business relationships. Further, defendant alleges that plaintiff breached purchase contracts by failing to deliver goods for which defendant had submitted purchase orders.

**\*2** According to the Middle District of Florida's docket sheet for the case, plaintiff filed an answer to the complaint, but the case has proceeded no further because defendant and Palm Harbor Logistics Group have been unable to serve the complaint on IMEC. The case is presently stayed and "administratively closed." (The docket sheet indicates that the next deadline will not arise until August 21, 2007, when the parties will be required to file a Case Management Report.)

On October 17, 2006, plaintiff filed the present action in the Circuit Court for Marathon County, Wisconsin. Defendant removed to this court on December 7, 2006. On January 3, 2007, United States Magistrate Judge Stephen Crocker issued a preliminary pretrial conference order, scheduling a court trial for October 9, 2007. On February 20, 2007, plaintiff filed an amended complaint, alleging breach of contract, action on account stated, unjust enrichment and conversion. In addition, "Count Five" of the complaint included a "claim" for punitive damages. The factual basis for all of the claims is defendant's alleged failure to pay plaintiff for goods it delivered to defendant between January 3, 2005 and May 4, 2005. Discovery is underway in this case.

OPINION

Defendant argues that this case should be dismissed, transferred to the Middle District of Florida or stayed until Florida action has been decided. First, defendant asserts that this case should be dismissed under the "first to file" rule. Second, defendant asserts that this case should be dismissed because plaintiff's claims are compulsory counterclaims in the Florida action. Next, defendant asserts in the alternative that this case should be transferred to the Middle District of Florida for consolidation. Finally, defendant asserts that, if the court rejects all of the other arguments, this case should be stayed pending the outcome of the case in the Middle District of Florida.

A. *First to File Presumption*

When a federal suit is duplicative of a parallel action already pending in another federal court, the suit may be stayed, transferred or dismissed in the interest of wise judicial administration. *See, e.g., Serlin v. Arthur Andersen & Co.,* 3 F.3d 221 (7th Cir.1993). In determining whether actions should be dismissed, transferred, stayed or adjudicated when similar litigation is pending in other federal courts, for reasons of "wise judicial administration," courts often apply the "first to file" presumption, as defendants urge the court to do in this case. Under the presumption, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised overlap substantially. *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir.1999); *Asset Allocation & Management Co. v. Western Employers Ins. Co.,* 892 F.2d 566, 573 (7th Cir.1989) (rebuttable presumption exists that first-filed case should proceed and second case abate).

**\*3** Although the timing of a lawsuit is one factor to consider when deciding whether to adjudicate a second-filed action, the Court of Appeals for the Seventh Circuit has stated repeatedly that this circuit has never adhered rigidly to the "first to file rule." *Tempco Electric Heater Corp. v. Omega Engineering, Inc.,* 819 F.2d 746, 750 (7th Cir.1987). Therefore, a court in which the second action is filed may decide to consider the claims, even if they overlap with those included in an earlier-filed action, particularly when the plaintiff can show a

compelling reason for doing so. *Blair v. Equifax Check Services,* 181 F.3d 832, 838 (7th Cir.1999) (noting that no "mechanical rule" governs handling of overlapping cases and that judge in second-filed action "may conclude that it is a superior vehicle and may press forward"); *Inforizons, Inc. v. Ved Software Services,* 204 F.R.D. 116, 120 (N.D.Ill.2001) ("The plaintiff bears the burden of showing a compelling circumstance or imbalance of convenience to overcome the presumption that the second-filed case should be dismissed in favor of the first-filed case.").

Defendants urge this court to dismiss, transfer or stay any further proceedings in this case in order to permit full litigation of their first-filed action in the Middle District of Florida. I am not inclined to dismiss plaintiff's claims, as they appear to be non-frivolous. *Central States v. Paramount Liquor Co.,* 203 F.3d 442, 444 (7th Cir.2000) (stating that duplicative litigation should be "stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interests[,]" and that "dismissal created an unwarranted risk of legal prejudice, should [the defendant] then dismiss its own suit"); *Asset Allocation & Management Co.,* 892 F.2d at 5 71(disapproving practice of dismissing duplicative actions unless duplicative action is vexatious or harassing). Staying the case pending resolution of the Florida action is not sensible in these circumstances either, as it appears that this case will be resolved long before that action is completed.

On its face, this case appears well suited to transfer to the Middle District of Florida under the first-to-file presumption. The complaints in the Florida action and this lawsuit suggest that the issues that will be considered are closely related. In this lawsuit, plaintiff alleges that it was not paid for products it delivered between January 2005 and May 2005. In the Florida action, defendant alleges that plaintiff did not deliver products that defendant ordered in late 2004 and early 2005. Although the breach of contract claims relate to different orders, any resolution of either is likely to raise similar issues about the parties' business relationship. Moreover, there is no indication that defendant filed the Florida action in bad faith, a "race to the courthouse" or an effort to deprive plaintiff of its choice of venue.

**\*4** In spite of the reasons why this case might be a good candidate for transfer under normal circumstances, one consideration outweighs all others: the Florida action is stalled, perhaps permanently, while defendant attempts to serve IMEC. Not only is that action not proceeding normally, but it is now administratively closed and the next deadline for filing a case management report is not until August 21, 2007. In comparison, in this case the parties are engaged in discovery and a court trial is scheduled for October 9, 2007. Thus, this case may well be resolved before the Florida action proceeds past the starting gate. I find that this is a compelling reason to refuse to apply the first-to-file presumption in this case and instead to retain it for resolution in this district.

B. *Compulsory Counterclaim*

Under Rule 13(a) of the Federal Rules of Civil Procedure, "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that it the subject matter of the opposing party's claim...." Fed.R.Civ.P. 13(a). As the Court of Appeals for the Seventh Circuit noted in a recent opinion, "counterclaims are 'compulsory' only in the sense that a failure to include them in the suit means that they are thereafter barred." *Ross v. Board of Education,* --- F.3d ----, Case No. 06-2060, 2007 WL 1374863 (7th Cir. May 11, 2007). There is no "formalistic" test to determine whether the claims arise out of the same transaction or occurrence; rather, courts consider "the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Burlington Northern Railroad Co. v. Strong,* 907 F.2d 707, 711 (7th

Cir.1990).

I need not decide whether the claims asserted in this lawsuit would be compulsory counterclaims in the Florida action and therefore precluded, because there has been no final judgment in that case. Instead, in a case where the cases are proceeding in parallel, considerations of judicial administration and efficiency guide the decision whether to dismiss, stay or transfer an action in this setting. Again, although it is true that these claims might be most efficiently decided in the context of a single action, the bottom line is that the Florida action is not proceeding, and may never proceed, if defendant fails in its efforts to serve IMEC. Therefore, I will not dismiss, stay of transfer this case on the grounds that it raises claims that should have been brought as compulsory counterclaims in the Florida action.

### C. *Section 1404(a) Transfer*

Alternatively, defendant asserts that transfer of this case is appropriate under 28 U.S.C. § 1404(a). Transfer of a case under § 1404(a) is appropriate when (1) venue is proper in the transferor district and (2) the transferee district is one in which the action could have been brought. *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986). The parties dispute whether this case could have been brought in the Middle District of Florida, apparently because they have differing understandings of defendant's organizational status. However, I will not decide this question because it is not dispositive and will instead assume that the case could have been brought in Florida.

**\*5** In weighing a motion to transfer venue brought pursuant to 28 U.S.C. § 1404(a), a court must consider whether the transfer serves the convenience of the parties and witnesses and will promote the interest of justice. 28 U.S.C. 1404(a); *Coffey,* 796 F.2d at 219-20; *see also Roberts & Schaefer Co. v. Merit Contracting, Inc.,* 99 F.3d 248, 254 (7th Cir.1996) (question is whether plaintiff's interest in choosing forum is outweighed either by convenience concerns of parties and witnesses or interest of justice). These factors act as "placeholders" among a broader set of considerations and evaluated in light of all the circumstances of the case. *Coffey,* 796 F.2d at 219 n. 3.

The final factor, whether the transfer will promote the interest of justice, has been interpreted by the Court of Appeals for the Seventh Circuit to "relate to the efficient administration of the court system." *Id.* at 221. It includes whether transfer would help the litigants receive a speedy trial and whether a transfer would facilitate consolidation of related cases. *Id.* For the reasons discussed in greater detail above, in this case the interests of justice are better served by this court deciding the merits than transferring the case to the Middle District of Florida, where it is unclear when, if ever, the arguably related claims will reach trial. Therefore, defendant's motion to transfer the case on the grounds that the claims asserted are compulsory counterclaims in the Florida action will be denied.

### D. *Punitive Damages*

Finally, because I have decided not to dismiss, stay or transfer the present action to the Middle District of Florida, I will consider defendant's motion to dismiss plaintiff's "claim" for punitive damages for failure to state a claim. Defendant is correct that a request for punitive damages is not a "claim" and that Count Five of plaintiff's amended complaint therefore fails to state a claim. However, plaintiff included a request for punitive damages in its request for relief. This is sufficient to preserve plaintiff's right to seek such damages at trial. Contrary to defendant's assertions, a request for punitive damages need not be set forth with specificity.

### ORDER

IT IS ORDERED that the motion of defendant WDF International Trading Company, LLC to dismiss, transfer or alternatively to stay this action is DENIED.

W.D.Wis.,2007.
Henan Machinery & Elec. Import & Export Co.,

Not Reported in F.Supp.2d, 2007 WL 5601486 (W.D.Wis.)
**(Cite as: 2007 WL 5601486 (W.D.Wis.))**

Ltd. v. WDF Intern. Trading Co., LLC
Not Reported in F.Supp.2d, 2007 WL 5601486 (W.D.Wis.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.