IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | |
| Plaintiffs, | Civil Action No. 10-C-910 |
| v. | Hon. William C. Griesbach |
| NCR CORPORATION, *et al.* | |
| Defendants. | |

**PLAINTIFFS' JOINT BRIEF IN OPPOSITION TO MOTION BY NCR CORP. AND APPLETON PAPERS INC. TO COMPEL PRODUCTION OF DOCUMENTS** [1]

The Court should deny the Motion to Compel Production of Documents filed by NCR and API (Dkt. 89), just as it should deny those parties' related demand for discovery and an evidentiary hearing regarding the pending proposed Consent Decree with Georgia-Pacific (*see* Dkt. 91 at 25-26).[2] The briefing on Plaintiffs' motion to enter that Decree is not even complete; Plaintiffs' reply is due by February 17. After the close of that briefing, the Court can approve or disapprove the proposed settlement in light of all information supplied by the Plaintiffs and the objections raised by NCR and API.

---

[1] As discussed below, the Motion by NCR and API concerns certain documents possessed by the U.S. Department of Justice, so it mainly implicates the interests of the United States. The State of Wisconsin nonetheless joins the United States in opposing the Motion.

[2] *See*, *e.g.*, *United States v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1085 (1st Cir. 1994) ("requests for evidentiary hearings are, for the most part, routinely denied – and properly so – at the consent decree stage in environmental cases"); *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 94 (1st Cir. 1990) (same); *United States v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997) (same); *Arizona v. Motorola*, 139 F.R.D. 141, 147-49 (D. Ariz. 1991) (denying discovery and an evidentiary hearing); *United States v. Laskin*, No. C84-2035Y, 1989 WL 140230, at *5 (N.D. Ohio Feb. 27, 1989) (same).

Although NCR's and API's separate demand for discovery and an evidentiary hearing is broad (Dkt. 91 at 25-26), their Motion to Compel Production of Documents is narrower: it seeks disclosure of confidential work product and related communications with a consulting firm engaged by the U.S. Department of Justice, Amendola Engineering, Inc. (Dkt 89 at 3). On October 26, 2010, NCR's counsel sent the Justice Department a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for documents concerning the proposed settlement with Georgia-Pacific and "[a]ll reports, models, modeling results and analyses, along with supporting records, prepared by [the Justice Department's Environment and Natural Resources Division] or its consultants, regarding wastewater solids discharged from [Georgia-Pacific's] Former Fort Howard facility." Dkt. 90-6 at 2. On November 23, 2010, the Justice Department provided NCR more than 2,100 pages of responsive documents, including its settlement-related correspondence with Georgia-Pacific and six different Consent Decree drafts exchanged by the negotiators. Dkt. 90-7. The Justice Department withheld certain documents in accordance with exemptions codified by FOIA, including a few dozen documents comprising confidential working papers prepared by Amendola Engineering and confidential communications concerning the work that consulting firm has done for the Justice Department. Dkt. 90-7. Most of the same documents also were withheld from a response to an earlier FOIA request by API's counsel. Dkt. 90-3.

Contrary to movants' suggestion, the United States does not waive applicable privileges and it does not have an obligation to disgorge all related internal documents whenever it proposes a CERCLA settlement. NCR and API cite just one case – *South Carolina Dept. of Health & Envtl. Control v. Atlantic Steel Indus., Inc.*, 85 F. Supp. 2d 596 (D.S.C. 1999) – as support for their argument that the Court's review of a proposed CERCLA settlement should be based on an "administrative record" and that "where that record contains omissions . . .

it must either be supplemented or the settlement rejected." Dkt. 89 at 4. But *Atlantic Steel* is a true outlier. First, the United States does not believe that a CERCLA Consent Decree's propriety must be judged based on an administrative record, as South Carolina's lawyers argued in *Atlantic Steel*, 85 F. Supp. 2d at 602.[3] Second, the *Atlantic Steel* court had special reasons for questioning the settlement justification offered in that case: the court found the settlement rationale "tainted" because South Carolina was being represented by a private law firm that originally developed the rationale when that firm was representing one of the proposed settlers in the case. *Id.* at 601, 604-05. There are no similarities here. The Court should deny the Motion.

---

[3] The *Atlantic Steel* decision cites to CERCLA § 113(j)(1), which provides as follows:

> In any judicial action under this chapter, judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record. Otherwise applicable principles of administrative law shall govern whether any supplemental materials may be considered by the court.

42 U.S.C. § 9613(j)(1). The President's authority to take and order CERCLA response actions has been delegated to EPA through Executive Order 12580, as amended. *See* 52 Fed. Reg. 2923 (Jan. 23, 1987). Thus, § 113(j)(1) applies to judicial review of challenges to response actions selected by EPA, *United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1250, 1254 (E.D. Cal. 1997), and challenges to EPA orders to implement such response actions under CERCLA § 106, *United States v. E.I. du Pont de Nemours & Co., Inc.*, 341 F. Supp. 2d 215, 248 (W.D.N.Y. 2004).

CERCLA Consent Decrees with the United States are exercises of the Justice Department's inherent authority to compromise and settle claims of the United States. *See United States v. Hercules, Inc.*, 961 F.2d 796, 798-800 (8th Cir. 1992). Such settlements normally do not pose "issues concerning the adequacy of a response action taken or ordered" by EPA, which are subject to administrative record review under CERCLA § 113(j)(1). Of course, record review principles may apply if a court needs to consider objections to a Consent Decree that really are aimed at the cleanup remedy selected by EPA. *See, e.g.*, *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1421-27 (6th Cir. 1991).

3

Plaintiffs' Joint Brief in Opposition to Motion by NCR Corp. and Appleton Papers Inc. to Compel Production of Documents in *United States and the State of Wisconsin v. NCR Corp. et al.*, Civil Action No. 10-C-910 (E.D. Wis.)

        Respectfully submitted,

        For the United States of America

        IGNACIA S. MORENO
        Assistant Attorney General
        Environment and Natural Resources Division

Dated: February 10, 2011        s/ *Randall M. Stone*
        RANDALL M. STONE, Senior Attorney
        JEFFREY A. SPECTOR, Trial Attorney
        IVA ZIZA, Trial Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, DC 20044-7611
        Telephone: 202-514-1308
        Facsimile: 202-616-6584
        E-Mail: randall.stone@usdoj.gov

        GREGORY J. HAANSTAD
        Attorney for the United States, Acting
        Under Authority Conferred by 28 U.S.C. § 515

        SUSAN M. KNEPEL
        Assistant United States Attorney
        Office of the United States Attorney
        517 E. Wisconsin Avenue, Room 530
        Milwaukee, WI 53202

        For the State of Wisconsin

Dated: February 10, 2011        s/ *Cynthia R. Hirsch*
        CYNTHIA R. HIRSCH
        LORRAINE C. STOLTZFUS
        Assistant Attorney General
        Wisconsin Department of Justice
        17 West Main Street
        P.O. Box 7857
        Madison, WI 53707-7857

CERTIFICATE OF SERVICE

        The undersigned hereby certifies that, on this day, the foregoing Brief was filed electronically with the Clerk of the Court using the Court's Electronic Court Filing System, which sent notification of such filing to the following counsel:

| | |
|---|---|
| **Mary Rose Alexander**<br>Latham & Watkins LLP<br>mary.rose.alexander@lw.com | **Scott W. Hansen**<br>Reinhart Boerner Van Deuren SC<br>shansen@reinhartlaw.com |
| **Thomas Armstrong**<br>von Briesen & Roper SC<br>tarmstro@vonbriesen.com | **William H. Harbeck**<br>Quarles & Brady LLP<br>william.harbeck@quarles.com |
| **Paul Bargren**<br>Foley & Lardner LLP<br>pbargren@foley.com | **Michael L. Hermes**<br>Hermes Law Ltd.<br>mlh@hermeslawltd.com |
| **Linda E. Benfield**<br>Foley & Lardner LLP<br>lbenfield@foley.com | **Cynthia R. Hirsch**<br>Wisconsin Department of Justice<br>hirschcr@doj.state.wi.us |
| **Dennis P. Birke**<br>DeWitt Ross & Stevens SC<br>db@dewittross.com | **Caleb J. Holmes**<br>Greenberg Traurig LLP<br>holmesc@gtlaw.com |
| **Steven P. Bogart**<br>Reinhart Boerner Van Deuren SC<br>sbogart@reinhartlaw.com | **Philip C. Hunsucker**<br>Hunsucker Goodstein & Nelson PC<br>phunsucker@hgnlaw.com |
| **Michael P. Carlton**<br>von Briesen & Roper SC<br>mcarlton@vonbriesen.com | **Paul G. Kent**<br>Stafford Rosenbaum LLP<br>pkent@staffordlaw.com |
| **Evan R. Chesler**<br>Cravath Swaine & Moore LLP<br>echesler@cravath.com | **Susan E. Lovern**<br>von Briesen & Roper SC<br>slovern@vonbriesen.com |
| **Marc E. Davies**<br>Greenberg Traurig LLP<br>daviesm@gtlaw.com | **Kevin J. Lyons**<br>Davis & Kuelthau SC<br>klyons@dkattorneys.com |
| **Brandon J. Evans**<br>Hermes Law Ltd.<br>bje@hermeslawltd.com | **Karl S. Lytz**<br>Latham & Watkins LLP<br>karl.lytz@lw.com |
| **Sandra C. Goldstein**<br>Cravath Swaine & Moore LLP<br>sgoldstein@cravath.com | **David G. Mandelbaum**<br>Greenberg Traurig LLP<br>mandelbaumd@gtlaw.com |
| **Thomas R. Gottshall**<br>Haynsworth Sinkler Boyd PA<br>lgantt@hsblawfirm.com | **Tara M. Mathison**<br>Davis & Kuelthau SC<br>tmathison@dkattorneys.com |
| **Eric W. Ha**<br>Sidley Austin LLP<br>eha@sidley.com | **Stephen F. McKinney**<br>Haynsworth Sinkler Boyd PA<br>smckinney@hsblawfirm.com |

| | |
|---|---|
| **Heidi D. Melzer**<br>Hermes Law Ltd.<br>hdm@hermeslawltd.com | **Margaret R. Sobota**<br>Sidley Austin LLP<br>msobota@sidley.com |
| **Elizabeth K. Miles**<br>Davis & Kuelthau SC<br>emiles@dkattorneys.com | **James P. Walsh**<br>Appleton City Attorney<br>jim.walsh@appleton.org |
| **Sabrina Mizrachi**<br>Greenberg Traurig LLP<br>mizrachis@gtlaw.com | **Ted Waskowski**<br>Stafford Rosenbaum LLP<br>twaskowski@staffordlaw.com |
| **Monique M. Mooney**<br>Greenberg Traurig LLP<br>mooneym@gtlaw.com | **Evan B. Westerfield**<br>Sidley Austin LLP<br>evanwesterfield@sidley.com |
| **William J. Mulligan**<br>Davis & Kuelthau SC<br>wmulligan@dkattorneys.com | **Richard C. Yde**<br>Stafford Rosenbaum LLP<br>ryde@staffordlaw.com |
| **Daniel C. Murray**<br>Johnson & Bell Ltd.<br>murrayd@jbltd.com | **Patrick J. Ferguson**<br>Latham & Watkins LLP<br>patrick.ferguson@lw.com |
| **Kelly J. Noyes**<br>von Briesen & Roper SC<br>knoyes@vonbriesen.com | **Linda R. Larson**<br>Marten Law<br>llarson@martenlaw.com |
| **Nancy K. Peterson**<br>Quarles & Brady LLP<br>nancy.peterson@quarles.com | **Bradley M. Marten**<br>Marten Law<br>bmarten@martenlaw.com |
| **Thomas M. Phillips**<br>Reinhart Boerner Van Deuren SC<br>tphillip@reinhartlaw.com | **Meline G. MacCurdy**<br>Marten Law<br>mmaccurdy@martenlaw.com |
| **Joan Radovich**<br>Sidley Austin LLP<br>jradovich@sidley.com | With additional copies by U.S. Mail to:<br><br>J. Michael Davis<br>Principal Counsel – Environmental<br>Law Department<br>Georgia-Pacific LLC<br>133 Peachtree Street, NE<br>Atlanta, GA  30303 |
| **Ronald R. Ragatz**<br>DeWitt Ross & Stevens SC<br>rrr@dewittross.com | |
| **Alexandra Reeve Givens**<br>Cravath Swaine & Moore LLP<br>agivens@cravath.com | General Counsel<br>Georgia-Pacific LLC<br>133 Peachtree Street, NE<br>Atlanta, GA  30303 |
| **Kathleen L. Roach**<br>Sidley Austin LLP<br>kroach@sidley.com | |
| **Megan A. Senatori**<br>DeWitt Ross & Stevens SC<br>ms@dewittross.com | John N. Hanson<br>Beveridge & Diamond, P.C.<br>1350 I Street, NW – Suite 700<br>Washington, DC   20005 |
| **Sarah A. Slack**<br>Foley & Lardner LLP<br>sslack@foley.com | |

Dated:　　　February 10, 2011　　　　　　　s/ *Randall M. Stone*