**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, )<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 10-CV-00910-WCG |
| ) | |
| NCR CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT GEORGIA-PACIFIC CONSUMER PRODUCTS LP'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ENTER CONSENT DECREE**

Pursuant to Federal Rule of Civil Procedure 6(b)(1), Georgia-Pacific Consumer Products LP ("GP") hereby seeks leave, for good cause shown, to file its Reply Brief in Support of Plaintiffs' Motion to Enter Consent Decree (Dkt. #103) and the supporting Declarations of John R. Wolfe (Dkt. #104) and Patrick J. Ferguson (Dkt. #105) (collectively, "Reply Brief), which it filed (without leave) on February 17, 2011. In support of its Motion, GP states as follows:

1. In their Joint Motion for Leave to File Sur-Reply (Dkt. # 108), NCR Corporation and Appleton Papers Inc. ("NCR/API") correctly note that under Local Rule 7(c), GP should contemporaneously have filed a motion with the Court seeking leave to file its Reply Brief. This oversight was inadvertent, caused the parties no prejudice, and was not meant to undermine the Court's procedural requirements.

1

2. With good cause shown, this Court has the discretion to allow GP leave to file its Reply Brief after the due date. *See* Fed. Rule Civ. Proc 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect."); *see also Morton v. D-Z Invs., LLC*, 2004 U.S. Dist. LEXIS 14262, *34 (N.D. Ind. 2004) ("In other words, mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under [former] Rule 6(b)(2)"); *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993) ("'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant").

3. The determination of whether a party's neglect is 'excusable' is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Those factors include evaluating the danger of prejudice to the non-moving party, the length of delay and its potential impact on the Court's proceedings, the reason for the delay, including whether the delay was in the party's control, and whether the party acted in good faith. *Id*. at 393-95, fn. 10. Here, there is no prejudice to NCR/API, the delay was due to inadvertence, the delay is a mere four business days, and GP acted promptly to correct its mistake immediately upon it being raised by NCR/API.

4. Moreover, while GP is not a moving party to Plaintiffs' Motion to Enter Consent Decree, Dkt. #75, it has an obvious interest in the motion given that it is party to the Consent Decree at issue. GP fully supports entry of the Consent Decree and its Reply Brief provides additional support to the Plaintiffs' motion.

For all of these reasons, GP respectfully requests leave to file its Reply Brief, a copy of which is attached hereto.

Dated: February 23, 2011

Respectfully submitted,

By  */s/ Karl S. Lytz*
Karl S. Lytz

Karl S. Lytz
CA Bar No. 110895
Patrick J. Ferguson
CA Bar No. 252778
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Fax: (415) 395-8095
Karl.Lytz@lw.com
Patrick.Ferguson@lw.com

Mary Rose Alexander
IL Bar No. 6205313
CA Bar No. 143899
LATHAM & WATKINS LLP
233 S. Wacker Drive, Suite 5800
Chicago, IL 60606
Telephone: (312) 872-7700
Facsimile: (312) 993-9767
Mary.Rose.Alexander@lw.com