IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN.

        Plaintiffs,

vs.

NCR CORPORATION,
APPLETON PAPERS INC.,
BROWN COUNTY,
CITY OF APPLETON,
CITY OF GREEN BAY,
CBC COATING, INC.,
GEORGIA-PACIFIC CONSUMER PRODUCTS LP,
KIMBERLY-CLARK CORPORATION,
MENASHA CORP.,
NEENAH-MENASHA SEWERAGE COMMISSION,
NEWPAGE WISCONSIN SYSTEM INC.,
P.H. GLATFELTER CO.,
U.S. PAPER MILLS CORP., and
WTM I COMPANY,

        Defendants.

Case No. 10-CV-00910-WCG

**DEFENDANT KIMBERLY-CLARK CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFFS' JOINT MOTION TO STRIKE OR DISMISS ALL COUNTERCLAIMS AND CROSS-CLAIMS**

        The unreasonable and burdensome Joint Motion to Strike or Dismiss All Counterclaims and Cross-claims filed by the United States of America and the State of Wisconsin (collectively, the "Government") should be dismissed. The Government wants all counterclaims stricken in this action and brought instead in a related but different case.

        Imposing the Government's requested relief would force Kimberly-Clark Corporation ("Kimberly-Clark") to rejoin a lawsuit from which it has already won dismissal in order to bring a counterclaim. The Government seeks relief against Kimberly-Clark in *this*

action, not another action.  Kimberly-Clark is entitled to "state as a counterclaim against an opposing party any claim . . . ."  See Fed. R. Civ. P. 13(b).  The Government seeks to bar Kimberly-Clark's right to do so, and offers no authority for its drastic remedy.  Even more incredible, the Government suggests that Kimberly-Clark's counterclaim be brought in an action in which one of the Government plaintiffs – the State of Wisconsin – is not even a party, apparently seeking some sort of automatic immunity for the State.

For these and additional reasons set forth below, the Government's request is unreasonable and over-reaching, and Kimberly-Clark respectfully requests that the Court deny the Government's motion.

## BACKGROUND

Kimberly-Clark is differently situated from the majority of the defendants in this action for many reasons.  Most prominent among these reasons is the fact that Kimberly-Clark did not produce NCR carbonless copy paper, nor did Kimberly-Clark de-ink NCR carbonless copy paper.  Rather, Kimberly-Clark is a *de minimis* party that continues to try to negotiate a *de minimis* settlement with the Government.  Kimberly-Clark's *de minimis* status is demonstrated by the fact that Kimberly-Clark is not a party to any Unilateral Administrative Order ("UAO") for cleanup of PCB contamination in the Fox River, and Kimberly-Clark has not yet incurred any costs investigating and/or remediating the PCB contamination in the Fox River.

Although Kimberly-Clark was a consolidated defendant in *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-CV-0016 (E.D. Wis.) ("*Whiting*"), Kimberly-Clark has been dismissed from that case.  Kimberly-Clark's participation in *Whiting* terminated on March 22, 2010 (Order, *Whiting* Dkt. 851), when this Court confirmed that its December 16, 2009, decision dismissing NCR Corporation's ("NCR's") and Appleton Papers Inc.'s ("API's")

contribution claims against various defendants (Order, *Whiting* Dkt. 795) also applied to Kimberly-Clark.  On March 1, 2011, this Court granted Kimberly-Clark's motion to dismiss without prejudice Kimberly-Clark's counterclaim against NCR in *Whiting* (Decision and Order, *Whiting* Dkt. 1080).  As a result, Kimberly-Clark is not currently involved in *Whiting*, and has no pending contribution claim against any of the parties in *Whiting*.  Kimberly-Clark's counterclaim in this case is Kimberly-Clark's only current contribution claim.

Kimberly-Clark's counterclaim against the Government is a prospective contribution claim that Kimberly-Clark will pursue if the Government prevails in its claims that Kimberly-Clark is liable for past and future response costs under § 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607.  Kimberly-Clark's counterclaim is conditional and states that "[t]o the extent that the Amended Complaint . . . results in a judgment against Kimberly-Clark, Kimberly-Clark is entitled to statutory and/or common law contribution, cost recovery, and/or indemnity from [the Government], including pursuant to CERCLA § 113(f), 42 U.S.C. § 9613(f)."  Dkt. 50 at 53-54.

## ARGUMENT

The Government's motion asks the Court to strike Kimberly-Clark's counterclaim against the Government with leave to re-file the counterclaim in *Whiting*.  The Government's motion is not reasonable with respect to Kimberly-Clark.  In addition, the Government's suggestion in its motion that Kimberly-Clark's counterclaim does not meet the pleading standard is simply incorrect.

To date, Kimberly-Clark has not been found liable under either §§ 106 or 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, for response costs for the PCB contamination in the Fox River.  Nor, as mentioned above, has Kimberly-Clark incurred any costs to investigate and/or

3

remediate the contamination in the Fox River. As a result, the Court's decision in this case as to whether Kimberly-Clark is liable under § 107 of CERCLA, 42 U.S.C. § 9607, is highly relevant to Kimberly-Clark's contribution counterclaim, which, in fact, hinges on this very issue. There is no basis for granting the Government's motion.

**I.      Kimberly-Clark's counterclaim should be heard in this case, not another.**

Having filed this action, the Government seeks protection to which plaintiffs are not entitled: immunity from defendants' counterclaims. Rules 13(a) and (b) expressly subject plaintiffs to the potential for counterclaims. *See* Fed. R. Civ. P. 13(a) and (b).

Contrary to the Government's suggestion, it is not a reasonable option for Kimberly-Clark to re-file its counterclaim in *Whiting*. Kimberly-Clark has been dismissed from *Whiting*, and does not have any existing contribution claims in that case. If the Government prevails in its motion, Kimberly-Clark would need to rejoin an action from which it was dismissed nearly a year ago. The Government's request that Kimberly-Clark take on the cost, effort and potential liability involved in rejoining a case from which it won dismissal is inequitable to Kimberly-Clark.

The Government's assertion that allowing Kimberly-Clark's counterclaim to proceed would frustrate CERCLA's main purpose is not supported by the Government's motion. In fact, the Government has provided no information to support its claim that keeping the defendants' counterclaims, including Kimberly-Clark's, in the Government's action would result in inefficiencies or delay.

The Government's attempt to rely upon Fed. R. Civ. P. 21 is misplaced. At most, in this circumstance, Rule 21 would allow the Court to create a new action, not to order a party like Kimberly-Clark back into an old action from which it was dismissed. "Severance under

4

Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Gaffney v. Riverboat Services of Indiana*, 451 F.3d 424, 442 (7th Cir. 2006) (citation omitted). Rule 21 severance does not provide the remedy the Government seeks.

Finally, the Government fails to take into account that like Kimberly-Clark, the State of Wisconsin is not a party in *Whiting*. For the counterclaims by Kimberly-Clark and other defendants to proceed against the State in *Whiting*, the State would need to agree to become a party.

## II. Kimberly-Clark's counterclaim is properly pled.

The Government's assertion that Kimberly-Clark's counterclaim does not meet the basic pleading standard is simply inaccurate, and is based on an overly broad reading of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (U.S. 2007). The Seventh Circuit has cautioned that *Twombly* "must not be overread" and does not require "heightened fact pleading." *Limestone Development Corp. v. Village of Lemont, Illinois*, 520 F3d 797, 803 (7th Cir. 2008) (citation omitted). Rather, a claimant need only allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570. Kimberly-Clark's counterclaim alleges that the Government parties are "persons" under CERCLA, and that the Government is liable for response costs or damages for PCB contamination of the Lower Fox River Site. Especially in a case where costs and relative liabilities of the parties are the key issues, Kimberly-Clark's allegations are more than sufficient to meet the pleading standard. As a result, the Court should deny the Government's motion to

5

strike or dismiss Kimberly-Clark's counterclaim, and the Government's motion fails on this ground as well.

## CONCLUSION

For the foregoing reasons, the Court should deny the Government's motion to strike or dismiss Kimberly-Clark's counterclaim.

Dated: March 14, 2011

Respectfully submitted,

KIMBERLY-CLARK CORPORATION

By: /s/ Sarah A. Slack
     One of Its Attorneys

Sarah A. Slack, Esq. (1056510)
Foley & Lardner LLP
150 East Gilman St.
Madison, WI 53703-1481
608.257.5035
608-258-4258 (Facsimile)
Email: sslack@foley.com

Linda E. Benfield, Esq. (1004937)
Paul Bargren, Esq. (1023008)
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900 (Facsimile)
Email: lbenfield@foley,com;
pbargren@foley.com

6

**CERTIFICATE OF SERVICE**

        I hereby certify that on March 14, 2011, I electronically filed the foregoing DEFENDANT KIMBERLY-CLARK CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFFS' JOINT MOTION TO STRIKE OR DISMISS ALL COUNTERCLAIMS AND CROSS-CLAIMS with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

| Name | Email |
|---|---|
| Alexandra Reeve Givens | agivens@cravath.com |
| Bradley M Marten | bmarten@martenlaw.com |
| Brandon J Evans | bje@hermeslawltd.com |
| Caleb J Holmes | holmesc@gtlaw.com |
| Cynthia R Hirsch | hirschcr@doj.state.wi.us |
| Daniel C Murray | murrayd@jbltd.com |
| David G Mandelbaum | mandelbaumd@gtlaw.com |
| Dennis P Birke | db@dewittross.com |
| Elizabeth K Miles | emiles@dkattorneys.com |
| Eric W Ha | eha@sidley.com |
| Ericka L Krumrie | elk@hermeslawltd.com |
| Evan B Westerfield | evanwesterfield@sidley.com |
| Evan R Chesler | echesler@cravath.com |
| Gregory J Haanstad | greg.haanstad@usdoj.gov |
| Heidi D Melzer | hdm@hermeslawltd.com |
| Iva Ziza | Iva.Ziza@usdoj.gov |
| James P Walsh | jim.walsh@appleton.org, mailto:jamie.sova@appleton.org |
| Jeffrey A Spector | jeffrey.spector@usdoj.gov |
| Joshua M Levin | joshua.levin@usdoj.gov |
| Karl S Lytz | karl.lytz@lw.com |
| Kathleen L Roach | kroach@sidley.com |
| Kelly J Noyes | knoyes@vonbriesen.com |
| Kevin J Lyons | klyons@dkattorneys.com |
| Linda E Benfield | lbenfield@foley.com |
| Linda R Larson | llarson@martenlaw.com |
| Marc E Davies | daviesm@gtlaw.com |
| Margaret R Sobota | msobota@sidley.com |
| Mary Rose Alexander | mary.rose.alexander@lw.com, mailto:chefiling@lw.com |
| Megan A Senatori | ms@dewittross.com |
| Meline G MacCurdy | mmaccurdy@martenlaw.com |
| Michael L Hermes | mlh@hermeslawltd.com |
| Michael P Carlton | mcarlton@vonbriesen.com |
| Monique M Mooney | mooneym@gtlaw.com |
| Nancy K Peterson | nancy.peterson@quarles.com, |

| | |
|---|---|
| Patrick J Ferguson | patrick.ferguson@lw.com |
| Paul Bargren | pbargren@foley.com |
| Paul G Kent | pkent@staffordlaw.com, |
| Philip C Hunsucker | phunsucker@hgnlaw.com, |
| Randall M Stone | randall.stone@usdoj.gov |
| Richard C Yde | ryde@staffordlaw.com |
| Ronald R Ragatz | rrr@dewittross.com |
| Sabrina Mizrachi | mizrachis@gtlaw.com |
| Sandra C Goldstein | sgoldstein@cravath.com |
| Sarah A Slack | sslack@foley.com |
| Scott W Hansen | shansen@reinhartlaw.com |
| Stephen F McKinney | smckinney@hsblawfirm.com |
| Steven P Bogart | sbogart@reinhartlaw.com |
| Susan E Lovern | slovern@vonbriesen.com |
| Susan M Knepel | susan.knepel@usdoj.gov |
| Tara M Mathison | tmathison@dkattorneys.com |
| Ted Waskowski | twaskowski@staffordlaw.com |
| Thomas Armstrong | tarmstro@vonbriesen.com |
| Thomas M Phillips | tphillip@reinhartlaw.com |
| Thomas R Gottshall | lgantt@hsblawfirm.com |
| William H Harbeck | william.harbeck@quarles.com |
| William J Mulligan | wmulligan@dkattorneys.com, |

I hereby certify that on March 14, 2011, I mailed the foregoing

DEFENDANT KIMBERLY-CLARK CORPORATION'S BRIEF IN OPPOSITION TO

PLAINTIFFS' JOINT MOTION TO STRIKE OR DISMISS ALL COUNTERCLAIMS

AND CROSS-CLAIMS to the following:

>  Peter C Karegeannes
>  Quarles & Brady LLP
>  411 E Wisconsin Ave - Ste 2040
>  Milwaukee, WI 53202-4497

/s/ Sarah A. Slack