

Slip Copy, 2009 WL 1857986 (S.D.Tex.)
**(Cite as: 2009 WL 1857986 (S.D.Tex.))**

Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Texas,
Corpus Christi Division.
J & J SPORTS PRODUCTIONS, INC., Plaintiff,
v.
LIVE OAK COUNTY POST NO. 6119 VETERANS OF FOREIGN WARS; dba VFW Post 6119; aka Live Oak County VFW Post 6119, et al, Defendants.

Civil Action No. C-08-270.
June 25, 2009.

Andrew R. Korn, Korn Bowdich et. al., Dallas, TX, for Plaintiff.

William H. Berry, Jr., Law Office of William H. Berry Jr., Corpus Christi, TX, for Defendants.

### ORDER

JANIS GRAHAM JACK, District Judge.

**\*1** On this day came on to be considered Plaintiff's Motion to Consolidate. (DE.64.) For the reasons stated herein, Plaintiff's Motion is DENIED.

On September 22, 2008, Plaintiff sought to file an Amended Complaint naming Mark L. Dobbins, the DirecTV subscriber who purchased the championship boxing match at issue in this case, as a defendant. (D.E.25.) The Court denied this motion on February 24, 2009, finding that Plaintiff was aware, well before it filed its Original Complaint, that Mr. Dobbins was involved in the events giving rise to this lawsuit, but failed to name him as a Defendant. The Court found that a four-and-a-half month delay between the filing of Plaintiff's Original Complaint and the filing of its motion for leave to amend constituted an undue delay, and thus denied the Motion for Leave to file the First Amended Complaint. (D.E. 45 at 4-5.)

Thereafter, on May 5, 2009, Plaintiff filed a new lawsuit in this Division against Mark L. Dobbins, *J & J Sports Productions, Inc. v. Mark Dobbins,* Civ. Action No. 2:09-cv-101. Plaintiff now seeks to consolidate that action with the one presently before this Court.

Consolidation of actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay. Fed.R.Civ.P. 42; *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 762 (5th Cir.1983). A court "has broad discretion in determining whether to consolidate a case pending before it." *Alley v. Chrysler Credit Corp.,* 767 F.2d 138, 140 (5th Cir.1985). Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial. *Mills,* 886 F.2d at 762; *St. Bernard General Hospital, Inc. v. Hospital Service Association of New Orleans, Inc.,* 712 F.2d 978, 990 (5th Cir.1983), *cert. denied,* 466 U.S. 970, 104 S.Ct. 2342, 80 L.Ed.2d 816 (1984); *see also Rimkus Consulting Group, Inc. v. Cammarata,* No. H-07-0405, 2008 WL 5210722, at \*2 (S.D.Tex. Dec.12, 2008) (citing *Mills* ).

The Court denies this Motion to Consolidate not only because Plaintiff essentially attempts to circumvent the Court's earlier Order (D.E.45) by seeking consolidation, but also because it is apparent that these two actions are at vastly different stages of trial preparedness. As noted above, the lawsuit against Mr. Dobbins was filed only on May 5, 2009, and an answer was filed as recently as June 23, 2009. An initial pre-trial conference has not yet been held in this matter. In contrast, trial in the action before this Court is set to begin in just seven days. Consolidation at this late stage would only delay and further complicate trial preparation in the

action presently before this Court.

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Consolidate. (D.E.64.)

SIGNED and ORDERED.

S.D.Tex.,2009.
J & J Sports Productions, Inc. v. Live Oak County Post No. 6119 Veterans of Foreign Wars
Slip Copy, 2009 WL 1857986 (S.D.Tex.)

END OF DOCUMENT