IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | )<br>)<br>) |
| Plaintiffs, | )  Civil Action No. 10-C-910 |
| v. | )  Hon. William C. Griesbach |
| NCR CORPORATION, *et al.* | ) |
| Defendants. | ) |

# DECLARATION OF KAREN KIRCHNER IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

I, Karen Kirchner, declare as follows:

1. I am employed by the United States Environmental Protection Agency ("EPA") at its Region 5 office in Chicago. I am an environmental scientist in the RCRA/TSCA Programs Section, RCRA Branch, Land and Chemicals Division. In that position, I have been involved in matters related to the disposal of polychlorinated biphenyl ("PCB") remediation waste from the Lower Fox River and Green Bay Superfund Site (the "Site") since October 14, 2010.

2. Sediment at the Site containing PCB concentrations equal to or greater than 50 parts per million ("ppm") must be managed in accordance with the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601-2695d.

3. Wayne Disposal Inc., the owner and operator of the Wayne Disposal Landfill located in Belleville, Michigan, is approved to accept TSCA-regulated PCB waste by EPA in accordance with Section 6 of TSCA, 15 U.S.C. § 2605, and federal regulations that govern

approvals of chemical waste landfills, 40 C.F.R. § 761.75.  That approval was most recently extended on April 8, 2011.  Wayne Disposal Landfill is the only commercial landfill in the Midwestern United States that has an approval for disposal of PCB-contaminated material pursuant to Section 6 of TSCA and 40 C.F.R. § 761.75.

4. On October 14, 2010, the representatives of the Lower Fox Remediation LLC (the "LLC"), the LLC's prime contractor Tetra Tech, Inc. ("Tetra Tech") and Waste Management, Inc. met with EPA to discuss the possible disposal of TSCA-regulated PCB remediation waste at Waste Management's Ridgeview Landfill in Whitelaw, Manitowoc County, Wisconsin.  The Ridgeview Landfill is not currently approved by EPA as a chemical waste landfill under 40 C.F.R. § 761.75.

5. The LLC and Tetra Tech expressed their intent to dredge TSCA-regulated PCB remediation waste at the outset of the 2011 dredging season and dispose of that waste at the Ridgeview Landfill in early 2011.  EPA advised the LLC, Tetra Tech, and Waste Management to submit an application for risk-based disposal approval under 40 C.F.R. § 761.61(c) or coordinated approval under 40 C.F.R. § 761.77, and that the process of approving such an application would require approximately five to six months, including a 30 to 60-day public notice and comment period required by the applicable EPA guidance.  EPA also informed them that, in addition to the information requested under 40 C.F.R. § 761.61(c) or 40 C.F.R. § 761.77, it is necessary for EPA to consider the information required by 40 C.F.R. § 761.75 in order to determine whether the Ridgeview Landfill can be used for disposal of TSCA-regulated PCB remediation waste from the Site.

6. On March 10, 2011, Tetra Tech electronically submitted a Request for Risk-Based Disposal to EPA under 40 C.F.R. § 761.61(c) via a file transfer site.  This application

2

requested an approval to dispose of TSCA-regulated PCB remediation waste from the Site at the Ridgeview Landfill. Tetra Tech's March 10, 2011 submission, as I downloaded it in accordance with Tetra Tech's instructions sent in an email, is attached to this Declaration as Exhibit 1.

7. 40 C.F.R. § 761.61 sets forth cleanup and disposal options for PCB remediation waste based on the concentrations at which PCBs are found in the waste. One of the available options is obtaining an approval for risk-based disposal under 40 C.F.R. § 761.61(c). Under that provision, any person wishing to dispose of PCB remediation waste in a manner other than prescribed in the regulations must apply in writing to the appropriate EPA Regional Administrator. Each submitted application must contain information required by 40 C.F.R. § 761.61(a)(3) and no person may conduct cleanup activities prior to obtaining a written approval from EPA. EPA may additionally require any other information that it believes is necessary to evaluate the application. For example, if a person proposes to dispose of TSCA-regulated PCB remediation waste at a landfill that has not been approved to accept such waste, EPA requires information about the landfill, including the information outlined in the TSCA regulations for chemical waste landfills, 40 C.F.R. § 761.75.

8. In its March 10, 2011 application submitted by Terri Blackmar, the vice president of Tetra Tech, Tetra Tech submitted information required by 40 C.F.R. § 761.61(c) and 40 C.F.R. § 761.61(a)(3) and additional information that related to the Ridgeview Landfill community outreach program. In responding to the requirement under 40 C.F.R. § 761.61(a)(3)(D) to provide a cleanup plan for the site and related information, Tetra Tech stated that the Ridgeview Landfill is a landfill permitted under the Wisconsin Administrative Code, Chapters NR 500-514, and that the requirements under Chapters NR 500-514 meet or exceed applicable federal requirements for Subtitle D landfills under the Resource Conservation and

Recovery Act ("RCRA"), 42 U.S.C. § 6901 to 6992k, found at 40 C.F.R. Part 258. Subtitle D of RCRA addresses non-hazardous solid wastes and a limited number of hazardous wastes, and provides state and federal agencies with authority to establish technical and operating criteria for facilities that dispose of such waste. Tetra Tech also stated that by most measures the requirements under Chapters NR 500-514 are more protective of the environment than those specified for chemical waste landfills by 40 C.F.R. § 761.75. Tetra Tech attached a chart to its application in which it compared the requirements under Chapters NR 500-514 of the Wisconsin Administrative Code with the requirements under 40 C.F.R. § 761.75. (Exhibit 1 at 14-17).

9. On March 15, 2011, I telephoned Ms. Blackmar to acknowledge receipt of the March 10, 2011 application. I explained to Ms. Blackmar that I understood that Tetra Tech wished to dispose of sediment from the Site at a Subtitle D landfill, and that some of that waste material from the Site is considered PCB remediation waste and classified as a TSCA-regulated material based upon the as-found concentrations in accordance with 40 C.F.R. § 761.61. I informed Ms. Blackmar that the owner of the landfill is required to submit an application for approval to accept TSCA-regulated PCB remediation waste and that the approval must be issued by EPA before the landfill can accept PCB remediation waste. I also informed Ms. Blackmar that the landfill owner or operator could use the information provided in Tetra Tech's March 10, 2011 application to support its request for risk-based acceptance of the waste, but that it would need to submit additional information showing that the landfill complies with requirements under 40 C.F.R. § 761.75. The information must be submitted in an application that is formally addressed to the Regional Administrator, Susan Hedman. Ms. Blackmar stated that she would speak with the Ridgeview Landfill representatives.

10. On March 24, 2011, Waste Management sent a letter to EPA concurring with Tetra Tech's March 10, 2011 application and requesting its approval. Included with the letter was a copy of the March 10, 2011 Tetra Tech application and the documents that accompanied it, and the Conditional Plan of Operation Approval for Ridgeview RDF Southern Expansion, Manitowoc County, Wisconsin, in which WDNR determined that the proposed expansion of the landfill was consistent with the Wisconsin solid waste regulations and approved the plan subject to compliance with chapters NR 500-538 of the Wisconsin Administrative Code that govern solid waste disposal and landfill criteria. Waste Management's March 24, 2011 letter and accompanying documents are attached to this Declaration as Exhibit 2.

11. 40 C.F.R § 761.75(a) provides that chemical waste landfills used for disposal of TSCA-regulated PCBs and PCB items must be approved by EPA and meet all the specified requirements, unless a waiver is obtained.

12. 40 C.F.R. § 761.75(b) outlines technical requirements that EPA must consider before issuing an approval under § 761.75, such as characteristics of the soil in which the landfill is located, the use of synthetic membrane liners, hydrological conditions, flood protection, topography, monitoring systems, leachate collection, the landfill operations, and the landfill's supporting facilities.

13. 40 C.F.R. § 761.75(c)(1) requires the owner or operator of the landfill, before receiving EPA's written approval, to submit to EPA an initial report containing: the location of the landfill; a detailed description of the landfill including general site plan and design drawings; an engineering report that describes the manner in which the landfill complies with the requirements outlined in § 761.75(b); available sampling and monitoring equipment; expected waste volumes of PCBs; a general description of waste materials other than PCBs that are

5

Case 1:10-cv-00910-WCG    Filed 04/18/11    Page 5 of 11    Document 149

expected to be disposed of in the landfill; a landfill operations plan; any applicable permits or approvals; and any schedules or plans for complying with the approval requirements in § 761.75.

14. Tetra Tech's March 10, 2011 application and its attachments, and Waste Management's March 24, 2011 submission, did not provide an initial report required under 40 C.F.R. § 761.75(c)(1) or the information that should have been included in such a report. For example, the submittals did not include a detailed description of the landfill including general site plan and design drawings, an engineering report that describes the manner in which the landfill complies with the requirements outlined in § 761.75(b), expected PCB waste volumes, a description of sampling and monitoring equipment available at the Ridgeview Landfill, information about applicable permits or approvals, or any schedules or plans for complying with the approval requirements in § 761.75.

15. The chart submitted by Tetra Tech and Waste Management that compares the requirements set forth in 40 C.F.R. § 761.75(b) with the requirements under Chapters NR 500-514 of the Wisconsin Administrative Code, included in Attachment B to Tetra Tech's application, does not provide EPA with sufficient information to determine whether the Ridgeview Landfill meets the requirements under 40 C.F.R. § 761.75. For example:

> a) § 761.75(b)(1) provides that the landfill shall be located in thick, relatively impermeable locations such as large-area clay pans and provides specific requirements that must be met when this is not possible. NR 504.04(4) provides a list of circumstances under which the construction of a landfill would be prohibited, unrelated to soil characteristics.
>
> b) 40 C.F.R. 761.75(b)(3) provides that the bottom of the landfill must be at least 50 feet above the historic high water table, while NR 504.06(2) requires 10 feet of separation between the seasonal high water table and the bottom of the liner for composite or clay lined landfills.

6

  c) 40 C.F.R § 461.75(4) provides specific construction requirements depending on whether the landfill site is above or below the 100-year floodwater elevation, while NR 504.04(3) and 504.09 provide setback distances and provide storm water management and miscellaneous design and construction criteria for landfills.

 16. The Conditional Plan of Operation Approval also does not provide EPA with sufficient information about the Ridgeview Landfill to determine whether it complies with the technical requirements set forth in 40 C.F.R. § 761.75(b). For example, the plan does not provide sufficient information regarding:

  a) the soil in which the Ridgeview Landfill is located, required by § 761.75(b)(1);

  b) the location of the landfill relative to the historical high groundwater table required by § 761.75(b)(3);

  c) the location of the landfill relative to the 100-year floodwater elevation, required by § 761.75(b)(4);

  d) detailed explanations of the procedures to be used for: recordkeeping, surface water handling, excavation and backfilling, waste segregations burial coordinates, vehicle and equipment movement, use of roadways, environmental emergency contingency plans, security measures to protect against vandalism and unauthorized waste placements, disposal of specific types of PCB waste, required by § 761.75(b)(8)(ii); or disposal of ignitable wastes, required by § 761.75(b)(8)(iii).

  e) supporting facilities at the landfill, such as fences and roads, required by 761.75(b)(9).

  f) the manner in which leachate collection and monitoring systems described in the Conditional Plan of Approval submitted by Waste Management meet the requirements for monitoring systems and leachate collection under 40 C.F.R. § 761.65(6) and (7).

 17. The final approval of a chemical waste landfill is issued in writing, signed by the Regional Administrator, and it contains all the requirements applicable to the approved landfill. 40 C.F.R. § 761(75)(c)(6). 40 C.F.R. § 761.75(c)(4) provides that EPA may not approve a

chemical waste landfill for the disposal of PCBs and PCB items unless it finds that the landfill meets all of the requirements set forth in § 761.75(b).

Declaration of Karen Kirchner in *United States and the State of Wisconsin v. NCR Corp., et al.,* Case No. 10-C-910 (E.D. Wis.)


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on: April 15, 2011

*[signature]*
Karen Kirchner

CERTIFICATE OF SERVICE

        The undersigned hereby certifies that, on this day, the foregoing Declaration was filed electronically with the Clerk of the Court using the Court's Electronic Court Filing System, which sent notification of such filing to the following counsel:

| | |
|---|---|
| **Mary Rose Alexander**<br>Latham & Watkins LLP<br>mary.rose.alexander@lw.com | **Scott W. Hansen**<br>Reinhart Boerner Van Deuren SC<br>shansen@reinhartlaw.com |
| **Thomas Armstrong**<br>von Briesen & Roper SC<br>tarmstro@vonbriesen.com | **William H. Harbeck**<br>Quarles & Brady LLP<br>william.harbeck@quarles.com |
| **Paul Bargren**<br>Foley & Lardner LLP<br>pbargren@foley.com | **Michael L. Hermes**<br>Hermes Law Ltd.<br>mlh@hermeslawltd.com |
| **Linda E. Benfield**<br>Foley & Lardner LLP<br>lbenfield@foley.com | **Cynthia R. Hirsch**<br>Wisconsin Department of Justice<br>hirschcr@doj.state.wi.us |
| **Dennis P. Birke**<br>DeWitt Ross & Stevens SC<br>db@dewittross.com | **Caleb J. Holmes**<br>Greenberg Traurig LLP<br>holmesc@gtlaw.com |
| **Steven P. Bogart**<br>Reinhart Boerner Van Deuren SC<br>sbogart@reinhartlaw.com | **Philip C. Hunsucker**<br>Hunsucker Goodstein & Nelson PC<br>phunsucker@hgnlaw.com |
| **Michael P. Carlton**<br>von Briesen & Roper SC<br>mcarlton@vonbriesen.com | **Paul G. Kent**<br>Stafford Rosenbaum LLP<br>pkent@staffordlaw.com |
| **Evan R. Chesler**<br>Cravath Swaine & Moore LLP<br>echesler@cravath.com | **Susan E. Lovern**<br>von Briesen & Roper SC<br>slovern@vonbriesen.com |
| **Marc E. Davies**<br>Greenberg Traurig LLP<br>daviesm@gtlaw.com | **Kevin J. Lyons**<br>Davis & Kuelthau SC<br>klyons@dkattorneys.com |
| **Brandon J. Evans**<br>Hermes Law Ltd.<br>bje@hermeslawltd.com | **Karl S. Lytz**<br>Latham & Watkins LLP<br>karl.lytz@lw.com |
| **Sandra C. Goldstein**<br>Cravath Swaine & Moore LLP<br>sgoldstein@cravath.com | **David G. Mandelbaum**<br>Greenberg Traurig LLP<br>mandelbaumd@gtlaw.com |
| **Thomas R. Gottshall**<br>Haynsworth Sinkler Boyd PA<br>lgantt@hsblawfirm.com | **Tara M. Mathison**<br>Davis & Kuelthau SC<br>tmathison@dkattorneys.com |
| **Eric W. Ha**<br>Sidley Austin LLP<br>eha@sidley.com | **Stephen F. McKinney**<br>Haynsworth Sinkler Boyd PA<br>smckinney@hsblawfirm.com |

| | |
|---|---|
| **Heidi D. Melzer**<br>Hermes Law Ltd.<br>hdm@hermeslawltd.com | **Kathleen L. Roach**<br>Sidley Austin LLP<br>kroach@sidley.com |
| **Elizabeth K. Miles**<br>Davis & Kuelthau SC<br>emiles@dkattorneys.com | **Megan A. Senatori**<br>DeWitt Ross & Stevens SC<br>ms@dewittross.com |
| **Sabrina Mizrachi**<br>Greenberg Traurig LLP<br>mizrachis@gtlaw.com | **Sarah A. Slack**<br>Foley & Lardner LLP<br>sslack@foley.com |
| **Monique M. Mooney**<br>Greenberg Traurig LLP<br>mooneym@gtlaw.com | **Margaret R. Sobota**<br>Sidley Austin LLP<br>msobota@sidley.com |
| **William J. Mulligan**<br>Davis & Kuelthau SC<br>wmulligan@dkattorneys.com | **James P. Walsh**<br>Appleton City Attorney<br>jim.walsh@appleton.org |
| **Daniel C. Murray**<br>Johnson & Bell Ltd.<br>murrayd@jbltd.com | **Ted Waskowski**<br>Stafford Rosenbaum LLP<br>twaskowski@staffordlaw.com |
| **Kelly J. Noyes**<br>von Briesen & Roper SC<br>knoyes@vonbriesen.com | **Evan B. Westerfield**<br>Sidley Austin LLP<br>evanwesterfield@sidley.com |
| **Nancy K. Peterson**<br>Quarles & Brady LLP<br>nancy.peterson@quarles.com | **Richard C. Yde**<br>Stafford Rosenbaum LLP<br>ryde@staffordlaw.com |
| **Thomas M. Phillips**<br>Reinhart Boerner Van Deuren SC<br>tphillip@reinhartlaw.com | **Patrick J. Ferguson**<br>Latham & Watkins LLP<br>patrick.ferguson@lw.com |
| **Joan Radovich**<br>Sidley Austin LLP<br>jradovich@sidley.com | **Linda R. Larson**<br>Marten Law<br>llarson@martenlaw.com |
| **Ronald R. Ragatz**<br>DeWitt Ross & Stevens SC<br>rrr@dewittross.com | **Bradley M. Marten**<br>Marten Law<br>bmarten@martenlaw.com |
| **Alexandra Reeve Givens**<br>Cravath Swaine & Moore LLP<br>agivens@cravath.com | **Meline G. MacCurdy**<br>Marten Law<br>mmaccurdy@martenlaw.com |

Dated: April 18, 2011     s/ *Jeffrey A. Spector*