
Capitol Square Office
Two East Mifflin Street
Suite 600
Madison, WI 53703-2865
Tel 608-255-8891
Fax 608-252-9243

Metro Milwaukee Office
13935 Bishop's Drive
Suite 300
Brookfield, WI 53005-6605
Tel 262-754-2840
Fax 262-754-2845

www.dewittross.com

Please respond to: Capitol Square Office
Direct line: 608-252-9351
Email: rrr@dewittross.com

April 18, 2011

**VIA ECF FILING SYSTEM**

The Honorable William C. Griesbach
U.S. District Court Eastern District
Green Bay Division
125 S. Jefferson Street
Green Bay, WI 54305-2490

RE:   *United States of America, et al. vs. NCR Corporation, et al.*
      Case No. 10-CV-910-WCG

Dear Judge Griesbach:

On behalf of Defendant Appleton Papers Inc. ("API"), I am writing to advise the Court that API intends to seek leave of the Court to file a sur-reply memorandum in connection with the United States' Motion for Preliminary Injunction.

In the reply memorandum filed this morning (Dkt. #150), the Government has made factual allegations and raised legal arguments not presented in its opening memorandum. In addition, the Government has filed three additional declarations to which it has attached more than 700 pages of documents. The new allegations and arguments go to core issues raised by the pending motion and, therefore, such matters should have been raised in the Government's opening memorandum in order to give API an opportunity to respond. *See RepublicBank Dallas, N.A. v. First Wis. Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986) ("[A]ll affidavits in support of a motion must be submitted with the motion unless the court, for cause shown, permits later filing. The rule is designed to prevent movants from springing new facts on an opposing party when it is too late for that party to contest them."). The prejudice to API resulting from the Government's untimely assertion of these new matters is compounded here because the Government has asked the Court to enter the preliminary injunction without affording API a hearing.

Case 1:10-cv-00910-WCG   Filed 04/18/11   Page 1 of 2   Document 153



The Honorable William C. Griesbach
April 18, 2011
Page 2

A sur-reply also is necessary to address new terms that the Government seeks to include in the requested preliminary injunction, as well as factual errors in the proposed findings of fact. Of particular significance, the Government's new terms of injunction propose ordering API to "vote its shares in the LLC;" "vote its shares to cause the LLC to issue cash calls…;" "pay all cash calls made by the LLC" in order to comply with the injunction; and "cause Arjo Wiggins Appleton (Bermuda) Ltd. to vote its shares and pay cash calls…" These items, which appear in the proposed terms for the first time today, are not within API's ability to effect, for reasons (including long-standing legal arrangements) that API will set forth in its sur-reply.

We anticipate filing such motion, with the proposed brief, as soon as possible but no later than the close of business on Thursday. In the meantime, however, we wanted to provide the Court with courtesy notice as to how API plans to proceed.

Finally, this will confirm that API and NCR today commenced implementation of the 2011 Fox River remedial action work plan, as scheduled.

Sincerely,

**DEWITT ROSS & STEVENS** S.C.

s/ Ronald R. Ragatz

Ronald R. Ragatz

RRR:ymb
cc: All Counsel of Record (via electronic filing system)