IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

        Plaintiffs,

   v.

NCR CORPORATION, *et al.*,

        Defendants.

No. 10-CV-910-WCG

---

**MEMORANDUM OF APPLETON PAPERS INC. IN SUPPORT OF MOTION TO STRIKE NEW DECLARATIONS, DOCUMENTS, ARGUMENTS, AND FINDINGS OF FACT AND CONCLUSIONS OF LAW FILED FOR THE FIRST TIME WITH THE REPLY BRIEF IN SUPPORT OF THE UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION**

---

Michael L. Hermes (#1019623)
Heidi D. Melzer (#1076125)
Brandon J. Evans (#1063940)
Ericka L. Krumrie (#1066383)
Hermes Law, Ltd.
333 Main Street, Suite 601
Green Bay, WI 54301
(920) 436-9870
Fax: (920)436-9871

Ronald R. Ragatz (#1017501)
Dennis P. Birke (#1018345)
Megan A. Senatori (#1037314)
DeWitt Ross & Stevens S.C.
Two East Mifflin Street
Madison, WI 53703
(608) 255-8891
Fax: (608) 252-9243

Counsel for Appleton Papers Inc.

## INTRODUCTION

The usual course of litigation prohibits a moving party (here the Government) from trying to put new evidence into the record and from raising new arguments for the first time in a reply. The obvious reason for this rule is so that the non-moving party (here Appleton Papers Inc. ("API")) is not ambushed with new matters to which it has no opportunity to respond.

In its purported reply materials, the Government has raised numerous new arguments, submitted new declarations and documents, and submitted voluminous proposed findings of fact and conclusions of law filed for the first time with its reply. To compound this gross departure from proper procedure, the Government is insisting that this Court, without a hearing, must act swiftly to issue an extraordinary mandatory preliminary injunction against API. Because of the Government's fabricated game of "beat the clock," API has been forced to pull together a response to these new materials in only three days.

API respectfully asks this Court to strike the Government's new declarations, documents, arguments, and proposed findings of fact and conclusions of law, all raised for the first time in the Government's April 18, 2011 filings.[1]

---

[1] In an alternative motion, in a separate motion, also filed today, API respectfully asks the Court for leave to respond to the new matters raised in reply, by: (a) granting leave for API to file a Sur-Reply Brief In Opposition To The United States' Motion For A Preliminary Injunction; and (b) granting leave to respond in the near future to the Government's findings of fact and conclusions of law following the evidentiary hearing that due process requires be held on the Government's Motion.

## ARGUMENT

**I. THE COURT SHOULD STRIKE THE GOVERNMENT'S NEW DECLARATIONS, DOCUMENTS, ARGUMENTS, AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW FIRST SUBMITTED WITH ITS REPLY.**

**A. It Is Contrary To Basic Principles Of Fair Play For A Movant To Raise New Matters In A Reply.**

A reply brief is not a proper avenue for the movant to present new declarations, documents or arguments:

> Under Rule 6(b) and (d), Federal Rules of Civil Procedure, **all affidavits in support of a motion must be submitted with the motion unless the court**, for cause shown, permits later filing. **The rule is designed to prevent movants from springing new facts on an opposing party when it is too late for that party to contest them.**

*RepublicBank Dallas, N.A. v. First Wis. Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986) (emphasis added). Therefore, it is "**established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply.**" *Murphy v. Village of Hoffman Estates,* No. 95-C-5192, 1999 WL 160305 at *2 (N.D. Ill. Mar. 17, 1999) (emphasis added) (citing *Marie O. v. Edgar,* 131 F.3d 610, 614 n.7 (7th Cir. 1997).

**B. The Government Waited Until Its Reply To Raise New Arguments And To Offer Three New Declarations Attaching More Than 700 Pages Of Documents, As Well As Proposed Findings Of Fact And Conclusions Of Law Totaling 65 Pages.**

Although it is firmly established that a movant may not sandbag its opponent by raising new matters in a reply, that is precisely what the Government has done – and this

is not the first time it has done so.[2]  The Government's attempt to obtain a mandatory preliminary injunction by ambush must be squarely rejected by the Court.

With its reply brief, the Government filed three new declarations attaching more than 700 pages of new documents that it contends support its Motion for Preliminary Injunction.  Dkt. #147 (Declaration of Jeffrey Spector); Dkt. #148 (Second Declaration of George Berken); and Dkt. #149 (Declaration of Karen Kirchner).  The new declarations and documents are intended, in part, to support new contentions, such as, the Government's allegation that PCBs were discharged from the Combined Locks Facility after API acquired ownership of it.

Moreover, although the Government filed no proposed findings of fact and conclusions of law at all with its moving papers, it filed with its reply a "[Proposed] Order Granting Preliminary Injunction And Findings of Fact, Conclusions of Law, and Terms of Preliminary Injunction Under Fed. R. Civ. P. 65(d)."  Dkt. #150-1 ("Government's Proposed Findings And Conclusions of Law").  It includes 30 pages of proposed findings of fact, 26 pages of proposed conclusions of law, and brand new terms for the proposed preliminary injunction.  API has not had an opportunity to respond to these new matters since they were filed only three days ago and API has not had an opportunity to fully digest the volumes of new materials sought to be added to the record by the Government's gross violation of procedural fairness.

---

[2] The Government again ignored principles of fair play by raising new arguments in its Joint Reply To Briefs By NCR Corporation and Appleton Papers Inc. In Opposition To Plaintiffs' Motion To Dismiss.  Dkt. #131.  As a result, there too, API was forced to file a Motion for Leave To File Sur-Reply Brief In Response To Plaintiffs' Motion To Dismiss.  Dkt. #138, #138-1.  The Government's pattern of disregarding its obligations of fair play are a proper factor for this Court to consider here.  *See e.g., McKay v. Town & Country Cadillac, Inc.,* No. 97-C-2102, 2002 WL 664024 at * 8 n.5 (N.D. Ill. Apr. 23, 2002) (disregarding new arguments raised in reply where the defendant had "engaged repeatedly in the strategy of ambushing the plaintiff with arguments raised for the first time in its reply briefs.").

The Government's attempt to supplement its record by filing new matters and raising new arguments in a reply is not only procedurally improper, it is indicative of two things: (1) the Government's failure to establish a prima facie case for a preliminary injunction against API in its moving papers; and (2) at a minimum, the presence of disputed material factual issues that necessitate an evidentiary hearing.

### 1. The Government's New Filings Confirm The Government Failed To Establish A Prima Facie Case In Its Moving Papers.

The Government's own cited case law confirms that "**[a] preliminary injunction is an extraordinary and drastic remedy** not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312-13 (11th Cir. 1998) (emphasis added). The fact that the Government waited to file new declarations, documents, arguments and proposed findings of fact and conclusions of law until its reply only confirms the Government's recognition of its failure to carry its burden in its moving papers.

An untimely attempt to bolster deficient moving papers in a reply is improper and must be rejected:

> **A moving party is expected to come with its game when it files its motion, addressing completely each issue that must be addressed to obtain the relief it seeks…**
>
> Defendant's supplemental affidavits are aimed at patching holes left in its original showing… and bolstering an earlier declaration with documentary evidence.

*e2Interactive, Inc. v. Blackhawk Network, Inc.,* No. 09-CV-629, 2010 WL 1981640 at * 1 (W.D Wis. May 17, 2010) (emphasis added).

The Government here is clearly attempting to improperly "patch holes" in its deficient moving papers. Its conduct is impermissible. For example, the Government did

not, in its moving papers, cite to any provision in the 1978 Purchase and Sale Agreement by which it contended that API had expressly assumed CERCLA liability. When called on its failure by API, the Government attempted to "patch holes" by citing to particular provisions for the first time in its reply, but even then failed to actually analyze the relevant contractual language. Similarly, the Government did not, in its moving papers, cite to any evidence of PCB discharges from facilities owned by API during API's period of ownership of those facilities. When called on its failure by API, the Government attempted to "patch holes" by citing to supposed evidence of PCB discharges in its reply, but even then failed to actually come forward with any actual evidence of such PCB discharges.

The Government failed in its moving papers to prove its entitlement to the "extraordinary and drastic remedy" it seeks against API. It cannot be allowed to cover up that failure by trying to supplement the record to bolster its case in a reply.

### 2. *The Government's Filings Confirm That There Are Disputes Of Material Issues Of Fact That Require An Evidentiary Hearing.*

The Government's own cited authority also confirms that an evidentiary hearing on a preliminary injunction motion is required where, like here, the material facts are contested:

> [A]s noted in *All Care Nursing Service,* **where facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held**. *See All Care Nursing Service,* 887 F.2d 1535; *Forts v. Ward,* 566 F.2d 849, 851 (2d Cir. 1977) … *Campbell Soup Co. v. Giles,* 47 F.3d 467, 470 (1st Cir. 1995) (quoting *SEC v. Frank,* 388 F.2d 486, 491 (2d Cir. 1968)) **("[W]hen the parties' competing versions of the pertinent factual events are in sharp dispute, such that the propriety of injunctive relief hinges on determinations of credibility, 'the inappropriateness of proceeding on affidavits [alone] attains its maximum.'"**); *Elliott v. Kiesewetter,* 98 F.3d 47, 53 (3d Cir. 1996) (citing *Professional Plan Examiners of New Jersey, Inc. v. Lefante,* 750 F.2d 282, 288 (3d Cir. 1984)) ("A district court cannot issue a preliminary injunction that depends upon the resolution of disputed issues of fact unless the court first holds

> an evidentiary hearing."); *Ty, Inc. v. GMA Accessories, Inc.,* 132 F.3d 1167, 1171 (7th Cir. 1997) (citing *Medeco Security Locks, Inc. v. Swiderek,* 680 F.2d 37, 38 (7th Cir. 1981)) **("If genuine issues of material fact are created by the response to a motion for a preliminary injunction, an evidentiary hearing is indeed required.").**

*McDonald's*, 147 F.3d at 1312-13 (emphasis added).

The Government's new filings prove API's point – that the key issues relevant to the Motion for Preliminary Injunction – liability, divisibility, irreparable harm, and the appropriateness and ability of NCR and/or API to comply with the Government's demanded work plan – are "bitterly contested" and require an evidentiary hearing prior to ruling on the Motion. Moreover, those issues are not, as the Government disingenuously claims, issues limited to evidence in the administrative record to which the Government is entitled to deference. *See e.g., General Elec. Co. v. Johnson*, 362 F. Supp. 2d 327, 341 (D.D.C. 2005), *aff'd,* 610 F.3d 110 (D.C. Cir. 2010), *petition for cert. filed* 79 USLW 3421 (Dec. 29, 2010) ("[Despite the statements regarding liability contained in a UAO, the] **EPA is required under CERCLA to prove de novo in a federal court that the PRP is in fact the liable party**.") (emphasis added).

Nonetheless, the Government continues to insist that the Court can blindly adopt the testimony of its witnesses over API's witnesses, based on declarations, and without hearing the evidence or judging the credibility of the witnesses. The Government's own authority and its own new declarations and materials, however, confirm that doing so would be improper, because there are contested factual issues that require a hearing.

### C. The Court Should Strike The Government's Newly Cited Declarations, Documents, Argument, And Proposed Findings Of Fact And Conclusions Of Law.

Where, as here, the movant attempts to submit new materials in a reply, the proper recourse is for the Court to strike or disregard the new matters:

- 7 -

> Starting with the motion to strike, plaintiff's motion challenges defendant's attempt in its reply to file supplemental affidavits and to add new arguments relying on those affidavits. This is improper. **A reply brief is an opportunity to address arguments raised in the opposing party's response, not a chance to introduce new lines of arguments or facts that a movant failed to introduce earlier.**

*e2Interactive,* 2010 WL 1981640 at * 1 (emphasis added); s*ee also e.g., Brennan v. AT&T Corp.,* No. 04-CV-433, 2006 WL 306755 at *9 (S.D. Ill. Feb. 8, 2006) ("Defendants cannot now sandbag Plaintiffs with voluminous materials that could have been, but were not, included with its original motion."); *Meek v. Astrue,* No. 09-CV-890, 2010 WL 3258319 at *7 (S.D. Ind. Aug. 16, 2010) ( "[A]rguments raised for the first time in a reply brief are forfeited."); *Medical Assurance Co. v. Miller,* No. 08-CV-29, 2010 WL 2710607 at *3-4 (N.D. Ind. July 7, 2010) (the "tactic" of "withholding arguments or facts until the reply" "prevent[s] the [non-moving party] from submitting a meaningful response." (citation omitted)).

The only fair recourse is for the Court to strike or disregard these submissions. To do otherwise would not only be grossly unfair to API, it would implicitly condone the type of ambush that the rules are designed to prevent, and it would create a distorted and inaccurate factual record to the severe prejudice of API.

### D. A Clear And Accurate Factual Record Is Critical To Appellate Review Of The Grant Or Denial Of A Preliminary Injunction.

The United States Supreme Court has made clear the critical importance of a clear and accurate factual record where the court grants or denies a preliminary injunction:

> It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a) of the Rules of Civil Procedure.

*Mayo v. Lakeland Highlands Canning Co.,* 309 U.S. 310, 316 (1940). Federal Rule of Civil Procedure 52(a) provides in pertinent part as follows:

> *(2) For an Interlocutory Injunction.* In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

(emphasis original). Where a preliminary injunction is granted or denied without a sufficient factual record as required by Rule 52(a), it is reversible error that justifies a remand to the district court for the issuance of adequate findings. *Freeland v. Enodis Corp.,* 540 F.3d 721, 732 (7th Cir. 2008).

Here, the Government's officious and one-sided view of contested facts as set forth in the proposed findings of fact and conclusions of law filed with its reply violates fair compliance with Rule 52(a). The Seventh Circuit has repeatedly cautioned district courts against adopting one party's proposed findings of fact, as the Government is asking the Court to do here (without an evidentiary hearing and without providing API an opportunity to respond in any respect):

> [T]his court has recognized that **where a district court adopts a party's proposed findings of fact wholesale or verbatim, the resulting findings are "not the original product of a disinterested mind."** Thus, when a district court adopts a party's proposed findings of fact, "we examine the findings especially critically when deciding whether they are clearly erroneous." Further, **we have criticized district courts for adopting verbatim the proposed findings of a party.**

*Andre v. Bendix Corp.,* 774 F.2d 786, 800 (7th Cir. 1985) (citations omitted; emphasis added); *see also Photovest Corp. v. Fotomat Corp.,* 606 F.2d 704, 731 (7th Cir. 1979) ("This court has criticized the practice of adopting the prevailing party's findings without change and has admonished the district courts to 'exercise an astucious editorial pen on counsel-submitted findings.'"); *Machlett Labs., Inc. v. Techny Indus., Inc.,* 665 F.2d 795, 797 (7th Cir. 1981) (vacating the grant of a preliminary injunction where the district court had adopted verbatim the findings and conclusions of the prevailing party, which were not supported by the evidence in the record).

Accordingly, an unbiased factual record is critical because:

> The findings on a grant or denial of an injunction must be based on something more than a one-sided presentation of the evidence, and the district court must weigh and appraise the evidence offered by both parties impartially.

9C Fed. Prac. & Proc. Civ. § 2576 (3rd Ed. 2010). If the Court does not strike the Government's new declarations, documents, arguments, and proposed findings of fact and conclusions of law, the record will leave a one-sided and distorted presentation of facts. Accordingly, the relief requested is critical to prevent severe prejudice to API.

## CONCLUSION

For the reasons set forth above, API respectfully requests that the Court grant its Motion by striking the new declarations, documents, arguments, and proposed findings of fact and conclusions of law submitted by the Government for the first time in reply.

Dated this 21st day of April, 2011.

APPLETON PAPERS INC.

By /s/ Ronald R. Ragatz
One of Its Attorneys

Counsel for Appleton Papers Inc.:

Michael L. Hermes (#1019623)
Heidi D. Melzer (#1076125)
Brandon J. Evans (#1063940)
Ericka L. Krumrie (#1066383)
Hermes Law, Ltd.
333 Main Street, Suite 601
Green Bay, WI 54301
(920) 436-9870
Fax: (920)436-9871

Ronald R. Ragatz (#1017501)
Dennis P. Birke (#1018345)
Megan A. Senatori (#1037314)
DeWitt Ross & Stevens S.C.
Two East Mifflin Street, Ste. 600
Madison, WI 53703
(608) 255-8891
Fax: (608) 252-9243