IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No. 10-C-910 |
| v. | ) ) |
| NCR CORPORATION, APPLETON PAPERS INC., BROWN COUNTY, CITY OF APPLETON, CITY OF GREEN BAY, CBC COATING, INC., GEORGIA-PACIFIC CONSUMER PRODUCTS LP, KIMBERLY-CLARK CORPORATION, MENASHA CORP., NEENAH-MENASHA SEWERAGE COMMISSION, NEWPAGE WISCONSIN SYSTEMS, INC., P.H. GLATFELTER CO., U.S. PAPER MILLS CORP., and WTM I COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

_____

**REPLY BRIEF IN SUPPORT OF NCR CORPORATION'S MOTION FOR REGISTRATION OF JUDGMENT FOR ENFORCEMENT PURSUANT TO 28 U.S.C. § 1963**
_____

Defendant NCR Corporation ("NCR"), by and through its undersigned counsel, respectfully submits this Reply Brief in Support of its Motion for Registration of Judgment for Enforcement Pursuant to § 1963. The arguments raised by Appleton Papers Inc. ("API") in its Memorandum in Opposition to the Motion for Registration ("Opposition Brief") are inaccurate and misleading, and should have no bearing on the Court's consideration of NCR's straightforward procedural request. NCR thus respectfully requests that the Court grant its

Motion and direct the Clerk to register the Consent Order entered by the U.S. District Court for the Southern District of New York.

ARGUMENT

I. **NCR Has Satisfied Each of the Requirements of 28 U.S.C. § 1963.**

API's assertions that 28 U.S.C. § 1963 cannot be used to register the Consent Order are unconvincing. The Court does not need to look any further than the statutory text to resolve this matter. See Carmichael v. The Payment Center, Inc., 336 F.3d 636, 639 (7th Cir. 2003) ("When interpreting the meaning of a statute, we look first to the text; the text is the law, and it is the text to which we must adhere." (internal quotations marks omitted)). The plain language of the statute demonstrates that § 1963 applies to this case. To invoke § 1963, NCR need only show that the Consent Order is (1) a final judgment, (2) entered by any district court, (3) in an action for the recovery of money or property. (See Dkt. #145 at 2-3.) As API does not dispute that the first two requirements are met, NCR does not address them again.

The third requirement is also plainly satisfied here. The key purpose of the arbitration proceedings that resulted in entry of the Arbitration Award was to determine the specific amount of costs in excess of $75 million related to the Lower Fox River site that API and NCR are each required to pay. In other words, the arbitration proceedings were conducted so that API and NCR could ultimately *recover money* that the other party may owe. (See Dkt. #144-2 at 1.) The Arbitration Award assigned API a 60% share of the costs, and NCR the remaining 40% share. (Id. at 2.) Each party's obligation to pay its respective share is judicially enforceable, which API itself achieved by petitioning for and consenting to entry of the Consent Order. See B.A.T. Indus. p.l.c. & Appleton Papers Inc. v. NCR Corp., No. 06-cv-13430 (S.D.N.Y. filed Nov. 21, 2006). In entering the Consent Order, the District Court for the Southern District of New York explicitly retained jurisdiction "to ensure that th[e] Order is

complied with in all respects". (Dkt. #144-3 at 2.) The Southern District of New York thus has jurisdiction to ensure that API and NCR pay their respective share of costs. NCR filed its Motion for Registration merely to provide this Court with the same jurisdiction. If this Court grants the Motion, NCR will seek relief only as needed to collect API's 60% share of costs, not – as API suggests – "to determine the rights and obligations of NCR and API (or BAT) pursuant to the 1998 Settlement Agreement" (Dkt. #151 at 5), which have already been finally decided.

API's objections to NCR's use of § 1963 are based on a narrow interpretation of "action for recovery of money" for which API offers no real support.[1] In its Opposition Brief, API notes that "there is nothing in the [Consent Order] that makes any reference to any party owing any money to any other party for which collection in another jurisdiction where the debtor's assets were located could be pursued". (Id. at 5.) That the Consent Order does not explicitly reference a specific amount of money owed is irrelevant, as § 1963 includes no such requirement. The location of API's assets is similarly beside the point, since NCR is not claiming that it would be *unable* to recover in the Southern District of New York.

Moreover, because the Consent Order is already final, NCR need not show any cause for its Motion, much less "good cause". See 28 U.S.C. § 1963 ("A judgment in an action for the recovery of money . . . may be registered . . . when the judgment has become final by appeal or expiration of the time for appeal *or* when ordered by the court that entered the

---

[1] As noted above, the Court can resolve NCR's Motion by reference to the statutory text alone; however, the legislative history of § 1963 also supports NCR's position. This section was initially codified as Federal Rule of Civil Procedure 77, the first draft of which did not include the phrase "for the recovery of money or property". That phrase was inserted in the revised section so as "to exclude judgments in divorce actions, and any other actions, the registration of which would serve no useful purpose". 28 U.S.C. § 1963 note (West 1996) (Revision Notes and Legislative Report) (citing H.R. Rep. No. 80-308 (1947)). Here, registration of the Consent Order, unlike a divorce action, would clearly serve a useful purpose.

3

judgment for good cause shown." (emphasis added)). In any event, NCR has already explained why it seeks to register the Consent Order in Wisconsin: the Southern District of New York has had no further involvement concerning this matter with NCR or (to NCR's knowledge) with API since the Consent Order was entered, whereas this Court is currently overseeing litigation involving NCR's and API's alleged liability at the Lower Fox River and is well aware of the relevant facts. (See Dkt. #145 at 3-4.)

According to API, because registration can be accomplished by filing a judgment with the clerk of the registering court, NCR would not have filed a motion "if NCR believed the SDNY [Consent Order] was registrable in this district". (Dkt. #151 at 4 n.1.) This argument is untenable. NCR agrees with API that registration of a judgment under § 1963 "is a ministerial process" that ordinarily does not require the involvement of a judge. See United States v. Febre, No. 91-2716, 1992 WL 288321, at *1 (7th Cir. Oct. 15, 1992) (explaining that "[u]pon receiving a certified copy of the judgment, the clerk of the court in which the judgment is being registered merely enters the sister court's judgment on the docket"). However, NCR filed its Motion to provide background to the Court and to provide notice to all parties involved in the Fox River litigation. In its Motion, NCR properly requested that the Court *direct the Clerk* to register the Consent Order. (See Dkt. #145 at 4.)

II. **NCR's Interest in Ensuring Compliance with an Already Enforceable Order Does Not Constitute a Dispute Under the Confidential Settlement Agreement.**

API's argument concerning the 1998 Confidential Settlement Agreement ("CSA") is also incorrect. As API itself stated, the dispute resolution procedures set forth in the CSA apply *only* to "disputes among [NCR, API and BAT] regarding their rights and obligations under the [CSA]". (Dkt. #151 at 5-6.) The registration of an already existing and fully enforceable order does not constitute a dispute under the CSA. As explained above, NCR is not seeking to

4

reallocate the shares assigned by the Arbitration Award and confirmed by the Consent Order; it is merely trying to provide the Court jurisdiction to ensure that API pays its 60% share.  Nor has NCR "commence[d] any civil, judicial, administrative, or other action in law or equity for any Claims, Damages, and Group Defense Costs" against API, or otherwise violated the CSA's mutual covenant not to sue.  (Dkt. #124-1 ¶ 6(a)(2).)  API cannot contend that NCR would be required to invoke the dispute resolution procedures to enforce the Consent Order in the Southern District of New York, given that the Order explicitly provides such relief without resort to the CSA.  That NCR is requesting this relief in Wisconsin, rather than New York, does not change the nature of NCR's request.  The CSA provisions to which API refers are thus inapplicable here.

III.   **NCR's Motion for Registration Does Not "Conflate" the Proposed Preliminary Injunction and the Consent Order.**

In an effort to prevent registration of the Consent Order, API argues that NCR's Motion for Registration somehow conflates NCR's and API's potential CERCLA obligations with their obligations under the CSA.  API again misinterprets NCR's Motion.   This Motion is in addition to and consistent with NCR's request to modify the Proposed PI so that NCR and API would be required only to take certain actions through the LLC.  That modification is necessary because, as even the Government acknowledges, "NCR cannot require the LLC to perform the cleanup mandated by the proposed injunction absent API's consent".  (Dkt. #150 at 11.)  If the Court enters the Proposed PI (with the requested modification), API would be required to vote its 60% share in the LLC in compliance with the specified cleanup work for 2011, and to fund that

5

work through the LLC and the remediation trusts.[2] The PI as modified would thus provide the Government with a mechanism for ensuring that API funds its share of the work.[3] The Motion for Registration is designed to provide the same relief *to NCR*, in the event that enforcement of the Consent Order becomes necessary in this Court.

* * *

For the foregoing reasons and those set forth in the Motion for Registration, NCR respectfully requests that the Court grant its Motion for Registration and direct the Clerk to register the Consent Order.

Dated: April 22, 2011

Respectfully submitted,

NCR CORPORATION

/s/ Evan R. Chesler
*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com

---

[2] For the reasons set forth in Section II of NCR's Surreply to the Reply Brief in Support of the United States' Motion for a Preliminary Injunction, the "Reallocation Event" provision of the LLC Agreement to which API refers has no bearing on the Motion for Registration or the Government's Preliminary Injunction Motion.

[3] As explained in its previous filings, NCR maintains that the PI should not be entered, since the Government has failed to carry its heavy burden of showing the need for injunctive relief. (See Dkt. #140, 141, 142, 144, 145.)

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601