IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 10-C-910 |
| v. | ) ) | Hon. William C. Griesbach |
| NCR CORPORATION, *et al.* | ) ) ) ) | |
| Defendants. | ) ) | |

**UNITED STATES' BRIEF IN OPPOSITION TO APPLETON PAPERS INC.'S MOTION TO STRIKE MATERIALS FILED IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**

The reply brief and supporting materials that the United States filed on April 18 constituted a proper response to points that Appleton Papers Inc. ("API") and NCR Corporation ("NCR") made in their briefs and declarations opposing the United States' motion for a preliminary injunction. In any event, API and NCR have filed motions seeking leave to file sur-reply briefs and the United States does not oppose the filing of those briefs. If the Court accepts those briefs then API's motion to strike can be denied as moot. *See, e.g., Griffin v. Exec. Office for U.S. Attorneys*, No. 09-1517, 2011 WL 1211354, at *1 n.2 (D.D.C. Mar. 31, 2011) ("Because the Court will consider plaintiff's surreply and defendant's response thereto, it will deny the motion to strike as moot"); *Consolidated Salmon Cases*, 688 F. Supp. 2d 1001, 1012 (E.D. Cal. 2010). API's sur-reply adds little to the debate. NCR's reiterates that the company cannot comply with an injunction without cooperation from API and its indemnitor.

## Argument

API seems to believe that a reply brief can do nothing more than re-hash the arguments made in the opening brief. That is not so. "The purpose of a reply is to respond to [an opponent's] opposition." *Bruce v. Woodford*, No. 1:07-cv-00269, 2010 WL 3036483, at *4 (E.D. Cal. Aug. 2, 2010). And "there would be no point in filing a reply" if a party could not address new points prompted by an opponent's brief. *Id.* Even in an appellate case, where the key issues have been fully litigated in the district court and decided by the district judge, "[a]n appellant is not required to anticipate and rebut in his opening brief every possible ground for affirmance that the [appellant] might (or might not) raise." *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 359 (7th Cir. 1987) (Posner, J., separate opinion). *Accord North v. Madison Area Ass'n for Retarded Citizens-Developmental Centers Corp.*, 844 F.2d 401, 405 n.6 (7th Cir. 1988) (denying motion to strike where "[appellant's] reply was responsive to matters which were raised for the first time in [appellee's] response.").

API's motion to strike is short on specifics and long on rhetoric about "ambush" and "sandbagging" (Dkt. 155 at 2, 3, 4, 8), but those accusations do not ring true here. The United States' reply and its supporting materials offered appropriate responses to arguments that API and NCR made in their opposing briefs, as shown below.

API argued in its opposition that it is not a corporate successor to the companies that owned the Appleton Facility and the Combined Locks Facility before 1978 (Dkt. 143 at 16-24), although it seemed to admit that in the *Whiting* Case (Dkt. 124-8 at 12-13). In response to that argument, the United States' reply discussed the "Assumption of Contractual Obligations and Liabilities" provisions of the 1978 API/NCR asset purchase agreement and the related 1998

agreement and subsequent arbitration award and that was confirmed and entered as a district court judgment (Dkt. 150 at 7-12).[1]

API submitted some test results showing no detection of PCBs in a few samples of the company's wastewater that were taken in the 1970s and 1980s (Dkt. 139-18; Dkt. 139-19) and argued more generally that "API did not commit any acts that caused PCB contamination of the Fox River or Green Bay" after 1978 (Dkt. 143 at 6 (internal quotations omitted)). In response, the United States submitted discovery documents from the *Whiting* Case showing PCB leaks and spills and detection of specific PCB congeners in effluent from the Combined Locks Facility when it was owned and operated by API (Dkt. 147-3; Dkt. 147-4; Dkt. 147-5).

API devoted much of its brief to its argument that it will be able to avoid joint and several liability because a reasonable basis for apportionment exists (Dkt. 143 at 24-32). API submitted materials from one expert advocating a PCB volume-based apportionment theory (Dkt. 136) and materials from another expert espousing a method of distinguishing different PCB Aroclor mixtures (Dkt. 136-64; Dkt 136-65). The United States was not required to anticipate and deflate API's potential apportionment arguments in its opening brief. "CERCLA defendants seeking to avoid joint and several liability bear the burden of proving that a reasonable basis for apportionment exists," *Burlington N. & Santa Fe Ry. Co. v. United States*, 129 S. Ct. 1870, 1881 (2009), so an apportionment argument is akin to an "affirmative defense based upon the divisibility of harm." *United States v. Alcan Aluminum Corp.*, 964 F.2d 252, 268 (3d Cir. 1992).

---

[1] In its sur-reply brief, API accuses the United States of misquoting ¶ 1.4.5 of the 1978 API/NCR asset purchase agreement, asserting that some of the quoted language "does not appear in the actual text of ¶ 1.4.5" (Dkt. 156-1 at 5 n.1). The pertinent portion of the United States' reply brief actually cited and quoted language from both ¶ 1.4.5 and Schedule A to the 1978 Agreement, because ¶ 1.4.5 expressly references matters "set forth on Schedules A or M." More specifically, the quoted language concerning "violation of environmental and pollution control laws" comes from Schedule A. *See* Dkt. 139-3 at 20 (language of ¶ 1.4.5); Dkt. 139-8 at 6 (language of Schedule A); Dkt. 150 at 8-9 (United States' reply brief citing and quoting both ¶ 1.4.5 and Schedule A).

Once API articulated its apportionment theories, the United States addressed them in its reply (Dkt. 150 at 13-20) and provided evidence that one of API's own experts had opined that the damage caused by PCBs in the Lower Fox River and Green Bay could not be divided up (Dkt. 147-13 at 59). To ensure a complete record in this case, the United States also re-filed much of the scientific evidence that the Court considered in a related case where the United States confronted the attempt by API's expert to distinguish the Aroclor sources of the PCB residues at the Site (Dkt. 147-6; Dkt. 147-7; Dkt. 147-8; Dkt. 147-9; Dkt 147-10). API was a party to that related case and those re-filed materials comprise more than half the total volume of materials submitted with the United States' reply brief.

API also argued that the cleanup remedy is arbitrary and capricious because EPA should have used a different procedure for re-evaluating a remedy cost increase under the National Contingency Plan (Dkt. 143 at 32-36). Like its divisibility argument, API bears the burden of substantiating that argument and the United States was not required to foresee it and preempt it in its opening brief. *See* 42 U.S.C. § 9613(j)(2) ("the court shall uphold [EPA]'s decision in selecting the response action unless the objecting party can demonstrate, on the administrative record, that the decision as arbitrary and capricious or otherwise not in accordance with law."). The reply brief responded by discussing and providing two key documents from the administrative record (Dkt. 150 at 20-24; Dkt. 147-1; Dkt. 147-2). API had referenced the same two documents in its own brief (Dkt. 143 at 33).

API and NCR both tried to show that the Court should not grant the precise injunctive relief sought by the United States because: (1) the companies were "waiting for approval of the permit for in-state disposal" of some highly-contaminated sediment that is regulated under the Toxic Substances Control Act (Dkt. 137 at 8); and (2) Production Dredging in areas north of the State Highway 172 Bridge would risk "unnecessarily removing 'clean' sediment" (Dkt. 137 at

4

10). The United States' arguments in reply were supported by two witness declarations that debunked those particular assertions (Dkt. 148; Dkt. 149).

API's brief in support of its motion to strike features a block quotation from a 1986 decision by Judge Gordon referencing the need "to prevent movants from springing new facts on and opposing party when it is too late for that party to contest them." Dkt. 155 at 3 (quoting *RepublicBank Dall., N.A. v. First Wis. Nat'l Bank of Milwaukee*, 636 F. Supp. 1470, 1472 (E.D. Wis. 1986). But the actual analysis and outcome in that case are more illuminating than the quote API plucked from the opinion. First Wisconsin moved for partial summary judgment and RepublicBank sought leave to file a sur-reply brief and a supporting affidavit, based on its assertions that First Wisconsin's reply: (1) raised "a new argument outside the permissible scope of reply" and (2) advanced "new factual assertions by way of affidavit." 636 F. Supp. at 1472. Judge Gordon rejected the first objection, ruling that the "alleged new argument in First Wisconsin's reply brief [was] merely a response to RepublicBank's contention in its answering brief, so it was "within the permissible scope of reply." *Id.* Moving to the second point, Judge Gordon concluded that First Wisconsin had made "certain factual assertions in its reply brief and supporting affidavits that it did not make in its opening brief" and that "RepublicBank should have the opportunity to respond to these new assertions." *Id.* Judge Gordon therefore accepted RepublicBank's sur-reply brief and supplemental affidavit, noting that it was "in the interest of justice for the court to consider both the new facts in First Wisconsin's reply brief and RepublicBank's brief in answer to the defendant's reply brief." *Id.* The *RepublicBank* decision lends no support to API's motion to strike.

As in *RepublicBank*, the points made in the United States brief fell within the permissible scope of reply because they responded to arguments that API and NCR made in their opposing briefs. Even if some new facts were presented, justice would be served here if the Court

considered the reply and the supporting evidence along as well as the sur-reply briefs submitted by API and NCR, as in *RepublicBank*.

## Conclusion

For the foregoing reasons, the Court should deny API's motion to strike.

Respectfully submitted,

For the United States of America

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: April 26, 2011

s/ *Randall M. Stone*
RANDALL M. STONE, Senior Attorney
JEFFREY A. SPECTOR, Trial Attorney
IVA ZIZA, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: 202-514-1308
Facsimile: 202-616-6584
E-Mail: randall.stone@usdoj.gov

GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on this day, the foregoing Brief was filed electronically with the Clerk of the Court using the Court's Electronic Court Filing System, which sent notification of such filing to the following counsel:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**Brandon J. Evans**
Hermes Law Ltd.
bje@hermeslawltd.com

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Michael L. Hermes**
Hermes Law Ltd.
mlh@hermeslawltd.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein & Nelson PC
phunsucker@hgnlaw.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Susan E. Lovern**
von Briesen & Roper SC
slovern@vonbriesen.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**David G. Mandelbaum**
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

**Tara M. Mathison**
Davis & Kuelthau SC
tmathison@dkattorneys.com

**Stephen F. McKinney**
Haynsworth Sinkler Boyd PA
smckinney@hsblawfirm.com

| | |
|---|---|
| **Heidi D. Melzer**<br>Hermes Law Ltd.<br>hdm@hermeslawltd.com | **Kathleen L. Roach**<br>Sidley Austin LLP<br>kroach@sidley.com |
| **Elizabeth K. Miles**<br>Davis & Kuelthau SC<br>emiles@dkattorneys.com | **Megan A. Senatori**<br>DeWitt Ross & Stevens SC<br>ms@dewittross.com |
| **Sabrina Mizrachi**<br>Greenberg Traurig LLP<br>mizrachis@gtlaw.com | **Sarah A. Slack**<br>Foley & Lardner LLP<br>sslack@foley.com |
| **Monique M. Mooney**<br>Greenberg Traurig LLP<br>mooneym@gtlaw.com | **Margaret R. Sobota**<br>Sidley Austin LLP<br>msobota@sidley.com |
| **William J. Mulligan**<br>Davis & Kuelthau SC<br>wmulligan@dkattorneys.com | **James P. Walsh**<br>Appleton City Attorney<br>jim.walsh@appleton.org |
| **Daniel C. Murray**<br>Johnson & Bell Ltd.<br>murrayd@jbltd.com | **Ted Waskowski**<br>Stafford Rosenbaum LLP<br>twaskowski@staffordlaw.com |
| **Kelly J. Noyes**<br>von Briesen & Roper SC<br>knoyes@vonbriesen.com | **Evan B. Westerfield**<br>Sidley Austin LLP<br>evanwesterfield@sidley.com |
| **Nancy K. Peterson**<br>Quarles & Brady LLP<br>nancy.peterson@quarles.com | **Richard C. Yde**<br>Stafford Rosenbaum LLP<br>ryde@staffordlaw.com |
| **Thomas M. Phillips**<br>Reinhart Boerner Van Deuren SC<br>tphillip@reinhartlaw.com | **Patrick J. Ferguson**<br>Latham & Watkins LLP<br>patrick.ferguson@lw.com |
| **Joan Radovich**<br>Sidley Austin LLP<br>jradovich@sidley.com | **Linda R. Larson**<br>Marten Law<br>llarson@martenlaw.com |
| **Ronald R. Ragatz**<br>DeWitt Ross & Stevens SC<br>rrr@dewittross.com | **Bradley M. Marten**<br>Marten Law<br>bmarten@martenlaw.com |
| **Alexandra Reeve Givens**<br>Cravath Swaine & Moore LLP<br>agivens@cravath.com | **Meline G. MacCurdy**<br>Marten Law<br>mmaccurdy@martenlaw.com |

Dated: April 26, 2011　　　　　　　s/ *Randall M. Stone*