IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

    Plaintiffs,

v.

NCR CORPORATION, *et al*.,

    Defendants.

No. 10-CV-910-WCG

**REPLY MEMORANDUM OF APPLETON PAPERS INC. IN SUPPORT OF MOTION TO STRIKE NEW DECLARATIONS, DOCUMENTS, ARGUMENTS, AND FINDINGS OF FACT AND CONCLUSIONS OF LAW FILED FOR THE FIRST TIME WITH THE REPLY BRIEF IN SUPPORT OF THE UNITED STATES' MOTION FOR A PRELIMINARY INJUNCTION**

Defendant Appleton Papers Inc. ("API") by its undersigned counsel, respectfully submits this reply memorandum in support of its Motion To Strike New Declarations, Documents, Arguments, and Findings of Fact and Conclusions of Law Filed for the First Time With the Reply Brief In Support of the United States' Motion for a Preliminary Injunction. Dkt. #154.

**ARGUMENT**

The Government has responded to API's motion to strike by conceding that it is appropriate for the Court to grant API leave to file a sur-reply brief and arguing that, as a result of that concession, API's motion to strike is now moot:

> In any event, API and NCR have filed motions seeking leave to file sur-reply briefs and the United States does not oppose the filing of those briefs. If the Court accepts those briefs then API's motion to strike can be denied as moot.

Dkt. #159, p. 1. API did not, however, request only leave to file a sur-reply brief.

Specifically, API requested that if the Court declined to grant API's motion to strike, that the Court should grant API the following relief:

> a.  That the Court grant leave to allow the filing of the attached Sur-Reply Memorandum in Opposition to the United States' Motion For A Preliminary Injunction; and
>
> b.  Grant leave to API to file a response to the Government's Proposed Findings of Fact and Conclusions of Law, and also to submit proposed findings of fact and conclusions of law of its own, after the completion of the evidentiary hearing which should be afforded to API.

Dkt. #156, p. 3, ¶ 7.

Notably absent from the Government's response brief is any argument at all as to why it waited to file proposed findings of fact and conclusions of law until its reply. The Government instead complains generally that API's memorandum provided no specifics but was "long on rhetoric" about "ambush" and "sandbagging" one's opponent. Dkt. #159, p. 2. The "rhetoric" the Government complains of, however, came from actual quotations from decisions in which courts have characterized a movant's decision to wait to raise new facts or issues until a reply as an improper attempt to "ambush" or "sandbag" one's opponent. *See Murphy v. Village of Hoffman Estates,* No. 95-C-5192, 1999 WL 160305 at *2 (N.D. Ill. March 17, 1999); *McKay v. Town & Country Cadillac, Inc.,* No. 97-C-2101, 2002 WL 664024 at * 8 n.5 (N.D. Ill. Apr. 23, 2002); *Brennan v. AT&T Corp.,* No. 04-CV-433, 2006 WL 306755 at *9 (S.D. Ill. Feb. 8, 2006). That language is fitting here, where the Government waited to file a 65-page document with proposed findings of fact and conclusions of law until its reply, when API would not have an opportunity to respond as a matter of course. The Government's actions constitute a breach of the basic notions of fair play, and it does not even try to claim otherwise.

Further, as set forth in API's Memorandum, API will be prejudiced if it is not provided an opportunity to correct the factual record that is so critical to the Court's decision to grant or deny a motion for preliminary injunction. *See e.g.,* API's Memorandum In Support of Motion To Strike. Dkt. #155, pp. 8-10. The Government's proposed findings of fact and conclusions of law contains the same sort of gross factual errors that are contained in the Government's reply brief to which the Government has conceded API should have a right to sur-reply. For example, as previously noted, the Government completely misstated key provisions of the 1978 Agreement, by: (1) adding language to paragraph 1.4.5 that does not actually appear in paragraph 1.4.5; and (2) omitting language from paragraph 1.4.5 that is included in paragraph 1.4.5. This error is included in the Government's reply (Dkt. #150, p. 8) *and* in its proposed findings of fact (Dkt. #150-1, p. 12).[1] Likewise, the Government selectively quotes a key paragraph of the 1998 Agreement, by omitting the language that clearly states that the "initial allocation" was being made "[w]ithout admitting any fact, responsibility, fault, or liability…" Dkt. #124-1, p. 14. This error is likewise included in the Government's reply brief (Dkt. #150, p. 10) *and* in its proposed findings of fact (Dkt. #150-1, p. 13, ¶ 33).

The Government's admitted failure to even correctly quote the language in key contractual documents should give this Court serious pause about the reliability of any of the Government's proposed findings of fact and conclusions of law. The concern about

---

[1] The Government attempts to unapologetically justify its misquoting of the actual contractual language by suggesting that the errors do not really matter because the misquotations did not change the meaning of paragraph 1.4.5 of the 1978 Agreement. Dkt. #159, p. 3 n.1. API disagrees – the bottom line is that key contractual provisions are not even accurately quoted in the Government's proposed findings of fact.

- 3 -
Case 1:10-cv-00910-WCG   Filed 04/27/11   Page 3 of 5   Document 160

the accuracy of the record should be heightened where, as here, API has had no opportunity to respond to the Government's proposed findings of fact and conclusions of law. The Government's concession that it is fair to allow API to reply with a sur-reply brief necessarily means that fairness also requires leave to respond to the proposed findings of fact and conclusions of law, as API also requested.

Moreover, in its response brief, the Government has also mischaracterized the testimony of one of API's experts in API's coverage case, by claiming that the expert opined that the "damage caused by PCB's in the Lower Fox River and Green Bay could not be divided up." Dkt. # 159, p. 4. The Government's claim is false. In API's coverage case, API's expert was opining as to whether damage caused by PCBs was divisible *by year* for purposes of insurance coverage. Dkt. #147-13, p. 59. API's expert *was not* opining as to divisibility by volume (or otherwise) under CERCLA. Again, the Government's factual allegations do not withstand scrutiny.

## CONCLUSION

Contrary to the Government's claims, the motion to strike is not moot, unless the Court also grants API leave to respond to the proposed findings of fact and conclusions of law following an evidentiary hearing. API, therefore, respectfully reiterates its request to either: (a) strike the Government's proposed findings of fact and conclusions of law; or (b) provide API with an opportunity to respond to the Government's proposed findings of fact and conclusions of law and to offer affirmative findings of fact and conclusions of law of its own, after the completion of the evidentiary hearing which should be afforded to API on the Government's Motion for Preliminary Injunction.

Dated this 27th day of April, 2011.

                                    APPLETON PAPERS INC.

                                    By    /s/ Ronald R. Ragatz
                                          One of Its Attorneys

                        Counsel for Appleton Papers Inc.:

| | |
|---|---|
| Michael L. Hermes (#1019623) | Ronald R. Ragatz (#1017501) |
| Heidi D. Melzer (#1076125) | Dennis P. Birke (#1018345) |
| Brandon J. Evans (#1063940) | Megan A. Senatori (#1037314) |
| Ericka L. Krumrie (#1066383) | DeWitt Ross & Stevens S.C. |
| Hermes Law, Ltd. | Two East Mifflin Street, Ste. 600 |
| 333 Main Street, Suite 601 | Madison, WI 53703 |
| Green Bay, WI 54301 | (608) 255-8891 |
| (920) 436-9870 | Fax: (608) 252-9243 |
| Fax: (920)436-9871 | |