# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA and
STATE OF WISCONSIN,

        Plaintiffs,

    v.                                   Case No. 10-C-910

NCR CORP., et al.,

        Defendants.

## DECISION AND ORDER

In this CERCLA enforcement action brought by the United States and State of Wisconsin against numerous PRPs, the Plaintiffs have moved to dismiss all of the counterclaims and crossclaims filed by the numerous Defendants. Defendant Georgia-Pacific ("GP") has also moved to dismiss crossclaims filed by co-defendants NCR Corp. and Appleton Papers, Inc. I address both of these motions herein.

## I. GP's Motion to Dismiss

Defendants NCR Corp. and Appleton Papers, Inc. have raised a defense asserting that the environmental harm to the Lower Fox River is divisible and that they are not jointly and severally liable for it. No one has contested the availability of such a defense. These Defendants have also filed crossclaims, however, in which they assert that the harm is divisible; that they have overpaid; and that they are entitled to be compensated, under CERCLA § 107, for that overpayment by co-defendant Georgia-Pacific (GP). (Dkt. # 82 at p. 61; Dkt. # 65 at p. 53.) GP has moved to dismiss the crossclaims on the grounds that this Court has already determined that § 107 is not available for

parties for whom § 113 contribution is available. GP asserts that this is now the third time NCR and AP have attempted to bring a § 107 claim, and dismissal is warranted either as a matter of law, *res judicata,* or as a matter of this Court's prudential ability to govern its docket and avoid relitigation of matters that have already been decided. (In their own motion, the government Plaintiffs also urge dismissal of these claims.) For the reasons given below, the motion to dismiss will be granted.

In previous rulings, I have addressed at length the reasons why a PRP in the position of AP and NCR cannot bring a § 107 claim against other PRPs. In short, I concluded in the *Whiting* action, No. 08-C-16, that § 113 and § 107 are available to parties in different procedural circumstances. "The relevant 'procedural circumstances' are whether the party's incurred costs resulted from a government action under §§ 106 or 107. If they did, the party must use § 113." (Dkt. # 751 at 8.) Thus, I concluded that AP and NCR should not be allowed to bring § 107 claims.

AP and NCR argue that circumstances are now much different in this enforcement action. The principal difference is that they are *defendants* in this lawsuit who are entitled to raise the divisibility defense. They point out that in my previous rulings I noted that the divisibility question was a defense rather than a precursor to a § 113 action, and thus they believe that § 107 is now available to them given their status in this enforcement action as defendants. As noted above, no one disputes the legitimacy of their divisibility defenses in this action, as against the government plaintiffs. But as to GP, of course, AP and NCR are bringing their crossclaims as plaintiffs, not defendants. Their status has not changed.

What remains the same is that § 113 has already been employed by AP and NCR in their contribution action. Section 113 remained available to AP and NCR, which means that § 107 does

2

not provide recourse, even though they are now defendants in this action. Courts since my decision in *Whiting* have reached the same conclusion, including in *Solutia, Inc. v. McWane, Inc.,* 726 F.Supp.2d 1316, 1342 (N.D.Ala. 2010), where the court granted reconsideration. "Upon reconsideration in light of the above authorities and a re-examination of the statutory language of § 113, this court concludes that Congress intended § 113(f) contribution to serve as the exclusive remedy for a party to recoup its own costs incurred in performing a cleanup pursuant to a judgment, consent decree, or settlement that gives rise to contribution rights under § 113(f)." *Id.*

NPR and AP also argue that § 113 is only available for parties who share a "common liability," and the question of joint and several liability has not been litigated conclusively. In fact, they argue, that is the point of their divisibility defense in this action – to avoid joint and several liability. AP goes so far as to suggest that it is a "completely innocent" party that does not share liability with any other PRPs. (Dkt. # 96 at 2.) I have addressed and rejected this argument at length elsewhere, concluding that a judgment of joint and several liability is not a precursor to a § 113 claim.

In sum, these matters have already been litigated at great length, and the conclusions I have reached have received the support of the United States (it has also moved for dismissal of these and other crossclaims on the same grounds) as well as other courts, including the Eight Circuit. *See Morrison Enters., LLC v. Dravo Corp.*, 638 F.3d 594 (8th Cir. 2011). Nothing of substance has changed.

Accordingly, GP's motion to dismiss the crossclaims filed by AP and NCR is **GRANTED**.

3

**II. The Plaintiffs' Motion to Dismiss**

The United States and State of Wisconsin have also moved to dismiss all of the counterclaims and crossclaims in this action. As noted above, they urge dismissal on the merits of the crossclaims brought by NCR and AP. In addition, they argue that the other claims should be dismissed with conditional leave to refile them in related Case No. 08-C-16, known as the *Whiting* action. In essence, the government Plaintiffs would prefer that this action remain an enforcement action and that all of the contribution claims be handled in the *Whiting* contribution action. Without aggressive and early case management efforts, they suggest, this case could become a "fee-for-all" that gets out of hand.

The Defendants raise a number of objections. Procedurally, they argue that the government's arguments appeal more to discretionary case management considerations than to grounds under Rule 12 for the dismissal or striking of pleadings. Although they are not opposed to some creative case management, they argue that such matters are properly taken up in the context of Rule 16, *after* the Plaintiffs have answered the counterclaims. The Defendants also argue that their counterclaims are compulsory counterclaims that they had no choice but to bring. On the merits, they argue that much of the governments' proposal is based on the unfounded assumption that the United States' self-negotiated consent decree will be approved by this Court. They further assert that the United States has not adequately shown that addressing these claims in this action will be unduly burdensome or will in any way hamper its ability prosecute this enforcement action. Other Defendants also bring individualized concerns about the governments' proposal.

The governments' concern about a "fee-for-all" is understandable, given the cringe-inducing amount of fees already generated by these cases. But I am not satisfied at this point that shifting

4

viable claims from one case to another will have much of an impact. The claims are going to be resolved one way or another, and the governments have not explained how litigating them in this case will materially impede progress or cause needless waste of energies. There is some appreciable attractiveness to the idea of having one case for enforcement and another for contribution, but I am not sure that this case lends itself to such niceties. After all, Wisconsin and the United States concede that they are wearing multiple hats here – as both enforcers and polluters – and that might preclude the kind of order that all parties (this Court included) might otherwise prefer.

This is not to say that I might not ultimately agree with the government plaintiffs about case management. But for now, I am not convinced that a radical reshuffling would provide a meaningful reduction in efforts or would make the cases significantly easier to manage. Accordingly, the governments' motion to dismiss is **DENIED**, except as to the § 107 claims. Georgia-Pacific's motion to dismiss is **GRANTED**.

**SO ORDERED** this 5th day of July, 2011.

    /s William C. Griesbach
    William C. Griesbach
    United States District Judge