IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF WISCONSIN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:10-cv-00910-WCG<br>) |
| NCR CORPORATION, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

**RESPONSE OF CERTAIN DEFENDANTS[1] IN OPPOSITION TO PLAINTIFFS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO EXTEND PLAINTIFFS' DATE TO RESPOND TO DEFENDANTS' COUNTERCLAIMS**

---

[1] This response is being filed on behalf of the following Defendants: CBC Coating, Inc., City of Appleton, Menasha Corporation, Neenah-Menasha Sewerage Commission , P.H. Glatfelter Company ("Glatfelter"), U.S. Paper Mills Corporation, and WTM I Company ("Certain Defendants").

Each of plaintiffs is a responsible party under CERCLA *and* each of plaintiffs seeks to hold each of the defendants jointly and severally liable for ***all*** response costs and natural resource damages at the Lower Fox River and Green Bay Site. Plaintiffs have moved to bar contribution claims against the United States by every other defendant -- not just NCR and API -- by seeking entry of a consent decree embodying a settlement of the United States with itself ("US CD"). Dkt. 182.[2] Plaintiffs hope to avoid answering allegations related to their share as responsible parties until after the Court rules on plaintiffs' pending motion to enter the US CD. The US CD has not been entered. Certain Defendants are entitled to answers to their counterclaims now.

Certain Defendants have no objection to a reasonable extension for either plaintiff to answer the counterclaims. However, if plaintiffs are granted an extension, the time for Certain Defendants to respond to the motion to enter the US CD should be extended to a reasonable time *after* both plaintiffs have answered all counterclaims. Certain Defendants stated their position in the exchange of emails between Levin and Mandelbaum attached as Ex. A. Thus, plaintiffs' motion is not about *when* plaintiffs have to answer the pending counterclaims, but instead about which goes first – answers to counterclaims or consideration of the motion to enter the US CD.

1. **The US CD is *About* Certain Defendants' Counterclaims.**

As plaintiffs candidly observe, a primary purpose of the United States' settlement with itself is to bar contribution claims against the Settling Federal Agencies ("SFAs") who bear an equitable share under CERCLA for natural resource damages and for any costs of cleaning up this site that Certain Defendants might have to incur. For example, if NCR were to become insolvent before completion of the remedy in Upper OU4, Certain Defendants claim that the Army Corps of Engineers would have a share larger than any of them, or perhaps all of them

---

[2] That motion cites ten previous settlements of the United States with itself, but ***not one*** instance of such a settlement entered over objection. Accordingly, the US CD, if entered, would apparently be unprecedented.

combined. Certain Defendants are not parties to the US CD, and receive no benefit directly under it. Therefore, the US CD is at least partially directed at the very counterclaims that plaintiffs do not wish to answer.

### 2. The United States Should Answer Before the US CD is Considered.

The United States asserts that the Court does not need either plaintiff's answers to decide if the US CD is fair. As the United States itself would benefit from the contribution bar in the US CD, its position on fairness is no surprise. The United States knows it must persuade the Court that the US CD is fair, and so new admissions in an answer cannot help it. In order to test the fairness of the US CD objectively, the Court should see which of the allegations of the counterclaims the United States in fact disputes. Whether the United States' proposed settlement with itself would be fair hinges on the nature of the actual disputes among the parties.[3]

The United States argues that other activities in this case and in *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 2:08-cv-16-WCG (E.D. Wis.), will engage the parties, so the pleadings here need not close now. But the motion to enter the US CD is pending ***now*** and the answers to counterclaims are directly relevant to it. Answers may have nothing to do with the upcoming trial in *Whiting*, but that does not mean they do not bear on the US CD.

The United States asserts that it would be "unduly burdensome" to answer counterclaims. Certain Defendants did not bring this case. Plaintiffs brought this case after this Court's Dec. 16, 2009, decision in *Whiting*; plaintiffs knew that by suing Certain Defendants they were suing "relatively innocent" parties. Nevertheless, they imposed the burden of defending this case on Certain Defendants and seek to impose joint and several liability on them for 100 percent of the

---

[3] Importantly, plaintiffs have not offered to treat all of the allegations of all of the counterclaims as admitted for purposes of the motion to enter the US CD. That would alternatively resolve the issue Certain Defendants raise.

PHI 316,750,678v2

costs of this Site. There can be no undue burden imposed on a plaintiff when "relatively innocent" defendants insist that the plaintiff answer their counterclaims, indeed, their *compulsory* counterclaims.

### 3. The State Should Answer Now.

Whether the Court does or does not enter the US CD, the State will still remain a counterclaim defendant in this matter and will still be required to answer. Plaintiffs ignore that fact; their requested order does not establish a time for the State to answer should the Court enter the US CD. Because this motion sets out no reason why the State's time to answer should hinge at all on the US CD, the motion should be denied as to the State.

### 4. The Only Proper "Response" is an Answer.

Plaintiffs seek an extension of time to "respond" to Certain Defendants' counterclaims. Those counterclaims were filed in December 2010. Certain Defendants consented to an extension of the time to respond to those counterclaims until February 18, 2011. Both plaintiffs filed a motion styled as a motion to dismiss under Rule 12(b), and consequently did not answer. On July 5, 2011 this Court denied that motion. No "response" to the counterclaims is now permitted other than an answer. Fed. R. Civ. P. 12(a)(4)(A).

### 5. Conclusion

This is essentially the same motion as the one denied on July 5, 2011. Dkt. 171. Rule 12(a)(4)(A) requires plaintiffs to answer promptly. If plaintiffs fear the impact of the admissions they would have to make on the motion to enter the US CD, so much more the reason to deny this motion as presented. Plaintiffs should have a reasonable extension to answer, and the time to respond to the motion to enter the US CD should run from that time.

PHI 316,750,678v2

Dated: July 20, 2011　　　　　　　　　Respectfully submitted,

| | |
|---|---|
| s/ William H. Harbeck<br>William H. Harbeck (Wis. Bar No. 1007004)<br>Peter C. Karegeannes (Wis. Bar No. 1015025)<br>Nancy K. Peterson (Wis. Bar No. 1000197)<br>Quarles & Brady LLP<br>411 E. Wisconsin Avenue<br>Milwaukee, WI 53202<br>Telephone: 414-277-5000<br>whh@quarles.com<br><br>**Attorneys for Defendant WTM I Company** | s/ David G. Mandelbaum<br>David G. Mandelbaum<br>Marc E. Davies<br>Monique M. Mooney<br>Sabrina Mizrachi<br>Caleb J. Holmes<br>Adam B. Silverman<br>GREENBERG TAURIG, LLP<br>Two Commerce Square, Suite 2700<br>2001 Market Street<br>Philadelphia, PA  19103<br>215.988.7800<br>mandelbaumd@gtlaw.com<br><br>**Attorneys for Defendant P.H. Glatfelter Company** |

| | |
|---|---|
| s/ Susan E. Lovern<br>Susan E. Lovern (#1025632)<br>Michael P. Carlton (#1016037)<br>Thomas Armstrong (#1016529)<br>Kelly J. Noyes (#1064809)<br>von Briesen & Roper, s.c.<br>411 East Wisconsin Avenue, Suite 700<br>Milwaukee, WI 53202<br>Telephone: (414) 276-1122<br>Fax: (414) 276-6281<br>slovern@vonbriesen.com<br>mcarlton@vonbriesen.com<br>tarmstro@vonbriesen.com<br>knoyes@vonbriesen.com<br><br>**Attorneys for Defendant CBC Coating, Inc.** | s/ Scott W. Hansen<br>Scott W. Hansen<br>Steven P. Bogart<br>Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 1700<br>P.O. Box. 2965<br>Milwaukee, WI 53202<br>Telephone: 414-298-1000<br>Facsimile: 414-298-8097<br>sbogart@reinhartlaw.com<br>shansen@reinhartlaw.com<br><br>Thomas R. Gottshall<br>Stephen F. McKinney<br>Haynsworth Sinkler Boyd PA<br>1201 Main Street, Suite 2200<br>P.O. Box 11889<br>Columbia, SC 29211-1889<br>Telephone: 803-779-3080<br>Facsimile: 803-765-1243<br>tgottshall@hsblawfirm.com<br>smckinney@hsblawfirm.com<br><br>**Attorneys for Defendant U.S. Paper Mills Corp.** |

PHI 316,750,678v2

| | |
|---|---|
| /s/ Paul G. Kent<br>Paul G. Kent (#1002924)<br>Richard C. Yde (#1013600)<br>Ted Waskowski (#1003254)<br>Stafford Rosenbaum LLP<br>222 W. Washington Avenue, Suite 900<br>P.O. Box 1784<br>Madison, WI 53701-1784<br>Telephone: 608-256-0226<br>Email: pkent@staffordlaw.com<br><br>James P. Walsh (#1009328)<br>Appleton City Attorney's Office<br>100 North Appleton Street<br>Appleton, WI 54911-4702<br>Telephone: 920-832-6423<br>Email: jim.walsh@appleton.org<br><br>**Attorneys for Defendant City of Appleton** | s/William J. Mulligan<br>William J. Mulligan (WI Bar No. 1008465)<br>Kevin J. Lyons (WI Bar No. 1013826)<br>Elizabeth K. Miles (WI Bar No. 1064284)<br>Davis & Kuelthau, s.c.<br>111 E. Kilbourn Avenue, Suite 1400<br>Milwaukee, WI 53202<br>Telephone: (414) 276-0200<br>Facsimile: (414) 276-9369<br>Email: wmulligan@dkattorneys.com<br>klyons@dkattorneys.com<br>emiles@dkattorneys.com<br><br>**Attorneys for Defendant Neenah Menasha Sewerage Commission** |
| /s/ Philip C. Hunsucker<br>Philip C. Hunsucker<br>David A. Rabbino<br>Hunsucker Goodstein & Nelson PC<br>3717 Mt. Diablo Blvd., Suite 200<br>Lafayette, CA 94549<br>Telephone: 925-284-0840<br>Email: phunsucker@hgnlaw.com<br><br>**Attorneys for Defendant Menasha Corporation** | |

# CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of July 2011, a true and correct copy of the foregoing was filed electronically via the Electronic Court Filing system and is available for viewing and downloading. In addition, a true and correct copy was served via first-class mail upon the following:

Cynthia R Hirsch
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707-7857

Randall M. Stone
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, DC  20044

/s/ David G. Mandelbaum
David G. Mandelbaum

Greenberg Traurig LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7800
Facsimile: (215) 988-7801
mandelbaumd@gtlaw.com

PHI 316,750,678v2