IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No. 10-C-910 |
| v. | ) ) |
| NCR CORPORATION, APPLETON PAPERS INC., BROWN COUNTY, CITY OF APPLETON, CITY OF GREEN BAY, CBC COATING, INC., GEORGIA-PACIFIC CONSUMER PRODUCTS LP, KIMBERLY-CLARK CORPORATION, MENASHA CORP., NEENAH-MENASHA SEWERAGE COMMISSION, NEWPAGE WISCONSIN SYSTEMS, INC., P.H. GLATFELTER CO., U.S. PAPER MILLS CORP. and WTM I COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**NCR CORPORATION'S OPPOSITION TO PLAINTIFFS' EXPEDITED NON-DISPOSITIVE MOTION TO EXTEND PLAINTIFFS' DATE TO RESPOND TO DEFENDANTS' COUNTERCLAIMS**

NCR Corporation ("NCR"), by and through its undersigned counsel, respectfully submits this Opposition to Plaintiffs' Expedited Non-Dispositive Motion To Extend Plaintiffs' Date to Respond To Defendants' Counterclaims (the "Motion"). (Dkt. #182.) The Government's arguments in support of a stay do not apply to NCR's counterclaim for declaratory judgment, which differs from the counterclaims for contribution brought by the other Defendants. NCR therefore respectfully requests that the Government's Motion be denied and that the Government be ordered to answer NCR's counterclaim within ten days following an order of this Court denying the Motion.

NCR filed two counterclaims in this action: (1) a declaratory judgment claim against Plaintiffs/Counter-Defendants to determine the extent of NCR's liability, if any, for the harms to the Lower Fox River site; and (2) a Section 107 cost recovery claim against the United States. (Dkt. #82 at 45-60.) On July 5, 2011, the Court denied the Government's motion to strike or dismiss all counterclaims, except as to the Section 107 counterclaims. (Dkt. #171 at 5.) Five days later, the Government moved to enter a proposed consent decree with Brown County, the City of Green Bay and certain federal agencies (the "Consent Decree"). (Dkt. #173.) Neither the motion to enter the Consent Decree nor the current status of *Whiting* bears on NCR's declaratory judgment counterclaim.

*First*, the Government's argument that the Consent Decree would "bar the Defendants' counterclaims for response costs and natural resource damages from the United States" pertains only to the other Defendants' Section 113 counterclaims, *not* to NCR's

1

declaratory judgment counterclaim.[1] (Dkt. #182 at 2.) Regardless of what impact the Consent Decree has on the Section 113 counterclaims, NCR's declaratory judgment counterclaim will indisputably remain pending, even if the Court approves the Consent Decree. Because approval of the Consent Decree will in no way affect the Government's obligation to answer NCR's counterclaim, it would not be unduly burdensome to require the Government to answer at this time.[2]

*Second*, the Government's argument that the status of *Whiting* should delay its obligation to answer is similarly inapplicable to NCR's declaratory judgment counterclaim. Adjudication of NCR's counterclaim should not be further delayed as a result of *Whiting*, especially since NCR was barred from pursuing its divisibility argument in that action. (No. 08-cv-16, Dkt. #751.) Further, most of the issues that are currently the subject of discovery in *Whiting*—such as costs and insurance offsets—are entirely unrelated to the issues raised by NCR's declaratory judgment counterclaim. (*Compare* No. 08-cv-16, Dkt. #115, *with* No. 10-cv-910, Dkt. #82 at 45-60; #172 at 3-15.)

*Third*, the Government's argument about what will be addressed in the early stages of this case only underscores the ripeness of NCR's counterclaim. The Government emphasizes that "the early stages of this case have focused and likely will continue to focus on the Unilateral Administrative Order recipients' obligation to comply with that EPA cleanup

---

[1] NCR does not address here the Government's arguments concerning the effect of the Consent Decree on contribution counterclaims, as NCR does not have a contribution counterclaim pending in this action.

[2] The Government's argument unquestionably does not apply to the State of Wisconsin's obligation to answer any Defendant's counterclaim, because the Consent Decree does not seek to settle any claims against the State.

2

order". (Dkt. #182 at 2.) Given that the Court has already begun considering the issue of divisibility in this action, it would not serve the interests of judicial economy to delay the Government's answer to NCR's declaratory judgment counterclaim at this time.[3] On the contrary, determining promptly whether the harms to the Lower Fox River site are reasonably capable of apportionment and the extent of each party's liability for that apportioned harm would serve the interests of all parties, including the Government.

For the foregoing reasons, NCR respectfully requests that the Court deny the Government's Motion to stay its obligation to answer NCR's declaratory judgment counterclaim.

Dated: July 21, 2011

Respectfully submitted,

NCR CORPORATION

/s/ Darin P. McAtee
*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

---

[3] While the Court necessarily considered NCR's divisibility arguments in its ruling on the Government's initial Motion for a Preliminary Injunction (Dkt. #122; #172), findings of fact and conclusions of law made in a preliminary injunction decision are not binding in the merits phase of an action. *See Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1258 (7th Cir. 1993). The Government's Motion should be denied, in part, to allow the parties to create a fully developed record for purposes of the Court's final decision on divisibility.

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601