IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

    Plaintiffs,

  v.

NCR CORPORATION, *et al*.,

    Defendants.

No. 10-CV-910-WCG

**DECLARATION OF TAMI VAN STRATEN IN OPPOSITION
TO THE UNITED STATES' MOTION FOR ENTRY OF
REVISED PROPOSED TERMS OF AN INJUNCTION**

I, Tami Van Straten, declare and state as follows:

1. I am the General Counsel and Secretary of Defendant Appleton Papers Inc. ("API"). I offer this Declaration in opposition to the United States' Motion for Entry of Revised Proposed Terms of An Injunction.

2. API is a local company based in Appleton, Wisconsin. API employs approximately 1,900 people in Wisconsin, Ohio, and Pennsylvania. API is 100 percent employee-owned.

3. In 2001, in connection with the transaction by which API became 100 percent employee-owned, API entered into the "Fox River AWA Environmental Indemnity Agreement" ("AWA Indemnity Agreement") with Arjo Wiggins Appleton p.l.c. ("AWA"), now known as Windward Prospects Ltd. Under the AWA Indemnity Agreement, AWA, subject to various terms and conditions, agreed to indemnify API for liabilities arising from PCB contamination in the Lower Fox River and Green Bay. A true and correct copy of the AWA Indemnity Agreement is attached as Exhibit A.

- 1 -

4. The Lower Fox River Remediation LLC ("LLC") was created to perform the work specified in the Unilateral Administrative Order dated November 13, 2007 that the United States issued to API, NCR Corporation, and other parties.

5. On August 9, 2009, API, subject to certain terms and conditions, granted to Arjo Wiggins Appleton (Bermuda) Limited ("AWAB"), an indirect subsidiary of AWA, a proxy to vote API's shares in the LLC with respect to the management and remedial activities on the Fox River. The proxy remains in effect.

6. API granted the proxy to AWAB at the direction and request of AWA, pursuant to AWA's rights under the AWA Indemnity Agreement.

7. Under the terms of the AWA Indemnity Agreement, API cannot unilaterally revoke the proxy it gave to AWAB without the consent of AWA. AWA has not consented to revocation of the proxy.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 22, 2011.                s/ Tami Van Straten
                                                  Tami Van Straten