# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 10-C-910

NCR CORP. and APPLETON PAPERS INC.,

    Defendant.

## ORDER DENYING RENEWED MOTION FOR PRELIMINARY INJUNCTION

On July 5, 2011, this Court denied the government's motion for a preliminary injunction against Defendants NCR and Appleton Papers Inc. In doing so, I found that although the government had set forth a sound basis for relief against NCR, it had not done so against Appleton Papers because I was unable to find that Appleton Papers was liable, under CERCLA, as a successor. (Appleton Papers did not pollute itself, but signed an agreement stating that it would indemnify NCR for certain environmental liability.) I concluded that awarding relief against only one of the two Defendants was not feasible, however, because the non-liable party, Appleton Papers, held control of the limited liability company that is undertaking the cleanup of the Fox River. All sides appeared to agree that this LLC and its contractors were the only entities that could accomplish what the government wanted this year. Given the public interest and possibility of irreparable harm, however, I left open the possibility that some form of appropriate relief might be feasible.

The government has now filed an expedited motion seeking such relief, and the Defendants have responded. The government argues that even if Appleton Papers is not liable under CERCLA,

I could nevertheless order it to revoke the proxy to vote its shares in the cleanup LLC from a company called Arjo Wiggins Appleton (Bermuda) Ltd., which is Appleton's own indemnitor, and grant NCR a proxy to vote its shares. This way, the LLC will no longer be controlled by Appleton Papers (or its indemnitor) and this Court could order the relief the government seeks against NCR, the only party liable under CERCLA, who would then direct the LLC to recommence the river cleanup.

The government describes such relief as ancillary and minor, but it seems anything but. In essence, I would be ordering a party I have preliminarily concluded *not* to be liable under CERCLA to rescind authority over a company in which it has a controlling interest. This would produce the very result sought in the government's original motion for a preliminary injunction, and thus it is hard to describe the relief as "minor." The government has cited Supreme Court authority indicating that in some cases a non-liable party will be forced to bear the collateral consequences that necessarily follow from the grant of relief to one party. For example, in *International Brotherhood of Teamsters v. United States*, the plaintiffs alleged that the employer had a practice of discriminating against black and Hispanic employees. 431 U.S. 324 (1977). They further alleged that the employees' union perpetuated that discrimination by virtue of its seniority rules, which allowed exclusively white employees the best jobs and pay. The Court agreed that the employer was liable, but found the union not liable. Even so, it stated in a footnote that the union should remain in the case "so that full relief may be awarded the victims of the employer's post-Act discrimination." 431 U.S. at 356 n.43. In its footnote, the Court cited Fed. R. Civ. P. 19(a) for the rule governing mandatory joinder. The Court apparently recognized that because the employees are represented by the union, the union itself would have to be bound by a remedial injunction.

2

Case 1:10-cv-00910-WCG    Filed 07/28/11    Page 2 of 5    Document 193

Importantly, however, the *Teamsters* Court ordered that "the District Court's injunction against the union must be vacated" because the union was not itself liable. *Id.* at 356. Finding that a non-liable party should remain in the case is not the same as enjoining a party based on a statutory violation. Being named as a party under Rule 19 merely allows that party to participate in the litigation – it is not a substitute for liability or a basis for injunctive relief itself.

In the same footnote, the *Teamsters* Court cited a Sixth Circuit case as support for keeping the non-liable union in the case. In *EEOC v. MacMillan Bloedel Containers, Inc.,* that court concluded as follows:

> We believe that the EEOC followed the proper course when it joined the Union under Rule 19(a), Fed. R. Civ. P. This provides the Union with a full opportunity to participate in the litigation and the formulation of proposed relief against MacMillan. As a practical matter, the Union need not play a role in the litigation until the court finds that MacMillan has violated Title VII. Such an opportunity will allow the Union to protect adequately the interests of its members, will provide the discriminatee with full and complete relief and will also insure that the suit is handled at one time and in one forum. This procedure is fully consistent with Title VII's emphasis on judicial expediency.

503 F.2d 1086, 1095 (6th Cir. 1974).

Thus, the purpose of keeping the union as a defendant in both cases was to allow the union to "participate" in the litigation and the relief, not to order the non-liable union to *provide* the relief. The government cites two other Supreme Court cases, but these are also employment discrimination cases involving unions. The upshot of these cases is that courts must be allowed to award retroactive seniority to remedy past discrimination, even if such awards naturally upset existing collective bargaining agreements. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 399-400, 102 S.Ct. 1127, 1135-1136 (1982); *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania,* 458 U.S. 375, 399 (1982). The fact that the unions represent the employees makes it necessary to involve the

3

union in the remedy. The analogy with the present case is weak. Although the government suggests Appleton Papers would merely be ordered to amend its LLC agreement with NCR – just as the unions were in the above-cited cases – in reality it is being asked to cede complete control of the enterprise.

Appleton Papers also notes that the ball is in the government's court at this point. If the government stipulates to a judgment of no liability is its favor, that would trigger a clause in its LLC agreement requiring it to cede control to NCR. NCR could then be ordered to begin dredging itself. Assuming the government will not so stipulate, Appleton Papers also states that a summary judgment motion on non-liability is imminent. It is conceivable that there is a way for the government to concede to an expedited entry of judgment on the question even while maintaining its objection and right to appeal. For example, the government could concede that there are no remaining issues of material fact (the matter having been explored at some length already). This Court could then grant the motion for summary judgment for the reasons already given in its July 5 order. In that event, the government would not have waived any right to appeal my legal conclusion based on the conceded factual record, and the dredging, controlled by NCR, could recommence.

In sum, I remain unpersuaded that I have the authority to require Appleton Papers to do what the government asks. It is of course tempting to look for creative solutions to a problem like the one we face here, and the government cannot be blamed for doing that. And I must reiterate that the private agreements of parties can almost never present a roadblock to the entry of legitimate injunctive relief. But here, parties on all sides appeared to be operating under the assumption that Appleton Papers Inc. was liable under CERCLA, and thus it made sense for it, as the 60%

4

indemnitor of NCR, to control the means of cleanup. Unfortunately, that has hamstrung the parties' ability to move forward, despite NCR's apparent willingness to do so. But, as noted above, there are other possibilities for relief. A final decision on liability could get things moving. And it remains unclear why NCR could not just side-step the LLC and hire the same contractors itself, assuming they are available and willing to work. For now, however, I am not persuaded that I have the authority to order a non-liable party to give up the right to vote shares in a company over its objection.

Accordingly, the renewed motion for a preliminary injunction is **DENIED**.

**SO ORDERED** this   28th   day of July, 2011.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge