# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 10-C-910

NCR CORP. and APPLETON PAPERS INC.,

    Defendant.

## ORDER

    The Plaintiffs have filed an expedited motion seeking an extension of time in which to answer the counterclaims brought against them by several Defendants. They assert that answering them would be burdensome. Normally, that is no reason not to answer (an answer being required by the Rules of Civil Procedure), but they assert that the pending consent decree, if approved by this Court, would obviate their need to answer because it would eliminate most of the counterclaims against them. Thus, they ask that they be allowed to delay answering until the matter of the consent decree is decided.

    The motion has been met with a chorus of objections from a number of the Defendants. Several of the Defendants argue that any answers the Plaintiffs file would be directly relevant to the matters at issue in the proposed consent decree. They also suggest that the matters at issue in the consent decree would not affect their counterclaims seeking declaratory relief. Finally, they note that the counterclaims were filed in 2010 and thus it is not as though the governments are being asked to make a swift and harried response.

Although I am not without sympathy for the governments' position, in my view the nature of the proposed consent decree (i.e., one agency of the government settling with other agencies of the same government) is unusual enough that the opposing Defendants should be entitled to the fullest possible opportunity to explore its fairness. This includes receiving answers to their counterclaims. Although I find it unlikely that the answers will add anything to the extensive research and debate the issue will undoubtedly receive, I think it best to err on the side of caution and require the Plaintiffs to answer in the normal course. My conclusion is made easier by virtue of the stipulation filed on July 29, which offers something of a split-the-baby approach. Specifically, the parties have agreed that if I deny the motion for an extension of time, the Plaintiffs will have 45 days to answer, rather than the 10 days initially envisioned. Other extensions are graciously provided for those opposing the consent decree. This seems a reasonable approach to accommodating the needs of all sides, and accordingly I will adopt it.

The motion for an extension of time is **DENIED**. The stipulation filed July 29, 2011 is approved and will govern the time in which the parties must answer and respond.

**SO ORDERED** this   2nd    day of August, 2011.

     s/ William C. Griesbach
     William C. Griesbach
     United States District Judge