(132)

ASSUMPTION AGREEMENT

Agreement made this 30th day of June, 1978, of Lentheric, Inc., a Delaware corporation ("Purchaser") having its principal office at Appleton, Wisconsin, in favor of NCR Corporation, a Maryland corporation ("Seller") having its principal office at Dayton, Ohio.

W I T N E S S E T H :

WHEREAS, pursuant to the Agreement of Purchase and Sale of Assets made as of June 30, 1978 (the "Acquisition Agreement") among Purchaser, Seller and B.A.T Industries Limited, an English company having its registered office at London, England, Seller has agreed to sell, transfer, assign, convey and deliver to Purchaser all of the assets, properties and business, as more specifically described in the Acquisition Agreement (the "Property") of the Appleton Papers Division of Seller ("APD"); and

WHEREAS, as further consideration of the transfer to Purchaser of the Property the Acquisition Agreement requires that Purchaser assume and agree to pay, perform, defend and discharge, if and when due, to the extent not paid, performed, defended or discharged prior to the date hereof such liabilities and obligations of Seller as are

NCR-FOX-0562569

set forth in the Acquisition Agreement relating to APD;

NOW, THEREFORE, in consideration of the sale, transfer, assignment, conveyance and delivery of the Property by Seller to Purchaser and in consideration of other good and valuable consideration, the receipt of which is hereby acknowledged, Purchaser hereby assumes and agrees to perform, pay, defend or otherwise discharge when due, each of the following, to the extent not paid, performed, defended or discharged prior to the date hereof:

(a) all of the outstanding current liabilities of Seller to the extent reflected on the Closing Date Balance Sheet (as that term is defined in Section 1.3 of the Acquisition Agreement);

(b) all of the financial obligations of Seller with respect to the amount due of U.S. $11,892,135 with respect to the period commencing after the date hereof under the loans, notes, bonds, indentures, guaranties, leases and financing agreements listed in Schedule H referred to in the Acquisition Agreement;

(c) all of Seller's obligations (other than those which by their nature cannot be performed by Purchaser) and liabilities relating to the period subsequent to the date hereof under (i) every license agreement set forth in Schedule B referred to in the Acquisition Agreement, (ii) every lease and sublease set forth on Schedule C

NCR-FOX-0562570

referred to in the Acquisition Agreement, (iii) every mortgage set forth on Schedule D referred to in the Acquisition Agreement, (iv) every supplier contract set forth on Schedule E referred to in the Acquisition Agreement, (v) every customer and distributor contract set forth on Schedule F referred to in the Acquisition Agreement, (vi) the bonds, notes, guaranties, loans and financing agreements set forth on Schedule H referred to in the Acquisition Agreement to the extent not assumed under paragraph (b) above, (vii) every employment and consulting agreement set forth on Schedule I referred to in the Acquisition Agreement, (viii) every license, permit and governmental authorization set forth on Schedule J referred to in the Acquisition Agreement, (ix) every collective bargaining agreement set forth on Schedule R referred to in the Acquisition Agreement, (x) every agreement set forth on Schedule S referred to in the Acquisition Agreement, and (xi) every other agreement to which Seller is a party, which relates to APD and which is cancellable on not more than one year's notice and under which Seller's liability, in each case, does not exceed $25,000 in any one year;

   (d) all of Seller's obligations and liabilities of any kind, character or description which (i) relate to APD, (ii) are not known to Seller on the date hereof, (iii) are asserted after the date hereof, and (iv) arise

NCR-FOX-0562571

out of or relate to (A) any license agreement, lease, sublease, mortgage, supplier contract, customer contract, distributor contract, employment agreement, consulting agreement, loan, note, bond, indenture, guaranty, financing agreement, license, permit, governmental authorization, collective bargaining agreement or other agreement referred to in paragraph (c) above and (B) every employee benefit, pension, and welfare plan set forth on Schedule Q referred to in the Acquisition Agreement, in each case whether such obligations are contingent or absolute and whether or not such obligations arose on or prior to the date hereof;

(e) all of Seller's obligations and liabilities of any kind, character or description relating to the period subsequent to the date hereof, which are not known to Seller on the date hereof, with respect to the compliance of the assets, properties, products or operations of APD with all governmental laws, ordinances, regulations, rules and standards;

(f) all of Seller's obligations and liabilities of any kind, character or description relating to the period subsequent to the date hereof which arise out of or in respect of any state of facts, matter, event or disclosure set forth on Schedule A referred to in the Acquisition Agreement, in each case whether such obligation or

NCR-FOX-0562572

liability is accrued, absolute, contingent or otherwise
and whether or not such obligation or liability is re-
flected or reserved against on the Financial Statements
(as such term is defined in Section 2.3 of the Acquisition
Agreement) or the Closing Date Balance Sheet;

   (g) all of Seller's obligations and liabilities
of any kind, character or description relating to the
period subsequent to the date hereof which arise out of or
in respect of any threatened suit, patent infringement suit,
patent or trademark intereference or opposition, action,
claim, investigation by any governmental body, or legal,
administative or arbitration proceeding set forth on
Schedules A or M referred to in the Acquisition Agreement,
in each case whether such obligation or liability is accrued,
absolute, contingent or otherwise and whether or not
such obligation or liability is reflected or reserved
against on the Financial Statements or the Closing Date
Balance Sheet;

   (h) all of Seller's liabilities, whether actual
or contingent, whether existing on the date hereof or
arising in the future, with respect to any fines, penalties
and costs, and with respect to any remedial action required,
resulting from Civil Action No. 77-1408 in the District
Court of the Western District of Pennsylvania commenced by

NCR-FOX-0562573

the Environmental Protection Agency on December 14, 1977 and any other action into which such action is transformed or consolidated except that Purchaser shall not be liable for any of Seller's attorneys' fees incurred in connection therewith prior to the date hereof;

(i) all claims of, and obligations and liabilities to, customers of APD relating to sales of allegedly defective products to such customers, whether accrued, absolute, contingent or otherwise, and whether or not reflected or reserved against on the Financial Statements or on the Closing Date Balance Sheet or on the books of account or other records of APD whether asserted or not and whether arising from transactions, events or conditions occurring prior to or after the date hereof; and

(j) all of Seller's liabilities (other than liabilities with respect to claims asserted by or on behalf of private parties), whether accrued, absolute, contingent or otherwise, and whether or not reflected or reserved against on the Financial Statements or the Closing Date Balance Sheet or 1977 Balance Sheet or on the books of account or other records of APD, whether asserted or not and whether arising from transactions, events or conditions occurring prior to or after the date hereof, with respect to compliance of the Property or the products or operations

of APD with all applicable federal, state and local and other governmental environmental and pollution control laws, ordinances, regulations, rules and standards.

IN WITNESS WHEREOF, the undersigned has caused this Assumption Agreement to be executed by its duly authorized officer on and as of the date first above written.

LENTHERIC, INC.

By _____

NCR-FOX-0562575