IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
*In re*                                                       :   Chapter 11
                                                              :
NEWPAGE CORPORATION, *et al.*,                                :   Case No. 11-12804 (KG)
                                                              :
Debtors.[1]                                                   :   Jointly Administration Requested
                                                              :
---------------------------------------------------------------x   Related Docket No. 5

## ORDER ENFORCING SECTIONS 362 AND 525 OF THE BANKRUPTCY CODE

Upon the motion dated September 7, 2011 (the "Motion"),[2] of NewPage Corporation ("NewPage") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively with NewPage, the "Debtors"), for an order pursuant to sections 362, 525, and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") confirming and enforcing the automatic stay and antidiscrimination provisions; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and no trustee, examiner, or statutory creditors' committee having been appointed in these chapter 11 cases; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Chillicothe Paper Inc. (6154), Escanaba Paper Company (5598), Luke Paper Company (6265), NewPage Canadian Sales LLC (5384), NewPage Consolidated Papers Inc. (8330), NewPage Corporation (6156), NewPage Energy Services LLC (1838), NewPage Group Inc. (2465), NewPage Holding Corporation (6158), NewPage Port Hawkesbury Holding LLC (8330), NewPage Wisconsin System Inc. (3332), Rumford Paper Company (0427), Upland Resources, Inc. (2996), and Wickliffe Paper Company LLC (8293). The Debtors' corporate headquarters is located at 8540 Gander Creek Drive, Miamisburg, OH 45342.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

NYA 651767.1





1112804110908000000000014

consider the relief requested in the Motion (the "Hearing"); and upon the *Declaration of George F. Martin in Support of the Debtors' First Day Motions and Applications*, the record of the Hearing, and all of the proceedings had before the Court; and any objections to the Motion having been withdrawn or overruled; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted except as may be modified herein; and it is further

ORDERED that by virtue of the filing of their petitions for relief under chapter 11 of the Bankruptcy Code, the Debtors are afforded the protections of, *inter alia*, sections 362 and 525 of the Bankruptcy Code; and it is further

ORDERED that except as otherwise provided in any other order of this Court, including without limitation any order approving the Debtors' debtor in possession financing on an interim or final basis, all persons (including individuals, partnerships, and corporations, and all those acting for or on their behalf), and all governmental units (and all those acting for or on their behalf) are hereby stayed, restrained, and enjoined from:

    a. commencing or continuing any judicial, administrative, or other proceeding against the Debtors, including the issuance or employment of process, that was or could have been commenced before any of the Debtors' chapter 11 cases were commenced, or recovering a claim against any of the Debtors that arose before the commencement of any of their chapter 11 cases;

    b. enforcing a judgment obtained before the commencement of any of the Debtors' chapter 11 cases against any of the Debtors or against property of any of the Debtors' estate;

c. taking any action to obtain possession of property of the estate of any of the Debtors, or of property from the estate of any of the Debtors, or to exercise control over property of any of the Debtors' estate;

d. taking any action to create, perfect, or enforce any lien against property of the estate of any of the Debtors;

e. taking any action to create, perfect, or enforce any lien against property of any of the Debtors, to the extent that such lien secures a claim that arose before the commencement of any of the Debtors' chapter 11 cases;

f. taking any action to collect, assess, or recover a claim against any of the Debtors that arose before the commencement of any of their chapter 11 cases;

g. offsetting any debt owing to any of the Debtors that arose before the commencement of any of the Debtors' chapter 11 cases against any claim held against any of the Debtors; and

h. commencing or continuing any proceeding before the United States Tax Court concerning any of the Debtors; and it is further

ORDERED that all persons and governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained, and enjoined from in any way seizing, attaching, foreclosing upon, levying against, or otherwise interfering with any and all of the property of any of the Debtors, wherever located; and it is further

ORDERED that this Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge, nor modify, the rights and obligations of any party under sections 362 and 525 of the Bankruptcy Code; and it is further

ORDERED that this Order shall not affect the exceptions to the automatic stay contained in section 362(b), including but not limited to the exceptions set forth in section 362(b)(4) with respect to any governmental unit, of the Bankruptcy Code or the right of any

3

NYA 651767.1

Case 1:10-cv-00910-WCG   Filed 09/15/11   Page 3 of 5   Document 211-2

party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the interim or final order approving the proposed debtor in possession financing, if and when entered, and this Order, the terms of the interim or final order approving the proposed debtor in possession financing, as applicable, shall govern, and it is further

ORDERED that pursuant to section 525 of the Bankruptcy Code, all governmental units are prohibited and enjoined from denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, conditioning such a grant to, or discriminating with respect to such a grant against, denying employment to, terminating the employment of, or discriminating with respect to employment against, any of the Debtors solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent prior to the Commencement Date or may be insolvent during the pendency of the Debtors' chapter 11 cases, or may not have paid a debt that is dischargeable in this case under the Bankruptcy Code; and it is further

ORDERED that notwithstanding any provision to the contrary in the Federal Rules of Bankruptcy Procedure: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Debtors are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: September 8, 2011
       Wilmington, Delaware

*(signature)*
The Honorable Kevin Gross
Chief Judge, United States Bankruptcy Court