IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and<br>THE STATE OF WISCONSIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 10-C-910 |
| v. | ) ) | Hon. William C. Griesbach |
| NCR CORPORATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR A
DECLARATION OF INAPPLICABILITY OF THE
BANKRUPTCY AUTOMATIC STAY**

As the Court is aware, this environmental enforcement action by the United States and the State of Wisconsin (the "Plaintiffs") seeks several forms of relief regarding polychlorinated biphenyl contamination at the Lower Fox River and Green Bay Superfund Site. Defendant NewPage Wisconsin Systems, Inc. ("NewPage") recently filed a petition for relief under Chapter 11 of the Bankruptcy Code. The Plaintiffs have filed the accompanying Motion in an abundance of caution, requesting entry of an order confirming that their continued pursuit of this case against NewPage is not barred by the automatic stay imposed by the Bankruptcy Code, because such governmental enforcement actions fall within the Code's "police and regulatory power" exception to the automatic stay. 11 U.S.C. § 362(b)(4). As shown below, a well-developed body of case law holds that governmental enforcement actions like this suit qualify under that statutory exception.

1

## BACKGROUND

Plaintiffs brought this suit under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606 and 9607, against the above-named defendants, including NewPage. The Complaint seeks a judicial determination that each recipient of a Unilateral Administrative Order ("UAO") issued by EPA is required to comply with the UAO and perform specified cleanup work at the Lower Fox River and Green Bay Superfund Site (the "Site") pursuant to CERCLA Section 106(a). The Complaint also seeks reimbursement of past and future costs incurred and to be incurred by the Plaintiffs for response actions at the Site pursuant to CERCLA Section 107(a)(4)(A), as well as recovery of damages for injury to, destruction of, or loss of natural resources pursuant to CERCLA Section 107(a)(4)(C). The Plaintiffs' claims against NewPage are solely for cost recovery and natural resource damages under Section 107.

On September 7, 2011, NewPage and multiple related entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in a set of cases that are being jointly administered under the caption *In re NewPage Corp., et al.*, Case No. 11-12804 (Bankr. D. Del.). Shortly thereafter, NewPage filed a "Notice of Bankruptcy and Automatic Stay" in this case along with a copy of its Chapter 11 petition and a related Bankruptcy Court order concerning the automatic stay. Dkt. 211, 211-1, 211-2. The Bankruptcy Court Order specifies that it is "intended to be declarative of and coterminous with, and shall neither abridge, enlarge, nor modify, the rights and obligations of any party" under the Bankruptcy Code's automatic stay provision, 11 U.S.C.§ 362. Dkt. 211-2 at 3. The Order also references the police and regulatory power exception to the automatic stay, as codified at 11 U.S.C. § 362(b)(4), and it confirms that the Order "shall not affect the exceptions to the automatic stay contained in section 362(b), *including but not limited to the exceptions set forth in section 362(b)(4) with respect to any governmental unit*. Dkt. 211-2 at 3 (emphasis added).

This Court can and should enter an order declaring that litigation of the Plaintiffs' claims against NewPage is not precluded by the automatic stay. This Memorandum demonstrates that: (1) this Court has jurisdiction to decide that issue; and (2) litigation of Plaintiffs' CERCLA action against NewPage is not barred by the automatic stay because the pursuit of the action falls within the police and regulatory power exception to the automatic stay.[1]

## ARGUMENT

### I. This Court Has Jurisdiction to Determine the Applicability of the Automatic Stay

A federal district court has clear authority to decide whether the automatic stay applies to proceedings before the court. *N.L.R.B. v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991) (citing *N.L.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 938-39 (6th Cir. 1986)); *Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin-United Corp. Litigation)*, 765 F.2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.").[2] In situations like this, a district court's declaration that the automatic stay does *not* apply clarifies the status of the proceedings, although exceptions to the automatic stay are effective automatically and the government need not file a motion to invoke an exception. *United States v. Acme Solvents Reclaiming, Inc.*, 154 B.R. 72, 73 n.1 (N.D. Ill. 1993). This Court should enter an order clarifying the status of this action against NewPage, in light of NewPage's bankruptcy.

---

[1] Plaintiffs concede that, even under the police and regulatory power exception to the automatic stay, they would need to *enforce* any money judgment obtained against NewPage in accordance with the bankruptcy claims resolution process, as discussed in Section II.C below.

[2] *Accord Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106-07 (9th Cir. 2005); *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986); *In re Sea Span Publ'ns, Inc.*, 126 B.R. 622, 624 (Bankr. M.D. Fla. 1991); *In re Montana*, 185 B.R. 650, 652 (Bankr. S.D. Fla. 1995); In re Rogers, 164 B.R. 382, 391 (Bankr. N.D. Ga. 1994).

## II. Plaintiffs' Claims Against NewPage Are Excepted From the Automatic Stay

The plain language of the Bankruptcy Code excepts the Plaintiffs' enforcement of their police and regulatory powers from the automatic stay. Furthermore, the legislative history and case law interpreting the "police and regulatory power" exception demonstrate that the Plaintiffs' claims against NewPage fall squarely within that exception.

### A. The Bankruptcy Code Excepts Plaintiffs' Enforcement of Their Police and Regulatory Powers from the Automatic Stay.

Generally, the filing of a bankruptcy petition automatically operates as a stay of:

> the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1).[3] The automatic stay is designed to promote the orderly distribution of a debtor's assets. *Acme Solvents Reclaiming*, 154 B.R. at 73.

However, the automatic stay does not apply to all actions. Section 362(b)(4) of the Bankruptcy Code provides an exception from the automatic stay for, among other things:

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power;

11 U.S.C. § 362(b)(4). The term "governmental unit" includes the United States and any state of the United States. *Id.* at § 101. Thus, any action or proceeding by the Plaintiffs to enforce their police and regulatory powers is exempt from the automatic stay.[4]

---

[3] By its terms, Section 362(a)(1) only applies to proceedings "against the debtor," so the automatic stay has no effect on related claims against other parties that are not debtors in bankruptcy.

[4] Unlike government-initiated environmental enforcement actions, private-party actions under CERCLA are not categorically exempt from the automatic stay.

4

## B. This is an Action to Enforce the Plaintiffs' Police and Regulatory Powers.

The Bankruptcy Code's legislative history and the relevant case law both make clear that a governmental action enforcing environmental protection laws, such as CERCLA, constitutes an exercise of the government's "police and regulatory power" and is not subject to the automatic stay.

The House Report accompanying the Bankruptcy Reform Act of 1978 explained the pertinent provision as follows:

> Paragraph (4) [of 11 U.S.C. § 362(b)] excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a government unit is suing a debtor to prevent or stop violation of . . . *environmental protection* . . . or similar police and regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

H.R. Rep. No. 95-595, at 343 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5693, 6298 (emphasis added). Based on other indications in the legislative history, the Supreme Court recognized that Congress actually enacted the exception to overrule some earlier cases holding that the stay applied to environmental enforcement actions. *See Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Prot.*, 474 U.S. 494, 504 & n.6 (1986) ("Between 1973 and 1978, some courts had stretched the expanded automatic stay to foreclose States' efforts to enforce their anti-pollution laws, and Congress wanted to overrule these interpretations in its 1978 revision."). Thus, in environmental enforcement cases, "Congress intended for both injunctive and monetary relief to be exempt from the automatic stay." *Acme Solvents Reclaiming*, 154 B.R. at 74.

A wealth of case law confirms that governmental enforcement actions under CERCLA and other environmental laws fall squarely within the police and regulatory power exception.[5]

---

[5] "Section 362(b)(4) was amended in 1998 to combine former Sections 362(b)(4) and (5) with no significant change in the combined language of the police powers exception. Thus, case law interpreting

5

Although the Seventh Circuit has not considered the question, every other court of appeals that has done so ruled that such actions are excepted from the automatic stay. *See United States v. Nicolet, Inc.,* 857 F.2d 202, 207 (3d Cir. 1988) (CERCLA case); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (CERCLA case); *In re Commonwealth Oil Ref. Co.*, 805 F.2d 1175, 1185-86 (5th Cir. 1986) (Resource Conservation and Recovery Act case); *Safety-Kleen, Inc. (Pinewood) v. Wyche,* 274 F.3d 846, 865-66 (4th Cir. 2001) (same); *United States v. Wheeling-Pittsburgh Steel Corp.*, 818 F.2d 1077, 1086 (3d Cir. 1987) (Clean Air Act case); *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 350-51 (6th Cir. 1986) (same); *In re Commerce Oil Co.*, 847 F.2d 291, 294-95 (6th Cir. 1988) (Tennessee Water Quality Control Act case); *Penn Terra Ltd. v Dep't of Envtl. Res.*, 733 F.2d 267, 278-79 (3d Cir. 1984) (case involving state environmental laws applicable to surface mines). District courts and bankruptcy courts in the Seventh Circuit have reached the same conclusion.[6] As emphasized in one leading environmental case applying the police and regulatory power exception: "No more obvious exercise of the State's power to protect the health, safety, and welfare of the public can be imagined." *Id.* at 274. Here, the Plaintiffs' claims against NewPage likewise fall within that legal exception to the automatic stay.

### C. Plaintiffs Are Not Yet Seeking Enforcement of A Money Judgment.

The "police and regulatory powers" exception contains one important caveat – it does not extend to the government's "enforcement of . . . a money judgment." *See* 11 U.S.C. § 362(b)(4). So the exception operates as follows: "Section 362(b)(4) only limits the government's police

---

the police powers exception prior to the 1998 amendment still applies." *United States v. LTV Steel Co.*, Inc., 269 B.R. 576, 581 n.5 (W.D. Pa. 2001).

[6] *See, e.g., Acme Solvents Reclaiming*, 154 B.R. at 74-75; *In re Mateer*, 205 B.R. 915, 920 (C.D. Ill. 1997); *In re Lenz Oil Service, Inc.*, 65 B.R. 292, 294 (Bankr. N. D. Ill. 1986); *In re Industrial Salvage, Inc.*, 196 B.R. 784, 785 n.1 (Bankr. S.D. Ill. 1996).

6

and regulatory power to *enforce* a money judgment outside of the bankruptcy. The government's power to seek *entry* of a . . . judgment for violations of the environmental laws is not precluded." *LTV Steel*, 269 B.R. at 582. Thus, the Plaintiffs are entitled to pursue this case to judgment against NewPage, although the automatic stay may ultimately limit the actions that Plaintiffs can take to collect any money judgment from NewPage outside the bankruptcy process. *See Acme Solvents Reclaiming*, 154 B.R. at 75 n.6 ("As the government concedes, collection of any money judgment will be barred by the automatic stay."). The Plaintiffs' proposed order allows this case to proceed against NewPage, but it also specifies that any money judgment against NewPage will need to be enforced in accordance with the bankruptcy claims resolution process.

## CONCLUSION

For the reasons detailed above, the United States and the State of Wisconsin respectfully request a declaration that their pursuit of this action against NewPage Wisconsin Systems, Inc. falls within the "police and regulatory power" exception to the automatic stay, 11 U.S.C. § 362(b)(4).

Signature Page for Memorandum in Support of Plaintiffs' Motion for a Declaration of Inapplicability of the Bankrtupcy Automatic Stay in *United States and the State of Wisconsin v. NCR Corp., et al.*, No. 10-C-910 (E.D. Wis.)

                                          Respectfully submitted,

                                          For the United States of America

                                          IGNACIA S. MORENO
                                          Assistant Attorney General
                                          Environment and Natural Resources Division

Dated:   October 7, 2011               s/ *Randall M. Stone*
                                          RANDALL M. STONE, Senior Attorney
                                          JEFFREY A. SPECTOR, Trial Attorney
                                          IVA ZIZA, Trial Attorney
                                          Environmental Enforcement Section
                                          Environment and Natural Resources Division
                                          U.S. Department of Justice
                                          P.O. Box 7611
                                          Washington, DC   20044-7611
                                          Telephone:    202-514-1308
                                          Facsimile:     202-616-6584
                                          E-Mail:        randall.stone@usdoj.gov


                                          GREGORY J. HAANSTAD
                                          Attorney for the United States, Acting
                                          Under Authority Conferred by 28 U.S.C. § 515

                                          SUSAN M. KNEPEL
                                          Assistant United States Attorney
                                          Office of the United States Attorney
                                          517 E. Wisconsin Avenue, Room 530
                                          Milwaukee, WI  53202

                                          For the State of Wisconsin

Dated:   October 7, 2011               s/ *Cynthia R. Hirsch*
                                          CYNTHIA R. HIRSCH
                                          Assistant Attorney General
                                          Wisconsin Department of Justice
                                          P.O. Box 7857
                                          Madison, WI  53707-7857

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this day, the foregoing Brief was filed electronically with the Clerk of the Court using the Court's Electronic Court Filing System, which sent notification of such filing to the following counsel:

Mary Rose Alexander
Latham & Watkins LLP
mary.rose.alexander@lw.com

Thomas Armstrong
von Briesen & Roper SC
tarmstro@vonbriesen.com

Paul Bargren
Foley & Lardner LLP
pbargren@foley.com

Linda E. Benfield
Foley & Lardner LLP
lbenfield@foley.com

Dennis P. Birke
DeWitt Ross & Stevens SC
db@dewittross.com

Steven P. Bogart
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

Michael P. Carlton
von Briesen & Roper SC
mcarlton@vonbriesen.com

Evan R. Chesler
Cravath Swaine & Moore LLP
echesler@cravath.com

Marc E. Davies
Greenberg Traurig LLP
daviesm@gtlaw.com

Brandon J. Evans
Hermes Law Ltd.
bje@hermeslawltd.com

Sandra C. Goldstein
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

Thomas R. Gottshall
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

Eric W. Ha
Sidley Austin LLP
eha@sidley.com

Scott W. Hansen
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

William H. Harbeck
Quarles & Brady LLP
william.harbeck@quarles.com

Michael L. Hermes
Hermes Law Ltd.
mlh@hermeslawltd.com

Cynthia R. Hirsch
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

Caleb J. Holmes
Greenberg Traurig LLP
holmesc@gtlaw.com

Philip C. Hunsucker
Hunsucker Goodstein & Nelson PC
phunsucker@hgnlaw.com

Paul G. Kent
Stafford Rosenbaum LLP
pkent@staffordlaw.com

Susan E. Lovern
von Briesen & Roper SC
slovern@vonbriesen.com

Kevin J. Lyons
Davis & Kuelthau SC
klyons@dkattorneys.com

Karl S. Lytz
Latham & Watkins LLP
karl.lytz@lw.com

David G. Mandelbaum
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

Tara M. Mathison
Davis & Kuelthau SC
tmathison@dkattorneys.com

Stephen F. McKinney
Haynsworth Sinkler Boyd PA
smckinney@hsblawfirm.com

Heidi D. Melzer
Hermes Law Ltd.
hdm@hermeslawltd.com

Elizabeth K. Miles
Davis & Kuelthau SC
emiles@dkattorneys.com

Sabrina Mizrachi
Greenberg Traurig LLP
mizrachis@gtlaw.com

Monique M. Mooney
Greenberg Traurig LLP
mooneym@gtlaw.com

William J. Mulligan
Davis & Kuelthau SC
wmulligan@dkattorneys.com

Daniel C. Murray
Johnson & Bell Ltd.
murrayd@jbltd.com

Kelly J. Noyes
von Briesen & Roper SC
knoyes@vonbriesen.com

Nancy K. Peterson
Quarles & Brady LLP
nancy.peterson@quarles.com

Thomas M. Phillips
Reinhart Boerner Van Deuren SC
tphillip@reinhartlaw.com

Joan Radovich
Sidley Austin LLP
jradovich@sidley.com

Ronald R. Ragatz
DeWitt Ross & Stevens SC
rrr@dewittross.com

Alexandra Reeve Givens
Cravath Swaine & Moore LLP
agivens@cravath.com

Kathleen L. Roach
Sidley Austin LLP
kroach@sidley.com

Megan A. Senatori
DeWitt Ross & Stevens SC
ms@dewittross.com

Sarah A. Slack
Foley & Lardner LLP
sslack@foley.com

Margaret R. Sobota
Sidley Austin LLP
msobota@sidley.com

James P. Walsh
Appleton City Attorney
jim.walsh@appleton.org

Ted Waskowski
Stafford Rosenbaum LLP
twaskowski@staffordlaw.com

Evan B. Westerfield
Sidley Austin LLP
evanwesterfield@sidley.com

Richard C. Yde
Stafford Rosenbaum LLP
ryde@staffordlaw.com

Patrick J. Ferguson
Latham & Watkins LLP
patrick.ferguson@lw.com

Linda R. Larson
Marten Law
llarson@martenlaw.com

Bradley M. Marten
Marten Law
bmarten@martenlaw.com

Meline G. MacCurdy
Marten Law
mmaccurdy@martenlaw.com

Dated: October 7, 2011         s/ *Randall M. Stone*