UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>THE STATE OF WISCONSIN )<br>      )<br>      Plaintiffs )<br>      )<br>v. )<br>      )<br>NCR CORPORATION )<br>APPLETON PAPERS INC. )<br>BROWN COUNTY )<br>CITY OF APPLETON )<br>CITY OF GREEN BAY )<br>CBC COATING, INC. )<br>GEORGIA-PACIFIC CONSUMER PRODUCTS LP )<br>KIMBERLY-CLARK CORPORATION )<br>MENASHA CORP. )<br>NEENAH-MENASHA SEWERAGE COMMISSION )<br>NEWPAGE WISCONSIN SYSTEM, INC. )<br>P.H. GLATFELTER CO. )<br>U.S. PAPER MILLS CORP. )<br>WTM I COMPANY )<br>      )<br>      Defendants ) | Civil Action No. 10-C-910<br><br>Judge William C. Griesbach |

**DEFENDANT NEWPAGE WISCONSIN SYSTEM, INC'S RESPONSE
IN OPPOSITION TO PLAINTIFFS' MOTION FOR DECLARATION
OF INAPPLICABILITY OF BANKRUPTCY AUTOMATIC STAY**

Defendant NewPage Wisconsin System, Inc. ("NewPage"), through its attorneys, for its response in opposition to Plaintiffs' motion for a declaration of inapplicability of the bankruptcy automatic stay, states as follows:

Plaintiffs' motion for a declaration of inapplicability of the bankruptcy automatic stay in relation to the bankruptcy proceeding initiated by NewPage in the District of Delaware should be denied because, as Plaintiffs readily admit, they are seeking only monetary damages from

NewPage. Therefore, under both the "pecuniary interest" and "public policy" analyses employed by the courts in determining whether a governmental entity may pursue a claim against a defendant in bankruptcy, or whether that claim is subject to the automatic stay, the automatic stay is in effect, as Plaintiffs' are pursuing their pecuniary interests and not the public health and safety.

NewPage is a Delaware corporation with its principal place of business in Miamisburg, Ohio. On September 7, 2011, NewPage and related entities filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. NewPage notified this Court and all parties of record of the filing of its bankruptcy petition by filing a Notice of Bankruptcy and Automatic Stay on September 15, 2011. [Doc. No. 211.] The filing of NewPage's bankruptcy petition operates as a stay of the continuation of the instant action against NewPage. 11 U.S.C. § 362(a)(1).

Plaintiffs seek an order declaring that the automatic stay does not apply to them in this case because, they argue, they have filed against NewPage pursuant to their "police and regulatory power," which actions are excepted from the automatic stay. 11 U.S.C. § 362(b)(4). However, merely attempting to classify a claim as being brought pursuant to a governmental entity's police and regulatory power does not mean that the automatic stay is inapplicable to the governmental entity. The police and regulatory power exception to the automatic stay "is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by governmental unit[s] to protect a pecuniary interest in property of the debtor or property of the estate." *In re Fairchild Corp.*, 2009 Bankr. LEXIS 3815, *11 (Bankr. Del. Dec. 1, 2009) (quoting legislative history

from 124 Cong. Rec. H 11089, reprinted in 1978 U.S. Code Cong. & Admin. News 6436, 644-45). (A print-out of the *In re Fairchild* decision is attached hereto as **Exhibit A**.)

As noted above, courts have developed two tests in determining the applicability of the police and regulatory powers exception to the automatic stay, both of them objective: (1) the pecuniary interest test and (2) the public policy test. *Id.* at *14-15. The pecuniary interest test "asks whether the governmental proceeding relates principally to the protection of the government's pecuniary interest in the debtor's property, rather than to its public policy interest in the general safety and welfare." *Id.* at 15 (citations omitted). If the governmental proceeding relates principally to the protection of the governmental entity's pecuniary interest, the action is not exempt from the automatic stay. *Id.* (citations omitted). Governmental units "cannot, by an exercise of their police or regulatory powers, subvert the relief afforded by the federal bankruptcy laws. When they seek to do so for pecuniary purpose, they are automatically stayed, notwithstanding the exception found at 11 U.S.C § 362(b)(4)." *In re Thomassen*, 15 Bankr. 907, *909 (9th Cir. B.A.P. 1981). (A print-out of the *In re Thomassen* decision is attached hereto as **Exhibit B**.)

The public policy test asks "whether the government seeks to 'effectuate public policy' or 'adjudicate private rights.'" *Id, citing In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 133 (2nd Cir. 2007). As in *In re Fairchild*, *supra*, Plaintiffs' action against NewPage is "akin to a private action" "to collect money damages." *In re Fairchild*, 2009 Bankr. LEXIS 3815 at *22. Plaintiffs' action against NewPage relates primarily to their interest in NewPage's ability to reimburse them for expenditures related to the clean-up of the Fox River. It is Plaintiffs' pecuniary interest – not the public interest – that is driving their action against NewPage. Therefore, applying the pecuniary interest and public policy tests, the police and regulatory

3

powers exceptions to the automatic stay do not save Plaintiffs' action against NewPage from the automatic stay triggered by NewPage's bankruptcy filing.

For the foregoing reasons, Plaintiffs' motion for a declaration of inapplicability of the bankruptcy automatic stay should be denied, and the Court should find that the automatic stay triggered by the filing of NewPage's bankruptcy petition remains in full force and effect in this litigation.

Wherefore, Defendant NewPage System, Inc., respectfully requests that this Court deny Plaintiffs' motion for a declaration of inapplicability of the bankruptcy automatic stay.

Respectfully submitted this 2nd day of November, 2011

NEWPAGE WISCONSIN SYSTEM INC.

By: */s/ Daniel C. Murray*

Daniel C. Murray
JOHNSON & BELL, LTD.
33 West Monroe St. Suite 2700
**Chicago, Illinois 60603-5404**

Tel. 312 984 0226
murrayd@jbltd.com

## Certificate of Service

I hereby certify that on November 2, 2011, I electronically filed the attached ***Defendant NewPage System, Inc.'s Response in Opposition to Plaintiffs' Motion for Declaration of Inapplicability of Bankruptcy Automatic Stay*** with the Clerk of the Court using the CM/ECF system, thereby sending notification of such filing to all Registered Users.

/s/ *Letitia M. Reyes*

JOHNSON & BELL, LTD.
Suite 2700
33 West Monroe Street
Chicago, IL 60603-5404

2822946