IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 10-C-910 |
| v. | ) ) ) | Hon. William C. Griesbach |
| NCR CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
A DECLARATION OF INAPPLICABILITY OF THE AUTOMATIC STAY**

The United States and the State of Wisconsin are seeking reimbursement of past and future response costs and natural resources damages from Defendant NewPage Wisconsin System, Inc. ("NewPage") for polychlorinated biphenyl contamination ("PCB") at the Lower Fox River and Green Bay Superfund Site. Liquidation of such claims are not subject to the Bankruptcy Code's automatic stay provision because the pursuit of those claims is excepted from the stay as an exercise of the Plaintiffs' police and regulatory powers. The statutory police and regulatory power exception allows a CERCLA enforcement action like this to proceed through the entry of judgment so long as the governmental claimant takes no action to enforce a monetary judgment outside of the bankruptcy process.

The Seventh Circuit has recognized that the government's enforcement of a police and regulatory power is exempt from the Bankruptcy Code's automatic stay under 11 U.S.C. § 362(b)(4).[1] *N.L.R.B. v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 512 (7th Cir. 1991). The Court of Appeals has explained that the exception applies to the enforcement of laws affecting health, welfare, morals and safety "but not to 'regulatory laws that directly conflict with the control of the *res* or property by the bankruptcy court.'" *In re Cash Currency Exch., Inc.*, 762 F.2d 542, 555 (7th Cir. 1985) (quoting *Missouri v. U.S. Bankr. Court,* 647 F.2d 768, 776 (8th Cir. 1981)). Relying on two cases from other jurisdictions, NewPage argues that the Plaintiffs must pass the "pecuniary interest test" or the "public policy test" to invoke the police and regulatory power exception. The Seventh Circuit has never adopted those tests, but the Plaintiffs' claims against NewPage would not be stayed if either of those tests were used here, as shown below.

1. **The Pecuniary Purpose Test and the Public Interest Test**

Under the "pecuniary interest test," courts have generally found that "if the focus of the police power is directed at the debtor's financial obligations rather than the [government]'s health and safety concerns, the automatic stay is inapplicable." *In re Emerald Casino, Inc.*, No. 03-cv-05457, 2003 WL 23147946, at *8 (N.D. Ill. Dec. 24, 2003) (citation omitted). In actually applying those criteria, the cases make clear that Bankruptcy Code Section 362 should not be construed to bar a governmental proceeding which seeks to vindicate the public interest even if pecuniary interests also are at issue:

> [M]ost government actions which fall under [the police and regulatory exception] have some pecuniary component . . . . This does not abrogate

---

[1] Subsection 362(b)(4) was amended in 1998 to combine former subsections 362(b)(4) and 362(b)(5), and to further broaden the scope of the "police power" exception. *See* 105 Cong. Rec. H10950-01 (Nov. 13, 1997); *In re Bankruptcy Appeal of Allegheny Health, Educ. & Research Found.*, 252 B.R. 309 (W.D. Pa. 1999). Given the lack of significant change to the language of the "police power" exception, prior case law still applies in interpreting the scope of the exception today. *See In re Mohawk Greenfield Motel Corp.*, 239 B.R. 1 (Bankr. D. Mass. 1999).

2
Case 1:10-cv-00910-WCG   Filed 11/17/11   Page 2 of 12   Document 261

> their police power function. Only if the action is pursued "solely to
> advance a pecuniary interest of the governmental unit" will the automatic
> stay bar it.

*In re Universal Life Church, Inc.*, 128 F.3d 1294, 1299 (9th Cir. 1997) (quoting *In re Thomassen*, 15 B.R. 907, 909 (B.A.P. 9th Cir. 1981)).[2] *Accord In re Gandy*, 327 B.R. 796, 803 (Bankr. S.D. Tex. 2005) (citation omitted) ("For example, a governmental unit's action on a debt arising from a normal commercial transaction to purchase goods or services, or an action to collect taxes, are generally stayed by the automatic stay. However, if the money damages are ancillary to the governmental unit's enforcement of its police and regulatory power, then the action itself is not stayed, though collection of the judgment is stayed."). In other words, the government's "actions do not fall outside section 362(b)(4) simply because the State might obtain a pecuniary benefit from the proceeding." *Emerald Casinos*, 2003 WL 23147946, at *8 (citing *Alpern v. Lieb*, 11 F.3d 689, 690 (7th Cir. 1993)).

Under the closely related "public policy test," courts examine whether the government is seeking to "adjudicate private rights" or to "effectuate public policy." *In re Phillips*, 368 B.R. 733, 739 (Bankr. N.D. Ind. 2007). *Accord Gandy*, 327 B.R. at 803 (citations omitted). "The inquiry is objective – court must examine the purpose sought to be achieved by the law generally, rather than the government's intent in enforcing the particular law in that case." *Phillips*, 368 B.R. at 739.[3]

---

[2] NewPage cites the *Thomassen* case and one other decision (discussed below) as the sole support for its arguments. In *Thomassen*, the Ninth Circuit held that a medical license revocation proceeding qualified under the police and regulatory power exception to the automatic stay. *Thomassen*, 15 B.R. at 910.

[3] Very few cases have actually found that governmental action was something other than an exercise of police or regulatory authority under the "pecuniary interest test" or the "public interest test." *See, e.g.*, *In re Corporacion de Servicios Medicos Hospitalarios de Fajardo*, 805 F.2d 440, 446 (1st Cir. 1986) (holding that a public contract termination action was not an exercise of police and regulatory authority, because it "did not directly involve the enforcement of generally applicable regulatory laws"); *Missouri v. U.S. Bankr. Court for E.D. Ark.*, 647 F.2d

NewPage's argument is not complicated: the company contends that Plaintiffs "are seeking only monetary damages from NewPage" so "Plaintiffs are pursuing their pecuniary interests and not the public health and safety." Dkt. 240-1 at 1-2. But the Seventh Circuit has rejected such simplistic reasoning and has made clear that "[t]he fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4)." *Alpern*, 11 F.3d at 690. In one leading case, the Court of Appeals allowed a governmental unit to seek a monetary judgment as a police power exercise based on an assessment of the purpose of the statute. *See P\*I\*E Nationwide*, 923 F.2d at 511-12 (suit to establish the amount of back pay as a result of an unfair labor practices was within the police and regulatory exception to the automatic stay). Although required by the tests it advocates, NewPage skips over such inquiries, such as the need to "examine the purpose sought to be achieved by the law generally," *Phillip*, 368 B.R. at 739, and to assess whether "the money damages are ancillary to the governmental unit's enforcement of its police and regulatory power," *Gandy*, 327 B.R. at 803. As shown below, the claims against NewPage plainly implicate the Plaintiffs' exercise of their police and regulatory power under CERCLA.

### 2. Governmental CERCLA Claims Involve the Exercise of Police and Regulatory Power.

As the Supreme Court has recognized, CERCLA "was designed to promote the 'timely cleanup of hazardous waste sites' and to ensure that the costs of such cleanup efforts were borne by those responsible for the contamination." *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 129 S. Ct. 1870, 1874 (2009) (citations omitted). Consistent with those statutory purposes, CERCLA § 107 enables governmental plaintiffs to recover unreimbursed past response

---

768, 771, 775-78 (8th Cir. 1981) (holding that enforcement of state receivership laws governing "operation or liquidation of . . . public grain warehouse(s) in order to protect the best interests of those individuals storing grain in said facility(ies)" conflicted with the federal bankruptcy trustee's management of the property of the bankruptcy estate, and was not an exercise of police and regulatory power).

costs and natural resource damages. 42 U.S.C. § 9607(a)(4)(A) and (C). If the government prevails, CERCLA § 113 also mandates entry of a declaratory judgment covering any future response cost or damages "that will be binding on any subsequent action or actions to recover further response costs or damages." *Id.* at 9613(g)(2)(B). Collections in CERCLA cost recovery cases replenish the Hazardous Substance Superfund, a Congressionally established revolving trust fund that is used to finance EPA response activities under the law. *See* 26 U.S.C. § 9507. Natural resource damages recoveries under CERCLA must be used "only to restore, replace, or acquire the equivalent of [the injured] natural resources" at the contaminated site. 42 U.S.C. § 9607(f)(1).

Numerous courts have held that efforts to fix the amount of monetary judgments in governmental actions under CERCLA and comparable environmental statutes fall squarely within the police and regulatory exception to the automatic stay. Among other things, the case law recognizes that CERCLA enforcement actions promote accountability and deterrence objectives that are central to the purpose of the law.[4]

In *United States v. Nicolet, Inc.*, the Third Circuit held that an action for environmental response costs under CERCLA is exempt from the automatic stay. 857 F.2d 202 (3d Cir. 1988). The court reasoned that governmental cost recovery actions under CERCLA advance important police and regulatory purposes:

---

[4] *See generally* 125 Cong. Rec. 17,989 (1979) (statement of Sen. John C. Culver), *reprinted in*, 1 Senate Committee on Environment and Public Works, A Legislative History of CERCLA, Pub. Law 96-510 at 148-49 (Comm. Print 1983) (CERCLA was intended to "serve [] as an incentive for the sound treatment and handling of hazardous substances."); S. Rep. 848, 96th Cong., 2d Sess. 13 (1980), *reprinted in* 1 Senate Comm. on Env't and Pub. Works, Legislative History of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (Superfund), at 305, 320 (1983) (the law was meant to assure "that those responsible for any damage, environmental harm, or injury from chemical poisons bear the costs of their actions.").

> The same statute that directs the government to abate hazardous sites also
> provides for the recovery of response costs from the responsible parties
> . . . . The recoupment mandate interjects a valuable deterrence element into
> the CERCLA scheme, ensuring that responsible parties will be held
> accountable for their environmental misdeeds.

*Nicolet*, 857 F.2d at 210 (citation omitted). The Seventh Circuit has cited *Nicolet* with approval in one of its own decisions applying the police and regulatory power exception. *See P\*I\*E Nationwide*, 923 F.2d at 512.

The Second Circuit also ruled that the automatic stay did not apply to a CERCLA action for response costs and natural resource damages in *City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir. 1991). The court explained:

> [W]e find the legislative history to the automatic stay provision to clearly
> support the view that Congress meant to except damage actions for
> completed violations of environmental laws from the action of the stay . . . .
> The inclusion of damage actions for reimbursement together with
> injunctive relief in this section furthers the purpose of the automatic stay's
> regulatory exception . . . . Actions to collect damages after violations have
> occurred also are consistent with the section's legislative objective of
> enforc[ing] . . . police or regulatory powers. They provide an effective
> deterrent to violators, who will be forced to pay for the government's costs
> in responding to their violations. The need to continue such deterrent
> actions, despite the pendency of a bankruptcy action, furthers the purpose
> of the regulatory exemption to the automatic stay squarely: to avoid
> frustrating necessary governmental functions by seeking refuge in
> bankruptcy court.

*Exxon*, 932 F.2d at 1024 (citations and internal quotation marks omitted). *Accord In re Commerce Oil Co.*, 847 F.2d 291, 296 (6th Cir. 1988) ("Punishing wrongdoers, deterring illegal activity, recovering remedial costs of damage to the environment . . . are exercises of the state's regulatory power to effectuate public policy and are not actions based upon the state's property interests.").

The lower court cases decided before and after *Nicolet* and *Exxon* confirm that government enforcement actions under CERCLA fall within the police and regulatory power exception to the automatic stay – even if monetary claims are involved. *See, e.g., In re N.Y. Trap*

6

*Rock Corp.*, 153 B.R. 642 (Bankr. S.D.N.Y. 1993) (holding that the automatic stay did not apply to a CERCLA complaint filed by the Mississippi Board of Supervisors seeking a money judgment for recovery of response costs and damage to natural resources); *United States v. Mattiace Indus., Inc.*, 73 B.R. 816, 819 (E.D.N.Y. 1987) (holding that a CERCLA cost recovery action by the United States fell within the police and regulatory power exception); *United States v. MacKay*, No. 85 C 6925, 1986 WL 1583, at *3 (N.D. Ill. Jan. 21, 1986) (same).

NewPage's reliance on *In re The Fairchild Corporation* is misplaced. In that case, the court found that the Orange County Water District's ("OCWD") action for compensatory damages against a groundwater polluter was not a police power exercise. *In re The Fairchild Corp.*, No. 09-10899, 2009 WL 4546581, at *4 (Bankr. D. Del. Dec. 1, 2009), *appeal filed*, D. Del. Dkt. No. 10-cv-56. Regardless of whether the case was correctly decided and whether it will be upheld on appeal, the court's ruling was based on factors that distinguish it from this case. OCWD was represented by private attorneys on a contingency fee basis and had no legal authority to exercise traditional police and regulatory powers such as ordering other parties to investigate, abate, or remediate the water pollution. *Id.* at *1-2. Under California law, an action brought on behalf of the public cannot be litigated under a contingency fee arrangement. *See Orange Cnty. Water Dist. v. Arnold Eng'g Co.*, 127 Cal. Rptr. 3d 328, 338-39 (Cal. Dist. Ct. App. 2011); *see generally County of Santa Clara v. Superior Court*, 235 P.3d 21 (Cal. 2010); *People ex rel. Clancy v. Superior Court*, 705 P.2d 347 (Cal. 1985). Therefore, the *Fairchild* court concluded that the purpose of OCWD's action was to ensure that potable water would continue to be *affordable* to the water district's ratepayers, and it was therefore "akin to a private action" rather than an exercise of police or regulatory power. 2009 WL 4546581, at *5. The *Fairchild* case was decided by a court in the Third Circuit. Therefore, it cannot be construed, as suggested by NewPage, in a manner that is inconsistent with the Third Circuit's ruling in *Nicolet*,

7

*see infra* at p. 5-6, holding that CERCLA cost recovery actions fall within the police and regulatory exception.

This suit seeks to hold NewPage and the other defendants accountable under CERCLA for their contributions to the PCB contamination at the Site. Actions like this are critical to the government's enforcement efforts under CERCLA. The claims against NewPage fall within the police and regulatory power exception to the bankruptcy automatic stay, as confirmed by CERCLA's purpose and legislative history and the case law applying that exception in other governmental enforcement actions under the statute.

## **Conclusion**

For the foregoing reasons, the Plaintiffs respectfully request a declaration that Plaintiffs claims against NewPage fall within the police and regulatory exception established by Bankruptcy Code Section 362(b)(4), 11 U.S.C. § 362(b)(4), and that the automatic stay does not apply to this action.

Respectfully submitted,

For the United States of America

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: November 17, 2011

s/ *Kristin M. Furrie*
KRISTIN M. FURRIE, Trial Attorney
RANDALL M. STONE, Senior Attorney
JEFFREY A. SPECTOR, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: 202-616-6515
Facsimile: 202-616-6584
E-Mail: kristin.furrie@usdoj.gov

                                              GREGORY J. HAANSTAD
                                              Attorney for the United States, Acting
                                              Under Authority Conferred by 28 U.S.C. § 515

                                              SUSAN M. KNEPEL
                                              Assistant United States Attorney
                                              Office of the United States Attorney
                                              517 E. Wisconsin Avenue, Room 530
                                              Milwaukee, WI 53202


                                              For the State of Wisconsin

Dated: November 17, 2011            s/ *Cynthia R. Hirsch*
                                              CYNTHIA R. HIRSCH
                                              Assistant Attorney General
                                              Wisconsin Department of Justice
                                              17 West Main Street
                                              P.O. Box 7857
                                              Madison, Wisconsin 53707-7857

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this day, the foregoing Brief was filed electronically with the Clerk of the Court using the Court's Electronic Court Filing System, which sent notification of such filing to the following counsel:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**Brandon J. Evans**
Hermes Law Ltd.
bje@hermeslawltd.com

**S. Todd Farris**
Friebert Finerty & St. John SC
stf@ffsj.com

**Patrick J. Ferguson**
Latham & Watkins LLP
patrick.ferguson@lw.com

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Michael L. Hermes**
Hermes Law Ltd.
mlh@hermeslawltd.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein & Nelson PC
phunsucker@hgnlaw.com

**Peter C. Karegeannes**
Quarles & Brady LLP
peter.karegeannes@quarles.com

**Gregory A. Krauss**
Gregory Krauss PllC
gkrauss@krausspllc.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Ericka L. Krumrie**
Hermes Law Ltd
elk@hermeslawltd.com

**Linda R. Larson**
Marten Law PLLC
llarson@martenlaw.com

**Vanessa A. Lavely**
Cravath Swaine & Moore LLP
vlavely@cravath.com

**Susan E. Lovern**
von Briesen & Roper SC
slovern@vonbriesen.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**Meline G. MacCurdy**
Marten Law
mmaccurdy@martenlaw.com

**David G. Mandelbaum**
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

**Bradley M. Marten**
Marten Law
bmarten@martenlaw.com

**Tara M. Mathison**
Davis & Kuelthau SC
tmathison@dkattorneys.com

**Darin P. McAtee**
Cravath Swaine & Moore LLP
dmcatee@cravath.com

**Stephen F. McKinney**
Haynsworth Sinkler Boyd PA
smckinney@hsblawfirm.com

**Heidi D. Melzer**
Hermes Law Ltd.
hdm@hermeslawltd.com

**Elizabeth K. Miles**
Davis & Kuelthau SC
emiles@dkattorneys.com

**Sabrina Mizrachi**
Greenberg Traurig LLP
mizrachis@gtlaw.com

**Monique M. Mooney**
Greenberg Traurig LLP
mooneym@gtlaw.com

**William J. Mulligan**
Davis & Kuelthau SC
wmulligan@dkattorneys.com

**Daniel C. Murray**
Johnson & Bell Ltd.
murrayd@jbltd.com

**Omid H. Nasab**
Cravath Swaine & Moore LLP
onasab@cravath.com

**Kelly J. Noyes**
von Briesen & Roper SC
knoyes@vonbriesen.com

**Nancy K. Peterson**
Quarles & Brady LLP
nancy.peterson@quarles.com

**Thomas M. Phillips**
Reinhart Boerner Van Deuren SC
tphillip@reinhartlaw.com

**Ian A.J. Pitz**
Michael Best & Friedrich LLP
iapitz@michaelbest.com

**David A. Rabbino**
Hunsucker Goodstein & Nelson PC
drabbino@hgnlaw.com

**Joan Radovich**
Sidley Austin LLP
jradovich@sidley.com

**Ronald R. Ragatz**
DeWitt Ross & Stevens SC
rrr@dewittross.com

**Alexandra Reeve Givens**
Cravath Swaine & Moore LLP
agivens@cravath.com

**Kathleen L. Roach**
Sidley Austin LLP
kroach@sidley.com

**Megan A. Senatori**
DeWitt Ross & Stevens SC
ms@dewittross.com

**Adam B. Silverman**
Greenberg Traurig LLP
silvermana@gtlaw.com

**Sarah A. Slack**
Foley & Lardner LLP
sslack@foley.com

**Margaret R. Sobota**
Sidley Austin LLP
msobota@sidley.com

**Anthony S. Wachewicz, III**
City of Green Bay
tonywa@ci.green-bay.wi.us

| | |
|---|---|
| **James P. Walsh**<br>Appleton City Attorney<br>jim.walsh@appleton.org | **Evan B. Westerfield**<br>Sidley Austin LLP<br>evanwesterfield@sidley.com |
| **Ted A. Warpinski**<br>Friebert Finerty & St John SC<br>taw@ffsj.com | **Richard C. Yde**<br>Stafford Rosenbaum LLP<br>ryde@staffordlaw.com |
| **Ted Waskowski**<br>Stafford Rosenbaum LLP<br>twaskowski@staffordlaw.com | |

Dated: November 17, 2011          s/ *Kristin M. Furrie*