# Rethinking Successor Liability under CERCLA

December 28, 2011 by Robert S. Sanoff

The PCB contamination in the Lower Fox River in Wisconsin continues to spawn novel Superfund decisions. The latest is *US v. NCR*, in which Judge Greisbach of the Eastern District of Wisconsin reversed his initial ruling, made less than six months ago, that the United States could not establish successor liability under CERCLA against Appleton Papers, which had bought assets from the alleged polluting party – NCR Corp – and assumed NCR's liabilities. As Judge Greisbach explained in his earlier ruling, there can be no successor liability where the seller of assets remains a viable CERCLA defendant, since the purpose of successor liability is to prevent "paper transactions" that deny the public access to a solvent party to respond to claims. Whatever contract rights NCR might have against Appleton, the court initally held that they did not extend to the United States.

While the earlier decision seemed eminently reasonable, it posed a practical problem for the parties, since the PCB remedial work was essentially in the control of Appleton, which the Court ruled was not liable. That practical problem then unleashed a flurry of creative advocacy by the United States – specifically an argument that the Court could issue orders requiring Appleton as a non-liable party to take steps to facilitate the remedial work. The Court ultimately declined that invitation to be creative. However, illustrating once again that hard cases make bad law, the Court did accept the government's alternative invitation to reverse its earlier holding on successor liability. To justify this reversal, the court could point to no supporting case law or policies in the doctrine of successor liability; the best the court could come up with was the weak argument that none of the successor liability cases expressly held that it was necessary that the seller of assets be insolvent or dissolved, even though all those cases involved circumstances in which the seller was in fact insolvent or no longer in existence. To compound the confusion, the court went on to note that, in a private arbitration between Appleton and NCR to resolve their contract dispute, Appleton would be assigned 60% of all liability for the site. According to the court, the fact that the arbitration assigned a majority of the liability to Appleton somehow justified allowing the government to pursue joint and several CERCLA liability against Appleton.

Environmental law often pushes courts to put practicality ahead of sound legal principle, which begs the question whether the short-term result justifies the jurisprudential confusion.

---

*© Foley Hoag LLP. All rights reserved. Attorney advertising. Prior results do not guarantee a similar outcome.*