# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA, et al.

        Plaintiffs,

    v.                                      Case No. 10-C-910

NCR CORP., et al.,

        Defendants.

## DECISION AND ORDER

Plaintiffs have moved for an order declaring that this action, at least as it pertains to Defendant Newpage Wisconsin Systems, Inc., does not violate the automatic stay imposed by the Bankruptcy Code. They assert that this action falls within the "police and regulatory power" exception to the automatic stay.

In brief, this is a lawsuit brought by the United States and the State of Wisconsin under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act, better known as CERCLA. 42 U.S.C. §§ 9606-07. The Plaintiffs seek a ruling that the Defendants must perform cleanup work in the Fox River. They also seek damages for costs they have incurred in cleaning up the site themselves, as well as natural resources damages. Against Defendant NewPage, which filed for Chapter 11 bankruptcy in September 2011, Plaintiffs seek cost recovery and natural resources damages.

At issue here is the automatic stay's exception for proceedings brought by governmental units "to enforce such governmental unit's . . . police and regulatory power." 11 U.S.C. § 362(b)(4).

In determining whether a given action is within the ambit of the "police and regulatory power" exception, courts look to the purpose of the proceedings to determine whether they relate to public health or safety or whether they are directed at protecting the government's pecuniary interest in the debtor's property.

The fact that money is sought in a proceeding does not necessarily mean the purpose of the litigation is purely pecuniary. Here, although the governments seek payment of funds, it is obvious that the overarching purpose of these CERCLA proceedings is to get the Lower Fox River Site cleaned up, and the remediation of the Site obviously requires money. Seeking reimbursement for past and future costs of cleanup is well within the public health function of the governmental plaintiffs. For example, in *In re Phillips,* the bankruptcy court rejected an argument that a city's attempt to collect ordinance fines was a purely pecuniary interest. 368 B.R. 733, 741 (Bankr. N.D. Ind. 2007).

> The City's purpose in issuing the ordinance violations was to remove all materials—garbage, trash, waste water, rubbish, waste, appliances, furniture in the yard—detrimental to public health. The fines issued to the debtor were not money judgments; they were the costs of reimbursing the City for the clean-up work (such as clearing garbage) and safety repairs (such as boarding up a window and door). The City did not attempt to enforce a money judgment or to create a pecuniary advantage for itself ahead of other creditors. Instead, the City charged fines to cover its expenses and placed financial liability on the property owner, the debtor, in the enforcement of its police power.

*Id.*

The same holds true here. Not surprisingly, other courts have had little trouble concluding that the automatic stay is not applicable to CERCLA proceedings like these. *See, e.g., United States v. Nicolet, Inc.,* 857 F.2d 202, 209 (3d Cir. 1988) ("In pressing this lawsuit, the United States is not seeking redress for private wrongs or a remedy for a private contract breach. It is not suing in its role as a consuming participant in the national economy. . . . Rather, the government brought

suit against Nicolet in compliance with its explicit mandate under CERCLA 'to remove or arrange for the removal of ... [any] hazardous substance, pollutant, or contaminant.'")

Accordingly, I conclude that the automatic stay does not apply to the Plaintiffs' claims against Defendant NewPage.

**SO ORDERED** this ___23rd___ day of January, 2012.

s/ William C. Griesbach
William C. Griesbach
United States District Judge