IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, </br></br> Plaintiffs, </br> v. </br></br> NCR CORPORATION, *et al*. </br></br> Defendants. | **Case Action No.: 10-C-910** |

## MENASHA CORPORATION'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Defendant Menasha Corporation ("Menasha") hereby makes the following initial disclosures:

### INTRODUCTION

Menasha bases the following disclosures on the information known to Menasha as of the date of this disclosure and a reasonable investigation. Menasha's investigation is not complete and therefore Menasha may supplement this disclosure based on further investigation and discovery. By making these disclosures, Menasha does not waive its right to object to the production of any document or tangible thing based on any privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection.

Menasha's disclosures are also made without waiving the following: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay or any other proper ground to any such information for any purpose, in whole or in part, in any subsequent

proceeding in this action or any other action; or, (2) the right to object on any and all grounds at any time to any other discovery request involving or relating to the subject matter of these disclosures.

Menasha's relationship to the Lower Fox River and Green Bay, Wisconsin site (the "Site") is because of its former ownership of the John Strange Paper Mill in Menasha, Wisconsin ("JSPM"), which it sold to U.S. Paper Mills Corp. ("U.S. Paper") in 1983. Therefore, Menasha will not address information related to JSPM after it sold JSPM to U.S. Paper in 1983. When Menasha sold JSPM to U.S. Paper in 1983, all of the records of JSPM were left at JSPM for U.S. Paper's use. Under the Purchase and Sale Agreement By and Between Menasha Corporation and U.S. Paper Mills Corp. dated October 28, 1983, "For at least five (5) years after the closing date, the Buyer (U.S. Paper) shall preserve and keep, free of charge, all of the Records. . . . The Buyer (U.S. Paper) shall notify the Seller (Menasha) at any time that it intends to destroy any or all of the Records and the Seller (Menasha) shall have the right to review and remove any such records at the Seller's (Menasha) expense." Menasha has no records suggesting that U.S. Paper ever sent it a notice of intention to destroy any JSPM records, but Menasha cannot be certain that all relevant records were preserved. It does appear that at least some relevant records were preserved because Menasha reviewed U.S. Paper records related to JSPM in connection with Menasha's discovery responses provided in *Appleton Papers Inc., et al. v. George A Whiting Paper Co, Inc., et al.* (E.D. Wis., Case No. 08-CV-00016 WCG) ("the *Whiting* litigation").

Menasha makes all of the disclosures subject to the above objections and qualifications.

# RULE 26(a)(1)(A)(i)

**RULE 26(a)(1)(A)(i): the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Menasha identifies the following individuals as likely to have discoverable information that Menasha may use to support its defenses and counterclaims, unless used solely for impeachment.

Amendola Engineering, Inc.:

1. Gary A. Amendola, 15711 Detroit Avenue, Lakewood, Ohio 44107.

2. Mark Amendola, 15711 Detroit Avenue, Lakewood, Ohio 44107.

3. Matt Oxsalida, 15711 Detroit Avenue, Lakewood, Ohio 44107.

Boldt Technical Services:

1. George Berken, 2525 N Roemer Rd., Appleton, WI 54911.

2. Sharon Dunham, 2525 N Roemer Rd., Appleton, WI 54911.

3. Jay Grosskopf, 2525 N Roemer Rd., Appleton, WI 54911.

Hard Hat, Inc.:

Timothy Harrington, 1050 Broadway, Suite 7, Chesterton, IN 46304.

Natural Resource Technology, Inc.:

R. Weber, 23713 W. Paul Road, Suite D, Pewaukee, WI 53072.

Project Performance Corporation ("PPC") and/or TechLaw:

1. Gerry Harris (TechLaw and PPC) , 1760 Old Meadow Road, McLean, Virginia 22102.

2. Jennifer Hughes (TechLaw).

3. Matthew Low (TechLaw and PPC), 1760 Old Meadow Road, McLean, Virginia 22102.

United States Government:

1. The United States Environmental Protection Agency (EPA), regarding the United States Government's recycling of wastepaper and failure to comply with the National Contingency Plan ("NCP"). These persons include but may not be limited to those current or former employees listed in 2-17 below.

2. Donald Ayres (EPA).

3. Lynn Calvin (EPA).

4. Wendy Carney (EPA).

5. Douglas Dixon (EPA).

6. Rebecca Frey (EPA).

7. Catherine Fox (EPA).

8. Ariadne Goerke (EPA).

9. Roger Grimes (EPA).

10. James Hahnenberg (EPA).

11. Larry Kyte (EPA).

12. Sandra Lee (EPA).

13. Calvin Lynn (EPA).

14. Richard Murawski (EPA).

15. Thomas Short (EPA).

16. Erik Swenson (EPA).

17. Ernie Watkins (EPA).

18. Persons with knowledge at the Food and Drug Administration ("FDA"); regarding the United States Government's recycling of waste paper. These persons include but may not be limited to those current or former employees listed in 19-21 below.

19. Catherine Copp (FDA).

20. Margaret Hamburg (FDA).

21. Michael Shane (FDA).

22. Persons with knowledge at the United States Government Publishing Office ("GPO"), regarding the United States Government's recycling of wastepaper. These persons include but may not be limited to those current or former employees listed in 23-25 below.

23. Jennifer Seifert (GPO).

24. Samuel Sax (GPO).

25. Dale Spalding (GPO).

26. Persons with knowledge at the United States General Services Administration ("GSA"), regarding the United States Government's recycling of wastepaper. These persons include but may not be limited to those current or former employees listed in 27-64 below.

27. Kathleen Baden (GSA).

28. Kimberly Bogan-Ridley (GSA).

29. Richard Butterworth (GSA).

30. Sandra Canchola (GSA).

31. Sharon Chen (GSA).

32. Pat Culhane (GSA).

33. Carol Domino (GSA).

34. Michael Gelber (GSA).

35. DeLois Glover (GSA).

36. Thomas Hawkins (GSA).

37. Sylvia Hermann (GSA).

38. Frank Hoeft (GSA).

39. John Johnson (GSA).

40. Mary Kennedy (GSA).

41. Norbert Kieszkowski (GSA).

42. Heather Kilbride (GSA).

43. Ruth Kowarski (GSA).

44. Kenneth Kunesh (GSA).

45. Karen Lamazzi (GSA).

46. Kenneth Latta (GSA).

47. Joel Malkin (GSA).

48. Paul Maxse (GSA).

49. Thomas Morgan (GSA).

50. Jeff Mornar (GSA).

51. Robert Nawrocki (GSA).

52. William Priggie (GSA).

53. Theresa Ramos (GSA).

54. Laura Ray (GSA).

55. Kathryn Schmidt (GSA).

56. Bernard Schafer (GSA).

57. Michael Springer (GSA).

58. Diana Vaughn (GSA).

59. Anthony Venticinque (GSA).

60. Bruce Wagner (GSA).

61. Dale Wells (GSA).

62. Marc Wolfe (GSA).

63. Jay Younger (GSA).

64. Rachel Zahn (GSA).

65. Persons with knowledge at the United States Internal Revenue Service ("IRS"), regarding the United States Government's recycling of wastepaper. These persons include but may not be limited to those current or former employees listed in 66-68 below.

66. Charles Butler (IRS).

67. Mark Kaizen (IRS).

68. Kirsten Witter (IRS).

69. Persons with knowledge at the United States National Archives and Records Administration (NARA). These persons include but may not be limited to those current or former employees listed in 70-71 below.

70. Ezequiel Berdichevsky (NARA).

71. Richard Marcus (NARA).

7

72. Persons with knowledge at the United States Army Corps of Engineers ("USACE"); regarding the United States Government's dredging and disposal operations in and around the Lower Fox River and Green Bay. These persons include but may not be limited to those current or former employees listed in 73-115 below.

73. Richard Bauer (USACE).

74. David Bowman (USACE).

75. Kristin Budzynski (USACE).

76. Martin Cohen (USACE).

77. James Davis (USACE).

78. Michael Derosier (USACE).

79. Detroit District, Project Operations Section (USACE).

80. Christine Dowhan-Bailey (USACE).

81. Don Erwin (USACE).

82. Joe Gailani (USACE).

83. Ron Greene (USACE).

84. Tracy Gruis (USACE).

85. Donald Holly (USACE).

86. Pam Horner (USACE).

87. Anthony Horacek (USACE).

88. William Lovelady (USACE).

89. Kathleen Moore (USACE).

90. Angela Mundell (USACE).

91. Ann Navaro (USACE).

92. Michael O'Bryan (USACE).

93. Thomas O'Bryan (USACE).

94. Gary O'Keefe (USACE).

95. Larry Pawlus (USACE).

96. John Pelke (USACE).

97. John Richards (USACE).

98. Paul Sax (USACE).

99. Wayne Schloop (USACE).

100. Paul R. Schroeder (USACE).

101. Chris Schropp (USACE).

102. Gary Segrest (USACE).

103. Drew Spalding (USACE).

104. Michael Staal (USACE).

105. Cassandra Stallard (USACE).

106. Robert Stanick (USACE).

107. Phillip Steffen (USACE).

108. Marie Strum (USACE).

109. Thomas Taff (USACE).

110. Duane Talbot (USACE).

111. Les Weigum (USACE).

112. Michael White (USACE).

113. John Wilson (USACE).

114. Max Wilson (USACE).

115. David Wright (USACE).

State of Wisconsin:

1. The Wisconsin Department of Natural Resources ("WDNR"), regarding the State of Wisconsin's recycling of wastepaper, failure to comply with the NCP and destruction of evidence. These persons include but may not be limited to those current or former employees listed in 2-6 below.

2. Bruce Baker (WDNR).

3. Rick Fox (WDNR).

4. Gregory Hill (WDNR).

5. Gary Kincaid (WDNR).

6. Mark Velleux (WDNR).

Former Menasha employees:

1. Roger Ackerman; 8045 Saquaro Court, Neenah, WI, 54956; 920-667-4408; JSPM operations. Mr. Ackerman was deposed without limitations on his testimony in the *Whiting* Litigation on April 28, 2009.

2. David Austin; 1105 Madison St., Little Chute, WI 54901, 920-788-3649; JSPM operations. Mr. Austin was deposed without limitations on his testimony in the *Whiting* Litigation on April 22, 2009.

3. Bruce Buchanan, JSPM Operations (former Vice President of Paperboard Production).

4. James Sarasiek, 5920 North Cave Point Drive, Sturgeon Bay, WI, 54235; JSPM operations. Mr. Sarasiek was deposed as Menasha's corporate designee in the *Whiting* Litigation on August 28, 2009.

5. David Sudgen, 110 W. Lake (PO 177), Stockbridge, WI 53088; 920-439-1118; JSPM operations. Mr. Sugden was deposed without limitations on his testimony in the *Whiting* Litigation on May 6, 2009.

The above persons may and should be contacted through counsel of record for Menasha.

Other Witnesses:

1. Jay L. Brigham,, Morgan, Angel and Associates, LLC, 1601 Connecticut Ave, NW, Suite 600, Washington, DC 20009; (202) 265-1833; regarding the United States Government's and the State of Wisconsin's recycling of wastepaper. Mr. Brigham was deposed in the *Whiting* Litigation on August 21, 2009.

2. Roy Geigel, 2916 County Road B, Manitowac, WI, 54220; regarding the United States Government's and the State of Wisconsin's recycling of wastepaper. Mr. Geigel was deposed without limitations on his testimony in the *Whiting* Litigation on April 9, 2009.

3. J. Andrew Schlickman, Sidley and Austin, One South Dearborn, Chicago, Illinois 60603. Mr. Schlickman was deposed in the Whiting Litigation on November 15, 2011.

4. Sidley and Austin, One South Dearborn, Chicago, Illinois 60603.

5. Fred Smith, 1899 L ST NW Floor 12, Washington, DC 20036, regarding the United States Government's and the State of Wisconsin's recycling of wastepaper.

6. Richard Wand, 6602 North 40th Street, Paradise Valley, Arizona 85253; regarding the United States Government's and the State of Wisconsin's recycling of wastepaper. Mr. Wand was deposed in the *Whiting* Litigation on June 16, 2009 and November 3, 2011.

7. Other witnesses who were deposed in the *Whiting* Litigation may possess information relevant to the claims at issue in this litigation.

### RULE 26(a)(1)(A)(ii)

**RULE 26(a)(1)(A)(ii): a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Menasha objects to producing documents that contain information that is privileged, subject to the work-product doctrine, confidential, proprietary, or otherwise protected from disclosure. Menasha lists the following categories of documents, electronically stored information, and tangible things that are in Menasha's possession, custody or control, and that Menasha may use to support its claims or defenses, unless solely for impeachment:

1. Documents concerning the development, manufacturing and distribution of carbonless copy paper by NCR Corporation, Appleton Papers Inc., and their foreign and domestic subsidiaries, partners and/or licensees.

2. Documents concerning the recycling of carbonless copy paper at the Site.

3. Documents concerning the manufacturing, and waste treatment processes and practices, at paper mills and paper coating operations located at the Site.

4. Documents concerning the operations of publicly-owned treatment works (POTWs) at the Site.

5. Documents concerning the investigation and remediation of the Site.

6. Documents concerning the potential hazards to the environment and human health posed by polychlorinated biphenyls.

7. Documents concerning the current and historic environmental conditions at the Site.

8. Documents concerning the dredging and filling activities of the USACE at the Site.

9. Documents concerning the Plaintiffs' policies and practices related to the recycling of carbonless copy paper at the Site and elsewhere.

10. Documents concerning the *United States v. Schmalz* (E.D. Wis., Case No. 90-C 0941) litigation, including, but not limited to, the deposition transcripts of former JSPM employees Francis Eparvier and Franklin Gurnee.

11. Pleadings, discovery responses, depositions, expert reports and documents produced by parties in the *Whiting* Litigation.

12. September 12, 2011 letter from Cynthia Hirsch, Assistant Attorney General for the State of Wisconsin, to David Rabbino.

13. Documents contained in the administrative record.

14. Documents that Menasha has told the Plaintiffs must be in the administrative record, including but not limited to the models and output files from those model used in the process of selection of the remedy.

15. Documents provided by the United States Government under the Freedom of Information Act, including documents produced by the United States Government in *Menasha Corp. and Neenah Menasha Sewerage Comm'n v. U.S. Department*

*of Justice Natural Resources and Environment Section* (E.D. Wis. Case No. 11-C-0682 WCG).

These above document categories contain information from a variety of sources, including publically available information from various federal and state governmental agencies, including but not limited to the documents cited to and attached as exhibits to Menasha's Counterclaims. Most, if not all, of the documents in the document categories 1-10 were either produced or otherwise made available to the parties (including the United States Government) during the course of Phase 1 of the *Whiting* Litigation.

## **RULE 26(a)(1)(A)(iii)**

**RULE 26(a)(1)(A)(iii): a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Menasha has incurred response costs in connection with the investigation or remediation of the Site that must be considered in the context of Menasha's equitable share. First, Menasha paid $7 million in response costs for OU 1. Menasha does not seek recovery of the $7 million amount paid for OU 1 from the Plaintiffs because the payment was the result of a consent decree between Menasha and the Plaintiffs. Second, Menasha has incurred response costs of $61,626.17 in connection with activities related to the remediation of Operable Units 2-5 at the Site. Proof of Menasha's payments is located at in the Court's electronic filing system for the *Whiting* Litigation at Dkt. 939, Dkt. 939-1 and Dkt. 939-2.

## RULE 26(a)(1)(iv)

**RULE 26(a)(1)(iv): for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Upon request, Menasha will make available for inspection policies under which an insurance company may be liable to satisfy all or part of a possible judgment in the action, or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: April 2, 2012          **HUNSUCKER GOODSTEIN & NELSON PC**

By:    /s/ Philip C. Hunsucker
      Attorneys for Defendant
      Menasha Corporation
      Philip C. Hunsucker
      David A. Rabbino
      Anne E. Lynch

      **HUNSUCKER GOODSTEIN & NELSON PC**
      3717 Mt. Diablo Blvd.
      Suite 200
      Lafayette, CA 94549
      Ph: (925) 284-0840
      Fax: (925) 284-0870
      phunsucker@hgnlaw.com
      drabbino@hgnlaw.com
      alynch@hgnlaw.com