UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA and
STATE OF WISCONSIN,

        Plaintiffs,

  v.                                  Case No. 10-C-910

NCR CORP. et al.,

        Defendants.

**DECISION AND ORDER**

Defendant P.H. Glatfelter moves to dismiss the government's fifth claim for relief in this action under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., on the ground that there is no case or controversy between the parties on that count. The government's fifth claim for relief "seeks a judicial determination that each UAO Respondent is required to comply with all provisions of the UAO applicable to such UAO Respondent other than" the obligation to reimburse certain costs. (ECF # 30, ¶ 132.) Glatfelter argues that under the UAO, Glatfelter is not required to do anything except to contribute to the costs of cleanup that NCR is undertaking in OU2-5. Because this Court has already ruled in a related case, *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 8-C-16, 2009 WL 5064049 (E.D. Wis. Dec. 16, 2009), that Glatfelter's share of those costs is "zero" (in Glatfelter's view), the government's fifth claim seeks relief that will have no practical effect. Glatfelter argues that this Court should not issue a declaration of liability for "nothing."

The Constitution gives the federal courts jurisdiction over "cases" and "controversies." U.S. Const. Art. III § 2, cl. 1. "When circumstances change during litigation such that there is no longer any case or controversy, the case is moot." *Ovadal v. City of Madison, Wis.,* 469 F.3d 625, 628 (7th Cir. 2006). Glatfelter's motion is premised on the fact that NCR continues to be available to pay its share of the OU2-5 cleanup costs and Glatfelter's share has been deemed to be zero. It thus asserts that ordering it to comply with the UAO, which simply would require Glatfelter to pay, would have no effect at this time because its share of payment is zero. Although it concedes that things could change—NCR could stop paying, or this Court could revisit its allocation decision (or be reversed on appeal)—for the time being a government victory on Claim 5 would have no effect. Thus, we should wait for a change in circumstances (which may never come) before adjudicating that claim.

But the fact that a judgment for the government on Claim 5 might not have any practical effect *now* does not mean there is no case or controversy. This Court's decision on allocation is a non-final ruling in an open civil action, and is vigorously protested by NCR and API. It is difficult to conclude that such a ruling in a case between PRPs should have any impact on the government's own claim for compliance with the UAO. This is particularly true given the nature of a contribution ruling. It would be one thing if Glatfelter had been found not *liable* under CERCLA. Instead, however, it is merely that Glatfelter's liability has been determined to be *secondary* to that of NCR. It is still on the hook, in some sense, for that liability. The government's claim against it thus remains live.

Much of Glatfelter's argument is based on a creative reading of its consent decree for OU1. That decree, approved by Judge Adelman, settled liability for OU1 and recognized that the settling parties were "entitled to full credit, applied against their liabilities for response costs and natural

2

resource damages at the Site" for the funds they had paid under the settlement. (ECF # 276, Ex. 13 at 89-90.) In a nutshell, Glatfelter argues that it has overpaid for OU1 and that the amount it overpaid constitutes this "credit." Even if Glatfelter is made to pay anything for OU2-5 (which it believes is only a remote possibility), the amount it would pay would be less than the "credit" it has built up. Thus, there would never be any scenario in which it would have to pay, which means the dispute is moot.

The government vigorously asserts that the "credits" described in the OU1 settlement have nothing to do with OU2-5, and they certainly do not create some sort of defense. Given the government's strong disagreement with Glatfelter's characterization of the credit described in the OU1 settlement, it would seem that Glatfelter is asking this Court to resolve a controversy in order to determine that no controversy exists. In any event, even if Glatfelter is entitled to some kind of credit based on its payments for OU1, that does not mean there is no case or controversy in this case. As just noted, the government has a dispute with Glatfelter over the very nature of the credit it seeks to assert, and that dispute would have to be resolved before a court could determine that Glatfelter's share is actually "zero." Having a sort of right to a setoff (if that is what it is) does not moot a claim, it merely means that one has a defense in the event it becomes relevant. Thus, as with Glatfelter's reliance on the *Whiting* decision, there is simply nothing set in stone that means Glatfelter will not have to pay under any reasonable circumstance. Glatfelter's liability may be secondary, but that does not mean it is not liable at all. The dispute is thus not moot.

Accordingly, the motion to dismiss is **DENIED**.

**SO ORDERED** this __27th__ day of April, 2012.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

3