IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION
_____

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

        Plaintiffs,

                                          Civil Action No. 10-C-910

   v.

NCR CORPORATION,
APPLETON PAPERS INC.,
BROWN COUNTY,
CITY OF APPLETON,
CITY OF GREEN BAY,
CBC COATING, INC.,
GEORGIA-PACIFIC CONSUMER PRODUCTS LP,
KIMBERLY-CLARK CORPORATION,
MENASHA CORP.,
NEENAH-MENASHA SEWERAGE COMMISSION,
NEWPAGE WISCONSIN SYSTEMS, INC.,
P.H. GLATFELTER CO.,
U.S. PAPER MILLS CORP., and
WTM I COMPANY,

        Defendants.
_____

ANSWER OF DEFENDANT CITY OF APPLETON
TO APPLETON PAPERS INC.'S CROSSCLAIMS
_____

       Defendant, City of Appleton ("City"), by its attorneys, as its Answer to Appleton Papers Inc.'s ("API's") Crossclaims against the City, states as follows:

## INTRODUCTION

1. In response to paragraph 1, admits that the case concerns contamination of the Site with PCBs, but denies the remainder of the allegations, and in particular, denies that the case concerns any other hazardous substances.

2. Admits the allegations of paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Admits the allegations of paragraph 4.

5. Admits the allegations of paragraph 5.

6. Denies the allegations of paragraph 6.

7. Denies knowledge or information sufficient to form a belief about the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

## JURISDICTION AND VENUE

9. Admits the allegations of paragraph 9.

10. Admits the allegations of paragraph 10.

## PARTIES

11. Admits the allegations of paragraph 11.

12. Admits the allegations of paragraph 12.

13. Admits the allegations of paragraph 13.

14. Admits the allegations of paragraph 14, but denies any City liability under CERCLA.

15. The allegations of paragraph 15 are not directed to the City and therefore no response from the City is required.

16. The allegations of paragraph 16 are not directed to the City and therefore no response from the City is required.

17. The allegations of paragraph 17 are not directed to the City and therefore no response from the City is required.

18. The allegations of paragraph 18 are not directed to the City and therefore no response from the City is required.

19. The allegations of paragraph 19 are not directed to the City and therefore no response from the City is required.

20. The allegations of paragraph 20 are not directed to the City and therefore no response from the City is required.

21. The allegations of paragraph 21 are not directed to the City and therefore no response from the City is required.

22. The allegations of paragraph 22 are not directed to the City and therefore no response from the City is required.

23. The allegations of paragraph 23 are not directed to the City and therefore no response from the City is required.

24. The allegations of paragraph 24 are not directed to the City and therefore no response from the City is required.

25. The allegations of paragraph 25 are not directed to the City and therefore no response from the City is required.

26. The allegations of paragraph 26 are not directed to the City and therefore no response from the City is required.

27. The allegations of paragraph 27 are not directed to the City and therefore no response from the City is required.

28. The allegations of paragraph 28 are not directed to the City and therefore no response from the City is required.

29. The allegations of paragraph 29 are not directed to the City and therefore no response from the City is required.

30. The allegations of paragraph 30 are not directed to the City and therefore no response from the City is required.

## **GENERAL ALLEGATIONS**

31. Admits the allegations of paragraph 31.

32. Admits the allegations of paragraph 32.

33. Admits the allegations of paragraph 33.

34. In response to paragraph 34, denies that the harm can be divided in a way that results in a valid claim by API against the City.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Denies the allegations of paragraph 36.

**API is Not a "Covered Person" Under CERCLA § 107(a)**

37. Admits the allegations of paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Admits the allegations of paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45. Denies knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45.

46. Denies knowledge or information sufficient to form a belief about the truth of paragraph 46.

47. Denies knowledge or information sufficient to form a belief about the truth of paragraph 47.

**The City of Appleton is a "Covered Person" Under CERCLA § 107(a)**

48. Denies the allegations of paragraph 48 except to admit that hazardous substances from Appleton Coated Paper Company passed through the City's wastewater treatment plant to the Fox River.

49. Denies the allegations of paragraph 49.

**CBC is a "Covered Person" Under CERCLA § 107(a)**

50. The allegations of paragraph 50 are not directed to the City and therefore no response from the City is required.

51. The allegations of paragraph 51 are not directed to the City and therefore no response from the City is required.

**KC is a "Covered Person" Under CERCLA § 107(a)**

52. The allegations of paragraph 52 are not directed to the City and therefore no response from the City is required.

53. The allegations of paragraph 53 are not directed to the City and therefore no response from the City is required.

**Menasha is a "Covered Person" Under CERCLA § 107(a)**

54. The allegations of paragraph 54 are not directed to the City and therefore no response from the City is required.

55. The allegations of paragraph 55 are not directed to the City and therefore no response from the City is required.

### NMSC is a "Covered Person" Under CERCLA § 107(a)

56. The allegations of paragraph 56 are not directed to the City and therefore no response from the City is required.

57. The allegations of paragraph 57 are not directed to the City and therefore no response from the City is required.

### NewPage is a "Covered Person" Under CERCLA § 107(a)

58. The allegations of paragraph 58 are not directed to the City and therefore no response from the City is required.

59. The allegations of paragraph 59 are not directed to the City and therefore no response from the City is required.

### Glatfelter is a "Covered Person" Under CERCLA § 107(a)

60. The allegations of paragraph 60 are not directed to the City and therefore no response from the City is required.

61. The allegations of paragraph 61 are not directed to the City and therefore no response from the City is required.

### US Paper is a "Covered Person" Under CERCLA § 107(a)

62. The allegations of paragraph 62 are not directed to the City and therefore no response from the City is required.

63. The allegations of paragraph 63 are not directed to the City and therefore no response from the City is required.

### WTM is a "Covered Person" Under CERCLA § 107(a)

64. The allegations of paragraph 64 are not directed to the City and therefore no response from the City is required.

65. The allegations of paragraph 65 are not directed to the City and therefore no response from the City is required.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Cost Recovery For API's Response Costs)

66. In response to paragraph 66, repeats the responses to paragraphs 1 to 65 above.

67. Denies that paragraph 67 alleges facts requiring an answer. To the extent an answer is appropriate, denies any liability of the City to API.

68. Denies that API is entitled to any cost recovery from the City.

### SECOND CLAIM FOR RELIEF
### (Cost Recovery For Past Payments Related To Natural Resource Damages)

69. In response to paragraph 69, repeats the responses to paragraphs 61 to 65 above.

70. Admits the allegations of paragraph 70.

71. Admits the allegations of paragraph 71.

72. In response to paragraph 72, admits that Plaintiffs made certain allegations, but denies that the City is liable for any such damages.

73. Admits the allegations of paragraph 73.

74. In response to paragraph 74, denies that API is entitled to recover anything from the City.

## THIRD CLAIM FOR RELIEF
### (Contribution For API's Response Costs)

75. In response to paragraph 75, repeats the responses to paragraphs 1 to 65 above.

76. Admits the allegations of paragraph 76.

77. Admits the allegations of paragraph 77.

78. In response to paragraph 78, denies that API is entitled to any contribution from the City.

## FOURTH CLAIM FOR RELIEF
### (Contribution For Overpayments of Natural Resource Damages)

79. In response to paragraph 79, repeats the responses to paragraphs 1 to 65, 71 to 73, and 76 to 78 above.

80. In response to paragraph 80, denies that API is entitled to recover any damages or costs from the City.

## **AFFIRMATIVE DEFENSES**

Defendant, City of Appleton, asserts the following affirmative defenses:

81. API's claims are barred by claim preclusion.

82. API's claims are barred by issue preclusion.

83. Under CERCLA, including but not limited to CERCLA § 107(b)(3) [42 U.S.C. § 9607(b)(3)] the City is not liable for contribution.

84. On information and belief, API has been indemnified or otherwise reimbursed for costs it incurred and therefore has no costs to recover.

85. API cannot seek contribution under CERCLA for contractually assumed obligations.

86. API has failed to state a claim upon which relief can be granted.

87. The damages of which API complains are the result of API's own acts and omissions.

88. API's claims are barred in whole or in part by the doctrine of unclean hands.

89. API's claims are barred in whole or in part by applicable statutes of limitations.

90. API's claims are barred by laches.

91. API's claims are barred in whole or in part by the doctrine of estoppel.

92. API's claims are barred in whole or in part by the doctrine of waiver.

## PRAYER FOR RELIEF

WHEREFORE, the City requests that the Court enter judgment in its favor and against API, dismissing API's crossclaims against the City with prejudice and awarding the City its costs and attorney fees as allowed by law.

Dated: April 27, 2012.

By: */s/ Richard C. Yde*
Paul G. Kent (#1002924)
Richard C. Yde (#1013600)
Ted Waskowski (#1003254)
Attorneys for Defendant City of Appleton
Stafford Rosenbaum LLP
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Phone: 608-256-0226
Fax: 608-259-2600
pkent@staffordlaw.com
ryde@staffordlaw.com
twaskowski@staffordlaw.com


City Attorney's Office
James Walsh (#1009328)
Attorneys for Defendant City of Appleton
City of Appleton
100 North Appleton Street
Appleton, WI 54911-4702
Phone: (920) 832-6423
Fax: (920) 832-5962
jim.walsh@appleton.org

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of April, 2012, a true and correct copy of the foregoing Answer of Defendant City of Appleton to Appleton Papers Inc.'s Crossclaims was filed electronically via the Electronic Court Filing system and is available for viewing and downloading.

                                            */s/ Marjorie Irving*
                                            Marjorie Irving, Legal Assistant