IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF WISCONSIN<br><br>Plaintiffs,<br><br>v.<br><br>NCR CORPORATION, *et al.,*<br><br>Defendants. | No. 10-CV-00910-WCG |

## CERTAIN DEFENDANTS'[1] PROPOSED CASE MANAGEMENT ORDER

### Preliminary Statement

On April 12, 2012, the Court stated its intention to prepare this case for trial promptly and to begin trial on December 3, 2012. The United States has proposed to try only its Fifth Claim for Relief on that schedule. However, Certain Defendants observe that they have asserted a number of defenses to the Fifth Claim for Relief that (a) overlap their counterclaims materially and (b) are also defenses to other claims asserted by the United States and the State of Wisconsin. In the interest of preparing and trying as much of this case as is reasonably possible to prepare and to try before the 2013 construction season, Certain Defendants propose to expand this phase of this case to include all claims and counterclaims for response actions and response costs and affirmative defenses to those claims. That expansion also furthers the "just, speedy and inexpensive determination" of this action, Fed. R. Civ. P. 1, by trying those claims and defenses that substantially overlap as a unit.

---

[1] This proposal is made on behalf of Defendants CBC Coating, Inc., Menasha Corporation, P.H. Glatfelter Company, U.S. Paper Mills, Inc., and WTM I Company. Neenah-Menasha Sewerage Commission and the City of Appleton concur in this proposal.

Certain Defendants anticipate that the trial of the Fifth Claim for Relief and all of the defenses to that claim against NCR and each of the Certain Defendants will be a complicated proceeding. Some of the defenses so far asserted and the rebuttals to those defenses implicate detailed questions of the nature and location of specific discharges into the Fox River, the fate and transport of sediments and PCBs within the river, and actions (like navigational dredging) that affected the ultimate disposition of sediments. Certain Defendants anticipate that the Fifth Claim for Relief and all of the defenses to that claim against all six remaining defendants cannot be completed in the fifteen trial days between December 3 and December 21, 2012. They further believe that the addition of all of the Plaintiffs' other claims for response actions and response costs, and all of the defenses and counterclaims to those claims, would not materially increase the length or complexity of the trial because of the overlap in proof.

Defendants do not believe that the parties can realistically prepare and try the United States' and the State's claim for natural resource damages on the same schedule. Certain Defendants do not propose to address the cross-claims of Appleton Papers Inc. on this schedule.

Certain Defendants suggest that December 3, 2012, is too ambitious a deadline for trial, and respectfully suggest that trial commence in the Spring of 2013. Certain Defendants propose to prepare this case so that it could begin trial on March 4, 2013. Certain Defendants are aware that NCR and its counsel here have a conflicting trial in the United States District Court for the Western District of Michigan beginning February 19, 2013. Assuming that both trials can be accommodated and recognizing the possibility that either or both matter will settle, Certain Defendants propose to prepare this case for a March trial and to address the actual start date at a later time. This March date would also avoid conflicts that lead counsel for one party has with early December and that counsel for another party has with a trial beginning in early January. In

the event that conflicts emerge over work in 2013, a March trial would allow the Court to consider a motion for preliminary relief on a full record, even if the parties had not completed briefing and the Court had not had an opportunity to prepare complete findings and conclusions.

Expeditious preparation of the United States' Fifth Claim for Relief, particularly as against each of Certain Defendants, would be facilitated by the United States' statement as to exactly the relief it seeks against each defendant. The parties will then know what facts will or will not support a grant of that relief.

Finally, Certain Defendants note that the parties dispute whether evidence may be offered in these circumstances to supplement or to explain the administrative record supporting selection of the remedy for this site. They have previously agreed to a schedule for a motion to test that question. Given the accelerated schedule for this phase of the case, Certain Defendants propose that fact discovery and expert disclosure be permitted as if certain supplementation will be permitted until the Court rules on the motion to be submitted on May 4, 2012.

Accordingly, Certain Defendants propose that the Case Management Order issued March 22, 2012, Dkt. No. 322, be superseded as set forth in the following document.

Dated: May 1, 2012

Respectfully submitted,

s/David G. Mandelbaum
David G. Mandelbaum
GREENBERG TRAURIG, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA 19103
215-988-7800
mandelbaumd@gtlaw.com

**Attorneys for Defendant P. H. Glatfelter Company and On Behalf of Certain Defendants**

## Proposed Revised Case Management Order

1.      This phase of this case shall be limited to Plaintiffs' claims other than their Sixth Claim for Relief (Natural Resource Damages), Defendants' affirmative defenses to those claims, Defendants' counterclaims, and Plaintiffs' affirmative defenses to Defendants' counterclaims. Discovery and trial shall be limited to those claims and defenses.  However, Neenah-Menasha Sewerage Commission's 11th Affirmative Defense and the affirmative defense stated in paragraph 141 of the Answer, Affirmative Defenses and Counterclaims of Defendant City of Appleton (each asserting a defense under section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3), shall be deferred for trial until a later phase of this case.

2.      The United States' Fifth Claim for Relief shall be deemed to seek an order in the form attached as Attachment A.

3.      With respect to the affirmative defense that selection of the response action required by the November 2007 unilateral administrative order ("UAO") was arbitrary, capricious, or otherwise not in accordance with law, review of the adequacy of the response action shall be limited to the Administrative Record except as the Administrative Record may be supplemented of administrative or other applicable law.  The following schedule will apply if any Party seeks:  (a) to challenge the completeness of the Administrative Record; or, (b) to supplement the Administrative Record with expert or other testimony:

   a.      May 4, 2012:  Deadline for Filing Motions Challenging Completeness of Administrative Record;

   b.      June 18, 2012:  Deadline for Filing Opposition to any Motion Challenging Completeness of Administrative Record; and,

c. July 9, 2012: Deadline for Filing Reply Regarding any Motion Challenging Completeness of Administrative Record.

In order to permit prompt completion of discovery and preparation for trial on all issues subject to this Order, the parties shall proceed with discovery and expert disclosure as if expert testimony will be permitted to explain the Administrative Record until the Court rules on any motions to challenge the completeness of or to supplement the Administrative Record.

4. Deadlines for Fact Discovery: All fact discovery on the issues identified in Paragraph 1, above, shall be commenced by a date sufficiently early so that all fact discovery can be completed no later than September 14, 2012.

5. Deadline for Initial Expert Disclosures: Expert disclosures on the issues identified in Paragraph 1, above, pursuant to Civil L. R. 26.1, shall be made no later than September 28, 2012.

6. Deadline for Responsive Expert Reports: Any responsive expert report on the issues identified in Paragraph 1, above, shall be served by October 29, 2012.

7. Deadline for Expert Depositions: Depositions of all experts shall be completed no later than December 21, 2012.

8. Any discovery motions on the question set forth in Paragraph 1, above, brought pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure must comply with Civil L. R. 37.1, by including:

> a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

PHI 316,878,703v7 5-1-12

5

Case 1:10-cv-00910-WCG   Filed 05/01/12   Page 5 of 8   Document 377

9. Motions for Summary Judgment: Motions for summary judgment shall be filed on or before January 11, 2013. Motions for summary judgment shall be permitted on any claim or defense set out in Paragraph 1, as well as any other claim or defense that can be disposed without discovery or expert disclosure. Responses and replies to motions for summary judgment as provided in the Federal Rules of Civil Procedure and objections and replies relating to motions for summary judgment shall be due in accordance with the timing requirements set forth in Local Rule 56(b) (*i.e.*, 30 days for an opposition, followed by 14 days for a reply).

10. Final Pretrial and Settlement Conference: On February 4, 2013, at 1:30 p.m. a final pretrial and settlement conference will be held in the United States Courthouse, 125 South Jefferson Street, Green Bay, Wisconsin, pursuant to Civil L. R. 16.2.

11. Trial: This case will be called for trial on _____, 2013 in the United States Courthouse, 517 E Wisconsin Ave, Milwaukee, Wisconsin.

12. The Court expects counsel to confer and to make a good faith effort to settle the remaining issues, including natural resource damages and remaining third-party or other claims. In this regard, the Court expects the parties to utilize fully the services of Magistrate Judge Aaron Goodstein.

13. This Order shall supersede any conflicting provisions in any prior *Case Management Order* or *Rule 26(f) Report*.

**SO ORDERED** this \_\_\_ day of \_\_\_\_\_, 2012.

_____
**Hon. William C. Griesbach,**
**United States District Judge**

**Attachment A: Form of Order Sought by the United States**

# CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2012, I caused a true and correct copy of the foregoing Certain Defendants Proposed Case Management Order to be served upon all counsel via this Court's electronic filing service.

/s/ David G. Mandelbaum
David G. Mandelbaum, Esquire