IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 10-C-910 ) |
| NCR CORPORATION, APPLETON PAPERS INC., BROWN COUNTY, CITY OF APPLETON, CITY OF GREEN BAY, CBC COATING, INC., GEORGIA-PACIFIC CONSUMER PRODUCTS LP, KIMBERLY-CLARK CORPORATION, MENASHA CORP., NEENAH-MENASHA SEWERAGE COMMISSION, NEWPAGE WISCONSIN SYSTEMS, INC., P.H. GLATFELTER CO., U.S. PAPER MILLS CORP., and WTM I COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

___

### DEFENDANT NCR CORPORATION'S RULE 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL
___

Defendant NCR Corporation ("NCR"), by and through its undersigned counsel, hereby moves for a stay of the Court's Decision and Order granting Plaintiffs' Motion for Preliminary Injunction (Dk. #370) (the "Order") pending the appeal of the Order to the Seventh Circuit Court of Appeals. Given the time-sensitive nature of the relief sought, counsel for NCR will be contacting the Court to request an immediate telephone conference to resolve this motion.

A stay is warranted because, among other reasons, there is a significant likelihood that NCR will prevail on appeal. NCR also presents a "substantial case" that the Seventh Circuit will disagree with this Court's conclusions that the undisputed evidence of volumetric divisibility is insufficient, as a matter of law, to apportion harm at the site. In addition, NCR will suffer irreparable harm if a stay is not granted. Absent a stay, much of the cleanup required under the Order will have been performed before NCR's appeal would be resolved. For these reasons, and as discussed in more detail below, a stay of the Order is justified.

A district court is empowered to issue a stay of an order granting a preliminary injunction pending the appeal of that order. *See* Fed. R. Civ. P. 62(c); *Glick v. Koenig*, 766 F.2d 265 (7th Cir. 1985); *Thomas v. Evanston*, 636 F. Supp. 587 (N.D. Ill. 1986). In deciding whether to issue a stay, the court should consider: (1) the likelihood of the appellant prevailing on the merits of its appeal; (2) whether the appellant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies. *See generally Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006); *EEOC v. Mgmt. Hospitality of Racine*, No. 06-C-0715, 2011 WL 1883949 (E.D. Wis. May 17, 2011). Each of these factors weighs in favor of staying the Order.

*First*, NCR has a substantial likelihood of prevailing on appeal. The Order is predicated on a number of conclusions of law, including (1) that the Supreme Court's decision in *Burlington Northern & Santa Fe Ry. v. United States* ("*BNSF*"), 556 U.S. 599 (2009), did not substantively change the law on divisibility under CERCLA; (2) that the harm to be apportioned under CERCLA is the cost of remediation, rather than pollution of the river; and (3) that even if the harm is the pollution itself, uncontroverted evidence of volumetric divisibility is not sufficient, as a matter of law, to apportion such harm where pollutants from different sources were released at

2

different times and at different locations, and therefore are not evenly distributed at the cleanup site.

For each of these rulings, there is significant contrary authority. *See, e.g.*, *BNSF*, 556 U.S. at 615 (divisibility is proper where the harm at the site is "theoretically capable of apportionment", and the evidence is "sufficient to establish a reasonable basis for the apportionment"); *United States v. Burlington Northern & Santa Fe Ry.*, 520 F.3d 918, 939 (9th Cir. 2008) (confirming that the appropriate harm under CERCLA is *not* the cost of remediation, but "the contamination"); Rest. 2d of Torts § 433A(1)(b) (apportionment is proper when "there is a reasonable basis for determining the contribution of each cause to a single harm"); John M. Barkett, "*Burlington Northern: The Super Quake and Its Aftershocks*", Chem. Waste Litig. Rep.: Interim Bull. 1, 16 (May 15, 2009) ("After *Burlington Northern*, it will be the rare case that will lack the facts to make a reasonable basis for apportionment."). Accordingly, there is a sufficient "likelihood of success on the merits" to justify a stay of the Order. *See Thomas*, 636 F. Supp. at 590 ("[A] party seeking a stay need not show that it is more than 50% likely to succeed on appeal . . . . It is enough that the [appellant] have a substantial case on the merits."); *see also Chic. Tribune Co. v. Palermo*, Nos. 88 C 0172, 88 C 0321, 1988 WL 35584, at *1 (N.D. Ill. Apr. 7, 1988) (court can stay a preliminary injunction if the appellant "raises serious questions").

*Second*, NCR will suffer irreparable harm if a stay of the Order is not issued. Absent a stay, NCR will be forced to incur significant additional costs above and beyond its divisible share of liability at the site before the appellate review process runs its course—an injury that cannot be remedied given the substantial likelihood that NCR will be unable to recoup these costs from any other sources, for reasons stated in prior briefing. (*See* Dkt. #140 at 28-31; Dkt. #342 at 29-30). Even under an expedited schedule—which NCR will attempt to obtain— briefing, oral argument and a decision from the Seventh Circuit will not occur for several months,

by which time NCR will have performed substantial additional work at a cost of tens of millions of dollars. Subjecting NCR to extensive additional harm before it has availed itself of its right to meaningful review should be avoided. *See Thomas*, 636 F. Supp. at 591 (reasoning that the "prudent course is to preserve the status quo by staying [the Court's order] pending [the Defendant's] forthcoming appeal").

*Third*, a stay of the Order will not prejudice any of the other parties to this proceeding. A stay will have no effect on the other Defendants, as there would be no change to their status or obligations during the pendency of the stay. A stay similarly will not injure Plaintiffs. A delay of only a few months, while an expedited appeal is heard, will not cause an imminent risk of harm, much less irreparable harm to Plaintiffs. As stated at the hearing on the preliminary injunction motion, Plaintiffs waited more than two decades to make a final decision about the remedy for the site. (Transcript of Apr. 12, 2012 Hearing at 21.) Moreover, as NCR has previously explained, any injury to which Plaintiffs might point is attributable to their decision to pursue only NCR (and API) to conduct cleanup activities at the site, rather than requiring the other Defendants—including one Defendant (GP) that has no defense against such requirement as a result of its judicially approved consent decree—to take on their share of the work. (*See* Dkt. #342 at 28-29).

*Finally*, the public interest will be served by issuing a stay while NCR appeals the Order. As *BNSF* makes clear, it is important both for CERCLA and the community in general that environmental harm be remediated by those parties actually responsible for the harm. Those interests can be vindicated here only if implementation of additional work is postponed until the question of apportionment can be finally adjudicated.

For the foregoing reasons, NCR respectfully requests that the Court enter a stay of the Order pending the appeal of the Order to the Seventh Circuit Court of Appeals.

4

Dated: May 1, 2012                    Respectfully submitted,

                                            NCR CORPORATION

                                            /s/ Darin P. McAtee

*Counsel for NCR Corporation*
CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Darin P. McAtee
Yonatan Even
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Evan B. Westerfield
Eric W. Ha
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

5