IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 10-C-910 |
| v. | ) ) ) | Hon. William C. Griesbach |
| NCR CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**UNITED STATES' BRIEF IN OPPOSITION TO NCR CORPORATION'S RULE 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR STAY OF PRELIMINARY INJUNCTION PENDING APPEAL**

NCR Corporation has not established a right to a stay of this Court's preliminary injunction while it pursues an appeal, as demonstrated by a well-developed body of case law addressing similar requests under Fed R. Civ. P. 62(c). A recent decision by Judge Stadtmueller articulates the test to be applied here.

> A court's decision whether to stay an order pending appeal is a discretionary one, informed by the consideration of the following factors provided by the Supreme Court:
>
> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d (1987). *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the United States*, No. 08-CV-184, 2010 WL 2292932, at *1 (E.D. Wis. June 3, 2010). As Judge Adelman recognized in another

decision, "'[b]ecause the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied.'" *In re The Proctor & Gamble Co.*, 334 F. Supp. 2d 1112, 1117 (E.D. Wis. 2004) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2904, at 502-03 (2d ed. 1995)).

Although the *Hilton* factors are applied in judging requests for stay of various types of orders under Fed. R. Civ. P. 62(c), including final orders entered after trial, the factors themselves are "similar to those governing preliminary injunctions." *EEOC v. Mgmt. Hospitality of Racine, Inc.*, No. 06-C-0715, 2011 WL 1883949, at *1 (E.D. Wis. May 17, 2011) (Adelman, J.). For that reason, it would be particularly incongruous for this Court to grant a stay of its own preliminary injunction, absent some sort of compelling new information brought to light by NCR. But NCR offers nothing new; the company merely reargues its opposition to the preliminary injunction.

### 1. NCR is Unlikely to Obtain a Seventh Circuit Reversal

"[T]o satisfy the first *Hilton* factor, the movant must 'demonstrate a *substantial* likelihood of success, not merely the possibility of success.'" *Girl Scouts*, 2010 WL 2292932, at *1 (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir.1997); emphasis added by *Girl Scouts*). Any assessment of NCR's likelihood of success on appeal must account for the deferential standard of review that the Court of Appeals will employ. In an appeal of the grant of a preliminary injunction, the Seventh Circuit reviews "the district court's legal rulings *de novo*, its factual determinations for clear error, and its balancing of the factors for an abuse of discretion." *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009). And the Seventh Circuit has made clear in a related case that it is especially unlikely to upset findings that deserve "a double dose of deference" under CERCLA. *United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011). That will include this Court's

2

determination at the preliminary injunction stage that NCR has "not come close to showing that the EPA's decisions on [cleanup remedy selection] matters are arbitrary or capricious." Dkt. 172 at 15. The Court's thorough and fact-bound analysis of NCR's divisibility arguments is equally unlikely to be upset on appeal.

### 2. The Balance of Harms and the Public Interest Militate Against a Stay

In its April 27 decision granting the motion for a preliminary injunction, the Court found:

> [T]here is a substantial risk of irreparable harm to the public if the injunction would not issue. And for the same reasons, the equities favor issuance of an injunction as soon as possible because the harm to the public outweighs any potential harm to NCR.

Dkt. 370 at 14. More specifically, the Court has determined that dredging at full pace "means the public will benefit from the full cleanup sooner" and "[d]epriving the public of that benefit is certainly irreparable harm." Dkt. 172 at 16. And "an injunction requiring an increased pace in river cleanup is clearly directed to avoiding the irreparable harm caused by continued exposure to PCBs." *Id.* Finally, "NCR is not without any recourse whatsoever in the event the *Whiting* contribution decision is overturned. . . . The risk of irreparable harm to NCR is thus quite low." Dkt. 370 at 14.

NCR offers nothing new to negate the Court's prior findings. For example, NCR gives no indication that it has discovered unexpected obstacles or unforeseen burdens of compliance with the preliminary injunction. NCR could have brought any such issues to the Court's attention in "an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion" under Civil L.R. 7(h). NCR's silence on such matters speaks volumes.

The Court should deny NCR's request to stay the preliminary injunction while it pursues its appeal.

3

Respectfully submitted,

For the United States of America

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated:   May 3, 2012        s/ *Randall M. Stone*
RANDALL M. STONE
JEFFREY A. SPECTOR
KRISTIN M. FURRIE
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:    202-514-1308
Facsimile:    202-616-6584
E-Mail:       randall.stone@usdoj.gov


GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI  53202

4

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that, on this day, the foregoing Brief was filed electronically with the Clerk of the Court using the Court's Electronic Court Filing System, which sent notification of such filing to the following counsel:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**Brandon J. Evans**
Hermes Law Ltd.
bje@hermeslawltd.com

**S. Todd Farris**
Friebert Finerty & St. John SC
stf@ffsj.com

**Patrick J. Ferguson**
Latham & Watkins LLP
patrick.ferguson@lw.com

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Michael L. Hermes**
Hermes Law Ltd.
mlh@hermeslawltd.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein & Nelson PC
phunsucker@hgnlaw.com

**Peter C. Karegeannes**
Quarles & Brady LLP
peter.karegeannes@quarles.com

**Gregory A. Krauss**
Gregory Krauss pllc
gkrauss@krausspllc.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Ericka L. Krumrie**
Hermes Law Ltd
elk@hermeslawltd.com

**Linda R. Larson**
Marten Law PLLC
llarson@martenlaw.com

**Vanessa A. Lavely**
Cravath Swaine & Moore LLP
vlavely@cravath.com

**Susan E. Lovern**
von Briesen & Roper SC
slovern@vonbriesen.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

| | |
|---|---|
| **Meline G. MacCurdy**<br>Marten Law<br>mmaccurdy@martenlaw.com | **Ian A.J. Pitz**<br>Michael Best & Friedrich LLP<br>iapitz@michaelbest.com |
| **David G. Mandelbaum**<br>Greenberg Traurig LLP<br>mandelbaumd@gtlaw.com | **David A. Rabbino**<br>Hunsucker Goodstein & Nelson PC<br>drabbino@hgnlaw.com |
| **Bradley M. Marten**<br>Marten Law<br>bmarten@martenlaw.com | **Joan Radovich**<br>Sidley Austin LLP<br>jradovich@sidley.com |
| **Tara M. Mathison**<br>Davis & Kuelthau SC<br>tmathison@dkattorneys.com | **Ronald R. Ragatz**<br>DeWitt Ross & Stevens SC<br>rrr@dewittross.com |
| **Darin P. McAtee**<br>Cravath Swaine & Moore LLP<br>dmcatee@cravath.com | **Alexandra Reeve Givens**<br>Cravath Swaine & Moore LLP<br>agivens@cravath.com |
| **Stephen F. McKinney**<br>Haynsworth Sinkler Boyd PA<br>smckinney@hsblawfirm.com | **Kathleen L. Roach**<br>Sidley Austin LLP<br>kroach@sidley.com |
| **Heidi D. Melzer**<br>Hermes Law Ltd.<br>hdm@hermeslawltd.com | **Megan A. Senatori**<br>DeWitt Ross & Stevens SC<br>ms@dewittross.com |
| **Elizabeth K. Miles**<br>Davis & Kuelthau SC<br>emiles@dkattorneys.com | **Adam B. Silverman**<br>Greenberg Traurig LLP<br>silvermana@gtlaw.com |
| **Sabrina Mizrachi**<br>Greenberg Traurig LLP<br>mizrachis@gtlaw.com | **Sarah A. Slack**<br>Foley & Lardner LLP<br>sslack@foley.com |
| **Monique M. Mooney**<br>Greenberg Traurig LLP<br>mooneym@gtlaw.com | **Margaret R. Sobota**<br>Sidley Austin LLP<br>msobota@sidley.com |
| **William J. Mulligan**<br>Davis & Kuelthau SC<br>wmulligan@dkattorneys.com | **Anthony S. Wachewicz, III**<br>City of Green Bay<br>tonywa@ci.green-bay.wi.us |
| **Daniel C. Murray**<br>Johnson & Bell Ltd.<br>murrayd@jbltd.com | **James P. Walsh**<br>Appleton City Attorney<br>jim.walsh@appleton.org |
| **Omid H. Nasab**<br>Cravath Swaine & Moore LLP<br>onasab@cravath.com | **Ted A. Warpinski**<br>Friebert Finerty & St John SC<br>taw@ffsj.com |
| **Kelly J. Noyes**<br>von Briesen & Roper SC<br>knoyes@vonbriesen.com | **Ted Waskowski**<br>Stafford Rosenbaum LLP<br>twaskowski@staffordlaw.com |
| **Nancy K. Peterson**<br>Quarles & Brady LLP<br>nancy.peterson@quarles.com | **Evan B. Westerfield**<br>Sidley Austin LLP<br>evanwesterfield@sidley.com |
| **Thomas M. Phillips**<br>Reinhart Boerner Van Deuren SC<br>tphillip@reinhartlaw.com | **Richard C. Yde**<br>Stafford Rosenbaum LLP<br>ryde@staffordlaw.com |

Dated: May 3, 2012                                    s/ *Randall M. Stone*