IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

_____

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

        Plaintiffs,

                                                Civil Action No. 10-C-910

v.

NCR CORPORATION,
APPLETON PAPERS INC.,
BROWN COUNTY,
CITY OF APPLETON,
CITY OF GREEN BAY,
CBC COATING, INC.,
GEORGIA-PACIFIC CONSUMER PRODUCTS LP,
KIMBERLY-CLARK CORPORATION,
MENASHA CORP.,
NEENAH-MENASHA SEWERAGE COMMISSION,
NEWPAGE WISCONSIN SYSTEMS, INC.,
P.H. GLATFELTER CO.,
U.S. PAPER MILLS CORP., and
WTMI COMPANY,

        Defendants.

_____

ANSWER OF U.S. PAPER MILLS CORP.
TO APPLETON PAPERS INC.'S CROSSCLAIMS

_____

Defendant, U.S. Paper Mills Corp. ("U.S. Paper"), by its attorneys, as its Answer to

Appleton Papers Inc.'s ("API's") Crossclaims against the U.S. Paper, states as follows:

## INTRODUCTION

1. In response to paragraph 1, admits that the case concerns contamination of the Site with PCBs, but denies the remainder of the allegations, and in particular, denies that the case concerns any other hazardous substances.

2. Admits the allegations in paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Admits the allegations in paragraph 4, but affirmatively alleges that the Court in *Whiting* granted summary judgment dismissing NCR's and API's CERCLA § 113(f) claims against U.S. Paper and others.

5. Admits the allegations in paragraph 5.

6. Denies the allegations in paragraph 6.

7. Denies the allegations in paragraph 7 as they apply to API.

8. Denies the allegations in paragraph 8.

## JURISDICTION AND VENUE

9. Admits the allegations in paragraph 9.

10. Admits the allegations in paragraph 10.

## PARTIES

11. Admits the allegations in paragraph 11.

12. Admits the allegations in paragraph 12.

13. The allegations in paragraph 13 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

14. The allegations in paragraph 14 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

15. The allegations of paragraph 15 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

16. The allegations of paragraph 16 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

17. The allegations of paragraph 17 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

18. The allegations of paragraph 18 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

19. The allegations of paragraph 19 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

20. The allegations of paragraph 20 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

21. The allegations of paragraph 21 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

22. The allegations of paragraph 22 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

23. The allegations of paragraph 23 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

24. The allegations of paragraph 24 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

25. The allegations of paragraph 25 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

26. The allegations of paragraph 26 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

27. Admits the allegations of paragraph 27.

28. Admits the allegations of paragraph 28.

29. The allegations of paragraph 29 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

30. The allegations of paragraph 30 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

## GENERAL ALLEGATIONS

31. Admits the allegations of paragraph 31.

32. Admits the allegations of paragraph 32.

33. Admits the allegations of paragraph 33.

34. In response to paragraph 34, denies that the harm can be divided in a way that results in a valid claim by API against U.S. Paper.

35. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Admits the allegations in the first sentence of paragraph 36, but denies the remaining allegations of paragraph 36.

### API Is Not a "Covered Person" Under CERCLA § 107(a)

37. Admits the allegations of paragraph 37.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Admits the allegations of paragraph 39.

40. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Admits the allegations in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

**The City of Appleton Is a "Covered Person" Under CERCLA § 107(a)**

48. The allegations in paragraph 48 are not directed at U.S. Paper and therefore no response is required of U.S. Paper.

49. Denies the allegations in paragraph 49.

**CBC Is a "Covered Person" Under CERCLA § 107(a)**

50. The allegations in paragraph 50 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

51. The allegations in paragraph 51 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

### KC Is a "Covered Person" Under CERCLA § 107(a)

52. The allegations in paragraph 52 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

53. The allegations in paragraph 53 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

### Menasha Is a "Covered Person" Under CERCLA § 107(a)

54. The allegations in paragraph 54 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

55. The allegations in paragraph 55 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

### NMSC Is a "Covered Person" Under CERCLA § 107(a)

56. The allegations in paragraph 56 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

57. The allegations in paragraph 57 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

### NewPage Is a "Covered Person" Under CERCLA § 107(a)

58. The allegations in paragraph 58 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

59. The allegations in paragraph 59 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

### Glatfelter Is a "Covered Person" Under CERCLA § 107(a)

60. The allegations in paragraph 60 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

61. The allegations in paragraph 61 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

### U.S. Paper Is a "Covered Person" Under CERCLA § 107(a)

62. Admits that U.S. Paper owned and operated a paperboard mill, but denies the remaining allegations in paragraph 62, including any allegation that it discharged wastewater directly to the Fox River. U.S. Paper's DePere mill connected to the DePere POTW in 1971 and discharged its wastewater to the POTW from that time forward. U.S. Paper affirmatively alleges that all existing results from tests performed on the wastewater discharged by U.S. Paper to the DePere POTW showed no PCBs were detected in those discharges. U.S. Paper, however, admits that prior to hooking up to the DePere POTW in 1971, its DePere mill at various times discharged wastewater to lagoons located at the mill designed to settle out solids before water from the lagoons was then intermittently discharged to the Fox River, and that such discharges contained, without the knowledge of U.S. Paper, small amounts of PCBs. U.S. Paper further affirmatively alleges that it funded cleanup of sediments adjacent to its DePere mill, removing amounts of sediment that exceeded any amounts it could have discharged.

63. Denies the allegations in paragraph 63.

### WTM Is a "Covered Person" Under CERCLA § 107(a)

64. The allegations of paragraph 64 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

65. The allegations of paragraph 65 are not directed to U.S. Paper and therefore no response from U.S. Paper is required.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Cost Recovery For API's Response Costs)

66. In response to paragraph 66, repeats the responses to paragraphs 1 to 65 above.

67. Denies that paragraph 67 alleges facts requiring an answer. To the extent an answer is appropriate, denies any liability to API.

68. Denies that API is entitled to any cost recovery from U.S. Paper and the remaining allegations in paragraph 68.

### SECOND CLAIM FOR RELIEF
### (Cost Recovery For Past Payments Related To Natural Resource Damages)

69. In response to paragraph 69, repeats the responses to paragraphs 61 to 65 above.

70. Admits the allegations in paragraph 70.

71. Admits the allegations in paragraph 71.

72. In response to paragraph 72, admits that Plaintiffs made certain allegations, but denies that U.S. Paper is liable for any such damages.

73. Admits the allegations in paragraph 73.

74. In response to paragraph 74, denies that API is entitled to recover anything from U.S. Paper and the remaining allegations in paragraph 74.

### THIRD CLAIM FOR RELIEF
### (Contribution For API's Response Costs)

75. In response to paragraph 75, repeats the responses to paragraphs 1 to 65 above.

76. Admits the allegations in paragraph 76.

77. Admits the allegations in paragraph 77.

78. Admits that the *Whiting* Litigation is not final and no appeal has been taken, denies that API is entitled to any contribution from U.S. Paper, lacks sufficient information to form a belief as to the remaining allegations in paragraph 78.

**FOURTH CLAIM FOR RELIEF**
**(Contribution For Overpayments of Natural Resource Damages)**

79. In response to paragraph 79, repeats the responses to paragraphs 1 to 65, 71 to 73, and 76 to 78 above.

80. In response to paragraph 80, denies that API is entitled to recover any damages or costs from the U.S. Paper and lacks sufficient information to form a belief as to the remaining allegations in paragraph 80.

**AFFIRMATIVE DEFENSES**

Defendant, U.S. Paper, asserts the following affirmative defenses:

81. API's claims are or will be barred by claim preclusion as a result of dismissal of identical claims in the *Whiting* Case, No. 08-C-16, before this Court.

82. API's claims are or will be barred by issue preclusion as a result of rulings in the *Whiting* Case, No. 08-C-16, before this Court.

83. On information and belief, API has been indemnified or otherwise reimbursed for costs it incurred through recoveries from its insurers and from AWA and other related entities and therefore has no recoverable costs under CERCLA.

84. On information and belief, U.S. Paper is entitled to an offset for any recoveries by API from indemnitors or insurers.

85. API cannot seek contribution under CERCLA for contractually assumed obligations. API assumed the Fox River liability in its 1978 purchase agreement with NCR. API

9

and NCR litigated that assumption agreement and agreed to a settlement that required API to pay 55% of the first $75 million and to arbitrate its share for costs above $75 million. API agreed its share would be between 25% and 75%. As a result, an arbitration panel ruled API was obligated to pay 60% of the Fox River liabilities. API was adjudged to having to pay 60% of all costs incurred by NCR or API related to the Fox River and all of its payments were made pursuant to that assumed liability.

86. API has failed to state a claim upon which relief can be granted on the grounds set forth in Certain Defendants' motion to dismiss API's cross-claims filed May 8, 2012.

87. The damages of which API complains are the result of API's own acts and omissions since it is a successor to Appleton Coated Paper Company "(ACPC") which knowingly disposed of and arranged for disposal of PCBs in the Fox River.

88. API's claims are barred in whole or in part by the doctrine of unclean hands as successor to ACPC, which knowingly disposed of and arranged for disposal of PCBs in the Fox River

89. API's claims are barred in whole or in part by applicable statutes of limitations.

90. API's claims are barred by laches.

91. API's claims are barred in whole or in part by the doctrine of estoppel.

92. API's claims are barred in whole or in part by the doctrine of waiver.

**PRAYER FOR RELIEF**

WHEREFORE, U.S. Paper requests that the Court enter judgment in its favor and against API, dismissing API's crossclaims against U.S. Paper with prejudice and awarding U.S. Paper its

costs and attorney fees as allowed by law.

    Dated this 9th day of May, 2012.

                                                    s/Steven P. Bogart
                                                  Scott W. Hansen
                                                  Steven P. Bogart
                                                  John M. Van Lieshout
                                                  Attorneys for U.S. Paper Mills Corporation
                                                  Reinhart Boerner Van Deuren s.c.
                                                  1000 North Water Street, Suite 2100
                                                  Milwaukee, WI 53202
                                                  Telephone: 414-298-1000
                                                  Facsimile: 414-298-8097
                                                  sbogart@reinhartlaw.com

                                                  Thomas R. Gottshall
                                                  Haynsworth Sinkler Boyd, P.A.
                                                  1201 Main Street, Suite 2200
                                                  Columbia, SC 29201
                                                  Telephone: 803-779-3080
                                                  Facsimile: 803-765-1243
                                                  tgottshall@hsblawfirm.com

8559019