UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

        Plaintiffs,

Case No. 10-C-910-WCG

    v.

NCR CORPORATION, et al,

        Defendants.

**NEENAH-MENASHA SEWERAGE COMMISSION'S ANSWER, AFFIRMATIVE DEFENSES TO APPLETON PAPERS INC.'S CROSSCLAIMS AND ITS CROSSCLAIMS AGAINST APPLETON PAPERS INC.**

Neenah-Menasha Sewerage Commission ("NMSC"), by its undersigned counsel, answers Appleton Papers Inc.'s ("API") Crossclaims as follows:

**INTRODUCTION**

1. Admits the allegations in paragraph 1, except the allegation that API's crossclaim concern hazardous substances other than pcbs.

2. Admits the allegations in paragraph 2.

3. Answering Paragraph 3, NMSC lacks knowledge or information sufficient to form a belief as to the amount of money API has spent on response costs and payment of natural resource damages and therefore denies the same. NMSC denies the remaining allegations.

4. Admits the allegations in paragraph 4.

5. Admits the allegations in paragraph 5.

6. Notwithstanding this Court's April 10, 2012 Decision Granting Motion for Reconsideration not yet entered as a judgment but ultimately subject to appeal, NMSC denies the allegations in paragraph 6.

7. Denies the allegations in paragraph 7.

8. Denies the allegations in paragraph 8.

## JURISDICTION AND VENUE

9. Admits the allegations in paragraph 9.

10. Admits the allegations in paragraph 10.

## PARTIES

11. Admits the allegations in paragraph 11.

12. Admits the allegations in paragraph 12.

13. Admits the allegations in paragraph 13.

14. Admits the allegations in paragraph 14.

15. Admits the allegations in the last sentence of paragraph 15. NMSC is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies the same.

16. Paragraph 16 asserts claims against other parties to which no answer by NMSC is required. If an answer is required, NMSC admits.

17. Answering Paragraph 17, NMSC lacks knowledge or information to form a belief as to the truth of the allegations therein and therefore denies same.

18. Paragraph 18 asserts claims against other parties to which no answer by NMSC is required. If an answer is required, NMSC admits.

19. Admits the allegations in the last sentence of paragraph 19. NMSC is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies the same.

20. Paragraph 20 asserts claims against other parties to which no answer by NMSC is required. If an answer is required, NMSC admits.

21. Denies that the Neenah-Menasha Sewerage Commission was commissioned by the governments of the Cities of Neenah and Menasha, Wisconsin; admits that NMSC operates a publicly owned treatment works.

22. Admits the allegations in paragraph 22.

23. Admits the allegations in the last sentence of paragraph 23. NMSC is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies the same.

24. Paragraph 24 asserts claims against other parties to which no answer by NMSC is required. If an answer is required, NMSC admits.

25. Admits the allegations in the last sentence of paragraph 25. Alleges that it is without knowledge or information sufficient to form a belief as to the remaining allegation and therefore denies the same.

26. Paragraph 26 asserts claims against other parties to which no answer by NMSC is required. If an answer is required, NMSC admits.

27. Admits the allegations in the last sentence of paragraph 27. NMSC is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies the same.

28. Paragraph 28 asserts claims against other parties to which no answer by NMSC is required. If an answer is required, NMSC admits.

29. Admits the allegations in the last sentence of paragraph 19. NMSC is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies the same.

30. Paragraph 30 asserts claims against other parties to which no answer by NMSC is required. If an answer is required, NMSC admits.

## GENERAL ALLEGATIONS

31. Admits the allegations in paragraph 31.

32. Admits the allegations in paragraph 32.

33. Admits the allegations in paragraph 33.

34. Denies the allegations in paragraph 34.

35. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies the same.

36. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies the same.

## API Is Not a "Covered Person" Under CERCLA § 107(a)

37. Admits the allegations in paragraph 37.

38. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies the same.

39. Admits the allegations in paragraph 39.

40. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies the same.

41. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies the same.

42. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies the same.

44. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies the same.

45. Denies the allegations in paragraph 45.

46. Notwithstanding this Court's April 10, 2012 Decision Granting Motion for Reconsideration not yet entered as a judgment but ultimately subject to appeal, NMSC denies the allegations in paragraph 46.

47. NMSC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies the same.

**The City of Appleton Is Not a "Covered Person" Under CERCLA § 107(a)**

48. Paragraph 48 contains allegations against other parties to which no answer by NMSC is required. If an answer is required, NMSC denies the allegations in paragraph 48.

49. Paragraph 49 asserts claims against other parties to which no answer by NMSC is required.

**CBC Is Not a "Covered Person" Under CERCLA § 107(a)**

50. Paragraph 50 asserts claims against other parties to which no answer by NMSC is required.

51. Paragraph 51 asserts claims against other parties to which no answer by NMSC is required.

### KC Is Not a "Covered Person" Under CERCLA § 107(a)

52. Paragraph 52 asserts claims against other parties to which no answer by NMSC is required.

53. Paragraph 53 asserts claims against other parties to which no answer by NMSC is required.

### Menasha Is Not a "Covered Person" Under CERCLA § 107(a)

54. Paragraph 54 asserts claims against other parties to which no answer by NMSC is required.

55. Paragraph 55 asserts claims against other parties to which no answer by NMSC is required.

### NMSC Is Not a "Covered Person" Under CERCLA § 107(a)

56. Denies that NMSC arranged for disposal and/or treatment of hazardous substances that were released to the Site. Admits that NMSC owned and operated a facility through which hazardous substances passed into the Fox River.

57. Denies the allegations of Paragraph 57.

### Newpage Is Not a "Covered Person" Under CERCLA § 107(a)

58. Paragraph 58 asserts claims against other parties to which no answer by NMSC is required.

59. Paragraph 59 asserts claims against other parties to which no answer by NMSC is required.

### Glatfelter Is Not a "Covered Person" Under CERCLA § 107(a)

60. Paragraph 60 asserts claims against other parties to which no answer by NMSC is required.

61. Paragraph 61 asserts claims against other parties to which no answer by NMSC is required.

### U.S. Paper Is Not a "Covered Person" Under CERCLA § 107(a)

62. Paragraph 62 asserts claims against other parties to which no answer by NMSC is required.

63. Paragraph 63 asserts claims against other parties to which no answer by NMSC is required.

### WTM Is Not a "Covered Person" Under CERCLA § 107(a)

64. Paragraph 64 asserts claims against other parties to which no answer by NMSC is required.

65. Paragraph 65 asserts claims against other parties to which no answer by NMSC is required.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Cost Recovery for API's Response Costs)

66. NMSC restates and incorporates by reference all of its answers to paragraphs 1 through 65 as if fully set forth herein.

67. Paragraph 67 states a legal conclusion to which no answer is required. If a response is required, NMSC denies.

68. Denies that API is entitled to cost recovery from NMSC.

## SECOND CLAIM FOR RELIEF
### (Cost Recovery for Past Payments Related to Natural Resource Damages)

69. NMSC restates and incorporates by reference all of its answers to paragraphs 1 through 68 as if fully set forth herein.

70. Admits that a Consent Decree was entered into in *United States of America and the State of Wisconsin v. Appleton Papers Inc. and NCR Corporation.* NMSC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70. NMSC further alleges that the terms of the 2001 Consent Decree and 2005 Consent Decree Extension speak for themselves.

71. Admits the allegations in paragraph 71.

72. Admits that Plaintiffs make certain allegations but denies that NMSC is liable for any such damages.

73. Admits the allegations in paragraph 73.

74. Denies that API is entitled to recover anything from NMSC.

## THIRD CLAIM FOR RELIEF
### (Contribution For API's Response Costs)

75. NMSC restates and incorporates by reference all of its answers to paragraphs 1 through 74 as if fully set forth here.

76. Admits the allegations in paragraph 76.

77. Admits the allegations in paragraph 77.

78. Denies API is entitled to any contribution for response costs and damages from NMSC under any legal or equitable theory.

## FOURTH CLAIM FOR RELIEF
### (Contribution for Overpayments of Natural Resource Damages)

79. NMSC restates and incorporates by reference all of its answers to paragraphs 1 through 78 as if fully set forth herein.

80. Denies that API is entitled to recover any damages or costs from NMSC.

## AFFIRMATIVE DEFENSES

Neenah-Menasha Sewerage Commission (NMSC) asserts the following affirmative defenses:

1. API has failed to state a claim for relief under CERCLA § 107, 42 U.S.C. § 9607.

2. API's claims are barred pursuant either to pending actions or existing decisions in *Appleton Papers, Inc. and NCR Corporation v. George A. Whiting Paper Company, et al.*, United States District Court for the Eastern District of WI, Case No. 08-CV-00016-WCG.

3. NMSC is entitled to an equitable offset for what API has or will recover in insurance payments, indemnity payments, and other contractual payments.

4. NMSC acted in good faith to carry out its Wisconsin Statutory mandate to receive, convey, and treat sewage, actions it took in conformance with its WPDES permit issued by the Wisconsin Department of Natural Resources (WDNR).

5. API caused the damages of which it complains by its own conduct in its use and disposal of PCBs via sewerage systems or by direct dumping into the Fox River or both. API and other paper companies used PCBs in making carbonless paper, a process over which NMSC had no control.

6. NMSC has no liability for the alleged release or threatened release of PCBs and any resulting injury or damage were caused solely by the acts or omissions of entities other than NMSC over which NMSC had no control, pursuant to 42 U.S.C. 9607(b).

7. NMSC did not cause any of the harm of which API complains.

8. API's claims are barred in whole or in part by the applicable statutes of limitations.

9. API's Crossclaim, and each count thereof, fails to state a claim upon which relief may be granted as against NMSC.

10. API has failed to name all necessary and indispensable parties.

11. API is not the real party in interest to make a claim for natural resources damages.

12. API has failed to comply with the requirements of the National Contingency Plan and is not entitled to recovery for costs that are not necessary costs of response and were not incurred in accordance with the requirements contained in the National Contingency Plan.

13. API's claims are barred by the equitable doctrine of unclean hands.

14. API's claims are barred by the equitable doctrine of estoppel.

15. API's claims are barred by the equitable doctrines of laches and waiver.

16. API's claims are barred by the doctrines of issue preclusion, claim preclusion, or both.

17. API's claims are barred by its failure to comply with Wis. Stat. § 893.80.

18. API's recovery, if any, is subject to and limited by the damage cap contained in Wis. Stat. § 893.80.

19. NMSC relies upon and incorporates applicable defenses asserted by other defendants and reserves its right to amend this Answer to add affirmative defenses and to amend its affirmative defenses based on discovery in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Neenah-Menasha Sewerage Commission requests that the Court enter judgment in its favor and against API, dismissing API's crossclaims against NMSC with prejudice and awarding NMSC its costs and attorneys' fees as allowed by law.

Dated: May 9, 2012

/s/ Kevin J. Lyons
William J. Mulligan (WI Bar No. 1008465)
Kevin J. Lyons (WI Bar No. 1013826)
Elizabeth K. Miles (WI Bar No. )
Davis & Kuelthau, s.c.
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Telephone: (414) 276-0200
Facsimile: (414) 276-9369
Email: wmulligan@dkattorneys.com
klyons@dkattorneys.com
emiles@dkattorneys.com