IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

          Plaintiffs,

     v.                                        Case No. 10-CV-00910-WCG

NCR CORPORATION, et al.

          Defendants.

**DEFENDANT CBC COATING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO APPLETON PAPERS INC.'S CROSSCLAIMS**

**ANSWER**

Defendant, CBC Coating, Inc. ("CBC"), by its attorneys von Briesen & Roper, s.c., as its answer to the Defendant Appleton Papers Inc.'s ("API") Crossclaims admits, denies, and shows to the Court as follows:

**INTRODUCTION**

1. Answering paragraph 1 of the Crossclaims, admits the allegations, but denies that the case concerns "other hazardous substances" besides PCBs.

2. Answering paragraph 2 of the Crossclaims, admits that the United States issued a Unilateral Administrative Order, which UAO speaks for itself, and denies any allegations in addition or contrary thereto; admits that the United States has not proven that CBC is liable under CERCLA; lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies same.

3. Answering paragraph 3 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

4. Answering paragraph 4 of the Crossclaims, admits that API is a plaintiff in the *Whiting* Litigation, that the United States is a defendant in the *Whiting* Litigation and that the *Whiting* Litigation does not involve a claim by the United States seeking to enforce the UAO, states that the Court's rulings and the claims of the parties speak from themselves, and denies any allegations in addition or contrary thereto.

5. Answering paragraph 5 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

6. Answering paragraph 6 of the Crossclaims, denies.

7. Answering paragraph 7 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies that the harm can be divided in a way that results in a valid claim by API against CBC.

8. Answering paragraph 8 of the Crossclaims, denies.

## JURISDICTION AND VENUE

9. Answering paragraph 9 of the Crossclaims, admits the allegations.

10. Answering paragraph 10 of the Crossclaims, admits that venue is proper in this District, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies same.

## PARTIES

11. Answering paragraph 11 of the Crossclaims, upon information and belief, admits the allegations.

12. Answering paragraph 12 of the Crossclaims, admits the allegations.

13. The allegations of paragraph 13 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

14. The allegations of paragraph 14 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

15. Answering paragraph 15 of the Crossclaims, admits the allegations.

16. Answering paragraph 16 of the Crossclaims, admits the allegations, but denies any liability under CERCLA.

17. The allegations of paragraph 17 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

18. The allegations of paragraph 18 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

19. The allegations of paragraph 19 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

20. The allegations of paragraph 20 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

21. The allegations of paragraph 21 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

22. The allegations of paragraph 22 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

23. The allegations of paragraph 23 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

24. The allegations of paragraph 24 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

25. The allegations of paragraph 25 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

26. The allegations of paragraph 26 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

27. The allegations of paragraph 27 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

28. The allegations of paragraph 28 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

29. The allegations of paragraph 29 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

30. The allegations of paragraph 30 of the Crossclaims, are not directed toward CBC, and therefore no response is required from CBC.

## **GENERAL ALLEGATIONS**

31. Answering paragraph 31 of the Crossclaims, admits the allegations.

32. Answering paragraph 32 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

33. Answering paragraph 33 of the Crossclaims, admits the allegations.

34. Answering paragraph 34 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies that the harm can be divided in a way that results in a valid claim by API against CBC.

35. Answering paragraph 35 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

36. Answering paragraph 36 of the Crossclaims, admits that Plaintiffs allege that API and NCR Corporation have a common set of corporate predecessors, and denies the remaining allegations.

### API Is Not A "Covered Person" Under CERCLA § 107(a)

37. Answering paragraph 37 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

38. Answering paragraph 38 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

39. Answering paragraph 39 of the Crossclaims, upon information and belief admits the allegations.

40. Answering paragraph 40 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

41. Answering paragraph 41 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

42. Answering paragraph 42 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

43. Answering paragraph 43 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

44. Answering paragraph 44 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies.

45. Answering paragraph 45 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies.

46. Answering paragraph 46 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies.

47. Answering paragraph 47 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies.

**The City of Appleton is a "Covered Person" Under CERCLA § 107(a)**

48-49. The allegations in Paragraphs 48-49 of the Crossclaims are not directed toward CBC, and therefore no response is required from CBC. To the extent a response is required, CBC lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

**CBC is a "Covered Person" Under CERCLA § 107(a)**

50. Answering paragraph 50 of the Crossclaims, denies.

51. Answering paragraph 51 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies as to API's claims against CBC.

**KC is a "Covered Person" Under CERCLA § 107(a)**

52-53. The allegations in Paragraphs 52-53 of the Crossclaims are not directed toward CBC, and therefore no response is required from CBC.

**Menasha is a "Covered Person" Under CERCLA § 107(a)**

54-55. The allegations in Paragraphs 54-55 of the Crossclaims are not directed toward CBC, and therefore no response is required from CBC.

**NMSC is a "Covered Person" Under CERCLA § 107(a)**

56-57.     The allegations in Paragraphs 56-57 of the Crossclaims are not directed toward CBC, and therefore no response is required from CBC.

### NewPage is a "Covered Person" Under CERCLA § 107(a)

58-59.     The allegations in Paragraphs 58-59 of the Crossclaims are not directed toward CBC, and therefore no response is required from CBC.

### Glatfelter is a "Covered Person" Under CERCLA § 107(a)

60-61.     The allegations in Paragraphs 60-61 of the Crossclaims are not directed toward CBC, and therefore no response is required from CBC.

### US Paper is a "Covered Person" Under CERCLA § 107(a)

62-63.     The allegations in Paragraphs 62-63 of the Crossclaims are not directed toward CBC, and therefore no response is required from CBC.

### WTM is a "Covered Person" Under CERCLA § 107(a)

64-65.     The allegations in Paragraphs 64-65 of the Crossclaims are not directed toward CBC, and therefore no response is required from CBC.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Cost Recovery for API's Response Costs)

66.     Answering paragraph 66 of the Crossclaims, incorporates by reference CBC's responses to paragraphs 1 through 65 of the Crossclaims as if fully set forth herein.

67.     Answering paragraph 67 of the Crossclaims, states that the allegations are legal conclusions to which no response is required. To the extent a response is required, denies the allegations to the extent they may be inconsistent with the statute or case law.

7

Case 1:10-cv-00910-WCG    Filed 05/10/12    Page 7 of 13    Document 422

68. Answering paragraph 68 of the Crossclaims, denies as to CBC, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies same.

## SECOND CLAIM FOR RELIEF
### (Cost Recovery For Past Payments Related To Natural Resource Damages)

69. Answering paragraph 69 of the Crossclaims, incorporates by reference CBC's responses to paragraphs 1 through 65 of the Crossclaims as if fully set forth herein.

70. Answering paragraph 70 of the Crossclaims, admits that in *United States of America and the State of Wisconsin v. Appleton Papers Inc. and NCR Corporation,* Case No. 01-C-0816, the United States District Court for the Eastern District of Wisconsin entered a Consent Decree, which decree speaks for itself, and denies any allegations in addition or contrary thereto.

71. Answering paragraph 71 of the Crossclaims, admits that Plaintiffs filed a First Amended Complaint including certain allegations, which Complaint speaks for itself, and denies any allegations in addition or contrary thereto.

72. Answering paragraph 72 of the Crossclaims, admits that Plaintiffs filed a First Amended Complaint including certain allegations, which Complaint speaks for itself, and denies any allegations in addition or contrary thereto.

73. Answering paragraph 73 of the Crossclaims, lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies same.

74. Answering paragraph 74 of the Crossclaims, denies as to CBC, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies same.

## THIRD CLAIM FOR RELIEF
### (Contribution For API's Response Costs)

75. Answering paragraph 75 of the Crossclaims, incorporates by reference CBC's responses to paragraphs 1 through 65 of the Crossclaims as if fully set forth herein.

76. Answering paragraph 76 of the Crossclaims, admits that API is a plaintiff in the *Whiting* Litigation, and states that the Court's rulings and the claims of the parties speak from themselves, and denies any allegations in addition or contrary thereto.

77. Answering paragraph 77 of the Crossclaims, admit that the Court in *Whiting* entered certain decisions and orders regarding cost recovery, which orders speak for themselves, and denies any allegations in addition or contrary thereto.

78. Answering paragraph 78 of the Crossclaims, admits that the decisions in *Whiting* are not final, denies the remaining allegations as to CBC, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies same.

## FOURTH CLAIM FOR RELIEF
### (Contribution For Overpayments of Natural Resource Damages)

79. Answering paragraph 79 of the Crossclaims, incorporates by reference CBC's responses to paragraphs 1 through 65, paragraphs 71 through 73 and paragraphs 76 through 78 of the Crossclaims as if fully set forth herein.

80. Answering paragraph 80 of the Crossclaims, denies as to CBC, and lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations and therefore denies same.

## APPLETON PAPERS INC.'S PRAYER FOR RELIEF

CBC denies that API is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Without limiting or waiving any defenses, CBC hereby asserts the following defenses:

1.  API's claims are barred in whole or in part by the doctrine of laches.

2.  API's claims are barred in whole or in party by the doctrine of estoppel.

3.  API's claims are barred in whole or in part by the doctrine of waiver.

4.  API's claims are barred in whole or in part by the doctrine of claim preclusion.

5.  API's claims are barred in whole or in part by the doctrine of issue preclusion.

6.  This action is barred by a prior action pending before this Court that involves the same transactions, issues, parties, and Site that are the subject of API's Crossclaims.

7.  API's claims are barred in whole or in part by the doctrine of unclean hands.

8.  Some or all of API's alleged response costs are not "necessary costs" incurred "consistent with the National Contingency Plan," as required by section 107(a) of CERCLA and thus cannot be recovered under CERCLA.

9.  Some or all of API's alleged costs are not "response costs" under CERCLA and thus cannot be recovered under CERCLA.

10. API's claims are barred in whole or in part to the extent the harms at this Site are divisible, or a reasonable basis for apportioning liability exists, and CBC is not jointly and severally liable for some or all of the response actions, response costs, and damages for which API seeks recovery.

11. API's claims are barred due to its lack of standing.

12. Without admitting liability, CBC asserts that any discharge of hazardous substances, pollutants, or contaminants, or harm resulting from any such release as alleged in

API's Crossclaims is the result of superseding or intervening acts or omissions of third parties over whom CBC had no control.

13. API's claims are barred in whole or in part by the applicable statute of limitations.

14. In the event that CBC is held liable to API, all such liability being expressly denied, then liability should be determined on a proportional basis taking into account the contributions of all other parties, including API, the other named defendants, and all other persons and entities in any way responsible for conditions at the Lower Fox River Site.

15. Any releases of PCBs by CBC into the Lower Fox River Site, any such releases being expressly denied, did not contribute either to the need to clean up or to the nature of the clean up at the Lower Fox River Site.

16. API's claims are barred because the release or threat of release of a hazardous substance and the damages resulting from that release or threatened release were caused solely by an act of God, or an act or omission of a third party other than an employee or agent of CBC, or other than one whose act or omission occurred in connection with a contractual relationship, existing directly or indirectly, with CBC. CBC exercised due care with respect to any PCBs at its facility, taking into consideration the characteristics of PCBs in light of all relevant facts and circumstances, and CBC took precautions against foreseeable acts or omissions of third parties and the consequences that could foreseeably result from such acts or omissions.

17. API's claims for natural resource damages are barred or limited by law.

18. API's claims fail to state a claim against CBC upon which relief may be granted.

19. Any recovery against CBC should be reduced by the amount CBC paid under the Agreement Between the State of Wisconsin and Certain Companies Concerning The Fox River, dated January 31, 1997.

20. If API is a "covered person" with respect to this Site pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), then API may not bring a claim to recover costs pursuant to section 107(a)(1)-(4)(A), *id.* § 9607(a)(1-4)(A), but instead may only pursue a contribution claim pursuant to section 113(f), *id.* § 9613(f). However, any section 113(f) claim is barred by the rulings in *Whiting*.

21. CBC is not liable for any damages for injury to or destruction of or loss of natural resources unless those losses were caused by a release of hazardous substances for which CBC is responsible, such release being expressly denied.

22. CBC did not intend to treat or dispose of hazardous substances.

23. Releases of PCBs by CBC, if any, did not cause API to incur any damages.

24. API failed to mitigate, reduce, or otherwise avoid its alleged damages.

25. API cannot seek contribution under CERCLA for contractually assumed obligations.

26. API's claims are barred in whole or in part because it is not the real party in interest to the extent that it may not have paid the costs it seeks to recover.

27. To the extent that API has recovered or may recover any costs from another person or entity, or from CBC under any order, contract or any statute other than CERCLA, API is precluded from receiving reimbursement for those costs from CBC under CERCLA.

28. API's claims for natural resource damages are barred to the extent the claims relate to damages and releases which occurred wholly before December 11, 1980.

29. API has no section 107 or 113 claim under CERCLA for the reasons asserted in Certain Defendants' Motion to Dismiss filed with the Court on May 8, 2012.

30. CBC incorporates herein by reference potentially applicable affirmative defenses asserted by other defendants in this action and reserves its right to add Affirmative Defenses to the extent they become known during discovery in this case.

## PRAYER FOR RELIEF

WHEREFORE, CBC respectfully requests that this Court enter judgment in its favor and against Appleton Papers Inc. as follows:

A. Dismissing API's Crossclaims against CBC, with prejudice;

B. For costs and attorneys fees in this action as allowed by law; and

C. For such further relief as the Court deems just and proper.

Dated this 10th day of May, 2012.

s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
Attorneys for Defendant, CBC Coating, Inc.
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

23012069_3.DOCX