IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN.

        Plaintiffs,

        vs.

NCR CORPORATION,
APPLETON PAPERS INC.,
BROWN COUNTY,
CITY OF APPLETON,
CITY OF GREEN BAY,
CBC COATING, INC.,
GEORGIA-PACIFIC CONSUMER PRODUCTS LP,
KIMBERLY-CLARK CORPORATION,
MENASHA CORP.,
NEENAH-MENASHA SEWERAGE COMMISSION,
NEWPAGE WISCONSIN SYSTEM INC.,
P.H. GLATFELTER CO.,
U.S. PAPER MILLS CORP., and
WTM I COMPANY,

        Defendants.

Case No. 10-CV-00910-WCG

## DEFENDANT KIMBERLY-CLARK CORPORATION'S ANSWER TO APPLETON PAPERS INC.'S CROSS-CLAIMS

        Kimberly-Clark answers API's Cross-claims as follows:

### INTRODUCTION

    1.    Paragraph 1 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark admits the allegations of Paragraph 1.

    2.    Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies the allegations in Paragraph 2 of API's Cross-claims.

    3.    Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the allegations in Paragraph 3 of API's Cross-claims.

4. Kimberly-Clark admits the allegations of Paragraph 4.

5. Paragraph 5 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 5 of API's Cross-claims.

6. Paragraph 6 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 6 of API's Cross-claims.

7. Paragraph 7 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 7 of API's Cross-claims.

8. Paragraph 8 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 5 of API's Cross-claims.

## JURISDICTION AND VENUE

9. Kimberly-Clark admits the allegations of Paragraph 9.

10. Kimberly-Clark admits the allegations of Paragraph 10.

## PARTIES

11. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the allegations in Paragraph 6 of API's Cross-claims.

12. Paragraph 12 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 12 of API's Cross-claims.

13. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the allegations in Paragraph 13 of API's Cross-claims.

14. Paragraph 14 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 14 of API's Cross-claims.

15. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the allegations in Paragraph 15 of API's Cross-claims.

16. Paragraph 16 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 16 of API's Cross-claims.

17. Kimberly-Clark admits that it is a Delaware corporation, but otherwise denies the allegations in Paragraph 17 of API's Cross-claims.

18. Paragraph 18 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 18 of API's Cross-claims.

19. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the allegations in Paragraph 19 of API's Cross-claims.

20. Paragraph 20 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 20 of API's Cross-claims.

21. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies the allegations in Paragraph 21 of API's Cross-claims.

22. Paragraph 22 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 22 of API's Cross-claims.

23. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies the allegations in Paragraph 23 of API's Cross-claims.

24. Paragraph 24 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 24 of API's Cross-claims.

25. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the allegations in Paragraph 25 of API's Cross-claims.

26. Paragraph 26 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 26 of API's Cross-claims.

27. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the allegations in Paragraph 27 of API's Cross-claims.

28. Paragraph 28 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 28 of API's Cross-claims.

29. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the allegations in Paragraph 29 of API's Cross-claims.

30. Paragraph 30 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 30 of API's Cross-claims.

## GENERAL ALLEGATIONS

31. Kimberly-Clark admits the allegations in Paragraph 31.

32. Kimberly-Clark admits the allegations in Paragraph 32.

33. Paragraph 33 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 33 of API's Cross-claims.

34. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the allegations in Paragraph 34 of API's Cross-claims.

35. Kimberly-Clark admits that API has paid for certain necessary response actions at the Site, but Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore denies the remaining allegations in Paragraph 35 of API's Cross-claims.

36. Kimberly-Clark admits that Plaintiffs allege that API and NCR Corporation ("NCR") have a common set of corporate predecessors, but Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36, and therefore denies the remaining allegations in Paragraph 36 of API's Cross-claims.

### API is Not a "Covered Person" Under CERCLA § 107(a)

37. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies the allegations in Paragraph 37 of API's Cross-claims.

38. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies the allegations in Paragraph 38 of API's Cross-claims.

39. Kimberly-Clark admits that the use of PCBs in making carbonless copy paper ceased in 1971, but Kimberly-Clark lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 39, and therefore denies the remaining allegations in Paragraph 39 of API's Cross-claims.

40. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore denies the allegations in Paragraph 40 of API's Cross-claims.

41. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies the allegations in Paragraph 41 of API's Cross-claims.

42. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies the allegations in Paragraph 42 of API's Cross-claims.

43. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies the allegations in Paragraph 43 of API's Cross-claims.

44. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies the allegations in Paragraph 44 of API's Cross-claims.

45. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies the allegations in Paragraph 45 of API's Cross-claims.

46. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies the allegations in Paragraph 46 of API's Cross-claims.

47. Paragraph 47 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 47 of API's Cross-claims.

### The City of Appleton is a "Covered Person" Under CERCLA § 107(a)

48-49. The allegations in paragraphs 48-49 are not asserted against Kimberly-Clark, so Federal Rule of Civil Procedure 8(b) does not require Kimberly-Clark to respond to them. Furthermore, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 48-49, and on that basis, denies them.

### CBC is a "Covered Person" Under CERCLA § 107(a)

50-51. The allegations in paragraphs 50-51 are not asserted against Kimberly-Clark, so Federal Rule of Civil Procedure 8(b) does not require Kimberly-Clark to respond to them. Furthermore, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 50-51, and on that basis, denies them

### Kimberly-Clark is a "Covered Person" Under CERCLA § 107(a)

52. Kimberly-Clark denies the allegations of Paragraph 52 of API's Cross-claims.

53. Paragraph 53 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 53 of API's Cross-claims.

### Menasha is a "Covered Person" Under CERCLA § 107(a)

54-55. The allegations in paragraphs 54-55 are not asserted against Kimberly-Clark, so Federal Rule of Civil Procedure 8(b) does not require Kimberly-Clark to respond to them. Furthermore, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 54-55, and on that basis, denies them.

### NMSC is a "Covered Person" Under CERCLA § 107(a)

56-57. The allegations in paragraphs 56-57 are not asserted against Kimberly-Clark, so Federal Rule of Civil Procedure 8(b) does not require Kimberly-Clark to respond to them. Furthermore, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 56-57, and on that basis, denies them.

### NewPage is a "Covered Person" Under CERCLA § 107(a)

58-59. The allegations in paragraphs 58-59 are not asserted against Kimberly-Clark, so Federal Rule of Civil Procedure 8(b) does not require Kimberly-Clark to respond to them. Furthermore, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 58-59, and on that basis, denies them.

### Glatfelter is a "Covered Person" Under CERCLA § 107(a)

60-61. The allegations in paragraphs 60-61 are not asserted against Kimberly-Clark, so Federal Rule of Civil Procedure 8(b) does not require Kimberly-Clark to respond to them. Furthermore, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 60-61, and on that basis, denies them.

### U.S. Paper is a "Covered Person" Under CERCLA § 107(a)

62-63. The allegations in paragraphs 62-63 are not asserted against Kimberly-Clark, so Federal Rule of Civil Procedure 8(b) does not require Kimberly-Clark to respond to them. Furthermore, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 62-63, and on that basis, denies them.

### WTM is a "Covered Person" Under CERCLA § 107(a)

64-65. The allegations in paragraphs 64-65 are not asserted against Kimberly-Clark, so Federal Rule of Civil Procedure 8(b) does not require Kimberly-Clark to respond to them.

Furthermore, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 64-65, and on that basis, denies them.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Cost Recovery For API's Response Costs)

66. Kimberly-Clark adopts and realleges its answers to Paragraphs 1 through 65 of API's Cross-claims as and for its answer to Paragraph 66 of API's Cross-claims.

67. Paragraph 67 states a legal conclusion to which no answer is required. To the extent that a response is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 67 of API's Cross-claims.

68. Paragraph 68 states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 68 to the extent that such allegations relate to Kimberly-Clark; to the extent that such allegations relate to other parties, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies the allegations in Paragraph 68 of the Amended Complaint.

### SECOND CLAIM FOR RELIEF
(Cost Recovery For Past Payments Related to Natural Resource Damages)

69. Kimberly-Clark adopts and realleges its answers to Paragraphs 1 through 65 of API's Cross-claims as and for its answer to Paragraph 69 of API's Cross-claims.

70. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies the allegations in Paragraph 70 of the Amended Complaint.

71. Kimberly-Clark admits the allegations contained in Paragraph 71 of API's Cross-claims.

72. Paragraph 72 states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 72 to the extent that such allegations relate to Kimberly-Clark; to the extent that such allegations relate to other parties, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies the allegations in Paragraph 72 of API's Cross-claims.

73. Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies the allegations in Paragraph 73 of API's Cross-claims.

74. Paragraph 74 states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Kimberly-Clark denies the allegations contained in

7
4816-8356-5837.2
Case 1:10-cv-00910-WCG    Filed 05/10/12    Page 7 of 14    Document 423

Paragraph 74 to the extent that such allegations relate to Kimberly-Clark; to the extent that such allegations relate to other parties, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies the allegations in Paragraph 74 of API's Cross-claims.

## THIRD CLAIM FOR RELIEF
### (Contribution For API's Response Costs)

75. Kimberly-Clark adopts and realleges its answers to Paragraphs 1 through 65 of API's Cross-claims as and for its answer to Paragraph 75 of API's Cross-claims.

76. Kimberly-Clark admits the allegations in Paragraph 76 of API's Cross-claims.

77. Kimberly-Clark admits the allegations in Paragraph 77 of API's Cross-claims.

78. Kimberly-Clark admits that the decisions in the *Whiting* Litigation are not final and have not been appealed. With respect to the remaining allegations of Paragraph 78, they state a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 78 to the extent that such allegations relate to Kimberly-Clark; to the extent that such allegations relate to other parties, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies the allegations in Paragraph 78 of API's Cross-claims.

## FOURTH CLAIM FOR RELIEF
### (Contribution for Overpayments of Natural Resource Damages)

79. Kimberly-Clark adopts and realleges its answers to Paragraphs 1 through 65, 71 through 73, and 76 through 78 of API's Cross-claims as and for its answer to Paragraph 79 of API's Cross-claims.

80. Paragraph 80 states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, Kimberly-Clark denies the allegations contained in Paragraph 80 to the extent that such allegations relate to Kimberly-Clark; to the extent that such allegations relate to other parties, Kimberly-Clark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies the allegations in Paragraph 80 of API's Cross-claims.

## AFFIRMATIVE DEFENSES

Kimberly-Clark states as its affirmative defenses to API's Cross-claims as follows:

## FIRST AFFIRMATIVE DEFENSE

Each purported cause of action is barred, in whole or in part, by the doctrine of waiver.

## SECOND AFFIRMATIVE DEFENSE

Each purported cause of action is barred, in whole or in part, by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

Each purported cause of action is barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Each purported cause of action is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

One or more of API's causes of action is barred in whole or in part by applicable statutes of limitation, or by any applicable limitations periods agreed upon by the parties in writing.

## SIXTH AFFIRMATIVE DEFENSE

On information and belief, API and/or third parties failed to use reasonable care and diligence to mitigate and to avoid and/or minimize the injuries or damages alleged.

## SEVENTH AFFIRMATIVE DEFENSE

The response costs purportedly incurred and/or to be incurred by API and claimed under API's Cross-claims are, and will be, unnecessary and inconsistent with the National Contingency Plan.

**EIGHTH AFFIRMATIVE DEFENSE**

The costs purportedly incurred and/or to be incurred by API and claimed under API's Cross-claims are not, and will not be, "response costs" within the meaning of CERCLA §§ 101(23), (24) and (25), 42 U.S.C. §§ 9601(23), (24), and (25), and applicable federal common law, and certain of these costs are not necessary costs of response under CERCLA § 107(a), 42 U.S.C. § 9607(a).

**NINTH AFFIRMATIVE DEFENSE**

API has failed to join all parties whose presence is needed for a just adjudication in this matter.

**TENTH AFFIRMATIVE DEFENSE**

In the event that Kimberly-Clark is held liable to API, all such liability being expressly denied, then liability should be held on a proportional basis taking into account the contributions of all other parties, including API, the other named defendants, persons that API has sued and then dismissed by reason of settlement or otherwise, and all other persons and entities in any way responsible for conditions in the Lower Fox River Site.

**ELEVENTH AFFIRMATIVE DEFENSE**

The alleged release or threatened release of contaminants and any resulting injury and/or damage were caused solely by the acts or omissions of entities other than Kimberly-Clark.

## TWELFTH AFFIRMATIVE DEFENSE

The contribution of Kimberly-Clark, if any, to the PCB contamination in the Lower Fox River was so infinitesimal that any allocation of liability to Kimberly-Clark would be inequitable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Pursuant to the Small Business Liability Relief and Brownfields Revitalization Act and Section 107(o) of CERCLA, 42 U.S.C. § 9607(o), Kimberly-Clark is exempt from liability as a *de micromis* party, if it has any liability at all.

## FOURTEENTH AFFIRMATIVE DEFENSE

API is a recipient of a Unilateral Administrative Order pursuant to section 106(a) of CERCLA, 42 U.S.C. § 9606(a), so API may not bring a claim to recover costs pursuant to section 107(a)(1-4), 42 U.S.C. § 9607(a)(1-4), but instead may only bring a contribution claim pursuant to section 113(f), 42 U.S.C. § 9613(f).

## FIFTEENTH AFFIRMATIVE DEFENSE

API's claims are barred in whole or in part because the harms at this Site are divisible, or a reasonable basis for apportioning liability exists, and Kimberly-Clark is not jointly and severally liable for some or all of the response actions, response costs, and damages for which API seeks recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE

API's Cross-claims fail to state any claims upon which relief can be granted.

11

## **SEVENTEENTH AFFIRMATIVE DEFENSE**

Kimberly-Clark reserves the right to rely upon and raise any and all affirmative, separate and/or additional defenses asserted by any other defendant or that may become available as this action progresses.

WHEREFORE, Defendant Kimberly-Clark Corporation denies that API is entitled to recover on any claim stated in API's Cross-claims, and requests that this Court (1) enter judgment in its favor and against API on all counts, (2) award its costs of suit, and (3) enter such other and further relief as the Court deems just and appropriate.

Dated: May 10, 2012

          Respectfully submitted,

          KIMBERLY-CLARK CORPORATION


          By: /s/ Sarah A. Slack
              One of Its Attorneys

Sarah A. Slack, Esq. (1056510)
Foley & Lardner LLP
150 East Gilman St.
Madison, WI 53703-1481
608.257.5035
608-258-4258 (Facsimile)
Email: sslack@foley.com

Linda E. Benfield, Esq. (1004937)
Paul Bargren, Esq. (1023008)
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400
414.297.4900 (Facsimile)
Email: lbenfield@foley,com;
pbargren@foley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2012, I electronically filed the foregoing DEFENDANT KIMBERLY-CLARK CORPORATION'S ANSWER TO APPLETON PAPERS INC.'S CROSS-CLAIMS, with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

| | |
|---|---|
| Adam B Silverman | silvermana@gtlaw.com |
| Alexandra Reeve Givens | agivens@cravath.com |
| Anthony S Wachewicz, III | tonywa@ci.green-bay.wi.us |
| Arthur A Vogel, Jr. | arthur.vogel@quarles.com |
| Bradley M Marten | bmarten@martenlaw.com |
| Brandon J Evans | bje@hermeslawltd.com |
| Caleb J Holmes | holmesc@gtlaw.com |
| Charles Fried | fried@law.harvard.edu |
| Cynthia R Hirsch | hirschcr@doj.state.wi.us |
| Daniel C Murray | murrayd@jbltd.com |
| Darin P McAtee | dmcatee@cravath.com |
| David A Rabbino | drabbino@hgnlaw.com |
| David R Erickson | derickson@shb.com |
| David G Mandelbaum | mandelbaumd@gtlaw.com |
| Dennis P Birke | db@dewittross.com |
| Elizabeth K Miles | emiles@dkattorneys.com |
| Eric W Ha | eha@sidley.com |
| Ericka L Krumrie | elk@hermeslawltd.com |
| Evan B Westerfield | evanwesterfield@sidley.com |
| Evan R Chesler | echesler@cravath.com |
| Francis A Citera | criteraf@gtlaw.com |
| Gregory A Krauss | gkrauss@krausspllc.com |
| Gregory J Haanstad | greg.haanstad@usdoj.gov |
| Heidi D Melzer | hdm@hermeslawltd.com |
| Ian AJ Pitz | iapitz@michaelbest.com |
| Iva Ziza | Iva.Ziza@usdoj.gov |
| James P Walsh | jim.walsh@appleton.org, mailto:jamie.sova@appleton.org |
| Jeffrey A Spector | jeffrey.spector@usdoj.gov |
| Joshua M Levin | joshua.levin@usdoj.gov |
| Karl S Lytz | karl.lytz@lw.com |
| Kathleen L Roach | kroach@sidley.com |
| Kelly J Noyes | knoyes@vonbriesen.com |
| Kevin J Lyons | klyons@dkattorneys.com |
| Kristin Michelle Furrie | kristin.furrie@usdoj.gov |
| Linda E Benfield | lbenfield@foley.com |
| Linda R Larson | llarson@martenlaw.com |

| | |
|---|---|
| Marc E Davies | daviesm@gtlaw.com |
| Margaret I Hoefer | mhoefer@staffordlaw.com |
| Margaret R Sobota | msobota@sidley.com |
| Mary Rose Alexander | mary.rose.alexander@lw.com, mailto:chefiling@lw.com |
| Matthew R Oakes | matthew.oakes@usdoj.gov |
| Megan A Senatori | ms@dewittross.com |
| Meline G MacCurdy | mmaccurdy@martenlaw.com |
| Michael L Hermes | mlh@hermeslawltd.com |
| Michael P Carlton | mcarlton@vonbriesen.com |
| Monique M Mooney | mooneym@gtlaw.com |
| Nancy K Peterson | nancy.peterson@quarles.com |
| Omid H Nasab | onasab@cravath.com |
| Patrick J Ferguson | patrick.ferguson@lw.com |
| Paul Bargren | pbargren@foley.com |
| Paul G Kent | pkent@staffordlaw.com |
| Peter C Karegeannes | beth.erlitz@quarles.com |
| Philip C Hunsucker | phunsucker@hgnlaw.com |
| Randall M Stone | randall.stone@usdoj.gov |
| Richard C Yde | ryde@staffordlaw.com |
| Ronald R Ragatz | rrr@dewittross.com |
| S Todd Farris | stf@ffsj.com |
| Sabrina Mizrachi | mizrachis@gtlaw.com |
| Sandra C Goldstein | sgoldstein@cravath.com |
| Sarah A Slack | sslack@foley.com |
| Scott W Hansen | shansen@reinhartlaw.com |
| Stephen F McKinney | smckinney@hsblawfirm.com |
| Steven P Bogart | sbogart@reinhartlaw.com |
| Susan E Lovern | slovern@vonbriesen.com |
| Susan M Knepel | susan.knepel@usdoj.gov |
| Tara M Mathison | tmathison@dkattorneys.com |
| Ted A Warpinski | taw@ffsj.com |
| Ted Waskowski | twaskowski@staffordlaw.com |
| Thomas Armstrong | tarmstro@vonbriesen.com |
| Thomas M Phillips | tphillip@reinhartlaw.com |
| Thomas R Gottshall | lgantt@hsblawfirm.com |
| Vanessa A. Lavely | vlavely@cravath.com |
| William H Harbeck | william.harbeck@quarles.com |
| William J Mulligan | wmulligan@dkattorneys.com, |

/s/ Sarah A. Slack