UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN, GREEN BAY DIVISION

UNITED STATES OF AMERICA
AND THE STATE OF WISCONSIN,

        Plaintiffs,

        v.

NCR CORPORATION, et al.,

        Defendants.

Case No. 10-C-910

### REPLY MEMORANDUM OF DEFENDANT P.H. GLATFELTER COMPANY IN SUPPORT OF ITS MOTION TO DISMISS APPLETON PAPERS INC.'s CROSS-CLAIMS

Appleton Papers Inc. ("API") devotes less than a page to the P.H. Glatfelter Company's ("Glatfelter's") motion to dismiss API's cross-claims, Dkt. No. 417. *See* Memorandum of Defendant Appleton Papers Inc. in Opposition to Motions to Dismiss Cross Claims, Dkt. No. 432, at 13. API does not offer a response, because there is none to offer.

The very claims that API now seeks to assert in this case are identical to those it asserted in *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 2:08-cv-16-WCG (E.D. Wis. filed Jan. 7, 2008)("*Whiting*"). To the extent these claims will not be decided further in *Whiting,* it is because API did not prevail on those claims in *Whiting*. The facts that supported entry of an order dismissing the United States' claims against API (what API calls the "No Liability Decision") in this case have not changed since API filed *Whiting*. If those facts had a bearing on the claims API brought in 2008 in *Whiting*, API was obligated to bring those facts to the parties' and the Court's attention in *Whiting* at the time. There was ample opportunity to do so.

If API found asserting its defenses awkward in its role as a plaintiff, API should have simply waited to commence *Whiting*. Instead, API chose to bring its claims in 2008.

API wants a do-over, and understandably so. But *Whiting* counts. *Whiting* cost the parties and the Court thousands of hours and millions of dollars. Whether API is entitled to a second bite at the apple is a question to be decided in *Whiting*, not in this case. API does not want it decided there because it fears that in *Whiting* all that effort over all this time will be given real weight, and there will be no second bite.

Courts in this circuit give priority to an earlier filed case. "When duplicative actions are filed in different federal courts, 'the general rule favors the forum of the first-filed suit.'" *National Union Fire Ins. Co. v. Mead Johnson & Co.*, 2011 U.S. Dist. LEXIS 148852 at *6-7 (S.D. Ind. Dec. 28, 2011)(quoting *Valbruna Stainless, Inc. v. Consolidated Pipe & Supply Co.*, 2010 U.S. Dist. LEXIS 22345 at *3 (N.D. Ind. Mar. 9, 2010), and *Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009)). Courts may depart from this first-to-file rule when, in an exercise of discretion, equitable or case management factors militate in favor of allowing the later-filed case to proceed. *See, e.g., Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 626 F.3d 973 (7th Cir. 2010). No such factors exist here. The two cases are among the same parties in the same court before the same judge. The case in which the claims were first filed and first decided should govern, and that case is *Whiting*.

API filed *Whiting* on the premise that it had a common liability with the defendants. API wants to have that tactical choice back again. It cannot properly achieve that do-over by filing a second case. That is what API has done here, and its claims should be dismissed. *Whiting* should count.

Dated: June 15, 2012

    Respectfully Submitted,

    s/ David G. Mandelbaum
    David G. Mandelbaum
    Francis A. Citera
    Marc E. Davies
    Caleb J. Holmes
    Adam B. Silverman
    Philadelphia, PA  19103
    215.988.7800
    mandelbaumd@gtlaw.com

    **Attorneys for Defendant P.H. Glatfelter Company**

3

PHI 316,897,938v1 6-15-12
Case 1:10-cv-00910-WCG   Filed 06/15/12   Page 3 of 4   Document 434

# CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of June, 2012, a true and correct copy of the foregoing was filed electronically via the Electronic Court Filing system and is available for viewing and downloading.

/s/ David G. Mandelbaum
David G. Mandelbaum
Greenberg Traurig LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7800
Facsimile: (215) 988-7801
mandelbaumd@gtlaw.com