IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 10-C-910 ) ) |
| NCR CORPORATION, APPLETON PAPERS INC., BROWN COUNTY, CITY OF APPLETON, CITY OF GREEN BAY, CBC COATING, INC., GEORGIA-PACIFIC CONSUMER PRODUCTS LP, KIMBERLY-CLARK CORPORATION, MENASHA CORP., NEENAH-MENASHA SEWERAGE COMMISSION, NEWPAGE WISCONSIN SYSTEMS, INC., P.H. GLATFELTER CO., U.S. PAPER MILLS CORP., and WTM I COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

_____

**NCR CORPORATION'S OPPOSITION TO PLAINTIFF UNITED STATES'
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON AFFIRMATIVE
DEFENSES BASED ON ALLEGED FEDERAL LIABILITY UNDER CERCLA**
_____

NCR Corporation ("NCR"), by and through its undersigned counsel, respectfully submits this Opposition to Plaintiff United States' Motion for Partial Judgment on the Pleadings on Affirmative Defenses Based on Alleged Federal Liability (Dkt. # 430) (the "Motion").

**ARGUMENT**

The United States' Motion should be denied. First, the plain language of CERCLA and the relevant case law make clear that, as a matter of law, NCR is entitled to assert—and the Court should consider—equitable defenses to the United States' claim under CERCLA Section 106(a), including NCR's "unclean hands" affirmative defense. Second, NCR has alleged facts demonstrating the United States' role in exacerbating the contamination of the Lower Fox River and Green Bay (the "Site") that, if true (as they must be assumed for the purposes of this Motion) would allow NCR to prevail on its "unclean hands" affirmative defense. Accordingly, there is no basis for the relief sought by the United States.

**I. STANDARD OF REVIEW.**

The United States faces a heavy burden to prevail on its Motion.[1] A Rule 12(c) motion "should not be granted unless it appears beyond doubt that the [nonmovant] cannot prove any facts that would support his claim for relief". *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996); *see also Bembenek v. Donohoo*, 355 F. Supp. 2d 942, 948 (E.D. Wis. 2006) ("[A] court may grant a motion under Rule 12(c) only if the [nonmovant] can prove no set of facts that would entitle her to relief."); *Mentek v. Kenosha County Sheriff's Dep't*, No. 07-C-0239, 2008 WL 313197, at *4 (E.D. Wis. Jan. 31, 2008). Similarly, an affirmative defense will not be struck under Rule 12(f) if the defense is either sufficient as a matter of law, or raises questions of law or

---

[1] Though styled as a Rule 12(c) Motion for Partial Judgment on the Pleadings, the United States additionally notes that the Court may treat its motion as a request to strike the affirmative defense under Federal Rule of Civil Procedure 12(f). As such, NCR addresses both standards in this opposition.

2

fact. *Morris v. Swank Educ. Enters.*, No. 04 C 50056, 2004 WL 1918895, at *2 (N.D. Ill. Jul. 9, 2004); *see also Riemer v. Chase Bank*, 275 F.R.D. 492, 494 (N.D. Ill. 2011) ("Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.") (internal citations omitted).

## II. AS A MATTER OF LAW, NCR IS ENTITLED TO ASSERT ITS "UNCLEAN HANDS" AFFIRMATIVE DEFENSE.

A claim pursuant to Section 106(a) of CERCLA, such as the United States' Fifth Claim for Relief at issue here, plainly gives rise to an "unclean hands" affirmative defense. In assessing a claim for equitable relief under Section 106(a), a district court "shall have jurisdiction to grant such relief as the public interest *and the equities of the case* may require". 42 U.S.C. § 9606(a) (emphasis added). Because the United States' claim here is for specific performance with the UAO (Dkt. #30 at 30 ¶¶ 129-132), *an inherently equitable remedy*, the statute *requires* that this Court consider all relevant equitable factors, including NCR's "unclean hands" defense. *United States v. Apex Oil Co.*, 579 F.3d 734, 736 (7th Cir. 2009) (finding specific performance is "a type of injunction and therefore an equitable remedy"). Indeed, courts have found that the consideration of equitable factors under Section 106 must necessarily include consideration of equitable defenses. *See, e.g.*, *Velsicol Chem. Corp. v. Enenco, Inc.*, 9 F.3d 524, 530 (6th Cir. 1993) (finding that "equitable defenses [should be permitted] in an inherently equitable proceeding and sections 106 and 113 both permit equitable considerations") (citing *United States v. Davis*, 794 F. Supp. 67, 71 (D.R.I. 1992)); *United States v. Kramer*, 757 F. Supp. 397, 413 (D.N.J. 1991) (finding that the language of Section 106 explicitly contemplates consideration of equitable factors). The affirmative defense of "unclean hands" is precisely such an equitable defense. *See, e.g.*, *Scheiber v. Dolby Lab., Inc.*, 293 F.3d

3

1014, 1022 (7th Cir. 2002) ("[Unclean hands can be asserted…as a defense to a claim for equitable relief.").

Thus, it is clear that, as a matter of law, NCR is entitled to assert its "unclean hands" affirmative defense regarding the United States' own contribution to, and liability for, the Site's contamination.

## III. NCR HAS ADEQUATELY PLED, AND CAN ULTIMATELY PROVE, FACTS THAT SUPPORT ITS "UNCLEAN HANDS" AFFIRMATIVE DEFENSE.

NCR's "unclean hands" defense is also supported by well-pled allegations in its Amended Answer, as well as facts in the record. For example, NCR has alleged that:

- Over the last fifty years, the United States, through its Army Corps of Engineers ("ACOE"), excavated, dredged and disposed of millions of cubic yards of sediment containing PCBs and other hazardous substances at the Site. (Dkt. #82 at 49 ¶ 23.)

- During this time, ACOE engaged in a number of dredging and disposal practices that caused massive adverse impacts including the disturbance and resuspension of sediment deposits at the Site. (*Id.* ¶¶ 23-24.)

- Absent these improper actions by ACOE, the new deposits would never have been created and the original deposits otherwise would have recovered naturally through burial by cleaner sediments. (*Id.* ¶ 23.)

- These new deposits created by ACOE contain high concentrations of PCBs and other hazardous substances. (*Id.* ¶¶ 23-24.)

These allegations must be taken as true for the purposes of this Motion. *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011). Significantly, the United States does not dispute its culpability. In fact, the United States has expressly *acknowledged* its responsibility for at least some contamination at the Site. (Dkt. #431 at 4.)

The record is also replete with facts that support NCR's affirmative defense. For example, NCR has presented the Court with expert testimony that the ACOE used a host of

4

improper dredging practices—even after it knew that those practices were potentially contributing to the release of hazardous substances. (Dkt. #254 at 2.)

Given these allegations and evidence, NCR may be able to prove facts sufficient to prevail on its "unclean hands" affirmative defense. The Motion should therefore be denied under Rule 12(c) and Rule 12(f). *See, e.g.*, *Frey*, 91 F.3d at 46 ("[The Rule 12(c)] motion should not be granted unless it appears beyond doubt that the [nonmovant] cannot prove any facts that would support his claim for relief."); *Nw. Corp. v. Gabriel Mfg. Co.*, No. 95 C 2004, 1996 WL 966144, at *13 (N.D. Ill. Dec. 18, 1996) ("Motions to strike defenses…may be granted only if the defense is patently defective and could not succeed under any set of circumstances."); *Riemer*, 275 F.R.D. at 494 ("It is only when the defense on its face is patently frivolous or clearly invalid, that Rule 12(f) requires that it be stricken. And that generally occurs only if it appears that the defendant cannot succeed under any set of facts that appear in or which may fairly be inferred from the defendant's pleading.").

## CONCLUSION

For the foregoing reasons, NCR respectfully requests that this Court deny Plaintiff United States' Motion for Partial Judgment on the Pleadings on Affirmative Defenses Based on Alleged Federal Liability under CERCLA.

Dated: June 25, 2012                    Respectfully submitted,

NCR CORPORATION

/s/ Darin P. McAtee

*Counsel for NCR Corporation*
CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Darin P. McAtee
Yonatan Even
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Evan B. Westerfield
Eric W. Ha
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601