IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | |
| Plaintiffs, | No. 10-CV-910-WCG |
| v. | |
| NCR CORPORATION, *et al.*, | |
| Defendants. | |

**DEFENDANT APPLETON PAPERS INC. MOTION TO STAY OR STRIKE NCR CORPORATION'S MOTION TO ENFORCE THE 40/60 COST-SHARING JUDGMENT AND FOR ENTRY OF AN ORDER COMPELLING ARBITRATION**

Defendant Appleton Papers Inc. ("API"), by its undersigned counsel, pursuant to Sections 3 and 4 of the Federal Arbitration Act, 42 U.S.C. §§ 3-4, respectfully moves the Court for entry of an order to (1) stay consideration of NCR Corporation's Motion to Enforce the 40/60 Cost-Sharing Judgment (Dkt. 467), and (2) compel arbitration of the parties' underlying dispute in accordance with the alternative dispute resolution process mandated by a written agreement, described below, to which API and NCR are parties. Alternatively, API moves to strike the Motion. API also seeks an award of its costs and attorneys' fees. In support thereof, API alleges and states:

1. NCR's Motion to Enforce the 40/60 Cost-Sharing Judgment (Dkt. 467) ("Motion") arises from a dispute between API and NCR regarding the parties' obligations under a certain written 1998 Settlement Agreement ("1998 Agreement"). The 1998 Agreement involves "commerce" within the meaning of 9 U.S.C. § 2.

2. The 1998 Agreement contains provisions establishing an alternative dispute resolution process, culminating in binding arbitration. Under the 1998 Agreement, the parties' dispute is subject to arbitration if it is not resolved.

3. In its Motion and supporting brief (Dkt. 468), NCR acknowledges the agreement to arbitrate, but does not dispute either the validity of the agreement or the fact that the dispute is referable to arbitration under the Agreement.

4. By filing the Motion and asking the Court to resolve the parties' dispute, NCR is attempting to avoid and/or evade its obligation under the 1998 Agreement to arbitrate the dispute.

5. Pursuant to 9 U.S.C. § 3, the Court is required to stay consideration of the Motion until such arbitration has been had in accordance with the 1998 Agreement. Pursuant to 9 U.S.C.§ 4, API is entitled to an order directing the parties to proceed with arbitration in accordance with the terms of the 1998 Agreement.

6. In the alternative, the Motion should be stricken because it is procedurally improper.

7. The grounds for this Motion are set forth with greater particularity in the Memorandum of Defendant Appleton Papers Inc. in Support of Motion to Stay or Strike NCR Corporation's Motion to Enforce the 40/60 Cost-Sharing Judgment and for Entry of an Order Compelling Arbitration, which is being filed with this Motion.

Dated this 3rd day of August, 2012.

Respectfully submitted,

APPLETON PAPERS INC.

By: /s/ Ronald R. Ragatz
     One of Its Attorneys

Counsel for Appleton Papers Inc.:

| | |
|---|---|
| Michael L. Hermes (#1019623) | Ronald R. Ragatz (#1017501) |
| Heidi D. Melzer (#1076125) | Dennis P. Birke (#1018345) |
| Hermes Law, Ltd. | Megan A. Senatori (#1037314) |
| 333 Main Street, Suite 601 | DeWitt Ross & Stevens S.C. |
| Green Bay, WI 54301 | Two East Mifflin Street |
| (920) 436-9870 | Madison, WI 53703 |
| Fax: (920)436-9871 | (608) 255-8891 |
| | Fax: (608) 252-9243 |

Gregory A. Krauss
Gregory A. Krauss PLLC
1629 K St. NW
Suite 300
Washington, DC 20006
(202) 355-6430