IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

                Plaintiffs,                Civil Case No. 10-C-910

    v.

NCR CORPORATION, et al.

                Defendants.

**ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) REGARDING REVIEW OF CERTAIN ELECTRONICALLY STORED DOCUMENTS**

Based upon the Stipulation of the parties pursuant to Federal Rule of Evidence 502(d) regarding review of certain electronically stored documents, Docket [477], **IT IS HEREBY ORDERED**:

1. By August 13, 2012, Menasha will provide a list of the electronic hardware that contains ESI that could reasonably be expected to contain information responsive to discovery request from Menasha (the "identified electronic hardware").

2. Within two days of the entry of this Order or two days after receiving Menasha's list pursuant to Paragraph 1, whichever is later, the United States and Wisconsin shall produce the identified electronic hardware to Menasha. The United States and Wisconsin shall not delay production of the identified electronic hardware to Menasha in order to access the data on the media and conduct a review of responsiveness and privilege.

3. Menasha may access the identified electronic hardware produced in order to find information responsive to its discovery requests. Menasha shall bear all of its own costs associated with accessing the identified electronic hardware, retrieving data, and reviewing it.

4. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged information or documents consistent with the terms of this order shall not waive the claim of privilege or protection in any federal or state proceeding.

5. The United States, Wisconsin, and Menasha agree not to assert in any federal or state proceeding that the production of the ESI from the identified electronic hardware pursuant to this order constitutes a waiver of any privilege, protection, Freedom of Information Act exemption, or other exemption from further disclosure.

6. If Menasha identifies any ESI on the identified electronic hardware that appears on its face, or in light of facts known to Menasha, to be potentially privileged, Menasha shall promptly sequester the electronic file containing such information, notify the Parties, and provide a copy of the file to the Party holding the potential claim of privilege (the "Potential Privilege Holder"). Such notification and sequestering will not waive Menasha's ability to subsequently challenge any assertion of privilege with respect to the identified document. Within 5 business days of receiving from Menasha a copy of a file containing potentially privileged information, the Potential Privilege Holder shall notify the Parties whether it wishes to assert a claim of privilege or protection over the information.

7. If Menasha retains any ESI from the identified electronic hardware that contain responsive information ("Identified Files"), it shall produce a copy of such Identified Files to the United States and to Wisconsin within 10 days of completion of Menasha's review of the identified electronic hardware.

8. If Menasha shares any of the Identified Files with a member of the Joint Defense Group, such member must agree to be equally bound by the terms of this Stipulation and Order prior to receiving the Identified Files.

9. If the United States or Wisconsin determines, after reviewing the Identified Files, that the Identified Files contain information on which it wishes to make a claim of privilege or protection, the Potential Privilege Holder shall, within 14 days of identifying the claim of privilege, give all counsel of record notice of the claim. The notice must identify the document(s) that is (are) privileged and the date the document(s) was (were) produced. If the Potential Privilege Holder claims that only a portion of the document is privileged, the Potential Privilege Holder shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly privileged portions redacted.

10. Within fourteen days of the completion of Menasha's review of the ESI on the identified electronic hardware, Menasha shall return all identified electronic hardware produced pursuant to this order to the Party that produced it. Menasha may retain copies of non-privileged Identified Files, but may not retain or disclose any other data from the identified electronic hardware.

11. The Parties state that they have entered into this Stipulation and Order because of the particular circumstances relevant to this case only.

Dated this __15th__ day of August, 2012.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge