IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | |
| Plaintiffs, | Civil Action No. 10-C-910 |
| v. | Hon. William C. Griesbach |
| NCR CORPORATION, et al. | |
| Defendants. | |

**PLAINTIFFS UNITED STATES OF AMERICA'S AND THE STATE OF WISCONSIN'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT MENASHA CORPORATION'S NOTICES OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

The United States and the State of Wisconsin ("Wisconsin") (collectively, "Plaintiffs") hereby provides its responses and objections ("Responses") to Menasha Corporation's ("Menasha") Notices of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) dated August 1, 2012 directed to the United States and Wisconsin (the "Notices").

**GENERAL RESPONSES AND OBJECTIONS**

1. The United States and Wisconsin object to the Notices to the extent that they purport to impose requirements beyond those contained in the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Wisconsin, any Order of the Court, or the Parties' agreements pertaining to the scope of discovery, including, but not limited to, the following agreements and Orders in this case: (1) the Parties' Agreement Relating to the Preservation and Production of Documents, Attachment 1 to the Parties' Joint Discovery Plan, Dkt. 260; and (2) the Court's Supplemental Case Management Order, Dkt. No. 401.

1

2. The United States and Wisconsin object to the Notices to the extent that they seek classified materials or information protected from disclosure by the attorney-client privilege, the work product doctrine, the deliberative process privilege, the joint prosecution or common interest privilege, any state or federal right of privacy, or any other cognizable privilege. Inadvertent disclosure of any privileged or protected information shall not constitute a waiver of any privilege nor a waiver of any rights the United States may have to secure the return of such material and/or object to the use of such material, including the use of any such material in any subsequent proceedings in this case or at trial.

3. The United States and Wisconsin object to the Notices to the extent they seek any information or documents that the United States and Wisconsin have obtained at the direction of counsel from the public domain, as such documents and information are privileged work product inasmuch as the particular documents chosen for copying by legal representatives would reflect counsel's impressions and thought processes.

4. The United States and Wisconsin object to the Notices to the extent they seek information or documents not in the possession, custody, or control of the United States and Wisconsin.

5. The United States and Wisconsin object to the Notices to the extent they are ambiguous, vague, unclear, or not susceptible to a commonly understood meaning.

6. The United States and Wisconsin object to the Notices to the extent they require the review or analysis of records and documents where such review or analysis would be unduly burdensome, duplicative, cumulative, or require the disclosure of work product or other protected information.

7. The United States and Wisconsin object to the Notices to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

The United States and Wisconsin object to the Notices to the extent that they are overbroad, unduly burdensome, or irrelevant, and to the extent they seek discovery regarding issues that are not relevant to Phase 1 of this litigation.

8. The United States and Wisconsin object to the Notices as not reasonably calculated to lead the discovery of admissible evidence. Judicial review regarding the United States' and Wisconsin's selection of remedy is limited to the administrative record. 42 U.S.C. § 9613(j)(1).

9. The United States and Wisconsin object to the instruction to produce documents at the deposition because Attachment A to the Notices does not meet the requirements for a Request for Production pursuant to Fed. R. Civ. P. 34(b). If Attachment A could be construed as a Request for Production pursuant to Fed. R. Civ. P. 34, the United States and Wisconsin object to the request to produce documents to the extent it can be interpreted to require the production of documents beyond the Requests for the Production of documents that Menasha has previously served on May 7, 2012, May 25, 2012, June 8, 2012, and June 11, 2012. In response to those requests, the United States and Wisconsin have produced and will continue to produce documents relevant to the topics identified in Attachment A to the Notices, subject to the Plaintiffs' objections to those Requests including the objection to the term "dredging operations" as stated in the Plaintiffs' Objections and Responses to Menasha's First Request for Production dated June 11, 2012.

All testimony provided in response to the Notices is taken subject to, and without waiver, of any objections asserted herein:

## SPECIFIC RESPONSES AND OBJECTIONS
## TO DEPOSITION TOPICS

**1. Movement of PCBs in the Lower Fox River and Green Bay ("the Site"), including but not limited to:**

3

a. Processes that do or may cause movement of PCBs at the Site;
b. Efforts to sample PCBs at the Site;
c. Efforts to model the movement of PCBs at the Site, including but not limited to those modeling efforts listed in the items below:
    i. Development and use of the Whole Lower Fox River Model ("wLFRM") at the Site;
    ii. Development and use of the Fox River Food Model ("FRFood") at the Site;
    iii. Development and use of all other models used in the decision making process at the Site; and,
    iv. The decision to use the other models as part of the remedial decision process;

**RESPONSE:** The United States and Wisconsin object to this set of topics as not reasonably calculated to lead to the discovery of admissible evidence to the extent that the Notice seeks information beyond the administrative record contrary to 42 U.S.C. § 9613(j)(1). Notwithstanding the objection, the United States and Wisconsin designate deponents for these topics as follows:

| Topic | United States | Wisconsin |
|---|---|---|
| 1(a) | The United States intends to designate Joseph Gailani, who will be produced for deposition at a mutually convenient date and location. | The State of Wisconsin designates Gregory Hill, who is scheduled for a deposition in Madison, Wisconsin on August 23, 2012. |
| 1(b) | The United States designates James Hahnenberg, who is scheduled for a deposition on August 28, 2012 in Milwaukee, Wisconsin. | The State of Wisconsin designates Gregory Hill, who is scheduled for a deposition in Madison, Wisconsin on August 23, 2012. |
| 1(c)(i) & (ii) | The United States designates James Hahnenberg, who is scheduled for a deposition on August 28, 2012 in Milwaukee, Wisconsin. | The State of Wisconsin designates Xiaochun Zhang, who is scheduled for a deposition in Madison, Wisconsin on August 24, 2012. |
| 1(c)(iii) & (iv) | The United States designates James Hahnenberg, who is scheduled for a deposition on August 28, 2012 in Milwaukee, Wisconsin. | The State of Wisconsin designates Gregory Hill, who is scheduled for a deposition in Madison, Wisconsin on August 23, 2012. |

2. **Information provided by the United States Army Corps of Engineers ("USACE") to the State of Wisconsin on dredging, including but not limited to the information on dredging discussed in Model Evaluation Workgroup Technical Memorandum 2g (July 23, 1999) ("Tech Memo 2g");**

**RESPONSE:** The United States intends to designate Jan Miller, who will be produced for deposition at a mutually convenient date and location. The State of Wisconsin designates James Killian, who is scheduled for a deposition on August 20, 2012 in Madison, Wisconsin.

3. **The conclusions reached in Tech Memo 2g, including;**
   a. **". . . open water disposal of dredge spoils occurred during a period believed to coincide with the peak use (and discharge) of polychlorinated biphenyls (PCBs) in the Lower Fox River. More than 3.1 million cubic meters (4.1 million cubic yards) of potentially PCB contaminated material was disposed in open water locations" (Tech Memo 2g at 12); and,**
   b. **"Open water disposal may represent a potentially significant PCB transport pathway" (*Id.*);**

**RESPONSE:** The United States intends to designate Jan Miller, who will be produced for deposition at a mutually convenient date and location. The State of Wisconsin designates James Killian, who is scheduled for a deposition on August 20, 2012 in Madison, Wisconsin.

4. **Dredging performed at the Site by any person, including but not limited to the USACE and any of its contractors;**

**RESPONSE:** The United States and Wisconsin object to this topic as overly broad as it is unbounded in time. The United States intends to designate Jan Miller to the extent that the topic concerns navigational dredging, who will be produced for deposition at a mutually convenient date and location. The United States designates James Hahnenberg, who is scheduled for a deposition on August 28, 2012 in Milwaukee, Wisconsin, to the extent that the topic concerns response action dredging. The State of Wisconsin designates James Killian, who is scheduled for deposition in Madison, Wisconsin on August 20, 2012, to the extent that the topic concerns navigational dredging. The State of Wisconsin designates Gregory Hill, who is

5

scheduled for a deposition in Madison, Wisconsin on August 23, 2012, to the extent that the topic concerns response action dredging.

**5.     The impacts of dredging on the location of PCBs at the Site;**

**RESPONSE:**  The United States and Wisconsin object to this topic as vague, ambiguous, and overly broad.  The United States and Wisconsin further object to this topic to the extent that it seeks information that is the subject of expert testimony.  The United States and Wisconsin will designate a witness for factual information about the "impacts of dredging on the location of PCBs at the Site" only but any opinion testimony is only properly subject to expert testimony.

The United States intends to designate Joseph Gailani to the extent that the topic concerns navigational dredging, and he will be produced for deposition at a mutually convenient date and location.  The United States designates James Hahnenberg, who is scheduled for a deposition on August 28, 2012 in Milwaukee, Wisconsin, to the extent that the topic concerns response action dredging.  The State of Wisconsin designates James Killian, who is scheduled for deposition in Madison, Wisconsin on August 20, 2012, to the extent that the topic concerns navigational dredging.  The State of Wisconsin designates Gregory Hill, who is scheduled for a deposition on August 23, 2012 in Madison, Wisconsin, to the extent that the topic concerns response action dredging.

**6.     The location of any sediment after dredging at the Site, including but not limited to:**
**a.     The location(s) of any resuspended sediments;**

**RESPONSE:**  The United States and Wisconsin object to this topic as vague, ambiguous, and overly broad.  The United States and Wisconsin further object to this topic to the extent that it seeks information that is the subject of expert testimony.  The United States and Wisconsin

6

will designate a witness for factual information about "the location(s) of any resuspended sediments" only but any opinion testimony is only properly subject to expert testimony.

The United States intends to designate Joseph Gailani, who will be produced for deposition at a mutually convenient date and location. The State of Wisconsin designates Gregory Hill, who is scheduled for a deposition on August 23, 2012 in Madison, Wisconsin.

**6.b.    The location(s) where any open water disposal of sediments occurred;**

**RESPONSE:** The United States intends to designate Jan Miller, who will be produced for deposition at a mutually convenient date and location. The State of Wisconsin designates James Killian, who is scheduled for deposition in Madison, Wisconsin on August 20, 2012.

**7.    The construction and operation of Confined Disposal Facilities ("CDFs") at the Site, including but not limited to:**
   **a.    Any efforts by the State of Wisconsin or any of its departments or agencies to oppose placement of CDFs at the Site; and,**
   **b.    Any leaching or leaking of CDFs at the Site;**

**RESPONSE:** The United States and Wisconsin further object to this topic to the extent that it seeks information that is the subject of expert testimony. The United States and Wisconsin will designate a witness for factual information about the "leaching or leaking of CDFs at the Site" only but any opinion testimony is only properly subject to expert testimony. The United States intends to designate Jan Miller, who will be produced for deposition at a mutually convenient date and location. The State of Wisconsin designates Gary Kincaid, who is scheduled for a deposition in Madison, Wisconsin on August 20, 2012.

**8.    The impacts of CDFs on the location of PCBs in Green Bay;**

**RESPONSE:** The United States and Wisconsin object to this topic as vague, ambiguous, and overly broad. The United States and Wisconsin further object to this topic to the extent that it seeks information that is the subject of expert testimony. The United States and Wisconsin

7

will designate a witness for factual information about the "impacts of CDFs on the location of PCBs in Green Bay" only but any opinion testimony is only properly subject to expert testimony.

The United States intends to designate Jan Miller, who will be produced for deposition at a mutually convenient date and location. The State of Wisconsin designates Gary Kincaid, who is scheduled for a deposition in Madison, Wisconsin on August 20, 2012.

**9.    The development of the cost estimates for the remedial alternatives evaluated at the Site, including the remedial alternatives selected in the Records of Decision in 2003 and 2007 for Operable Units 3-5, and the Explanation of Significant Differences issued in 2012 [sic];**

**RESPONSE:** The United States and Wisconsin object to this topic as not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks information beyond the administrative record contrary to 42 U.S.C. § 9613(j)(1). The Untied States and the State also construe the topic as referencing the Explanation of Significant Differences issued in 2010. Notwithstanding their objections, and subject to that clarification, the United States and Wisconsin make the following designations:

| Topic | United States | Wisconsin |
|---|---|---|
| The development of the cost estimates for the remedial alternatives evaluated in the Records of Decision in 2003 for Operable Units 3-5 | The United States designates James Hahnenberg, who is scheduled for a deposition on August 28, 2012 in Milwaukee, Wisconsin. | The State of Wisconsin designates Edward Lynch, who is scheduled for a deposition in Madison, Wisconsin on August 22, 2012. |
| The development of the cost estimates for the remedial alternatives evaluated in the Records of Decision in 2007 for Operable Units 3-5 | The United States designates James Hahnenberg who is scheduled for a deposition on August 28, 2012 in Milwaukee, Wisconsin. | The State of Wisconsin designates Gregory Hill, who is scheduled for a deposition in Madison, Wisconsin on August 23, 2012. |
| The development of the cost estimates for the remedial alternatives evaluated in the Explanation of Significant Differences issued in 2010 | The United States designates James Hahnenberg who is scheduled for a deposition on August 28, 2012 in Milwaukee, Wisconsin. | The State of Wisconsin designates George Berken, who is scheduled for a deposition on August 27, 2012 in Milwaukee, Wisconsin. |

**10.    The United States Government's [or the State of Wisconsin's] document productions in this civil action, including:**
  **a.    All the methods used to locate and produce documents and electronically stored information;**
  **b.    Searches performed; and,**
  **c.    Each location searched.**

**RESPONSE:** The United States and Wisconsin object to this topic as unduly burdensome. The United States and Wisconsin have searched more than 25 separate offices and each of those offices may have to designate a different individual in order to respond appropriately to Menasha's requests. Further, the United States and Wisconsin have already explained in their written objections and in the extensive meet and confer meetings and letters the extent of the United States' and Wisconsin's efforts to locate documents and electronically stored information. A request to depose one or more witnesses on those topics is duplicative of those efforts and unduly burdensome.

The United States and Wisconsin also object to this topic to the extent is seeks information protected by the attorney client, attorney work product, or common interest privileges. Attorneys for the United States and Wisconsin have been closely involved in directing the search and production of documents so any deposition by oral examination on these topics is highly likely to solicit information that is protected by the attorney client, attorney work product, or common interest privileges.

Accordingly, the United States and Wisconsin propose to provide their response on this set of topics by no later than August 31, 2012, in the form of a written deposition response to the written questions posed above pursuant to Fed. R. Civ. P. 31(a)(4).

9

For the United States of America

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated:   August 16, 2012          /s/ *Kristin M. Furrie*
RANDALL M. STONE
JEFFREY A. SPECTOR
KRISTIN M. FURRIE
SUMONA N. MAJUMDAR
SEAN CARMAN
MAYA S. ABELA
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:     202-616-6515
Facsimile:     202-616-6584
E-Mail:        kristin.furrie@usdoj.gov


Dated:  August 16, 2012           /s/ *Joshua M. Levin*
JOSHUA M LEVIN
MATTHEW R. OAKES
PERRY M. ROSEN
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:     202-514-4198
Facsimile:     202-514-8865
E-Mail:        joshua.levin@usdoj.gov


GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI  53202

10

**For the State of Wisconsin**

Dated: August 16, 2012         s/ *Cynthia R. Hirsch*
                               CYNTHIA R. HIRSCH
                               Assistant Attorney General
                               Wisconsin Department of Justice
                               17 West Main Street
                               P.O. Box 7857
                               Madison, Wisconsin  53707-785
                               hirschcr@doj.state.wi.us

# CERTIFICATE OF SERVICE

I, Kristin M. Furrie, certify that on August 16, 2012, I caused a true and correct copy of PLAINTIFFS UNITED STATES OF AMERICA'S AND THE STATE OF WISCONSIN'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT MENASHA CORPORATION'S NOTICES OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) to be served on counsel of record via e-mail to:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**Brandon J. Evans**
Hermes Law Ltd.
bje@hermeslawltd.com

**S. Todd Farris**
Friebert Finerty & St. John SC
stf@ffsj.com

**Patrick J. Ferguson**
Latham & Watkins LLP
patrick.ferguson@lw.com

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Michael L. Hermes**
Hermes Law Ltd.
mlh@hermeslawltd.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein & Nelson PC
phunsucker@hgnlaw.com

**Peter C. Karegeannes**
Quarles & Brady LLP
peter.karegeannes@quarles.com

**Gregory A. Krauss**
Gregory Krauss pllc
gkrauss@krausspllc.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Ericka L. Krumrie**
Hermes Law Ltd
elk@hermeslawltd.com

**Linda R. Larson**
Marten Law PLLC
llarson@martenlaw.com

**Vanessa A. Lavely**
Cravath Swaine & Moore LLP
vlavely@cravath.com

**Susan E. Lovern**
von Briesen & Roper SC
slovern@vonbriesen.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**Meline G. MacCurdy**
Marten Law
mmaccurdy@martenlaw.com

**David G. Mandelbaum**
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

i

**Bradley M. Marten**
Marten Law
bmarten@martenlaw.com

**Tara M. Mathison**
Davis & Kuelthau SC
tmathison@dkattorneys.com

**Darin P. McAtee**
Cravath Swaine & Moore LLP
dmcatee@cravath.com

**Stephen F. McKinney**
Haynsworth Sinkler Boyd PA
smckinney@hsblawfirm.com

**Heidi D. Melzer**
Hermes Law Ltd.
hdm@hermeslawltd.com

**Elizabeth K. Miles**
Davis & Kuelthau SC
emiles@dkattorneys.com

**Sabrina Mizrachi**
Greenberg Traurig LLP
mizrachis@gtlaw.com

**Monique M. Mooney**
Greenberg Traurig LLP
mooneym@gtlaw.com

**William J. Mulligan**
Davis & Kuelthau SC
wmulligan@dkattorneys.com

**Daniel C. Murray**
Johnson & Bell Ltd.
murrayd@jbltd.com

**Omid H. Nasab**
Cravath Swaine & Moore LLP
onasab@cravath.com

**Kelly J. Noyes**
von Briesen & Roper SC
knoyes@vonbriesen.com

**Nancy K. Peterson**
Quarles & Brady LLP
nancy.peterson@quarles.com

**Thomas M. Phillips**
Reinhart Boerner Van Deuren SC
tphillip@reinhartlaw.com

**Ian A.J. Pitz**
Michael Best & Friedrich LLP
iapitz@michaelbest.com

**David A. Rabbino**
Hunsucker Goodstein & Nelson PC
drabbino@hgnlaw.com

**Joan Radovich**
Sidley Austin LLP
jradovich@sidley.com

**Ronald R. Ragatz**
DeWitt Ross & Stevens SC
rrr@dewittross.com

**Alexandra Reeve Givens**
Cravath Swaine & Moore LLP
agivens@cravath.com

**Kathleen L. Roach**
Sidley Austin LLP
kroach@sidley.com

**Megan A. Senatori**
DeWitt Ross & Stevens SC
ms@dewittross.com

**Adam B. Silverman**
Greenberg Traurig LLP
silvermana@gtlaw.com

**Sarah A. Slack**
Foley & Lardner LLP
sslack@foley.com

**Margaret R. Sobota**
Sidley Austin LLP
msobota@sidley.com

**Arthur A. Vogel, Jr.**
Quarles & Brady LLP
arthur.vogel@quarles.com

**Anthony S. Wachewicz, III**
City of Green Bay
tonywa@ci.green-bay.wi.us

**James P. Walsh**
Appleton City Attorney
jim.walsh@appleton.org

**Ted A. Warpinski**
Friebert Finerty & St John SC
taw@ffsj.com

**Ted Waskowski**
Stafford Rosenbaum LLP
twaskowski@staffordlaw.com

**Evan B. Westerfield**
Sidley Austin LLP
evanwesterfield@sidley.com

**Richard C. Yde**
Stafford Rosenbaum LLP
ryde@staffordlaw.com

*s/ Kristin M. Furrie*_____

ii