IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 10-CV-910-WCG |
| v. | ) ) | Hon. William C. Griesbach |
| NCR CORPORATION, et al, | ) ) ) | |
| Defendants. | ) ) | |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL
INFORMATION AND DOCUMENTS**

It is hereby Ordered that this Stipulated Protective Order Regarding Confidential Information and Documents ("Protective Order") shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned action, ("the Action").

Entry of this Order is appropriate because discovery in this Action may involve the production of documents and information: (i) that a Party, or non-Party, has reasonably claimed as proprietary, trade secrets and/or confidential business information entitled to protection under F.R.C.P. 26 (c), the Trade Secrets Act, 18 U.S.C. § 1905 or federal regulations at 40 C.F.R. § 2.310(g)(6); and (ii) that comprise part of a government "system of records" as defined by the Privacy Act of 1974, 5 U.S.C. § 552a, and that include Personally Identifiable Information that is subject to disclosure restrictions under that law. The first category includes Confidential Information which has been submitted to a Party by various third party contractors and

consultants as well as documents obtained by the United States Environmental Protection Agency ("EPA"), the United States Department of the Interior ("DOI") or the United States Department of Commerce ("DOC") through the authority of Section 104(e) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9604(e).

This Order is necessary in part because EPA and other federal agencies may not disclose information subject to federal regulations such as 40 C.F.R. § 2.310(g)(6) absent a protective order from this Court. To prevent unauthorized disclosure of such information and to allow discovery to proceed in this case, this Order establishes a procedure for disclosing Confidential Information and Personally Identifiable Information to the Parties, imposes obligations on persons receiving Confidential Information and Personally Identifiable Information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations. The Parties intend for such Confidential Information and Personally Identifiable Information to be disclosed only under the terms of this Protective Order.

By entering this Order the Court does not warrant that any Discovery Material filed in this action or presented at trial or hearing is entitled to protection as Confidential Information or Personally Identifiable Information. This Order only establishes: 1) the procedures by which a Party or non-Party may assert that Discovery Material should be designated as Confidential Information solely for purposes of this action, and 2) the procedures for treating such Discovery Material as Confidential Information until such time as this Court determines that the material is not entitled to confidential status. Nothing in this Order, and no action taken pursuant to it, should be construed as an admission by any Party or non-Party that any Discovery Material

exchanged between the Parties is entitled to protection under this Order as Confidential Information.

Further, nothing in this Protective Order alters or affects a Party's obligations or burdens to establish good cause for moving to seal any document contained in public record of this matter.

**1. Definitions.** As used in this Protective Order,

a. the term "Confidential Information" means Discovery Material which: (i) the Producing Party believes in good faith contains trade secrets or nonpublic technical, commercial, financial, personal or business information or is otherwise subject to protection under F.R.C.P. 26 (c) or other applicable authorities (e.g. 18 U.S.C. § 1905 or 40 C.F.R. Part 2); or (ii) a Submitter has claimed contains trade secrets or nonpublic technical, commercial, financial, personal or business information or information that is otherwise subject to protection under such authorities;

b. the term "Designating Party" means a Party or non-Party that designates Discovery Material as "Confidential Information";

c. the term "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery). Discovery Material shall also include any documents, things or information produced voluntarily or by agreement without the receipt of a formal discovery request;

d. the term "Expert and Consultant" means any person who has been identified by a Party or its counsel as an expert whose opinions may be presented at trial pursuant to F.R.C.P. 26(b)(4)(A); and any expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial pursuant to F.R.C.P. 26(b)(4)(D). The term "Expert and Consultant" also includes persons, firms or corporations (including their employees) engaged by a Party or a Party's counsel on a contract basis to assist in the preparation and trial of this litigation;

e. the term "Party" shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff);

f. the term "Personally Identifiable Information" or "PII" means the following types of information in Discovery Material which is contained in a government "system of records" as defined by the Privacy Act of 1974, 5 U.S.C. § 552a, and which is subject to disclosure restrictions under that law, including an individual person's Social Security Number, home address; personal telephone number, personal e-mail address, date of birth, driver's license number, passport number, financial account number, or credit or debit card number;

g. the term "Producing Party" means a Party or non-Party that produces Discovery Material in this Action;

h. the term "Receiving Party" means a Party that receives Discovery Material from a Producing Party;

i. the term "Submitter" means an entity that has submitted Confidential Information to a Party. The term "Submitter" does not include an "Expert and Consultant," as that term is defined in 1(d) above.

**2.     Designation.**  Any Confidential Information to be produced by a Designating Party pursuant to this Protective Order shall be stamped conspicuously with the word "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Designating Party legibly on each page of each document prior to production to the Receiving Party, except for documents produced in their native electronic format pursuant to the Agreement Relating to Preservation and Production of Documents (Dkt. 260, Attach. A).  Documents produced in native format shall either:  (1) be designated as Confidential Information by adding the word "CONFIDENTIAL" to the filename or (2) be segregated from documents not designated as confidential on separate media (e.g. DVD, thumb drive) that is clearly labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."  The transmittal of Confidential Information shall be done by letter or email from the Designating Party stating that Confidential Information is being produced and is subject to this Protective Order.

**3.     Limited Use.**  Confidential Information and PII shall not be used or disclosed by the Receiving Party or any other person subject to Paragraph 4 below for any purpose other than the preparation for, and trial of, this Action, any appeal therein, or Mediation of this Action and related litigation.

**4.     No Disclosure.**  Each Receiving Party and Receiving Party's counsel who obtains Confidential Information or PII, and any non-Party subject to this Protective Order who obtains Confidential Information or PII in accordance with this Protective Order, shall not disclose or permit disclosure of the Confidential Information or PII to anyone other than:

    a.  The Parties' employees who are involved in matters relating to the Action;

b. Experts and Consultants, if prior to disclosure, the Expert or Consultant, agrees to be bound by the terms of this Protective Order by executing the Confidentiality Agreement annexed hereto as Appendix A;

c. Vendors retained by a Party or outside counsel, including without limitation: graphic or design services retained for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings; copy services, companies that digitize documents, and other similar document management vendors; or trial consulting services..

d. The Court and its employees, including without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective Order.

e. Witnesses designated or expected to be designated to be called at trial or at an evidentiary hearing and witnesses whose depositions have been noticed or are expected to be noticed.

f. Court reporters, videographers, stenographers, or other persons recording or preparing transcripts of testimony, and their staffs.

g. Any other person to whom the Producing Party agrees in writing, or on the record, any other person to whom the Court compels access to the Confidential Information or PII.

**5.** **Protection of Confidential Information and Personally Identifiable Information.** Each Receiving Party, Receiving Party's counsel, and any other person subject to this Protective Order who obtains Confidential Information or PII, shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information or PII, shall share such Confidential Information or PII only with persons authorized to receive it pursuant to this Protective Order, and shall retain the Confidential Information or PII in a secure manner.

6

Except as provided in Paragraph 4 above, no other person shall be permitted access to the Confidential Information or PII.

6. **Copies, Duplicates.** Any person who obtains access to Confidential Information or PII may make copies, duplicates, extracts, summaries, or descriptions of the Confidential Information or PII or any portion thereof only for the purpose of preparation for litigation in this Action. All copies, duplicates, extracts, summaries, or descriptions of the Confidential Information or PII or any portion thereof shall be subject to the terms of this Protective Order to the same extent and manner as original documents.

7. **Testimony.** Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken. Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party may exclude from the room during such testimony any person who is not authorized to receive such information under this Protective Order. Whenever PII contained in Discovery Material from a government system of records is offered, discussed, or presented during the course of deposition testimony, it shall be treated as confidential under this Protective Order.

8. **Objections.** If any Receiving Party objects to the designation of any Discovery Material as Confidential Information, the Receiving Party shall state the objection in writing to counsel for the Designating Party. The Designating Party shall then advise the Submitter of the objection. The Receiving Party, the Designating Party, and the Submitter, if applicable, shall attempt to resolve the dispute among themselves within ten business days. In the absence of such resolution, the Receiving Party objecting to the designation of Discovery Material as Confidential Information may seek a Court Order with respect to such challenged Discovery

Material. The Discovery Material shall be deemed and treated as Confidential Information under the terms of the Order, however, unless and until (i) the Court rules otherwise, or (ii) the Designating Party and the Submitter, if applicable, agree in writing to withdraw the confidentiality designation.

        9.      **<u>Subsequent Request for Information.</u>** In the event that a Receiving Party or Receiving Party's counsel or Expert and Consultant that is authorized to have access to Confidential Information is served with a request, subpoena, demand, or other legal process that seeks production of Confidential Information, such person (the "Requested Person") shall, unless otherwise prohibited by law, give written notice to the Designating Party within five days of the receipt of such request, subpoena, demand, or other legal process, furnish the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to any procedure sought to be pursued by the Designating Party. The Requested Person, unless otherwise required by law, shall not produce the Confidential Information until the earlier of: (i) receipt of prior written consent from the Designating Party; (ii) the return date of the subpoena or other process (in the event the Designating Party does not object to, seek to quash, or seek a protective order from the subpoena); or (iii) five business days after a decision on any motion to quash or motion for a protective order or such shorter period as the Court may direct. Unless the Designating Party waives its claim of confidentiality over the requested documents or elects at its discretion, without waiving its claim of confidentiality, to consent to production of its Confidential Information, the Requested Person will inform the non-Party seeking disclosure that the information requested is Confidential Information protected by this Protective Order and that such non-Party will have to seek an appropriate ruling from this Court. In any action seeking disclosure, the Designating Party shall bear all costs and have the burden of proof to establish

that the designated material is in fact Confidential Information and is entitled to confidential treatment pursuant to the terms of this Protective Order.

**10. Redaction of Personally Identifiable Information.** Before filing any submission to the Court that constitutes on contains Discovery Material from a government system of records, the filing Party shall redact any PII from the Discovery Material.

**11. Use of Confidential Information at Trial or Hearing.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must: (i) meet its burden to show that good cause exists for filing the particular document under seal; (ii) move to file the document under seal in accordance with the procedures in General L.R. 79(d)(5); and (iii) file electronically at the same time a public-record version of the document with the Confidential Information excluded. Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version. Nothing in this Order shall limit or affect a Party's obligation to comply with Fed. R. Civ. P. 5.2 and any applicable local court rules governing the filing of documents. Whenever Confidential Information is to be referred to or disclosed in a hearing or trial proceeding, any Party may move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this Protective Order that the Court exclude from the room those persons who are not authorized to receive the Confidential Information under this Protective Order.

**12. Admissibility.** Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at the trial of the Action.

**13. Use by Designating Party.** Nothing in this Order shall restrict, or be construed as restricting a Designating Party's use of its own Confidential Information; however, if a

Designating Party files Confidential Information with the Court, the Confidential Information must be filed in accordance with the provisions in Paragraph 10 of this Order. Confidential Information shall lose its confidential designation if the Designating Party fails to comply with these procedures.

    **14.** **<u>Further Requests.</u>** Nothing in this Order prohibits or prevents any Party from applying to the Court for a further protective order relating to any Confidential Information or for an Order permitting disclosure of Confidential Information. The provisions hereof may also be modified on the Court's own motion, by motion by any Party upon notice, or by written agreement between the applicable Parties.

    **15.** **<u>Disclosure.</u>** Any accidental, inadvertent or unauthorized disclosure of Confidential Information shall not result in a waiver of any Submitter's or, as applicable, Designating Party's claim of confidentiality or the applicability of any privilege attached thereto. In the event of such an inadvertent disclosure, the Submitter or the Designating Party may thereafter reasonably assert a claim or designation of confidentiality and promptly provide replacement media containing Discovery Material properly marked as Confidential Information. Thereafter, the Receiving Party must immediately return the original Discovery Material and all copies of the same to the Designating Party and make no use of such Discovery Material.

**16.** **Construction.**  Nothing in this Order is intended to abrogate obligations under federal document retention and freedom of information laws and Wisconsin public record and retention laws and regulations.

SO ORDERED this _____ day of August, 2012

HON. WILLIAM C. GRIESBACH
UNITED STATES DISTRICT COURT JUDGE

**IT IS SO STIPULATED**

Dated: August 20, 2012        FOR PLAINTIFF THE UNITED STATES OF AMERICA

s/ *Randall M. Stone*
RANDALL M. STONE
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: 202-514-1308
Facsimile: 202-616-6584
randall.stone@usdoj.gov

Dated: August 20, 2012        s/ *Joshua M. Levin*
JOSHUA M. LEVIN
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice

Dated: August 20, 2012        FOR PLAINTIFF THE STATE OF WISCONSIN

s/ *Cynthia R. Hirsch*
CYNTHIA R. HIRSCH
Assistant Attorney General
Wisconsin Department of Justice

Dated: August 20, 2012        FOR DEFENDANT APPLETON PAPERS INC.

s/ *Ronald R. Ragatz*
RONALD R. RAGATZ
DeWitt Ross & Stevens, s.c.

12
Case 1:10-cv-00910-WCG   Filed 08/22/12   Page 12 of 16   Document 484

**IT IS SO STIPULATED**

Dated: August 22, 2012          FOR DEFENDANT CITY OF APPLETON

                                s/ *Richard C. Yde*
                                RICHARD C. YDE
                                Stafford Rosenbaum LLP

Dated: August 22, 2012          FOR DEFENDANT CBC COATING, INC.

                                s/ *Susan E. Lovern*
                                SUSAN E. LOVERN
                                von Briesen & Roper, s.c.

Dated: August 22, 2012          FOR DEFENDANT KIMBERLY-CLARK CORPORATION

                                s/ *Sarah A. Slack*
                                SARAH A. SLACK
                                Foley & Lardner LLP

Dated: August 22, 2012          FOR DEFENDANT MENASHA CORPORATION

                                s/ *David A. Rabbino*
                                DAVID A. RABBINO
                                Hunsucker Goodstein & Nelson, PC

Dated: August 22, 2012          FOR DEFENDANT NCR CORPORATION

                                s/ *Omid H. Nasab*
                                OMID H. NASAB
                                Cravath, Swaine & Moore LLP

Dated: August 22, 2012          FOR DEFENDANT NEENAH-MENASHA SEWERAGE COMMISSION

                                s/ *William J. Mulligan*
                                WILLIAM J. MULLIGAN
                                Davis & Kuelthau, s.c.

**IT IS SO STIPULATED**

Dated:  August 22, 2012          FOR DEFENDANT P.H. GLATFELTER COMPANY

                                 s/ *Frank A. Citera*
                                 FRANK A. CITERA
                                 Greenberg Traurig, LLP

Dated:  August 22, 2012          FOR DEFENDANT U.S. PAPER MILLS CORP.

                                 s/ *Scott W. Hansen*
                                 SCOTT W. HANSEN
                                 Reinhart Boerner Van Deuren, s.c.

Dated:  August 22, 2012          FOR DEFENDANT WTM I COMPANY

                                 s/ *William H. Harbeck*
                                 WILLIAM H. HARBECK
                                 Quarles & Brady LLP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil No. 10-CV-910-WCG |
| v. | ) ) | Hon. William C. Griesbach |
| NCR CORPORATION, et al, | ) ) ) | |
| Defendants. | ) ) | |

# APPENDIX A
## STIPULATION AND PROTECTIVE ORDER CONFIDENTIALITY AGREEMENT

The undersigned currently working at _____ which is located at

_____. During the past year the undersigned has been employed

or otherwise engaged as a consultant or contractor by the following company located at the

following address:

    Street:     _____

    City and State: _____

    Zip Code:     _____

The undersigned hereby acknowledges that he/she has read the foregoing Stipulation and

Protective Order ("Protective Order") executed by the attorneys of record for the parties in the

action presently pending in the U.S. District Court for the Eastern District of Wisconsin, entitled

*United States, et al. v. NCR Corp. et al*, 10-cv-910-WCG, understands the terms thereof, and

agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned

understands that disclosure of information which has been designated as confidential by the

Submitter, or as applicable, the Designating Party, may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned understands that the pledge of confidentiality under this Agreement continues after the lawsuit is over. Furthermore, the undersigned understands that a breach of the Protective Order may subject him/her to civil claims for damages and to criminal prosecution under 42 U.S.C. § 9604(e)(7)(B).

      Dated: _____

      Signed: _____