IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | Case Action No. 1:10-CV-00910 |
| Plaintiffs, | Hon. William C. Griesbach |
| v. | |
| NCR CORPORATION, et al., | |
| Defendants. | |

**CERTAIN DEFENDANTS'[1] OPPOSITION TO PLAINTIFFS' CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANT MENASHA CORPORATION'S NOTICES OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

---

[1] "Certain Defendants" are CBC Coating, Inc., P.H. Glatfelter Company, Menasha Corporation, Neenah Menasha Sewerage Commission, U.S. Paper Mills Corp. and WTM I Company. Counsel for Certain Defendants are listed in the signature page of the Motion.

Plaintiffs' Motion (Dkt. 480) should be denied because:

- Plaintiffs failed to comply with Fed. R. Civ. P. 26(c)(1) which requires that any motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." The Motion admits that there was no conference on the topic of the Motion (Dkt. 480 at 2)[2] and that the Motion does not contain the certification required by Fed. R. Civ. P. 26(c)(1).

- Plaintiffs improperly attempted to shoehorn 30(b)(6) deposition designees into *already noticed* fact witnesses' depositions on two business days' notice when the 30(b)(6) depositions were properly noticed for August 31, 2012.

- *After* the Motion was filed, Menasha offered to move the Rule 30(b)(6) depositions to a mutually agreed time and place and take the fact depositions on the same date, while preserving our objections to the completion of the depositions since Plaintiffs have not completed their document production. This would allow all parties to prepare properly for the Rule 30(b)(6) depositions and avoid multiple depositions. Plaintiffs refused.

In the Motion, Plaintiffs omit the discussion during the August 17, 2012 call about how the Plaintiffs' failure to complete their document production affects all types of depositions – fact and 30(b)(6) alike. In the August 17, 2012 call, Plaintiffs made similar arguments to those they make in in their opposition to Certain Defendants' Motion to Modify the Case Management Schedule for Good Cause (Dkt. 482), complaining about the volume of documents they have

---

[2] Certain Defendants informed Plaintiffs that their proposed shoehorning of Rule 30(b)(6) deponents onto already noticed fact witness depositions was objectionable and unworkable prior to the first of these depositions.

produced in this case. However, we explained that Plaintiffs' document productions are the result of duly served document requests and conferences where the parties are supposed to confer in good faith to *avoid* motions to compel. Civil L. R. 37. As Menasha's to-be-filed motions to compel will assert, any burden claimed by Plaintiffs related to discovery sought from them must be weighed against the following:

- Plaintiffs are seeking a joint and several injunction for a cleanup expected to cost *hundreds of millions of dollars* in this Phase alone;

- This Phase involves divisibility and Plaintiffs admit that the dredging activities of the U.S. Army Corps of Engineers ("USACE") from 1954 to the present – *more than 50 years* – are relevant; and,

- Plaintiffs admit they are not done producing documents. Dkt. 482 at 2. In fact, Plaintiffs say they "now *expect* to produce an *additional 500,000 pages*" by September 7, 2012. Dkt. 482 at 2 (emphasis added). This is the first time Plaintiffs have told us *when* they expect to complete their document production. Further, Plaintiffs fail to consider that Certain Defendants must also *review* these additional 500,000 pages and produce expert reports by August 31, 2012.

In meet and confer sessions, Certain Defendants have asserted that Plaintiffs appear to be producing documents from the least important to the most important. Plaintiffs did not dispute this. Significantly, Plaintiffs claim, "Before the end of discovery, the Corps *will have produced* all *paper* documents responsive to such requests from the Corps offices most involved in dredging the Fox River Site, i.e. the offices that are a part of the Corps' Detroit District." (Dkt. 482 at 3.)

2

*After* Plaintiffs filed the Motion, Certain Defendants asked Plaintiffs to confer on the issues raised in the Motion. A conference took place on August 22, 2012 between counsel for Certain Defendants and counsel for the United States and the State. Certain Defendants asked Plaintiffs, if Certain Defendants agreed to take the fact depositions and Rule 30(b)(6) depositions together, would Plaintiffs agree to: (1) move the Rule 30(b)(6) depositions to a mutually convenient time after Plaintiffs complete their document production; or, (2) move the Rule 30(b)(6) depositions to a mutually convenient time after the date the Rule 30(b)(6) depositions are noticed.[3] Plaintiffs refused. Certain Defendants also asked Plaintiffs if they would agree to provide Certain Defendants the writing they propose as their "response to a deposition by written questions" in order to comply with the request for a Rule 30(b)(6) witness on topic 10 for the United States and topic 11 for the State (document production issues), so Certain Defendants could decide if it made sense to agree to their proposal. Plaintiffs refused.

Plaintiffs' unilateral action in trying to force Rule 30(b)(6) depositions to occur before they were noticed and on the same day as previously noticed fact depositions was improper. The discovery system does not work without compromises resulting in the type of accords required by Civil L. R. 37 and Fed. R. Civ. P. 26(c)(1). Plaintiffs' failure to confer in good faith means the Motion should be denied.

---

[3] Certain Defendants explained they would need to preserve on the record at the depositions their objections to Plaintiffs' failure to finish their document production before the depositions took place.

Dated: August 23, 2012

/s/ Philip C. Hunsucker

Philip C. Hunsucker
David A. Rabbino
Hunsucker Goodstein & Nelson PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone: (925) 284-0840
Fax: (925) 284-0870
phunsucker@hgnlaw.com
drabbino@hgnlaw.com

Anne E. Lynch
Hunsucker Goodstein & Nelson PC
5335 Wisconsin Avenue NW, Suite 360
Washington, DC 20015
Telephone: (202) 895-5380
Fax: (202) 895-5390
alynch@hgnlaw.com

**Counsel for Menasha Corporation**


 s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

**Attorneys for Defendant CBC Coating, Inc.**

Respectfully submitted,

s/ William J. Mulligan
William J. Mulligan (WI Bar No. 1008465)
Kevin J. Lyons (WI Bar No. 1013826)
Elizabeth K. Miles (WI Bar No. 1064284)
Davis & Kuelthau, s.c.
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Telephone: (414) 276-0200
Fax: (414) 276-9369
wmulligan@dkattorneys.com
klyons@dkattorneys.com
emiles@dkattorneys.com

**Attorneys for Defendant
Neenah-Menasha Sewerage Commission**


 s/ Scott W. Hansen
Scott W. Hansen
WI State Bar ID No. 1017206
shansen@reinhartlaw.com
Steven P. Bogart
WI State Bar ID No. 1005758
sbogart@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

Thomas R. Gottshall
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, Suite 2200
Columbia, SC 29201
Telephone: 803-779-3080
Facsimile: 803-765-1243
tgottshall@hsblawfirm.com

**Attorneys for Defendant U.S. Paper Mills Corp.**

| | |
|---|---|
| s/ David G. Mandelbaum<br>David G. Mandelbaum<br>Francis A. Citera<br>Marc E. Davies<br>Caleb J. Holmes<br>Adam B. Silverman<br>GREENBERG TRAURIG, LLP<br>Two Commerce Square, Suite 2700<br>2001 Market Street<br>Philadelphia, PA  19103<br>215.988.7800<br>mandelbaumd@gtlaw.com<br><br>**Counsel for Defendant P.H. Glatfelter Co.** | s/ Nancy K. Peterson<br>Nancy K. Peterson (Wis. Bar No. 1000197)<br>Peter C. Karegeannes (Wis. Bar No. 1015025)<br>Arthur A. Vogel, Jr. (Wis. Bar No. 1010425)<br>William H. Harbeck (Wis. Bar No. 1007004)<br>QUARLES & BRADY LLP<br>411 East Wisconsin A venue<br>Milwaukee, WI 53202<br>Telephone: 414-277-5000<br>E-mail: nancy.peterson@quarles.com<br><br>**Counsel for Defendant WTM I Company** |