# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA, et al.**,

                Plaintiff(s),

v.            **TELEPHONE CONFERENCE**

**NCR CORPORATION, et al.**,       Case No. 10-C-910

                Defendant(s).

---

HONORABLE WILLIAM C. GRIESBACH, presiding      Tape: 082412
Deputy Clerk: Cheryl      Hearing Began: 9:30 a.m.
Proceeding Held: August 24, 2012      Hearing Ended: 10:27 a.m.

**Appearances:**

**Plaintiff(s):**   Randall Stone and Kristin Furrie for the United States
                Cynthia Hirsch for the State of Wisconsin

**Defendant(s):**   Darin McAtee for NCR
                Philip C. Hunsucker, David A. Rabbino and Anne E. Lynch for Menasha Corp.
                Scott Hansen and Steve Bogart for US Paper
                Phillip Mandelbaum and Francis Citera for PH Glatfelter
                Susan Lovern for CBC Coating, Inc.
                Richard C Yde for City of Appleton
                Mary Rose Alexander for Georgia-Pacific
                Ron Ragatz, Dennis Birke and Megan Senatori for Appleton Papers Inc.
                John E. Burgess, Senior Counsel - Litigation at Georgia-Pacific LLC
                William H. Harbeck and Nancy K. Peterson for WTM I Company
                William J. Mulligan for Neenah-Menasha Sewerage Comm.

---

**Hearing on**: Plaintiffs' Motion for Protective Order re Defendant Menasha Corporation's Notices of Deposition and Certain Defendants' Motion to Modify the Case Management Schedule for Good Cause

---

The Court inquires as to the focus of the depositions and the discovery dispute.
9:31 a.m. - Randall Stone responds. Mr. Stone states that the discovery dispute does not relate solely to the dredging. Mr. Stone believes a schedule adjustment needs to be made at this point in time that would not affect the December trial date. Mr. Stone states they have received broad discovery requests that would take nearly a year to complete, therefore they have moved for protective order.
9:40 a.m. - Mr. Hunsucker comments on the Army Corps of Engineers dredging and documents requested

and that they are not getting the specific requested information from the plaintiff. They have requested government communications between and among government people on the effects of dredging on the way the remedy works as it effects the divisibility claims and issues about the modeling, which are key to choice of remedy, which includes information regarding the dams.
9:43:20 - The Court asks Mr. Hunsucker as to the relevance of this information.
9:45 - Mr. Hunsucker responds as to impact.
9:46 - The Court inquires as to the significance regarding divisibility and liability
9:47 - Mr. Hunsucker states that the Army Corps moved the sediment to various OU s, which changed the concentration in these areas.
9:49 - Mr. Hansen comments on dam operations.
9:51 - The Court inquires if it is their opinion or theory that the government is now liable.
Mr. Hunsuckers responds. He states that the government now has CERCLA liability as a transporter, which results in higher concentrates in other areas, which results in higher liability in those areas.
9:53 - The Court inquires as to how it impacts divisibility.
9:53 - Mr. Hunsucker responds.
9:55 - Mr. Mandelbaum comments on the law regarding test on divisibility and causal connections.
9:57 - Mr. Stone replies.
9:59 - The Court inquires as to the government's view on §107 causality.
10:00 - Mr. Stone responds.
10:07:52 - The Court **GRANTS** motion for protective order with caveat and limits. The defendant can contact the government to try and reach agreement or contact the court if they can not reach agreement.
The Court addresses Motion to Modify Case Management Schedule.
10:08 a.m. - The Court does not move the December trial date, but **GRANTS** the dates adopted in the government's proposed order. The parties are to consult with each other regarding discovery.
10:12:46 - Mr. Mandelbaum requests clarification on electronically stored information.
10:14:54 - The Court provides further clarification on ruling.
10:17:12 - Mr. Stone responds.
10:18 - Mr. Mandelbaum suggests a motion in limine to establish elements of the claim.
Mr. Stone does not disagree with proceeding in this manner.
The Court also approves of filing of motion.
10:21:19 - Mr. Hansen states that the modification limits rebuttal reports to 12 days. He also states that they received hard drives with over 500,000 pages of information with no index.
10:23:20 - Mr. Stone comments on discovery production and manner/format in which it was provided to the defendants' discovery requests.
The Court adopts the government's suggested dates and directs the parties to discuss likelihood of motions. The parties are ordered to consult with each other for further modifications of the deadlines.