IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Civil Action No. 10-C-910 ) |
| NCR CORPORATION, APPLETON PAPERS INC., BROWN COUNTY, CITY OF APPLETON, CITY OF GREEN BAY, CBC COATING, INC., GEORGIA-PACIFIC CONSUMER PRODUCTS LP, KIMBERLY-CLARK CORPORATION, MENASHA CORP., NEENAH-MENASHA SEWERAGE COMMISSION, NEWPAGE WISCONSIN SYSTEMS, INC., P.H. GLATFELTER CO., U.S. PAPER MILLS CORP., and WTM I COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

_____

**DEFENDANT NCR CORPORATION'S L.R. 7(h) EXPEDITED
NON-DISPOSITIVE MOTION FOR RECONSIDERATION OF THE
COURT'S DECISION AND ORDER ON NCR'S MOTION TO PRESENT EXPERT
EVIDENCE TO EXPLAIN AND INTERPRET THE ADMINISTRATIVE RECORD**
_____

Defendant NCR Corporation ("NCR"), by its undersigned counsel, respectfully moves the Court to reconsider its August 30, 2012 Decision and Order (Dkt. #498) (the "Order") on NCR's Motion to Present Expert Evidence to Explain and Interpret the Administrative Record (Dkt. #402) ("NCR's Motion"). The Order addresses the merits of the Certain Defendants' motion but does not specifically discuss the merits of NCR's Motion. NCR respectfully requests that Court withdraw that portion of the Order relating to NCR's Motion and grant the requested relief.

NCR seeks entirely different relief (and for different reasons) than the Certain Defendants. NCR requests leave to provide the Court with expert testimony for the limited purpose of assisting the Court "in evaluating whether the U.S. Environmental Protection Agency and the Wisconsin Department of Natural Resources (the 'Agencies') *considered all relevant factors* when they made their remedy decisions". (Reply in Support of NCR's Motion (Dkt. # 455) ("NCR's Reply") at 1 (emphasis added); NCR's Motion at 7-10.) Specifically, NCR seeks to identify, through expert testimony, "the types of analyses the Agencies must and, customarily, do perform when re-evaluating the cost-effectiveness of a remedy due to changed circumstances, but which the Agencies did not perform here when costs increased substantially in 2010". (NCR's Reply at 2.) The National Contingency Plan requires the Agencies to undertake a nine-factor analysis, solicit public comment and issue a formal amendment to a ROD when confronted with a fundamental change to the cost of a selected remedy. As explained in NCR's Motion, the Agencies failed to undertake these steps when they changed the remedy in 2010. Instead, the Agencies conducted only an abbreviated review of the existing remedy, and issued their decision in

an "Explanation of Significant Differences," which was not subject to public comment. (*See* NCR's Motion at 4; NCR's Reply at 2.)

The supplementation requested by NCR is necessary but very limited. NCR is seeking to offer the testimony of only one expert, Jeffrey Zelikson, who is unquestionably qualified to explain the relevant factors that the Agencies should have considered in developing the remedy for the Lower Fox River Site. Mr. Zelikson worked for USEPA for over 25 years, almost a decade of which he spent as Director of USEPA's Region IX Superfund program. Mr. Zelikson's opinions about the Agencies' reliance on an ESD, rather than an Amended ROD, is contained in the short expert report attached to this Motion. (*See* Westerfield Decl. Ex. A.) His testimony about this one issue will add only a few hours, at most, to the December trial.

By contrast, the Certain Defendants' request would have broadly expanded the upcoming trial. Certain Defendants sought to present the testimony of at least four expert witnesses on highly complex and technical topics, including the adequacy of, and alternatives to, the fate and transport modeling used by the Agencies. (*See* Decl.'s of Robert Annear, Jr., Ken J. Susilo, Dr. J. Keith Tolson, and Paul Fuglevand in Supp. of Certain Defendants' Challenges to the Remedial Actions at the Lower Fox River Superfund Site (Dkt. #392-395)). This type of expert testimony would undoubtedly have required extensive rebuttal expert testimony from Plaintiffs, and would have added substantially to both the length and complexity of the trial.

The expert testimony to be offered by NCR is therefore of a different type, and for a different—and far more limited— purpose, than that which the Certain Defendants sought

2

to present.[1]  Moreover, numerous courts have permitted parties to supplement the administrative record in CERCLA cases with the precise type of explanatory expert testimony that NCR seeks to present.  *See, e.g.*, *United States v. Akzo Coatings of Am.,* 949 F.2d 1409, 1427 (6th Cir. 1991); *Elf Atochem N. Am., Inc. v. United States*, 882 F. Supp. 1499, 1502-03 (E.D. Pa. 1995); *Citizens for Envtl. Quality v. United States*, 731 F. Supp. 970, 982-83 (D. Colo. 1989).  The Sixth Circuit has even held that it can be error not to admit supplemental testimony regarding whether the Agencies considered all relevant factors.  *Akzo*, 949 F.2d at 1427.  Indeed, Plaintiffs themselves have acknowledged that it is proper to admit expert testimony to explain complex material and illuminate the bases for the agency's action (Dkt. #441 at 7), which is precisely what NCR seeks to do here.

Notwithstanding this support for NCR's limited request, at no point in the Order does the Court specifically address the merits of NCR's Motion.  Nor does the Court explain why it will not permit limited expert testimony that explains the Administrative Record.  The only reference to any argument in NCR's Motion is a footnote on the last page of the Order that deals with an issue that became moot during the course of the briefing and that is wholly unrelated to NCR's request to provide explanatory expert testimony.[2]  (*See* Order at 11 n.2.)

Given the clear support that exists for NCR's requested relief, which the Court may have overlooked, NCR respectfully requests that the Court reconsider the Order and grant NCR's Motion.

---

[1] Moreover, unlike the Certain Defendants, NCR did not move for summary judgment regarding the remedy. The Court's denial of "Defendants' motions for summary judgment" (citing the Certain Defendants' motion and NCR's Motion) was thus incorrect insofar as it relates to NCR's Motion.  (Order at 11.)

[2] The footnote addresses the so-called "6/10 Rule".  While NCR originally sought to supplement the administrative record with facts relating to the 6/10 Rule, the Plaintiffs withdrew the 6/10 Rule *after* NCR filed its Motion.  Plaintiffs' action obviated the need for additional fact discovery on the 6/10 Rule itself, as NCR noted in its Reply brief.  (NCR's Reply at 4 n.1.)

3

Dated: September 6, 2012                    Respectfully submitted,

NCR CORPORATION

/s/ Evan B. Westerfield

*Counsel for NCR Corporation*
CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700

SIDLEY AUSTIN LLP
Evan B. Westerfield
Eric W. Ha
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
evanwesterfield@sidley.com

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601