UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 10-C-910

NCR CORP. and APPLETON PAPERS INC.,

    Defendant.

**DECISION AND ORDER**

      Defendant NCR has filed a motion to enforce a consent judgment registered in this Court. The consent judgment confirmed an arbitration award that had found Defendant API liable for 60% of the share of Fox River remediation costs attributable to NCR and API. NCR states that API has recently begun refusing to reimburse NCR for such costs, despite repeated demands, in violation of the consent judgment. In response to NCR's motion, API has moved to strike or stay the motion, arguing that the matter is subject to binding arbitration and is otherwise improper. For the reasons given below, NCR's motion will be denied on its merits, and API's motion will be denied as moot.

      The history of NCR and API is set forth elsewhere; for present purposes it is enough to state that NCR and API had a dispute as to how much each would be liable for the activities of a predecessor company called Appleton Coated Paper Company, which was sold by NCR to API in 1978. After litigation failed to resolve the dispute, the parties entered into a settlement agreement in 1998. Pursuant to the 1998 agreement, the parties agreed to submit to binding arbitration the

question of liability for any funds expended in excess of $75 million. In a 2005 decision, the arbitrators determined that NCR would be liable for 40% and API 60% of any such expenditures.

NCR argues that the 2005 arbitration answered the question of liability once and for all, and that all it needs to do to force API to pay is to have the judgment confirming that award enforced against API. NCR is correct that the arbitration award set in stone the 60% figure, making API liable for 60% of the total. But the scope of the 2005 arbitration was somewhat limited. The panel noted that the intent of the parties in entering into arbitration was to determine the "allocation" of liability between the parties. (Dkt. # 144, Ex. 2.) Thus, in determining the allocation of liability, the 2005 arbitration was limited to deciding what the *ratio* of liability would be. API is not disputing that ratio in this action. In refusing to pay, it is not stating that it does not owe 60%, or that the 60/40 ratio is incorrect. Instead, it is disputing the *amount* of liability, that is, the amount of money *subject to* the ratio the arbitrators determined. That is a separate question entirely, a question about which the 2005 arbitration decision is silent. The arbitration award creating the 60/40 ratio does not mean that API simply has to write a check for 60% of whatever NCR says it owes; it means that *whatever* the legitimate total is (a different question), API is on the hook for 60% of it. Here, the dispute (as chronicled in NCR's own filings) is over what amount is legitimately subject to the 60/40 ratio—not the 60/40 ratio itself. Thus, although API is liable for 60% of *something*, that something must be determined through agreement of the parties or some other means. Thus, "enforcing" the judgment in this case would merely require API to pay 60% of a given amount, but it would not say anything about what that amount might be.

API argues that the settlement agreement contains a separate arbitration provision governing disputes over payment, and that because the parties have not been able to reach agreement on the amount to be divided, the matter must be submitted to arbitration in New York, pursuant to the

settlement agreement. Although that may be true, API has recognized that that question is a matter for a New York court to determine, not this one. Accordingly, I will not order the matter to arbitration. For present purposes, it is enough to state that the judgment confirming the previous arbitration does not give rise to an obligation on API's part to pay any given sum of money; as such, "enforcing" the judgment would not obligate API to pay any specific figure. The motion to enforce the judgment is therefore **DENIED**. To the extent API's motion sought to compel arbitration, it is **DENIED** as well. Denial of NCR's motion renders the rest of the relief sought by API moot.

    **SO ORDERED** this  11th  day of September, 2012.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge