IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|   |   |   |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 10-C-910 |
| v. | ) ) | Hon. William C. Griesbach |
| NCR CORPORATION, et al. | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS UNITED STATES' AND THE STATE OF WISCONSIN'S
MEMORANDUM IN OPPOSITION TO
DEFENDANT NCR'S MOTION FOR RECONSIDERATION**

This Court properly denied the motion of Defendant NCR Corporation to supplement the Administrative Record. The one argument raised by NCR in its Motion for Reconsideration[1] was properly rejected by this Court.[2]

NCR argues that, in 2010, instead of evaluating the increased cost estimate for the remedy in an Explanation of Significant Difference (ESD), EPA and WDNR (the Agencies) should have issued an Amended Record of Decision (ROD) that re-evaluated the cost-effectiveness of the remedy. There is no basis for this claim.

---

[1] The "limited function" of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). NCR's motion does not identify any manifest error by this Court or present any newly discovered evidence.

[2] EPA's assurance that it will not implement the so-called 6/10 Rule renders moot NCR's argument that the rule makes EPA's and WDNR's remedy arbitrary and capricious. United States v. NCR Corp., No. 90-910, Decision and Order, Dkt. 498 (E.D. Wis. Aug. 30, 2012).

As the United States explained in Opposition Memorandum, the 2006 Basis of Design Report (BODR) increased the cost estimate for the original Record of Decision remedy to nearly $580 million for Operable Units 2-5, and estimated the cost of the companies' proposed Optimized Remedy at $390 million (in 2005 dollars). Dkt. 441 at 24-25. The PRPs generated subsequent cost estimate increases (to $700.5 million overall) based on detailed cost projections using actual contract rates. Because their contractors had been engaged to perform the work, they could eliminate earlier cost uncertainties. The increased cost estimates were evaluated by the Agencies in a 2010 ESD and associated Criteria Analysis Memorandum. Id. at 25. The 2010 ESD compared the PRP-produced cost estimate in the 2006 BODR to the revised increased PRP-produced cost estimate, and reported by category the costs underestimated in the BODR. Id.

EPA's regulations, 40 C.F.R. § 300.435(c)(2)(i) & (ii), provide that, if differences adopted by EPA "significantly change, but do not fundamentally alter" the remedy selected in the ROD with respect to scope, performance, or cost, EPA may publish the change in an ESD. United States v. NCR Corp., et al., No. 10-910, Decision and Order, Dkt. 172 at 14 (E.D. Wis. July 5, 2011). "But under subsection (ii), an amendment to the ROD is required if the differences *do* 'fundamentally alter the basic features of the selected remedy.'" Id. "EPA is afforded substantial deference in construing its own regulations." Id., at 13.

The Agencies properly analyzed the 2010 increased cost estimate in an ESD rather than in an amended ROD. As this Court explained in its July 5, 2011, Decision and Order, the 62% cost projection increase is not necessarily exceptionally large in this case because it is "nearly within EPA's expected - 30% to + 50% accuracy range for the cost of a remedial action." Dkt. 404-4 at 15; United States v. NCR, July 5 Decision and Order at 14 (Dkt. 172). The difference in

projected cost was, as EPA explained, "significant, but not fundamental." Dkt. 404-4 at 15.

This Court has held that "the government has a strong likelihood of succeeding in showing that it followed proper procedures" in publishing the increased cost projections in an ESD. United States v. NCR, July 5 Decision and Order, p. 15; see also United States v. Akzo Coatings, Inc., 949 F.2d 1409, 1430 (6th Cir. 1991) (upholding EPA decision to authorize pilot testing of alternative soil cleanup remedy in ESD); Marriott v. Simkins Industries, Inc., 929 F.Supp. 396, 404 (S.D. Fla. 1996) (greater than 50% difference between projected and actual amount of soil excavation did not even require an ESD in a private party cleanup).

As this Court's prior review establishes, the Administrative Record supporting the Agencies' 2010 ESD consists of only a handful of documents, and those documents fully explain the Agencies' decision. The ESD, for example, fully explains the increased cost estimate for each cost category. Dkt. 404-4, pp. 12-15. The Agencies thoroughly described and documented the basis for the cost estimate increase in their Criteria Analysis Memorandum of February of 2010, referenced in the ESD. Dkt. 147-2. There is no need to supplement the administrative record on this point.

Finally, nothing will be gained by allowing NCR to supplement the Administrative Record with the testimony of Mr. Zelikson, who proposes only to offer his own legal opinions about whether the Agencies' issuance of an ESD was consistent with EPA's regulations. His testimony is an *amicus curiae* brief disguised as an expert opinion. It won't be of any help. See e.g., Zelikson Report at 3 (Dkt. 501, Attachment, p. 3). His testimony is inadmissible anyway, because it addresses legal issues that are within the sole province of the Court to adjudicate. Roundy's Inc. v. NLRB, 674 F.3d 638, 648 (7th Cir. 2012).

This Court properly denied NCR's motion.

Respectfully submitted,

For Plaintiff United States of America

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division


Dated: September 17, 2012         *s/ Sean Carman*
                                            RANDALL M. STONE
JEFFREY A. SPECTOR
KRISTIN M. FURRIE
SUMONA N. MAJUMDAR
SEAN CARMAN
MAYA S. ABELA
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:    202-514-1308
Facsimile:    202-616-6584
E-Mail:    randall.stone@usdoj.gov
          sean.carman@usdoj.gov


GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI  53202

For the State of Wisconsin

Dated: September 17, 2012
    *s/ Cynthia R. Hirsch*
CYNTHIA R. HIRSCH
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
P.O. Box 7857
Madison, Wisconsin 53707-785
hirschcr@doj.state.wi.us

CERTIFICATE OF SERVICE

      I, Sean Carman, an attorney, certify that on September 17, 2012, the foregoing Memorandum in Opposition to NCR's Motion for Reconsideration was filed electronically using the Court's ECF system and automatically served through the Court's ECF system on the following:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**Brandon J. Evans**
Hermes Law Ltd.
bje@hermeslawltd.com

**S. Todd Farris**
Friebert Finerty & St. John SC
stf@ffsj.com

**Patrick J. Ferguson**
Latham & Watkins LLP
patrick.ferguson@lw.com

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Michael L. Hermes**
Hermes Law Ltd.
PERLINK"mailto:mlh@hermeslawltd.com"mlh@hermeslawltd.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein & Nelson PC
phunsucker@hgnlaw.com

**Peter C. Karegeannes**
Quarles & Brady LLP
peter.karegeannes@quarles.com

**Gregory A. Krauss**
Gregory Krauss pllc
gkrauss@krausspllc.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Ericka L. Krumrie**
Hermes Law Ltd
elk@hermeslawltd.com

**Linda R. Larson**
Marten Law PLLC
llarson@martenlaw.com

**Vanessa A. Lavely**
Cravath Swaine & Moore LLP
vlavely@cravath.com

**Susan E. Lovern**
von Briesen & Roper SC

slovern@vonbriesen.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**Meline G. MacCurdy**
Marten Law
mmaccurdy@martenlaw.com

**David G. Mandelbaum**
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

**Bradley M. Marten**
Marten Law
bmarten@martenlaw.com

**Tara M. Mathison**
Davis & Kuelthau SC
tmathison@dkattorneys.com

**Darin P. McAtee**
Cravath Swaine & Moore LLP
dmcatee@cravath.com

**Stephen F. McKinney**
Haynsworth Sinkler Boyd PA
smckinney@hsblawfirm.com

**Heidi D. Melzer**
Hermes Law Ltd.
hdm@hermeslawltd.com

**Elizabeth K. Miles**
Davis & Kuelthau SC
emiles@dkattorneys.com

**Sabrina Mizrachi**
Greenberg Traurig LLP
mizrachis@gtlaw.com

**Monique M. Mooney**
Greenberg Traurig LLP
mooneym@gtlaw.com

**William J. Mulligan**
Davis & Kuelthau SC
wmulligan@dkattorneys.com

**Daniel C. Murray**
Johnson & Bell Ltd.
murrayd@jbltd.com

**Omid H. Nasab**
Cravath Swaine & Moore LLP
onasab@cravath.com

**Kelly J. Noyes**
von Briesen & Roper SC
knoyes@vonbriesen.com

**Nancy K. Peterson**
Quarles & Brady LLP
nancy.peterson@quarles.com

**Thomas M. Phillips**
Reinhart Boerner Van Deuren SC
tphillip@reinhartlaw.com

**Ian A.J. Pitz**
Michael Best & Friedrich LLP
iapitz@michaelbest.com

**David A. Rabbino**
Hunsucker Goodstein & Nelson PC
drabbino@hgnlaw.com

**Joan Radovich**
Sidley Austin LLP
jradovich@sidley.com

**Ronald R. Ragatz**
DeWitt Ross & Stevens SC
rrr@dewittross.com

**Alexandra Reeve Givens**
Cravath Swaine & Moore LLP
LINK"mailto:agivens@cravath.com"agivens@cravath.com

**Kathleen L. Roach**
Sidley Austin LLP
kroach@sidley.com

**Megan A. Senatori**
DeWitt Ross & Stevens SC
ms@dewittross.com

**Adam B. Silverman**
Greenberg Traurig LLP
silvermana@gtlaw.com

**Sarah A. Slack**
Foley & Lardner LLP
sslack@foley.com

**Margaret R. Sobota**
Sidley Austin LLP
msobota@sidley.com

**Anthony S. Wachewicz, III**
City of Green Bay
tonywa@ci.green-bay.wi.us

**James P. Walsh**
Appleton City Attorney
jim.walsh@appleton.org

**Ted A. Warpinski**
Friebert Finerty & St John SC
taw@ffsj.com

**Ted Waskowski**
Stafford Rosenbaum LLP
twaskowski@staffordlaw.com

**Evan B. Westerfield**  
Sidley Austin LLP  
evanwesterfield@sidley.com

**Richard C. Yde**  
Stafford Rosenbaum LLP  
ryde@staffordlaw.com

    *s/ Sean Carman*  
Sean Carman  
Counsel for the United States