# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                   Case No. 10-C-910

NCR CORP. and APPLETON PAPERS INC.,

        Defendant.

## ORDER GRANTING NCR'S MOTION FOR RECONSIDERATION

Defendant NCR Corp. has moved for reconsideration of this Court's order denying motions to expand the administrative record. In a previous order, this Court denied the other Defendants' similar motions, but it did not squarely address NCR's particular request, which is somewhat different. Such circumstances are one of the rare instances in which a motion for reconsideration is warranted.

NCR wishes to provide the Court with expert testimony for the "limited purpose" of "evaluating whether the U.S. Environmental Protection Agency and the Wisconsin Department of Natural Resources . . . considered all relevant factors when they made their remedy decisions". (Dkt. # 455 at 1.) This testimony would explain "the types of analyses the Agencies must and, customarily, do perform when re-evaluating the cost-effectiveness of a remedy due to changed circumstances, but which the Agencies did not perform here when costs increased substantially in 2010". (*Id.* at 2.) Specifically, NCR proposes to offer a single expert, a former EPA veteran, who

would offer his opinions on these issues. NCR offers assurances that such testimony would be limited to a few hours.

As the parties recognize, the general rule is that review in cases like this is limited to the administrative record. "Limiting judicial review of response actions to the administrative record expedites the process of review, avoids the need for time-consuming and burdensome discovery, reduces litigation costs, and ensures that the reviewing court's attention is focused on the criteria used in selecting the response." *United States v. Akzo Coatings of America, Inc.*, 949 F.2d 1409, 1424 (6th Cir. 1991). For that reason, I concluded that the supplemental evidence offered by the other Defendants would unnecessarily open up the administrative record to supplementation when it appeared to be ample enough on its own to allow this Court to engage in an arbitrary-and-capricious level of review. The evidence NCR offers, however, is of a different nature. Its expert does not seek to testify about the underlying science but about the *process* EPA used in issuing its 2010 Explanation of Significant Differences. (Dkt. # 501, Ex. 1.) Based on the expert's experience, he believes that the dramatic cost increases involved required the EPA to undergo more formal amendment procedures (i.e., issuing a ROD, or Record of Decision), and that its failure to do so means its decision-making process was not in compliance with the National Contingency Plan.

This kind of evidence is not the kind that will needlessly bloat the administrative record by second-guessing the science underlying the governments' decisions. It appears directed at a narrow question of process that the expert seems well-equipped to opine about. It could aid the Court's understanding of the issue without creating a mini-trial on the topic. *Akzo,* 929 F.3d at 1428 ("A reviewing court evaluating agency action on the administrative record may consider additional evidence as either background information to aid the court's understanding.") The government complains that the expert's report is little more than an *amicus* brief addressing questions of law

more than anything else. That is not an unfair assessment, but the fact that the testimony is of a legal / procedural nature (rather than scientific) means I am more inclined to allow it because it will not disturb my role reviewing the administrative record on the "merits" of the remedy itself. In sum, in my view the expert has sufficient expertise that he might aid the Court in making its determination of the adequacy of the EPA's procedures, and I see little harm in allowing such evidence to be introduced on a limited basis.

Accordingly, the motion for reconsideration is **GRANTED**. NCR will be allowed to offer its expert for the very limited purposes it has described.

**SO ORDERED** this   24th   day of September, 2012.


s/ William C. Griesbach
William C. Griesbach
United States District Judge