IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION, et al. <br><br> Defendants. | Civil Action No. 10-C-910 <br><br> Hon. William C. Griesbach |

**UNITED STATES' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE
MOTION TO STRIKE EXPERT DISCLOSURE OF MARK TRAVERS**

The Modified Case Management Order required that expert witness disclosures and reports on non-allocation / non-divisibility topics be served no later than September 7, 2012.[1] Dkt. 494. Some three weeks later, on September 28, Menasha Corporation and P.H. Glatfelter Company jointly served the report of Mark Travers (Attach. A). Mr. Travers' opinions do not address allocation / divisibility topics, but rather consist solely of a comparative analysis of the selected remedy against capping or covering remedy proposals. As such, the United States requests that the untimely expert disclosure and report of Mr. Travers be struck pursuant to Federal Rule of Civil Procedure 37(c)(1). *See Miksis v. Howard*, 106 F.3d 754, 760 (7th Cir. 1997) (exclusion of expert is appropriate sanction for failure to make timely disclosure); *Modern Fence Techs., Inc. v. Qualipac Home Improvement Corp.*, 726 F. Supp.2d 975, 984 (E.D. Wis. 2010) (granting motion to strike untimely expert report).

---

[1] On October 2, 2012, the Court entered a further modification to the Case Management Order. *See* Dkt. 502-1. This modification, however, did not affect the deadline for expert witness disclosures and reports.

In a blatantly disingenuous effort to circumvent the requirements of the Modified Case Management Order, Mr. Travers weakly attempts to characterize his report as a rebuttal to that of Dr. Michelle Watters (Attach. B. - *Report on Public Health Implications from PCB Contamination in the Lower Fox River, Northeastern Wisconsin*). There is simply no connection between the two reports. The report of Dr. Watters, the Medical Officer for the Agency for Toxic Substances and Disease Registry ("ATSDR"), sets forth her expert opinions that: (1) there has been and continues to be a public health hazard from eating PCB-contaminated fish from the Lower Fox River; and (2) fish consumption advisories, while important as an interim measure, are insufficient to resolve that hazard. *See* Attach. B at 17-18.

Dr. Watters did not provide opinions regarding the appropriateness of the selected remedy or opinions comparing or evaluating alternative remedies. Following her statement regarding the insufficiency of fish consumption advisories as a means of resolving the public health hazard, Dr. Watters concluded that "with the long-term objective of reducing exposure to the public, continued clean-up of the PCB sediments would be in the public interest." *Id.* Mr. Travers does not take issue with this statement. He does not opine on the public health implications of PCB exposure in general or as to consumption of PCB-contaminated fish in the Lower Fox River. Mr. Travers does not present any opinions regarding the effectiveness of fish consumption advisories.

Instead, Mr. Travers opines that Dr. Watters statement "would suggest that dredging should be avoided and alternative remedial measures should be implemented to more quickly reduce exposure to the public." Attach A at 5. The entirety of Mr. Travers' report consists of why he believes capping or covering would be superior remedies to dredging. *Id.* at 6-9. Mr. Travers' report does not actually rebut – or even address – the opinions set forth in Dr. Watters' report. Defendants cannot avoid Court-mandated deadlines by simply deeming

2

unrelated opinions as a "rebuttal report." As Mr. Travers' report does not rebut any opinion of Dr. Watters, it is simply an untimely expert report and should be struck.

Moreover, Mr. Travers' report should likewise be struck as conflicting with the Court's prior Orders regarding supplementation of the Administrative Record. *See* Dkt. 498 and 522. Challenges to the selected remedy as "arbitrary and capricious" will be determined on the Administrative Record and that record will not be supplemented with expert testimony "second-guessing the science underlying the governments' decisions." Dkt. 522 at 2; s*ee also* Dkt. 519 (*U.S. Motion in Limine to Exclude Defendants' Proposed Remedy Challenge Experts*). Mr. Travers prefaces his opinions on the comparative strengths and weaknesses of various alternative remedies with the caveat that he is "not offering an opinion at this time that the permanent remedy selected by EPA was selected inappropriately." Attach. A. at 5. His opinions, therefore, reflect an (untimely) assessment of underlying matters that are restricted to the Administrative Record.

## **Conclusion**

For the foregoing reasons, the Court should strike the expert disclosure and report of Mr. Travers.

United States' Civil L.R. 7(h) Expedited Non-Dispositive Motion to Strike Expert Disclosure of Mark Travers in
*United States and the State of Wisconsin v. NCR Corp., et al.*, No. 10-C-910 (E.D. Wis.)

                                                  Respectfully Submitted,

                                                  **For the United States of America**

                                                  IGNACIA S. MORENO
                                                  Assistant Attorney General
                                                  Environment and Natural Resources Division

Dated:   October 5, 2012              s/ *Jeffrey A. Spector*
                                                  RANDALL M. STONE
                                                  JEFFREY A. SPECTOR
                                                  KRISTIN M. FURRIE
                                                  SUMONA N. MAJUMDAR
                                                  SEAN CARMAN
                                                  MAYA S. ABELA
                                                  Environmental Enforcement Section
                                                  Environment and Natural Resources Division
                                                  U.S. Department of Justice
                                                  P.O. Box 7611
                                                  Washington, DC  20044-7611
                                                  Telephone:    202-514-4432
                                                  Facsimile:     202-616-6584
                                                  E-Mail:        jeffrey.spector@usdoj.gov

                                                  GREGORY J. HAANSTAD
                                                  Attorney for the United States, Acting
                                                  Under Authority Conferred by 28 U.S.C. § 515

                                                  SUSAN M. KNEPEL
                                                  Assistant United States Attorney
                                                  Office of the United States Attorney
                                                  517 E. Wisconsin Avenue, Room 530
                                                  Milwaukee, WI  53202

4

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Motion to be served on counsel of record via e-mail to:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Francis A. Citera**
Greenberg Traurig LLP
citeraf@gtlaw.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**David R. Erickson**
Shook Hardy & Bacon LLP
derickson@shb.com

**S. Todd Farris**
Friebert Finerty & St. John SC
stf@ffsj.com

**Patrick J. Ferguson**
Latham & Watkins LLP
patrick.ferguson@lw.com

**Charles Fried**
fried@law.harvard.edu

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Margaret I. Hoefer**
Stafford Rosenbaum LLP
mhoefer@staffordlaw.com

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein PC
phunsucker@hgnlaw.com

**Peter C. Karegeannes**
Quarles & Brady LLP
peter.karegeannes@quarles.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Gregory A. Krauss**
Gregory Krauss pllc
gkrauss@krausspllc.com

**Linda R. Larson**
Marten Law PLLC
llarson@martenlaw.com

**Vanessa A. Lavely**
Cravath Swaine & Moore LLP
vlavely@cravath.com

**Susan E. Lovern**
von Briesen & Roper SC
slovern@vonbriesen.com

**Anne E. Lynch**
Hunsucker Goodstein PC
alynch@hgnlaw.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**Meline G. MacCurdy**
Marten Law
mmaccurdy@martenlaw.com

**David G. Mandelbaum**
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

**Bradley M. Marten**
Marten Law
bmarten@martenlaw.com

**Tara M. Mathison**
Davis & Kuelthau SC
tmathison@dkattorneys.com

i

| | | |
|---|---|---|
| **Allison E. McAdam**<br>Hunsucker Goodstein PC<br>amcadam@hgnlaw.com | **Nancy K. Peterson**<br>Quarles & Brady LLP<br>nancy.peterson@quarles.com | **Sarah A. Slack**<br>Foley & Lardner LLP<br>sslack@foley.com |
| **Darin P. McAtee**<br>Cravath Swaine & Moore LLP<br>dmcatee@cravath.com | **Thomas M. Phillips**<br>Reinhart Boerner Van Deuren SC<br>tphillip@reinhartlaw.com | **Margaret R. Sobota**<br>Sidley Austin LLP<br>msobota@sidley.com |
| **Stephen F. McKinney**<br>Haynsworth Sinkler Boyd PA<br>smckinney@hsblawfirm.com | **Ian A.J. Pitz**<br>Michael Best & Friedrich LLP<br>iapitz@michaelbest.com | **Arthur A. Vogel, Jr.**<br>Quarles & Brady LLP<br>arthur.vogel@quarles.com |
| **Heidi D. Melzer**<br>Melzer Law, LLC<br>hmelzer@melzerlaw.com | **David A. Rabbino**<br>Hunsucker Goodstein PC<br>drabbino@hgnlaw.com | **Anthony S. Wachewicz, III**<br>City of Green Bay<br>tonywa@ci.green-bay.wi.us |
| **Elizabeth K. Miles**<br>Davis & Kuelthau SC<br>emiles@dkattorneys.com | **Ronald R. Ragatz**<br>DeWitt Ross & Stevens SC<br>rrr@dewittross.com | **James P. Walsh**<br>Appleton City Attorney<br>jim.walsh@appleton.org |
| **William J. Mulligan**<br>Davis & Kuelthau SC<br>wmulligan@dkattorneys.com | **Kathleen L. Roach**<br>Sidley Austin LLP<br>kroach@sidley.com | **Ted A. Warpinski**<br>Friebert Finerty & St John SC<br>taw@ffsj.com |
| **Daniel C. Murray**<br>Johnson & Bell Ltd.<br>murrayd@jbltd.com | **Megan A. Senatori**<br>DeWitt Ross & Stevens SC<br>ms@dewittross.com | **Ted Waskowski**<br>Stafford Rosenbaum LLP<br>twaskowski@staffordlaw.com |
| **Omid H. Nasab**<br>Cravath Swaine & Moore LLP<br>onasab@cravath.com | **Adam B. Silverman**<br>Greenberg Traurig LLP<br>silvermana@gtlaw.com | **Evan B. Westerfield**<br>Sidley Austin LLP<br>evanwesterfield@sidley.com |
| **Kelly J. Noyes**<br>von Briesen & Roper SC<br>knoyes@vonbriesen.com | **M. Andrew Skierawski**<br>Friebert Finerty & St. John SC<br>mas@ffsj.com | **Richard C. Yde**<br>Stafford Rosenbaum LLP<br>ryde@staffordlaw.com |

Dated: October 5, 2012　　　　　　　　　　　　　　　　　　s/ *Jeffrey A. Spector*