IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF WISCONSIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:10-cv-00910-WCG ) |
| NCR CORPORATION, *et al.*, | ) ) |
| Defendants. | ) |

**RESPONSE OF MENASHA CORPORATION AND THE P.H. GLATFELTER COMPANY TO THE UNITED STATES' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE EXPERT DISCLOSURE OF MARK TRAVERS**

September 28, 2012, was the date to serve rebuttal expert reports on issues other than divisibility or apportionment. Dkt. 502-1. Three weeks earlier, on the date for service of affirmative expert reports, the United States served a single report, that of Michelle Watters. Dr. Watters' opinion states as one of her opinions that "with the long-term objective of reducing exposure to the public, continued clean-up of the PCB sediments would be in the public interest." Watters Report at 17-18. We do not know more precisely what she means by that, and her deposition is not scheduled until October 17.

The United States evidently intends Dr. Watters to testify to something admissible at the trial in December. Therefore, she cannot be intending to testify about whether the remedy selected is arbitrary, capricious, or otherwise contrary to law. *See* 42 U.S.C. § 9613(j). Section 106(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") requires the United States to prove that an injunction it seeks is "such relief as may be necessary to abate [the] danger or threat" from a release of a hazardous substance and that it is

PHI 316,975,950v3

"such relief as the public interest and the equities of the case may require." 42 U.S.C. § 9606(a). If Dr. Watters intends to testify that any particular cleanup would be in the public interest, then that would potentially call for a rebuttal.

On the September 28 deadline for service of reports of rebuttal experts, other than experts on divisibility or apportionment, Menasha Corporation and the P.H. Glatfelter Company served the report of Mark Travers. Mr. Travers opines that the risk to which Dr. Watters refers is not addressed most efficiently by the remedy that the government seeks here. Thus, if Dr. Watters were to testify at trial that the present remedy were in the public interest because it would abate the risk to which she otherwise opines, Mr. Travers would be in a position to rebut that testimony.

Defendants do not intend to call Mr. Travers for the purpose of opining that the remedy selected by the Wisconsin Department of Natural Resources and the Environmental Protection Agency is or is not arbitrary, capricious, or contrary to law any more than the United States intends to call Dr. Watters for the contrary proposition. The selected remedy may or may not be a good idea for reasons other than abating the risk to which Dr. Watters opines. Mr. Travers is to be called to rebut Dr. Watters' anticipated -- but as yet poorly understood -- testimony about necessity, equities, or the public interest. *Compare* 42 U.S.C. § 9606(a) *with Id.* § 9613(j). If the United States does not intend to have Dr. Watters testify that a particular injunction or a particular cleanup would be in the public interest, then we do not understand why her testimony would advance the trial at all. However, if at trial she does not testify to anything that Mr. Travers can rebut, Mr. Travers will not be called.

Neither Glatfelter nor Menasha know what Dr. Watters will say at trial. Therefore, we do not know if Mr. Travers will testify. However, the deadlines in the Case Management Order

required service of a report to preserve that option. There is no reason to strike the report in a case that will be tried to the Court; indeed, the United States has provided both reports to the Court presumably so the Court can read them. The proper procedure would be for the United States to object at trial to a specific question as improper rebuttal, and for the Court to rule at that time.

On their face, Mr. Travers' opinions rebut Dr. Watters' opinions. However, without even discussing the issue with counsel for Glatfelter or Menasha, the United States seems to assume that Mr. Travers is being offered to support Certain Defendants' challenge to selection of the remedy, Dkt. Nos. 541-546. The remedy challenge submissions do not cite Mr. Travers. Indeed, the motion for reconsideration of the Court's decision not to allow supplementation of the Administrative Record, Dkt. No. 527, does not refer to Mr. Travers' opinions. Accordingly, the United States has no basis for its assumption, and the assumption makes no sense. This motion should be denied.

Dated:  October 10, 2012                                          Respectfully submitted,

PHI 316,975,950v3

| | |
|---|---|
| /s/ Philip C. Hunsucker<br>Philip C. Hunsucker<br>David A. Rabbino<br>Hunsucker Goodstein & Nelson PC<br>3717 Mt. Diablo Blvd., Suite 200<br>Lafayette, CA 94549<br>Telephone: 925-284-0840<br>Email: phunsucker@hgnlaw.com<br><br>**Attorneys for Defendant Menasha Corporation** | /s/ David G. Mandelbaum<br>David G. Mandelbaum<br>Francis A. Citera<br>Marc E. Davies<br>Caleb J. Holmes<br>Adam B. Silverman<br>GREENBERG TRAURIG, LLP<br>Two Commerce Square, Suite 2700<br>2001 Market Street<br>Philadelphia, PA 19103<br>215.988.7800<br>mandelbaumd@gtlaw.com<br><br>**Attorneys for Defendant P.H. Glatfelter Company** |

PHI 316,975,950v3

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of October 2012, a true and correct copy of the foregoing was filed electronically via the Electronic Court Filing system and is available for viewing and downloading.

/s/ David G. Mandelbaum
David G. Mandelbaum

Greenberg Traurig LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7800
Facsimile: (215) 988-7801
mandelbaumd@gtlaw.com