IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION, <br> APPLETON PAPERS INC., <br> BROWN COUNTY, <br> CITY OF APPLETON, <br> CITY OF GREEN BAY, <br> CBC COATING, INC., <br> GEORGIA-PACIFIC CONSUMER PRODUCTS LP, <br> KIMBERLY-CLARK CORPORATION, <br> MENASHA CORP., <br> NEENAH-MENASHA SEWERAGE COMMISSION, <br> NEWPAGE WISCONSIN SYSTEMS, INC., <br> P.H. GLATFELTER CO., <br> U.S. PAPER MILLS CORP. and <br> WTM I COMPANY, <br><br> Defendants. | Civil Action No. 10-C-910 |

**STIPULATION RE: PRETRIAL & TRIAL PROCEDURES**

In the interests of judicial economy, and to facilitate an efficient use of the Court's and the Parties' time in advance of and during the trial scheduled to begin on December 3, 2012, for the above-captioned matter (the "December Trial"),

IT IS HEREBY STIPULATED by Plaintiffs the United States of America and the State of Wisconsin (collectively, "Plaintiffs"), and Defendants NCR Corporation ("NCR"), the Georgia-Pacific Defendants,[1] P.H. Glatfelter Company, WTM I Company,

---

[1] The "Georgia-Pacific Defendants" refers to Defendants Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company), Fort James Corporation and Georgia-Pacific LLC.

CBC Coating, Inc., U.S. Paper Mills Corp., Menasha Corp., City of Appleton and Neenah-Menasha Sewerage Commission (collectively, "Defendants"), as follows:

1. **Stipulated Facts:** On or before <u>Tuesday, November 13, 2012</u>, Plaintiffs and Defendants, individually or collectively,[2] shall exchange, by email, proposed stipulated facts related to any issues subject to adjudication at the December Trial (the "Trial Issues"). On or before <u>Tuesday, November 20, 2012</u>, Plaintiffs and Defendants shall exchange, by email, responses to the opposing Parties' proposed stipulated facts. On or before <u>Monday, November 26, 2012</u>, Plaintiffs and Defendants shall jointly file, as part of the Initial Pretrial Report, any facts to which Plaintiffs and Defendants are willing to stipulate.[3]

2. **Expected Trial Witness Lists:** On or before <u>Friday, November 9, 2012</u>, Plaintiffs and Defendants shall exchange, by email, witness lists, which shall be limited in good faith to only those witnesses whose live testimony (or deposition testimony in lieu of live testimony) Plaintiffs and Defendants expect to present during the December Trial. If either side plans to supplement its list after <u>Friday, November 9, 2012</u>, as a result of the responses to the proposed stipulated facts (*see* Paragraph 1) or for any other reason, it shall promptly notify the other side.

---

[2] Unless otherwise specified, all references to "Defendants" herein shall mean "Defendants, individually or collectively". All references to the "Other Defendants" shall mean all stipulating Defendants other than NCR.

[3] If a fact pertains to only one Defendant (or a subset of the Defendants), then Plaintiffs need only obtain agreement from that Defendant (or subset of the Defendants) to include the stipulated fact in the Pretrial Report, provided, however, that if another Defendant objects to that fact, it shall be noted in the stipulation.

2

3. **Use of Deposition Testimony:**

(A) Witnesses within the subpoena power of the Court can be presented by deposition testimony in lieu of live testimony pursuant to the agreement of all Parties. If a Party lists a witness within the subpoena power of the Court as being presented by deposition, other Parties have the right to object on or before <u>Monday, November 19, 2012</u>. If an objection is made, the witness must be called live, if at all, pursuant to the Federal Rules.

(B) The Parties may designate testimony from depositions and trial testimony taken in *Appleton Papers Inc., et al. v. George A. Whiting Paper Co.*, No. 08-cv-16 (E.D. Wis.).

4. **Motions *in Limine*:** On or before <u>Tuesday, November 20, 2012</u>, all motions *in limine* shall be filed; any response shall be filed seven days after a motion is filed. Parties shall not file a reply brief to any motion *in limine*, unless requested by the Court.

5. **Joint Initial Pretrial Report:** Plaintiffs shall provide a draft of the Joint Initial Pretrial Report to Defendants, by email, on or before <u>Wednesday, November 14, 2012</u>. Defendants shall incorporate their sections into the Report and provide any other comments to Plaintiffs on or before <u>Wednesday, November 21, 2012</u>. Plaintiffs and Defendants shall then meet and confer about the Report as needed. On or before <u>Monday, November 26, 2012</u>, Plaintiffs and Defendants shall jointly file

3

the Report. The Report shall include the following, pursuant to Civil L. R. 16(c), as amended by agreement of Plaintiffs and Defendants:

(A) A concise summary, not to exceed four pages, of the facts, claims and defenses. Plaintiffs and Defendants shall work in good faith to prepare a joint summary. If agreement cannot be reached, Plaintiffs and Defendants shall have the option of preparing separate summaries, not to exceed two pages for Plaintiffs, two pages for NCR and two pages for the Other Defendants (collectively);

(B) A concise statement of the issues, not to exceed two pages. Plaintiffs and Defendants shall work in good faith to prepare a joint statement. If agreement cannot be reached, Plaintiffs and Defendants shall have the option of preparing separate statements, not to exceed one page for Plaintiffs, one page for NCR and one page for the Other Defendants (collectively);

(C) A list of stipulated facts, if any;

(D) The names and addresses of all witnesses expected to testify. Any witness not listed will not be permitted to testify absent a showing of good cause; and

    i. Plaintiffs may present any witness during trial who appears on their list or on any other Party's list;

    ii. Defendants may present any witness during trial who appears on their list(s) or any other Party's list;

4

(E) A concise statement of the background of all expert witnesses listed;

6. **Supplemental Pretrial Report:** On or before Wednesday, November 28, 2012, Plaintiffs and Defendants shall jointly file a Supplemental Pretrial Report, which shall include the following:

(A) Designations, counter-designations and counter-counter designations, along with any objections to those designations, of all depositions or portions of transcripts or other recordings of depositions to be offered in evidence as part of this trial; and

(B) A list of the intended trial exhibits, which shall be numbered as set forth in Paragraph 8, along with any objections to those exhibits.

7. **Deposition Designations:** The schedule for exchanging deposition designations shall be as follows:

(A) On or before Wednesday, November 14, 2012, Plaintiffs and Defendants shall exchange, by email, initial deposition designations;[4]

(B) On or before Wednesday, November 21, 2012, Plaintiffs and Defendants shall exchange, by email, counter-designations and objections;

---

[4] For any depositions with transcripts unavailable before November 12, 2012, deposition designations may be exchanged within two days of receipt of the final transcript and counter-designations shall be exchanged within two days of the receipt of a deposition designation. All Parties reserve the right to object to these designations (or any other designations) on hearsay or other grounds supported by the Federal rules.

5

(C) On or before Monday, November 26, 2012, Plaintiffs and Defendants shall exchange, by email, counter-counter designations and counter-objections; and

(D) The Parties shall provide the list of all designations, counter-designations and counter-counter designations, along with any objections to those designations, of all depositions or portions of transcripts or other recordings of depositions to be offered in evidence as part of this trial as part of the Supplemental Pretrial Report.[5] The Parties shall also provide the Court with an electronic copy of these designations and objections in advance of or at the Pretrial Conference.

8. **Intended Trial Exhibits:**

(A) The schedule for exchanging intended trial exhibits shall be as follows:

    i. On or before Friday, November 16, 2012, Plaintiffs and Defendants shall exchange, by email, lists of intended trial exhibits;[6]

    ii. On or before Monday, November 26, 2012, Plaintiffs and Defendants shall exchange, by email, objections to the intended trial exhibits;

---

[5] The designation list shall specify which Party or Parties object to a designation.

[6] Plaintiff and Defendants shall identify all exhibits by Bates number and include with their respective exhibit lists any document not identified by a Bates number. The Parties will confer about their ability to provide electronic copies of all documents on their exhibit lists.

6

iii. On or before <u>Wednesday, November 28, 2012</u>, the Parties shall provide the Court with a list of exhibits and objections thereto[7] as part of the Supplemental Pretrial Report. The Parties shall also provide the Court with an electronic copy of all exhibits prior to trial;

(B) The Parties shall comply with the exhibit requirements set forth in the Court's October 30, 2012 Order (Dkt. #572 at 1), as follows:

i. The Parties shall provide the court reporter and clerk with copies of DVDs containing all of their exhibits prior to trial;

ii. All exhibits to be used at trial shall be in PDF format and displayed in electronic format. No paper exhibits will be offered at trial, but the offering Party should be prepared to offer a paper copy of an exhibit to the Court, if requested;

iii. If the Parties have any stipulated or agreed upon exhibits, they are to furnish the clerk with a list of those prior to the start of trial each day. The Parties can then move for entry of those exhibits before the

---

[7] The exhibit list shall specify which Party or Parties object to an exhibit.

start of testimony and furnish the Clerk with a list of exhibits that are in dispute;

iv. At the close of trial, all exhibits shall be placed on DVDs in PDF format with each exhibit in 10 MB increments. If the exhibit is large it will have to be broken down to 10 MB or less because that is the requirement of the Court of Appeals. The Parties shall provide the Court with a signed certification that all exhibits contained on the DVD are the original exhibits that were received into evidence by the Court. The certification must accompany the DVD with the exhibits and exhibit list in PDF format;

(C) The Parties hereby agree that Exhibits 1 through 2,000 are the documents that comprise the Site Administrative Record and the UAO Administrative Record (the "AR Documents"). The Parties further agree that the AR Documents are admissible for purposes of adjudicating whether the selection of the response action required by the UAO was arbitrary, capricious or otherwise not in accordance with law,[8] subject to the reservation set forth in Paragraph 8(E). In creating their respective exhibit lists, the

---

[8] If any Party offers one of the AR Documents at trial for a purpose other than adjudicating whether the selection of the response action required by the UAO was arbitrary, capricious or otherwise not in accordance with law, then other Parties reserve the right to object at trial to the admissibility of that Document on any grounds.

8

Parties shall use their best efforts to exclude the AR Documents from their respective exhibit lists;

(D) Plaintiffs shall start their exhibit numbering at 2,000. NCR shall start its exhibit numbering at 4,000. The Other Defendants (collectively) shall start their exhibit numbering at 6,000 and may further divide up exhibit numbers in excess of 6,000 among themselves as needed;

(E) All unobjected-to intended trial exhibits listed by the Parties shall be deemed admitted when offered by either side during trial. Notwithstanding the foregoing, Plaintiffs and Defendants agree that objections based solely on relevance are reserved for trial and need not be asserted as set forth above;

(F) Subject to any objections, Plaintiffs may offer any exhibit during trial that appears on their list or on any other Party's list;

(G) Subject to any objections, Defendants may offer any exhibit during trial that appears on their list(s) or on any other Party's list; and

(H) Demonstratives do not need to be included on the lists of intended trial exhibits.

9. **Pretrial Briefs:**

   (A) Plaintiffs, NCR and the Other Defendants may file a pretrial brief on or before <u>Monday, November 26, 2012</u>. There shall be no pretrial rebuttal briefs, unless requested by the Court;

   (B) The Parties have conferred about the length of the pretrial briefs and do not agree.

   i. Plaintiffs and NCR propose the following limits for the pretrial briefs:

   (i) Plaintiffs: 50 pages

   (ii) NCR: 50 pages

   (iii) Other Defendants: 50 pages[9]

   ii. The Other Defendants propose the following limits for the pretrial briefs:

   (i) Plaintiffs: 50 pages

   (ii) NCR: 50 pages

   (iii) Other Defendants: 15 pages each[10]

   (C) The briefs shall comply with Civil General L.R. 5, unless otherwise agreed by the Parties.

10. **Pretrial Conference:** On <u>Friday, November 30, 2012</u>, at 1:30 p.m., a final pretrial and settlement conference will be held at 125 South Jefferson Street, Green Bay, WI 54301, in Room 201, unless

---

[9] The Other Defendants may submit separate pretrial briefs, but their briefs shall not exceed 50 pages collectively.

[10] Any of the Other Defendants may cede some of their pages to another Other Defendant.

10

otherwise ordered by the Court. (Dkt. #572 at 2.) Trial counsel for all Parties are required to appear in person. Parties need not appear, but should be available by telephone. (Dkt. #405.)

11. **Trial Schedule:** Consistent with the Court's procedures and subject to the Court's approval, Plaintiffs and Defendants propose the following trial schedule:

> (A) The case shall be called for trial on <u>Monday, December 3, 2012</u>, at 8:30 a.m., in the United State Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin;
>
> (B) Trial shall begin each morning at 9 a.m., unless otherwise directed by the Court; and
>
> (C) The Parties are prepared to begin the trial on December 3, 2012. The Parties would like to complete the trial as quickly and as expeditiously as possible. However, the Parties disagree as to the length of trial, and the Parties will set forth their respective positions to the Court in a separate filing.

12. **Trial Management:**

> (A) The Parties have conferred about how much time it will take to try the case, and how to and whether to set forth a division of time, and do not agree. The Parties will submit their respective positions to the Court in a separate filing;

11

(B) Plaintiffs shall present their case-in-chief first, followed by NCR, followed by the Other Defendants;[11]

(C) The Parties reserve their rights to present rebuttal cases, if the Court so allows;

(D) No Party shall present an opening statement to the Court;

(E) The Parties have conferred about whether closing arguments shall be presented and do not agree.

    i. Plaintiffs and NCR propose that no Party shall present a closing argument to the Court;

    ii. The Other Defendants propose that any Party may present a closing argument to the Court of not more than 15 minutes.

13. **Expert Testimony:**

(A) Any Party may present a written statement prepared by an expert witness in lieu of live direct testimony of that expert;

(B) All prepared written statements must be provided to the other Parties at least 48 hours (excluding weekend hours) in advance of when the statement will be presented to the Court. For example, if a Party plans to present a written statement on Tuesday morning at 10 a.m., then the statement must be provided to the other side no later than the preceding Friday at 10 a.m.;

---

[11] The other Defendants shall work in good faith to determine the order in which their cases will be presented. The order shall be included in the Joint Initial Pretrial Report. If the Other Defendants cannot agree on an order, then they shall submit their respective proposals to the Court.

(C) Any objections to a written statement shall be made at the time the statement is presented to the Court; and

(D) Plaintiffs and Defendants agree to make any testifying expert witness available for cross-examination regardless of whether the expert's direct testimony is presented via written statement or live.

14. **Notification of Witness Testimony:** The Parties shall notify each other at least 48 hours (excluding weekend hours) in advance of when any particular fact or expert witness will be called live, as well as of the order in which witnesses will be called on that particular trial day.

15. **Exchange of Demonstrative Exhibits:**

(A) The Parties have conferred about when demonstrative exhibits should be exchanged and do not agree.

(B) Plaintiffs propose the following:

  i. The Parties shall provide each other with any demonstrative exhibit at least 24 hours (*including* weekend hours) in advance of when that demonstrative exhibit will be used at trial;

13

(C) NCR and the Other Defendants propose the following:

    i. The Parties shall provide each other with any demonstrative exhibit at least 48 hours (*including* weekend hours) in advance of when that demonstrative exhibit will be used at trial.

16. **Trial Equipment:** The Parties shall share the cost of any audio-visual or other equipment that the Parties intend to use at trial. The Parties shall work together and with the Court in advance of trial to make the necessary arrangements.

17. **Post-Trial Submissions:**

(A) Plaintiffs, NCR and the Other Defendants shall each file proposed findings of fact and conclusions of law. After the trial schedule has been determined by the Court, the Parties shall negotiate in good faith as to the deadline for the proposed findings of fact and conclusions of law. The Parties shall submit their respective scheduling proposals to the Court only if a timely resolution cannot be reached;

(B) The Parties have conferred about the length of the proposed findings of fact and conclusions of law and do not agree.

    i. Plaintiffs and NCR propose the following limits for the proposed findings of fact and conclusions of law:

14

(i)     Plaintiffs:  100 pages

                            (ii)    NCR:  100 pages

                            (iii)   Other Defendants:  100 pages[12]

                    ii.     The Other Defendants propose the following limits
                            for the proposed findings of fact and conclusions of
                            law:

                            (i)     Plaintiffs:  100 pages

                            (ii)    NCR:  100 pages

                            (iii)   Other Defendants:  25 pages each[13]

(C)     Plaintiffs, NCR and the Other Defendants may file responses to the proposed findings of fact and conclusions of law. After the trial schedule has been determined by the Court, the Parties shall negotiate in good faith as to the deadline for the responses to the proposed findings of fact and conclusions of law. The Parties shall submit their respective scheduling proposals to the Court only if a timely resolution cannot be reached;

(D)     The Parties have conferred about the length of the responses to the proposed findings of fact and conclusions of law and do not agree.

---

[12] The Other Defendants may submit separate post-trial submissions, but their submissions shall not exceed 100 pages collectively.

[13] Any of the Other Defendants may cede some of their pages to another Other Defendant.

15

i. Plaintiffs and NCR propose the following limits for the responses to the proposed findings of fact and conclusions of law:

(i) Plaintiffs: 75 pages

(ii) NCR: 75 pages

(iii) Other Defendants: 75 pages[14]

ii. The Other Defendants propose the following limits for the responses to the proposed findings of fact and conclusions of law:

(i) Plaintiffs: 75 pages

(ii) NCR: 75 pages

(iii) Other Defendants: 20 pages each[15]

(E) These filings shall comply with Civil General L.R. 5, unless otherwise agreed by the Parties.

Dated: November 9, 2012

---

[14] The Other Defendants may submit separate responses to the post-trial submissions, but their responses shall not exceed 75 pages collectively.

[15] Any of the Other Defendants may cede some of their pages to another Other Defendant.

/s/ Randall M. Stone

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural
Resources Division

RANDALL M. STONE
JEFFREY A. SPECTOR
KRISTIN M. FURRIE
SUMONA N. MAJUMDAR
SEAN CARMAN
MAYA S. ABELA
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: 202-414-1308
Facsimile: 202-616-6584
E-Mail: randall.stone@usdoj.gov

GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C.
§ 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202

**Attorneys for Plaintiff the United States of America**

/s/ Cynthia R. Hirsch

CYNTHIA R. HIRSCH
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
P.O. Box 7857
Madison, Wisconsin 53707-785
hirschcr@doj.state.wi.us

**Attorneys for Plaintiff the State of Wisconsin**

<u>/s/ Darin P. McAtee</u>
CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Sandra C. Goldstein
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue
Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601

**Attorneys for Defendant NCR Corporation**

/s/ Mary Rose Alexander
Mary Rose Alexander
Margrethe K. Kearney
Latham & Watkins LLP
233 S. Wacker Dr. Ste. 5800
Chicago, IL 60606
Telephone: (312) 872-7700
Facsimile: (312) 993-9767
Mary.Rose.Alexander@lw.com
Karl S. Lytz
Patrick J. Ferguson
Latham & Watkins LLP
505 Montgomery St., Ste. 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Fax: (415) 395-8095
Karl.Lytz@lw.com
**Attorneys for Defendant Georgia-Pacific LLC**

/s/ David G. Mandelbaum
David G. Mandelbaum
Marc E. Davies
Monique M. Mooney
Sabrina Mizrachi
Caleb J. Holmes
Adam B. Silverman
GREENBERG TRAURIG, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA 19103
215.988.7800
mandelbaumd@gtlaw.com

**Attorneys for Defendant P.H. Glatfelter Company**

/s/ Nancy K. Peterson
Nancy K. Peterson (Wis. Bar No. 1000197)
Peter C. Karegeannes (Wis. Bar No. 1015025)
William H. Harbeck (Wis. Bar No. 1007004)
Arthur A. Vogel, Jr. (Wis. Bar No. 1010425)
David A. Strifling (Wis. Bar No. 1049923)

Quarles & Brady LLP
411 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: 414-277-5000
nancy.peterson@quarles.com

**Attorneys for Defendant WTM I Company**

/s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

**Attorneys for Defendant CBC Coating, Inc.**

/s/ Scott W. Hansen
Scott W. Hansen
Steven P. Bogart
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
P.O. Box. 2965
Milwaukee, WI 53202
Telephone: 414-298-1000
Fax: 414-298-8097
sbogart@reinhartlaw.com
shansen@reinhartlaw.com

Thomas R. Gottshall
Stephen F. McKinney
Haynsworth Sinkler Boyd PA
1201 Main Street, Suite 2200
P.O. Box 11889
Columbia, SC 29211-1889
Telephone: 803-779-3080
Fax: 803-765-1243
tgottshall@hsblawfirm.com
smckinney@hsblawfirm.com

**Attorneys for Defendant U.S. Paper Mills**

/s/William J. Mulligan
William J. Mulligan (WI Bar No. 1008465)
Kevin J. Lyons (WI Bar No. 1013826)
Elizabeth K. Miles (WI Bar No. 1064284)
Davis & Kuelthau, s.c.
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202
Telephone: (414) 276-0200
Fax: (414) 276-9369
Email:
wmulligan@dkattorneys.com
klyons@dkattorneys.com
emiles@dkattorneys.com

**Attorneys for Defendant Neenah-Menasha Sewerage Commission**

/s/ Philip C. Hunsucker
Philip C. Hunsucker
David A. Rabbino
Christopher J. Dow
Hunsucker Goodstein & Nelson PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone: (925) 284-0840
Fax: (925) 284-0870
phunsucker@hgnlaw.com

**Attorneys for Defendant Menasha Corp.**

/s/ Paul G. Kent
Paul G. Kent (#1002924)
Richard C. Yde (#1013600)
Ted Waskowski (#1003254)
Stafford Rosenbaum LLP
222 W. Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Telephone: (608) 256-0226
Email: pkent@staffordlaw.com

James P. Walsh (#1009328)
Appleton City Attorney's Office
100 North Appleton Street
Appleton, WI 54911-4702
Telephone: (920) 832-6423
Email: jim.walsh@appleton.org

**Attorneys for Defendant City of Appleton**

20