IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NCR CORPORATION, et al., | ) ) |
| Defendants. | ) ) ) |

Case Action No. 1:10-CV-00910
Hon. William C. Griesbach

---

**DECLARATION OF ALLISON E. MCADAM IN SUPPORT OF CERTAIN DEFENDANTS'[1] REPLY TO MOTION TO RECONSIDER THE ORDER DENYING MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO SUPPLEMENT THE ADMINISTRATIVE RECORD IN CONNECTION WITH THE REMEDY SELECTED FOR OUs 2-5**

---

I, Allison E. McAdam, declare:

1. I am a Shareholder with Hunsucker Goodstein PC. I am duly admitted to practice before the United States District Court for the Eastern District of Wisconsin. I am one of the attorneys representing Menasha Corporation ("Menasha") in this matter. The following facts are within my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. On November 9, 2012, the parties to this lawsuit exchanged preliminary witness lists. **Attachment 1** is a true and correct copy of Plaintiffs United States and the State of Wisconsin Witness List as of November 9, 2012, which was circulated to all counsel by e-mail. Plaintiffs identified fifteen witnesses who Plaintiffs anticipate will provide live testimony at trial, including three experts unrelated to modeling for their affirmative case (Michelle Watters,

---

[1] "Certain Defendants" include CBC Coating, Inc., Menasha Corporation and P.H. Glatfelter Company.

Richard Fox and Jill Singer) and nine potential rebuttal witnesses, several more of whom are experts. Plaintiffs identified more than fifty additional witnesses whose deposition testimony they intend to offer.

3. Through the Motion for Reconsideration, Certain Defendants offered the deposition testimony of Robert L. Annear, Jr., Ph.D. and Ken Susilo on the limited scope of the calibration of the wLFRM Model. Dkt. 528 at 19.

4. Plaintiffs also have designated their own modeling expert whose scope of testimony is intended to include the wLFRM Model, Hector Bravo. **Attachment 2** to this Declaration is a true and correct copy of Plaintiffs' communication to all counsel in this lawsuit regarding the scope of Dr. Bravo's anticipated testimony. Plaintiffs have represented that Dr. Bravo will testify in the upcoming trial:

> ***[O]n the sufficiency of the calibration and validation of the wLFRM*** for the limited purpose of comparatively demonstrating that the calibration and validation of the ATS Model is inadequate. Thus, Dr. Bravo's testimony will be offered for the limited purpose of discrediting the ATS report and the model it presents, and not for the purpose of supplementing the Administrative Record in aid of the court's decision on the remedy for the Site.

Attachment 2 at 1.

5. Dr. Bravo also was designated to rebut the opinion of Menasha's expert, Dr. Annear, as to the calibration of the wLFRM Model:

> The United States believes there is no merit in the Certain Defendants' Motion for Reconsideration of the court's prior ruling on Certain Defendants' Motion to Supplement the Administrative Record (Dkt. 528). If, however, the court reconsiders its prior ruling and determines that supplementation of the record is appropriate with expert testimony on the wLFRM, the United States will offer Dr. Bravo's testimony for that purpose as well.

Attachment 2 at 1.

6. Plaintiffs also have relied upon Xiaochun Zhang, Ph.D., to rebut Dr. Annear's opinions as to the calibration of the wLFRM Model.

2

7. Among all of the parties to this lawsuit, at least twenty-five expert witnesses have been disclosed.

8. In April 2012, the United States represented to the Court that it would need only four days to try its case-in-chief. **Attachment 3** to this Declaration is a copy of an April 19, 2012 email sent by Jeffrey Spector of the United States Department of Justice to the Court, with copies to my partners Philip Hunsucker and David Rabbino, both of this law firm. In it, Mr. Spector represents that the "proposed December 3, 2012 trial date is acceptable to the United States and we estimate that the United States will require no more than four trial days to present its case in chief."

9. On October 29, 2012, Plaintiffs circulated comments on NCR's proposed pre-trial stipulation which indicated their position that the United States should be allocated 50% of the trial time, which they estimated would take place between December 3, 2012 and December 21, 2012. **Attachment 4** to this Declaration is a true and correct copy of a draft proposed pre-trial stipulation circulated by Plaintiffs which I received on October 29, 2012. Specifically, Plaintiffs' comments indicated their proposal that they be allocated 50 hours of trial time (or at least seven seven-hour Court days), NCR be allocated 25 hours of trial time, and the remaining defendants together would be allocated 25 hours of trial time (or three and a half Court days) to be divided among at least five defendants:

~~11.~~12. **Trial Management:**

(A) The parties shall split the available trial time as follows: one-half~~third~~ for Plaintiffs (50~~30~~ hours total); one-quarter~~third~~ for NCR (25~~30~~ hours total); and one-quarter~~third~~ for the Other Defendants (collectively) (25~~30~~ hours total);

3

Attachment 4 at 9.

10. Dr. Annear's deposition was completed on November 2, 2012 and included his opinions on the validation and calibration of the wLFRM Model as part of its scope.

11. Mr. Susilo's deposition is scheduled to take place on November 14, 2012 and will include his opinions on validation and calibration of the wLFRM Model as part of its scope.

12. Dr. Bravo's deposition is scheduled to take place on November 15, 2012 and Menasha anticipates it will include his opinions on the validation and calibration of the wLFRM Model as part of its scope.

13. Dr. Zhang was already deposed in this lawsuit on August 24, 2012.

14. Dr. Annear already is a witness expected to testify at trial on NCR's model and Dr. Bravo already is a witness expected to testify at trial on NCR's model. Accordingly, Mr. Susilo and Dr. Zhang would be the only additions to the trial witness list should the Court grant the Motion for Reconsideration.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on November 13, 2012, at Lafayette, California.

By: s/ Allison E. McAdam
Allison E. McAdam

4