

U.S. Department of Justice

Environment and Natural Resources Division

*Environmental Enforcement Section*
*P.O. Box 7611*
*Washington, DC 20044-7611*

*Telephone (202) 616-6515*
*Facsimile (202) 616-6584*
*kristin.furrie@usdoj.gov*

November 14, 2012

**FILED AND SERVED BY THE COURT'S**
**ELECTRONIC CASE FILING SYSTEM**

The Honorable William C. Griesbach
United States District Judge
Eastern District of Wisconsin

    Re:    *United States and the State of Wisconsin v. NCR Corp., et al.*,
              Case No. 10-C-910 (E.D. Wis.)

Dear Judge Griesbach:

      On behalf of all of the parties in the above-referenced matter, we write to set forth the positions of the parties regarding the length of trial and the division of trial time. The Stipulation re: Pretrial & Trial Procedures, which was filed on November 9, 2012, noted that the parties have been unable to reach agreement on these issues. (*See* Dkt. No. 606.) We believe it is important to bring these issues to the attention of the Court in advance of the telephone conference scheduled for this Friday, November 16, 2012.

**The United States, the State of Wisconsin, and NCR's Position[1]**

      The United States and the State of Wisconsin (collectively, the "Plaintiffs") and NCR believe that a set number of trial days must be established and that the case can be tried between December 3, 2012 and December 21, 2012. Without a defined trial time, the Parties have no incentive to efficiently use their time. The Other Defendants' proposal would allow potentially unlimited direct and cross-examination testimony regarding duplicative, technical expert issues, resulting in an unnecessarily lengthy

---

[1] The position of the United States, the State of Wisconsin, and NCR has been drafted and agreed upon by those Parties only. The Other Defendants do not agree with the statements made therein.

trial. The Plaintiffs and NCR propose that the Parties divide the available trial time using a "chess clock" approach, as was effectively done at the February 2012 *Whiting* trial, in which most of the parties in this case actively participated. (*See* 08-C-16, Dkt. No. 1281 ¶12.) The Plaintiffs and NCR are willing to work with all of the Parties to maximize the use of the available number of trial days, including by allowing (subject to the Court's approval) parties to submit expert testimony through written statements (*see* Dkt. No. 606 ¶13) and fact testimony through deposition designations,[2] lengthening the trial day, and coordinating with other Parties to avoid duplicative testimony and cross examinations.[3]

If the Court agrees that trial can be completed by December 21, 2012, as planned, the Plaintiffs and NCR propose that time should be divided as follows: 40% for Plaintiffs; 30% for NCR; and 30% for the Other Defendants. If trial continues into January, the Plaintiffs and NCR both believe that they will need a larger share of the available trial time in order to effectively respond to the additional testimony that would be introduced.

Moreover, it is NCR's position that a trial that continues into January will prejudice NCR. NCR has already been compelled to incur significant costs at the Lower Fox River Site without a trial on the merits. Delaying the completion of trial raises the specter that the next remediation season will commence without a result on the merits.

**The Other Defendants' Position[4]**

The Other Defendants are prepared to start trial of this case on December 3, 2012, and to continue it day-to-day until it is completed. Given that the parties have identified over 50 live witnesses, 25 of which are expert

---

[2] The Other Defendants' preliminary witness list has 32 live witnesses, including numerous fact witnesses whose testimony could be presented by deposition designations.

[3] The United States and the State have coordinated to avoid the need for the United States and the State to conduct separate direct and cross examination of any of the witnesses. Accordingly, counsel for the United States will be conducting the majority of the witness examination, even for witnesses that are employees of the State.

[4] The position of the Other Defendants has been drafted and agreed upon by those Parties only. The Plaintiffs and NCR do not agree with the statements made therein.

2

witnesses, the Other Defendants do not believe this case can possibly be tried to completion between December 3 through 21.

The Other Defendants do not believe this case can be tried on a clock for two reasons. First, the interests of the Other Defendants diverge to a much greater extent than in previous phases of this case.

- The OU1 parties and CBC Coating, Inc. all assert that the concentrations of PCBs that left their locations were not sufficient to cause concentrations above the cleanup level of 1 part per million in OU4, 30 to 20 miles downriver.

- The OU4 parties, the Georgia-Pacific Parties and U.S. Paper, assert upstream parties have contributed in concentrations above the cleanup level of 1 part per million to OU4 that have been mixed and are not divisible from any other PCB contributions to OU4.

- The Georgia-Pacific Parties have agreed to accept joint and several liability below OU4A and has obtained contribution protection above OU4A and has agreed not to challenge the remedy.

While, for NCR this case is about money, albeit a large sum, for most of the Other Defendants it is about survival, for none of them have the means to comply with the injunction sought by the U.S. As a result, each of the Other Defendants believes it needs its own trial time to present a defense. Second, the number of likely witnesses makes completion of the trial in this period of time impossible.

The Other Defendants share the desire to complete this phase of the case as quickly as possible and understand that NCR has another trial in connection with the Kalamazoo River matter. Accordingly, in order reasonably to accommodate all these needs while allowing each defendant against which the United States is seeking a joint and several injunction requiring that defendant to perform the work required in the UAO (that is, each defendant against which the United States seeks the same relief that it seeks from NCR) to put on an adequate defense during the trial, the Other Defendants are prepared to try the case as efficiently as possible between December 3 and 21, 2012, then to restart on January 2, 2013, and to continue as efficiently as possible until every party has had sufficient time to put on its case with the Court managing the trial day-to-day. Given the positions of the

3

United States and NCR, the Other Defendants expect the United States' case-in-chief and NCR's defense to be completed by December 21.

>Respectfully submitted,
>
>*s/Kristin M. Furrie*
>
>Kristin M. Furrie
>Trial Attorney