IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 10-C-910 ) ) |
| NCR CORPORATION, APPLETON PAPERS INC., BROWN COUNTY, CITY OF APPLETON, CITY OF GREEN BAY, CBC COATING, INC., GEORGIA-PACIFIC CONSUMER PRODUCTS LP, KIMBERLY-CLARK CORPORATION, MENASHA CORP., NEENAH-MENASHA SEWERAGE COMMISSION, NEWPAGE WISCONSIN SYSTEMS, INC., P.H. GLATFELTER CO., U.S. PAPER MILLS CORP., and WTM I COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT NCR CORPORATION'S RESPONSE TO PLAINTIFFS' ADDITIONAL STATEMENT OF UNDISPUTED FACTS IN OPPOSITION TO NCR'S CROSS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Civil L.R. 56(b)(2)(B)(i), Defendant NCR Corporation ("NCR") respectfully submits the following Response to Plaintiffs' Additional Statement of Undisputed Material Facts in Opposition to NCR's Cross Motion for Summary Judgment, Dkt. #581 ("SUF").[1]

---

[1] Certain Defendants, P.H. Glatfelter, WTM I, CBC and Menasha, filed statements of additional undisputed material facts in support of their oppositions to Plaintiffs' Motion for Partial Summary Judgment under CERCLA Section 107(a). *See* Dkt. 590, Dkt. 594, Dkt. 598, and Dkt. 605. No response is required from NCR, however NCR reserves the right to dispute the facts set forth in these pleadings.

**SUF 1:** The 2010 ESD did not change the remedial action level for the Site. Dkt. 404-4.

**RESPONSE:** Undisputed, but irrelevant. The fact that the 2010 ESD did not change the remedial action for the Site is irrelevant to whether the decision to issue an ESD in response to the approximately $269 million increase in the cost of the remedy, rather than undertake the full ROD amendment process, was in accordance with the requirements of the NCP.

**SUF 2:** The 2010 ESD did not change the remedial technology that was going to be used at the Site compared from the remedy that was selected in the 2007 ROD. Dkt. 404-4.

**RESPONSE:** Undisputed, but irrelevant. The fact that the 2010 ESD did not change the remedial technology that was going to be used at the Site compared from the remedy that was selected in the 2007 ROD is irrelevant to whether the decision to issue an ESD in response to the approximately $269 million increase in the cost of the remedy, rather than undertake the full ROD amendment process, was in accordance with the requirements of the NCP.

**SUF 3:** The 2010 ESD did not change the physical area that was to be remediated at the Site. Dkt. 404-4.

**RESPONSE:** Undisputed, but irrelevant. The fact that the 2010 ESD did not change the physical area that was to be remediated at the Site is irrelevant to whether the decision to issue an ESD in response to the approximately $269 million increase in the cost of the remedy, rather than undertake the full ROD amendment process, was in accordance with the requirements of the NCP.

**SUF 4:** The 2010 ESD did not change the remediation goals at the Site. Dkt. 404-4.

**RESPONSE:** Undisputed, but irrelevant. The fact that the 2010 ESD did not change the remediation goals at the Site is irrelevant to whether the decision to issue an ESD in response to the approximately $269 million increase in the cost of the remedy, rather than undertake the full

ROD amendment process, was in accordance with the requirements of the NCP.

**SUF 5:** The 2010 ESD did not change the type of contamination that was being remediated at the Site. Dkt. 404-4.

**RESPONSE:** Undisputed, but irrelevant. The fact that the 2010 ESD did not change the type of contamination that was being remediated at the Site is irrelevant to whether the decision to issue an ESD in response to the approximately $269 million increase in the cost of the remedy, rather than undertake the full ROD amendment process, was in accordance with the requirements of the NCP.

**SUF 6:** The 2010 ESD did not change the volume of waste being remediated. Dkt. 404-4.

**RESPONSE:** Undisputed, but irrelevant. The fact that the 2010 ESD did not change the volume of waste being remediated is irrelevant to whether the decision to issue an ESD in response to the approximately $269 million increase in the cost of the remedy, rather than undertake the full ROD amendment process, was in accordance with the requirements of the NCP.

**SUF 7:** At the time of the 2007 Amended ROD the Agencies were not at the "Final Design" stage. Dkt. 501-1 at 12-13; Dkt. 563-1 at 73:19-24 .

**RESPONSE:** Undisputed, but irrelevant. The fact that the Agencies were not at the "Final Design" stage at the time of the 2007 Amended ROD is irrelevant to whether the decision to issue an ESD in response to the approximately $269 million increase in the cost of the remedy, rather than undertake the full ROD amendment process, was in accordance with the requirements of the NCP.

Dated: November 14, 2012 Respectfully submitted,

NCR CORPORATION

/s/ Evan B. Westerfield

*Counsel for NCR Corporation*

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Darin P. McAtee
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700

SIDLEY AUSTIN LLP
Evan B. Westerfield
Eric W. Ha
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
evanwesterfield@sidley.com

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601