

U.S. Department of Justice

Environment and Natural Resources Division

*Environmental Enforcement Section*  
*P.O. Box 7611*  
*Washington, DC 20044-7611*

*Telephone (202) 514-1308*  
*Facsimile (202) 616-6584*  
*randall.stone@usdoj.gov*

November 15, 2012

**FILED AND SERVED BY THE COURT'S
ELECTRONIC CASE FILING SYSTEM**

The Honorable William C. Griesbach  
United States District Judge  
Eastern District of Wisconsin

    Re:    Supplemental Declaration (Dkt. 620) Submitted in Response to Certain Defendants' Cross-Motion for Summary Judgment on the Propriety of the Remedy in *United States and the State of Wisconsin v. NCR Corp., et al.*, Case No. 10-C-910 (E.D. Wis.)

Dear Judge Griesbach:

    In a November 14, 2012, reply brief filed in support of Certain Defendants' cross-motion for summary judgment on the propriety of the remedy at issue in this case (Dkt. 617 at 8), Certain Defendants correctly point out that a particular piece of evidence cited by Plaintiffs does not contain language that was quoted in Plaintiffs' opposition brief. We have discovered that the excerpts of the document that we filed with the ECF system (Dkt. 578-1) inadvertently omitted a section of the document containing the quoted language. A replacement version of the document with the quoted language has now been filed with the ECF system (Dkt. 620-1 at 12), along with a supplemental declaration (Dkt. 620).

    The inadvertent omission concerns a Superfund Cooperative Agreement between EPA and WDNR for WDNR's performance of the Risk Assessment, Remedial Investigation, and Feasibility Study for the Fox River Site. As referenced in our opposition brief (Dkt. 579 at 11), the replacement version of the document that has be filed with the Court contains a set of written "Assurances" by WDNR, including the assurance that "[a]ll activities conducted under this Agreement shall not be inconsistent with the revised National Contingency Plan (NCP), 40 CFR 300, dated March 8, 1990 (Vol. 55 No. 46 Federal Register 8666)." Dkt. 620-1 at 12. We also have filed the final version of the Cooperative Agreement form signed by the WDNR Secretary and the EPA Region 5 Superfund Division Director (Dkt. 620-2), as well as documentation reflecting EPA's internal approval of the Agreement (Dkt 620-3), because Certain Defendants questioned whether it was ever "approved by anyone in a position to enter into a cooperative agreement under CERCLA" (Dkt. 617 at 8).

We apologize for any confusion caused by the inadvertent omission from the excerpts of this documentation that we filed previously.

Respectfully submitted,

*Randall M. Stone*

Randall M. Stone
Senior Attorney