IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA AND
THE STATE OF WISCONSIN

    Plaintiffs,

    v.

NCR CORPORATION, *et al.,*

    Defendants.

No. 10-CV-00910-WCG

SUPPLEMENTAL REPLY MEMORANDUM OF P.H.
GLATFELTER COMPANY IN SUPPORT OF CERTAIN
DEFENDANTS'[1] CROSS-MOTION FOR SUMMARY JUDGMENT
ON THE PROPRIETY OF THE REMEDY

---

[1] Menasha Corporation joins this memorandum. Time has not allowed other defendants to join or not to join.

This evening, the United States filed a letter and additional exhibits, Dkt. 620, 621, in connection with the cross motions for summary judgment on the propriety of the remedy at this Site. This new, unauthorized filing goes to whether a proper delegation existed to the Wisconsin Department of Natural Resources ("WDNR") of the lead agency role in preparing the remedial investigation and feasibility study ("RI/FS"), drafting the proposed remedial action plan ("PRAP"), and then developing and adopting the record of decision ("ROD").

We are far outside the bounds of record review at this point, so we bring to the Court's attention what James Hahnenberg, the Environmental Protection Agency's remedial project manager for this Site and the United States' designee under Federal Rule of Civil Procedure 30(b)(6), had to say on the subject at his deposition:

> Q Now, who had the lead for the Fox River?
> A At that time?
> Q At any time.
> A Oh, the State, the Wisconsin DNR. They always have, and they still do.
> Q Is there a memorandum of agreement with the State where there's a formal designation of the State as the lead agency?
> A Well, there's a memorandum of understanding between the State and the EPA and the trustees, basically an agreement to work together on the project.
> Q That's an intergovernmental partners agreement?
> A Right, correct.
> Q But there's no -- in a --
> A There's no -- like we call them SMOAs or something like that. *As far as I know, there's not a formal agreement*

> *between the EPA and the State specifically for just the Fox River other than this memorandum of understanding.*
>
> Q And is that a permissible way to proceed because the site is not included on the national priorities list?
>
> A I'm assuming it is. I would say it is, yes.
>
> Q What is -- that it's permissible?
>
> A Sure, yes.
>
> Q Because it's a Superfund alternative site?
>
> A Right, yes. Well, I don't know if that's what we call it, but it's certainly acceptable and permissible and allowed.

Mandelbaum Supplemental Declaration Ex. 1 [Hahnenberg Deposition] at 30:18 to 31:21 (emphasis added). The United States does *not* claim that the Intergovernmental Partners Memorandum of Agreement delegated authority to WDNR. Plffs' Brief, Dkt. 579, at 9 n.4.

On November 5, in their responsive brief, the governments repudiated what Mr. Hahnenberg had to say, and claimed that a document that we have called Dkt. 578-1 constituted a cooperative agreement that satisfied the Superfund regulations and amounted to a proper delegation of the "lead" to WDNR. That document has deficiencies, as we noted in our reply brief yesterday: it is for the wrong time period, it designates the wrong unit within WDNR, and it – on its face – reflects what we know to be true about WDNR's motivations to apply remedy selection criteria other than the nine criteria set out in CERCLA.

Now, ten days after the last day the United States was authorized to file a brief, long after it would be appropriate on a motion for summary judgment to be offering any

2

evidence, after Glatfelter has filed its reply memorandum, fewer than 24 hours before a pretrial conference, and 18 days before trial (with a lot of other things going on), the United States has filed its letter and a substitute for Dkt. 578-1.

The Court should look carefully at what the United States now offers. It is not the same document. It has a different set of Bates numbers. More significantly, the new document, Dkt. 620-1, consists of each of the pages of Dkt. 578-1 with five new pages inserted in the middle at pages 10-14 of the exhibit, Bates Nos. NCR-FOX-435170 to 74. These new pages are in a different type face than the rest of the document. The rest of the document contains a line from what appears to be a WDNR facsimile transmission on the top of each page, but the new pages do not. There is no initial, signature, or other indication that WDNR assented to these new pages. The additional exhibits, Dkt. 620-2 and -3, offer no help on this point; they do not indicate whether the new five pages were part of the agreement the parties entered into. Of course, none of these materials is in the Administrative Record.

There is no dispute that WDNR got a great deal of money to conduct the RI/FS, and to prepare the PRAP, and RODs for this Site. There is no dispute that there must have been some agreement or understanding under which WDNR got all those federal funds. However, the Administrative Record contains no document amounting to a proper delegation of authority from EPA to WDNR that reflects EPA's imposition of conditions consistent with section 104(d)(1) of CERCLA, 42 U.S.C. § 9604(d)(1), and the applicable regulations, or WDNR's acceptance of those conditions. We can only

speculate as to what Dkt. 578-1 or Dkt. 620-1 are, or why the latter has five additional pages without a fax mark.  These documents are no basis on which the United States may obtain summary judgment.  Indeed, Certain Defendants' motion for summary judgment should be granted, because, in a record review case, these documents may not be considered.


Dated:  November 15, 2012					Respectfully submitted,


							*/s/ David G. Mandelbaum*
							David G. Mandelbaum
							Francis A. Citera
							Marc E. Davies
							Caleb J. Holmes
							Adam B. Silverman
							GREENBERG TRAURIG, LLP
							Two Commerce Square, Suite 2700
							2001 Market Street
							Philadelphia, PA  19103
							215.988.7800
							mandelbaumd@gtlaw.com

							**Attorneys for Defendant P.H. Glatfelter Company**

4

# CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of November 2012, a true and correct copy of the foregoing was filed electronically via the Electronic Court Filing system and is available for viewing and downloading.

/s/ David G. Mandelbaum
David G. Mandelbaum

Greenberg Traurig LLP
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 988-7800
Facsimile: (215) 988-7801
mandelbaumd@gtlaw.co