## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

UNITED STATES OF AMERICA and )
THE STATE OF WISCONSIN, )
  )
           Plaintiffs, )
  )    Civil Action No. 10-C-910
      v. )
  )
NCR CORPORATION, )
APPLETON PAPERS INC., )
BROWN COUNTY, )
CITY OF APPLETON, )
CITY OF GREEN BAY, )
CBC COATING, INC., )
GEORGIA-PACIFIC CONSUMER PRODUCTS LP, )
KIMBERLY-CLARK CORPORATION, )
MENASHA CORP., )
NEENAH-MENASHA SEWERAGE COMMISSION, )
NEWPAGE WISCONSIN SYSTEMS, INC., )
P.H. GLATFELTER CO., )
U.S. PAPER MILLS CORP., and )
WTM I CO., )
  )
          Defendants. )

---

## DEFENDANT NCR CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE CERTAIN DEFENDANTS FROM OFFERING EXPERT TESTIMONY OF GARY KLEINRICHERT

---

## INTRODUCTION

The December 3 trial is set to resolve only Plaintiffs' Fifth Claim for Relief, which seeks to enforce the Unilateral Administrative Order ("UAO"). (Dkt. No. 30 ¶ 132; Dkt. No. 294 at 8.) In response to a motion *in limine* filed by Certain Defendants,[1] this Court recently held that equitable considerations "have no role in these proceedings". (Dkt. No. 627 at 8.) Certain Defendants, however, still seek to offer the expert opinions of Gary Kleinrichert, which relate solely to the equitable consideration of whether NCR acting alone has the ability to pay for the entire remediation required by the UAO. Because this Court has already held that the subject matter of Mr. Kleinrichert's proposed testimony is irrelevant, Certain Defendants should be precluded from presenting him as a witness at trial.

## ARGUMENT

The parties have agreed, and this Court has ordered, that the December 3 trial will relate exclusively to the Plaintiffs' Fifth Claim for Relief under CERCLA § 106, which seeks to enforce the UAO. (Dkt. No. 322; Dkt. No. 30 ¶ 132.) Evidence relevant to that inquiry is therefore limited to evidence that tends to prove or disprove the Defendants' liability under Section 106 and the propriety of the UAO. *See Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006) (*citing* Fed. R. Evid. 401).

Certain Defendants, however, have maintained that as part its consideration of the Fifth Claim for Relief, this Court should consider various equitable factors, including the ability of each Defendant to pay for the remediation required by the UAO at the time of trial. (*See, e.g.*, Dkt. No. 577 at 4-8.) Accordingly, Certain Defendants have submitted the expert report of Gary Kleinrichert, an accountant who purports to have conducted an analysis of NCR's cash flow and

---

[1] "Certain Defendants" refers to Defendants P.H. Glatfelter Co., CBC Coating, Inc., Menasha Corp., U.S. Paper Mills Corp., Neenah-Menasha Sewerage Commission and WTM I Co.

borrowing capacity and offers certain opinions on "whether NCR is capable of paying the entirety of the anticipated costs for remediation activities related to the cleanup of polychlorinated biphenyls ('PCBs') in portions of the Fox River and the Bay of Green Bay".[2] (Initial Kleinrichert Report at 4.)

On November 16, 2012, ruling on a motion *in limine* filed by Certain Defendants, the Court rejected Certain Defendants' position on this issue, and held that equitable considerations "have no role in these proceedings". (Dkt. No. 627 at 8.) Accordingly, Mr. Kleinrichert's proposed testimony has been rendered irrelevant to the upcoming trial.

On November 18, 2012, NCR approached Certain Defendants and asked them to withdraw Mr. Kleinrichert as a proposed witness, noting that Mr. Kleinrichert's opinions do not concern any of the issues that remain before the Court, such as Defendants' alleged liability, the propriety of the remedy selected by Plaintiffs or the relief Plaintiffs seek in their Fifth Claim for Relief. However, Certain Defendants refused to do so.

Because Mr. Kleinrichert's opinions were intended to buttress equitable arguments that have now been foreclosed, and because Mr. Kleinrichert's testimony will only distract from the legitimate issues in dispute, generate needless expense and unnecessarily lengthen the trial, Certain Defendants should be precluded from presenting him at trial.

## CONCLUSION

For the foregoing reasons, NCR respectfully requests that the irrelevant testimony of Mr. Kleinrichert be excluded from the December 3 trial.

---

[2] Mr. Kleinrichert has provided two reports in this matter, the first on September 7, 2012, the second on November 5, 2012. The November 5, 2012 supplemental report adjusts certain assumptions and calculations based on recent NCR financial filings but does not expand or alter the scope of Mr. Kleinrichert's opinions.

Dated: November 20, 2012          Respectfully submitted,

NCR CORPORATION

/s/ Darin P. McAtee

*Counsel for NCR Corporation*
CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Darin P. McAtee
Yonatan Even
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Evan B. Westerfield
Eric W. Ha
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601