IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF WISCONSIN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 10-C-910 ) |
| NCR CORP. and APPLETON PAPERS INC., *et al.*, | ) ) ) ) |
| Defendants. | ) |

**P.H. GLATFELTER COMPANY'S RESPONSE TO DEFENDANT
NCR CORPORATIONS' MOTION *IN LIMINE* TO EXCLUDE
THE EXPERT TESTIMONY OF GARY KLEINRICHERT**

Defendant P.H. Glatfelter Company ("Glatfelter"),[1] by its undersigned counsel, hereby responds to Defendant NCR Corporation's Motion *In Limine* to Preclude Certain Defendants from Offering Expert Testimony of Gary Kleinrichert (the "Kleinrichert Motion"), as follows:

## INTRODUCTION

The Kleinrichert Motion seeks to bar Glatfelter and certain other defendants from offering the expert opinions of Gary Kleinrichert at the December 3 trial of Plaintiffs' Fifth Claim for Relief. Mr. Kleinrichert is expected to testify regarding the ability of Defendant NCR Corporation ("NCR") to pay for the entire remediation required by the Unilateral Administrative Order ("UAO") issued by the United States in November 2007. NCR asserts that the subject matter of Mr. Kleinrichert's proposed testimony is "irrelevant," in light of this Court's November 16 ruling dismissing certain equitable affirmative defenses and discussing the elements that Plaintiffs will be required to prove at trial. *See* Decision and Order Granting Partial Judgment on the Pleadings and Denying Motion *in Limine* [Dkt. 627] (the "November 16 Order"). During the

---
[1] CBC Coating, Inc., Menasha Corporation, U.S. Paper Mills Corp., and WTM I Company join in this response.
PHI 316994688v2

course of explaining its reasoning, the November 16 Order states that, "the equitable and other 'elements' the Defendants have identified have no role in these proceedings." *Id.* at 8. NCR seizes upon this language to argue that Mr. Kleinrichert's testimony relates solely to the "equitable consideration" of whether NCR alone can pay for the entire remediation required by the UAO, and that his testimony is precluded as a consequence of the November 16 Order.

NCR's argument misconstrues the scope and effect of this Court's earlier ruling. The November 16 Order ruled that (1) Defendants would not be permitted to present equitable defenses based upon the United States Army Corps of Engineers' status as a potentially responsible party, and (2) the United States would not be required to present evidence of "equitable and other 'elements'" as part of its proof that the remedy selected in the UAO "passes muster" under the arbitrary-and-capricious standard. *See* November 16 Order at 1-8. In so ruling, the Court did *not* expunge the traditional four-factor test for injunctive relief from consideration in this case altogether, nor could the Court have done so.

Plaintiffs are seeking a mandatory injunction requiring compliance with the UAO. The Supreme Court has repeatedly made clear that a party seeking injunctive relief to enforce a statutory remedy must satisfy the traditional four-factor test for that mandatory injunctive relief, including consideration of the balance of hardships. The November 16 Order does not deviate from this longstanding principle. It deals with the availability of equity as an affirmative defense to a CERCLA section 106 action, and with the statutory elements of the United States' claim, but *not* with the applicable test governing the United States' request for a permanent injunction against each defendant. The law is clear that the traditional four-factor test governs the United States' request for mandatory injunctive relief, and Mr. Kleinrichert's opinions are directly relevant and admissible on the balance of hardships.

## MR. KLEINRICHERT'S OPINIONS

Glatfelter, CBC Coating, Inc., Menasha Corp., U.S. Paper Mills Corp., Neenah-Menasha Sewerage Commission, and WTM I Co. (collectively, the "Non-NCR Defendants") have identified Mr. Kleinrichert as an expert witness expected to testify on the subject of NCR's ability to pay for the entire remediation required by the UAO. Mr. Kleinrichert has analyzed NCR's future projected cash flow, NCR's current and projected available cash and borrowing capacity, and NCR's indemnification agreements. He opines that NCR has the financial wherewithal to fund the entirety of the anticipated Fox River remediation costs. Copies of Mr. Kleinrichert's expert reports, and a transcript of his deposition testimony are attached. Declaration of Francis A. Citera ¶¶ 3-5.

The Non-NCR Defendants anticipate introducing Mr. Kleinrichert's testimony in opposition to the United States' prayer for a permanent injunction against them. NCR has already been determined to be the party primarily liable for the Fox River remediation. The alleged liability of the Non-NCR Defendants is secondary. *See, e.g.,* Dkt. 371. Through Mr. Kleinrichert's testimony, the Non-NCR Defendants expect to show that NCR is able to pay for the full remediation ordered by the UAO. Accordingly, the Non-NCR Defendants will use Mr. Kleinrichert's testimony to show that their contingent liability under the UAO is highly unlikely to materialize into a concrete liability, shifting the balance of hardships as the consequence of the United States' requested mandatory injunction decisively in favor of the Non-NCR Defendants. Because NCR is able to pay for the remediation, the "harm" to Plaintiffs if the Non-NCR Defendants are not a party to the injunction is purely theoretical and is not irreparable; it is a speculative fear of "harm" rather than a genuine injury. In short, the Non-NCR Defendants expect to show through Mr. Kleinrichert's testimony that the government can establish no current need for protection from an extant harm.

*PHI 316994688v2*

## ARGUMENT

The Kleinrichert Motion relies on the erroneous premise that the November 16 Order entirely purges all traditional "equitable considerations" from all aspects of this case. In reality, the Court only disallowed considerations of equity in the context of (1) equitable affirmative defenses arising out of the United States' status as a potentially responsible party, and (2) equitable "elements" as part of Plaintiffs' proof that the UAO is not arbitrary and capricious. *See* November 16 Order at 1-8. The November 16 Order did not address, and this Court has yet to consider, the standard of proof governing Plaintiffs' request in the Fifth Claim for Relief for "injunctive relief" requiring the Non-NCR Defendants to comply with the UAO. *See* First Amended Complaint [Dkt. 30] ¶¶ 1, 129-32, Prayer for Relief ¶ 5. The law is clear that this request for injunctive relief from a court of the United States must satisfy the traditional four-factor test for injunctive relief, confirming the relevance of Mr. Kleinrichert's testimony.

A plaintiff requesting permanent injunctive relief, whether in equity or as an authorized remedy under a federal statute, must satisfy the traditional "four-factor test" for injunctive relief, demonstrating: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2756 (2010) (*quoting eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). The third factor, balance of hardships, "takes on heightened importance when the plaintiff requests a 'mandatory injunction,' that is, an injunction requiring the defendant to perform an affirmative act," due to the "significant burdens" imposed on the defendant. *Kartman v. State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 892 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 242 (2011).

The United States' Fifth Claim for Relief seeks mandatory injunctive relief requiring the Non-NCR Defendants to comply with the UAO. *See* First Amended Complaint [Dkt. 30] ¶¶ 1, 129-32, Prayer for Relief ¶ 5. In requesting that relief, the government has necessarily introduced the traditional four-factor test into this case. The fact that injunctive relief is an authorized statutory remedy under CERCLA does not render the automatic entry of a permanent injunction against all defendants appropriate upon proof of a statutory claim. To the contrary, the Supreme Court has repeatedly held that the plaintiff seeking a statutory injunctive remedy, including a statutory environmental remedy, must still satisfy the four-factor test, including the balance of hardships factor. In *Monsanto*, the Court held that "[t]he traditional four-factor test applies when a plaintiff seeks a permanent injunction to remedy a NEPA [National Environmental Policy Act] violation." 130 S.Ct. at 2756 (*citing Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 380–382 (2008)). The Court noted that treating injunctive relief as a presumptive remedy upon proof of a statutory violation "invert[s] the proper mode of analysis," because "[a]n injunction should issue only if the traditional four-factor test is satisfied." *Id.* at 2757 (*citing Winter*, 129 S. Ct. at 380-82). Likewise, in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Court observed that an injunction to enforce federal environmental law— in that case, a preliminary injunction—is "an extraordinary remedy never awarded as of right," and held that each such request for statutory injunctive relief must separately balance the parties' competing claims of injury and the effect on each party of granting or withholding the requested relief. *Id.* at 24 (citations omitted). *See also eBay Inc.*, 547 U.S. at 390-393 (rejecting the "general rule" that courts will issue permanent injunctions against patent infringement absent exceptional circumstances, finding that "the creation of a right is distinct from the provision of remedies for violations of that right," and stating that it would not imply a "major departure"

from the traditional four-factor test in the absence of a clear statutory indication that Congress "intended such a departure").

Plaintiffs acknowledge the traditional four-factor test in their Trial Brief, but assert that, "[i]n a case like this, the inquiry at the relief stage is greatly simplified by 'a congressional thumb on the scale in favor of remediation.'" Dkt. 675, at 3-4 (*quoting Me. People's Alliance & Natural Res. Def. Counsel v. Mallinckrodt, Inc.*, 471 F.3d 277, 297 (1st Cir. 2006)). The Supreme Court's ruling in *Monsanto*, decided four years after the First Circuit's decision in *Me. People's Alliance*, on which Plaintiffs rely, explicitly rejected this "thumb on the scale" approach. Rejecting all authorities that "appear to presume that an injunction is the proper remedy" for an alleged statutory environmental violation (in that case, NEPA), the Court explained: "***No such thumb on the scales is warranted.*** * * * It is not enough for a court considering a request for injunctive relief to ask whether there is a good reason why an injunction should not issue; rather, a court must determine that an injunction should issue under the traditional four-factor test set out above." *Monsanto*, 130 S.Ct. at 2757 (emphasis added).

The November 16 Order does not challenge the Supreme Court's consistent incorporation of the four-factor test into statutory requests for injunctive relief. It did not deal with Plaintiffs' request for a mandatory injunction at all, limiting its scope to the defendants' equitable affirmative defenses and the Court's arbitrary-and-capricious review of the UAO. In those two areas, the Court has held that equitable considerations may not come into play, because "if the remedy is appropriate, then it is *ipso facto* appropriate to enforce it." November 16 Order, at 6. But the Court did ***not*** hold that this *ipso facto* right to enforce the UAO translates automatically into a right to entry of a mandatory injunction against all defendants, without consideration of the traditional four-factor test. To the contrary, such a ruling would be flatly incompatible with the Supreme Court's rulings in *Monsanto*, *Winter*, and *eBay*, which demand consideration of all four

traditional factors, and in particular balancing the hardships, before this Court may enter permanent injunctive relief against any or all of the Non-NCR Defendants.

Indeed, this Court followed the traditional analysis in April when granting a preliminary injunction against NCR alone. Dkt. 370. The Court of Appeals, in affirming, addressed each of the conventional factors for granting a preliminary injunction. *See United States v. NCR Corp.*, 688 F.3d 833, 842-43 (7th Cir. 2012).

With the legal rule settled that the Court must balance the hardships before it can enter permanent injunctive relief against Glatfelter or the other Non-NCR Defendants, the materiality and relevance of Mr. Kleinrichert's testimony is obvious. Mr. Kleinrichert's analysis of NCR's ability to pay for the full remediation offers proof that Plaintiffs' case for hardship is speculative, contingent, and altogether theoretical. The Non-NCR Defendants expect to present Mr. Kleinrichert's testimony as part of their case on balancing the hardships, to demonstrate that the hardship inflicted by imposing a mandatory injunction against them far exceeds the purely hypothetical hardship upon the United States of refusing such relief, in light of NCR's ability as the party primarily liable for the Fox River remediation to pay full remediation costs. Glatfelter and the other Non-NCR Defendants are entitled to present this testimony in defense of Plaintiffs' prayer for injunctive relief against them, and NCR may not prevent them from doing so.

# CONCLUSION

WHEREFORE, Glatfelter respectfully requests that this Court deny the Kleinrichert Motion, and for such other and further relief as this Court deems proper.

Dated: November 27, 2012                Respectfully submitted,

                                        /s/ Francis A. Citera
Francis A. Citera
David G. Mandelbaum
Marc E. Davies
Caleb J. Holmes
Adam B. Silverman
GREENBERG TRAURIG, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA 19103
215-988-7800
citeraf@gtlaw.com

**Attorneys for Defendant P. H. Glatfelter Company**

## CERTIFICATE OF SERVICE

I, Francis A. Citera, do hereby certify that on this 27th day of November, 2012, I caused a copy of **DEFENDANT P.H. GLATFELTER COMPANY'S RESPONSE TO DEFENDANT NCR CORPORATIONS' MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF GARY KLEINRICHERT** to be filed electronically via the Electronic Court Filing system and is available for viewing and downloading:

/s/ Francis A. Citera
Francis A. Citera

Case 1:10-cv-00910-WCG    Filed 11/27/12    Page 9 of 9    Document 686
PHI 316994688v2