IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| NCR CORPORATION,<br>APPLETON PAPERS INC.,<br>BROWN COUNTY,<br>CITY OF APPLETON,<br>CITY OF GREEN BAY,<br>CBC COATING, INC.,<br>GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br>KIMBERLY-CLARK CORPORATION,<br>MENASHA CORP.,<br>NEENAH-MENASHA SEWERAGE COMMISSION,<br>NEWPAGE WISCONSIN SYSTEMS, INC.,<br>P.H. GLATFELTER CO.,<br>U.S. PAPER MILLS CORP., and<br>WTM I CO., | )<br>)<br>)<br>) Civil Action No. 10-C-910<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANT NCR CORPORATION'S REPLY IN SUPPORT OF ITS MOTION
TO STRIKE THE PHASE 1 PRE-TRIAL STIPULATIONS BETWEEN
PLAINTIFFS AND U.S. PAPER MILLS CORP.**

Defendant NCR Corporation respectfully submits this reply in support of its Motion to Strike the Phase I Pre-Trial Stipulations between the Plaintiffs and U.S. Paper Mills Corp. (Dkt. #660.)

**ARGUMENT**

As noted in NCR's opening brief, the USP Stipulation should be stricken because the Government, in yet another step in its ongoing effort to single out NCR for all remaining remediation required at the Site, has entered into a settlement agreement intended specifically to circumvent CERCLA's requirement that such agreements be subject to comments and objections from interested parties and, ultimately, to court approval. (Dkt. #660; *see, e.g.*, 42 U.S.C. § 9622.)

In its response, the Government tries to mischaracterize the obvious side deal it has reached with U.S. Paper, claiming that the Stipulation is not, in fact, a settlement. But it clearly is, and no boiler-plate reservation of rights can alter that fact. As the Government concedes, the USP Stipulation reflects a clear *quid pro quo*; U.S. Paper waived what the Government now characterizes as "a potentially-significant successor liability issue . . . *[i]n exchange*" for the Government's forbearance from enforcement against U.S. Paper. (Dkt. #682 at 6-7 (emphasis added).) That *quid pro quo* was also understood by the Government's counterpart, U.S. Paper. (*See* Dkt. #671 at 3 ("[The USP Stipulation] eliminat[es] several significant affirmative defenses . . . . *In return*, the plaintiffs agreed not to seek an injunction against U.S. Paper in this phase of the litigation and to pursue NCR first . . . .") (emphasis added).) The Government fails to provide any reason why the deal it has struck should be allowed to escape the judicial scrutiny mandated under CERCLA. It should not, and NCR—as a

party that is clearly affected by the Government's skewed enforcement policy—should be allowed to lodge its objections to it for this Court's consideration.

U.S. Paper's separate opposition is long on rhetoric, but short on relevant argument. Three points raised by U.S. Paper, however, warrant a short response. *First*, after blaming NCR for being "disingenuous", U.S. Paper argues—incorrectly—that "[NCR] admits discharging twice as much as the next most significant upstream polluter". (*Id.* at 1-2.) That is a misrepresentation of NCR's position; NCR does not admit that, as U.S. Paper is well aware, and as NCR will establish at trial. *Second*, U.S. Paper suggests that NCR's discharges were "the most potent of all" PCB discharges into the Fox river. (*Id.* at 1.) That again is incorrect; all discharges at issue in this case originated from the same emulsion, and the distinction between NCR's discharges of emulsion and the recyclers' discharges of the same emulsion in the recycling process is one without a difference. *Third*, U.S. Paper's response is focused entirely on equitable arguments based upon U.S. Paper's one-sided presentation of the facts. But as this Court has made clear, this case is not about such equitable arguments. (*See* Dkt. #627.) The Government and U.S. Paper have reached a partial settlement of the claims *in this case*, not in a case governed by equities; such an agreement should be subject to public comment and judicial scrutiny by this Court. No amount of hyperbole or Shakespearean quotes can change that simple requirement.

## CONCLUSION

For the foregoing reasons, NCR respectfully requests that the Court strike the USP Stipulation.

2

Dated: November 27, 2012  Respectfully submitted,

NCR CORPORATION

/s/ Darin P. McAtee

*Counsel for NCR Corporation*
CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Darin P. McAtee
Yonatan Even
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700

SIDLEY AUSTIN LLP
Evan B. Westerfield
Eric W. Ha
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036
evanwesterfield@sidley.com

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601