IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION, *et al.*, <br><br> Defendants. | Civil Action No. 10-C-910 <br><br> Hon. William C. Griesbach |

**STIPULATION AND PROPOSED ORDER REGARDING EXHIBITS
FOR THE DECEMBER 2012 TRIAL**

Plaintiffs the United States of America and the State of Wisconsin (collectively, "Plaintiffs"), and Defendants NCR Corporation ("NCR"), the Georgia-Pacific Defendants ("GP"),[1] P.H. Glatfelter Company ("Glatfelter"), WTM I Company ("WTM I"), CBC Coating, Inc. ("CBC"), U.S. Paper Mills Corp. ("U.S. Paper"), and Menasha Corporation ("Menasha") (collectively, "Defendants"), by and through their respective counsel, submit this Stipulation and Proposed Order Regarding the Exhibits for the December 2012 Trial.

IT IS HEREBY STIPULATED among Plaintiffs and Defendants:

1. Dkt. No. 716 is a combined exhibit list for the trial that took place in Milwaukee, Wisconsin in the above-captioned case in December 2012 (the "Exhibit List").

2. Plaintiffs and Defendants disagree about whether the Exhibits that comprise the Administrative Record— Exhibits 1 through 1376—have already been stipulated as admitted into evidence for all purposes. Plaintiffs contend that the Parties agreed that the entire Administrative Record was stipulated as admissible for all purposes, as confirmed in prior case filings (Dkt. 707; Dkt 706-1) and in statements made on the record at trial (Tr. 2116-19; Tr.

---

[1] "GP" refers to Defendants Georgia-Pacific Consumer Products LP (f/k/a Fort James Operating Company).

2809-10). Defendants disagree because the Court's Pretrial Order reflects the Parties' agreement that "the [Administrative Record] Documents are admissible for purposes of adjudicating whether the selection of the response action required by the UAO was arbitrary, capricious or otherwise not in accordance with law" (the "Remedy Challenge"), and that the Parties reserved their right to object if an Administrative Record Exhibit was offered for any other purpose. (Dkt. 610 at 7). The Parties agree to address their positions on this dispute in post-trial briefing following the procedures set forth herein.

    3.    All Exhibits ranging from Exhibits 2000 through 9980 that have been placed on the Exhibit List without an objection reserved are admitted into evidence for all purposes, subject to a relevancy objection that may be raised and substantiated during the post-trial briefing.

    4.    All Exhibits that have been placed on the Exhibit List but marked "Demonstrative" or "For Identification Only" are offered for demonstrative or illustrative purposes only. Parties reserve the right to argue that an Exhibit marked "Demonstrative" or "For Identification Only" should be admitted into evidence for substantive, rather than illustrative, purposes. This argument and any objections thereto must be raised, if at all, in post-trial briefing following the procedures set forth herein.

    5.    Each Exhibit that has been placed on the Exhibit List with an objection listed and reserved will be admitted into evidence for all purposes unless an objecting party states and substantiates its reserved objections to that Exhibit in post-trial briefing following the procedures set forth herein and the Court rules that the Exhibit is inadmissible or is admissible only for a limited purpose. For all Exhibits other than Exhibits 1 to 1376, only relevance objections and objections listed and reserved in the Exhibit List can be raised in post-trial briefing. Exhibits 1 to 1376 will be admitted for purposes of the Remedy Challenge. In addition, any Exhibit from 1 to 1376 which any Party wishes to use as evidence for any other purpose must be individually cited as support for an individual finding of fact. All other Parties retain the right to object to the admission of any such Exhibit, other than for purposes of the Remedy Challenge, including any objection or argument that could have been raised at trial had the Exhibit been offered in evidence at trial. All such objections must be stated and substantiated in post-trial briefing following the procedures set forth herein. Any such Exhibit will be admitted into evidence for all purposes unless the Court rules that the exhibit is inadmissible or is admissible only for a limited purpose.

    6.    The Parties agree to the following procedure for briefing any admissibility objections:

        a. On Monday, February 4, 2013, the Parties will file proposed findings of fact and conclusions of law. Dkt. 679 at 23.

        b. On Tuesday, February 19, 2013, each Party will file a brief stating and substantiating its objections to the admission of any Administrative Record Exhibit cited in a Party's February 4, 2013 filing and its reserved objections to the admission of any other Exhibit. If an Administrative Record Exhibit or any other Exhibit is cited in a Party's February 4, 2013 filing, any objections to those Exhibits not stated and substantiated in the February 19, 2013 briefs are deemed

waived, unless the Exhibit is subsequently cited for a purpose unrelated to the initial citation. The page limits for the February 19, 2013 filing shall be as follows: Plaintiffs: 15 pages; NCR: 15 pages; all other stipulating Defendants (the "Other Defendants"): 5 pages each.[2]

c. On Friday, March 1, 2013, the Parties will file Responses to other Parties' proposed findings of fact and conclusions of law. On the same date, Parties shall also address (either in the Response or in a separate brief) any admissibility objections raised by another Party in the briefs filed on Tuesday, February 19, 2013. The page limits for the March 1, 2013 Responses to the Exhibit objections shall be as follows: Plaintiffs: 30 pages; NCR: 30 pages; the Other Defendants: 5 pages each.

d. On Wednesday, March 6, 2013, each Party will file a brief stating and substantiating its objections to the admission of any Administrative Record Exhibits cited in a Party's March 1, 2013 filing and its reserved objections to the admission of any other Exhibit. If an Administrative Record Exhibit or any other Exhibit is cited in a Party's March 1, 2013 filing, any objections to those Exhibits not stated and substantiated in the March 6, 2013 briefs are deemed waived. The page limits for the March 6, 2013 filings shall be as follows: Plaintiffs: 15 pages; NCR: 15 pages; the Other Defendants: 5 pages each.

e. On Tuesday, March 12, 2013, the Parties will file Responses to any admissibility objections raised by another Party in the briefs filed on Wednesday, March 6, 2013. The page limits for the March 12, 2013 Responses to the Exhibit Objections shall be as follows: Plaintiffs: 30 pages; NCR: 30 pages; the Other Defendants: 5 pages each.

IT IS SO ORDERED.

Dated this _____ day of January 2013.

                                                        _____
                                                        William C. Griesbach, Chief Judge
                                                        U.S. District Court - WIED

---

[2] For any of the briefs related to Exhibit objections or responses thereto, any of the Other Defendants may cede some of their pages to another Other Defendant.

/s/ Kristin M. Furrie

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural
Resources Division

RANDALL M. STONE
JEFFREY A. SPECTOR
KRISTIN M. FURRIE
SUMONA N. MAJUMDAR
SEAN CARMAN
MAYA S. ABELA
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: 202-616-6515
Facsimile: 202-616-6584
E-Mail: kristin.furrie@usdoj.gov

GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C.
§ 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202

**Attorneys for Plaintiff the United States of America**

/s/ Cynthia R. Hirsch

CYNTHIA R. HIRSCH
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
P.O. Box 7857
Madison, Wisconsin 53707-785
hirschcr@doj.state.wi.us

**Attorneys for Plaintiff the State of Wisconsin**

/s/ Darin P. McAtee
CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Darin P. McAtee
Yonatan Even
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Kathleen L. Roach
Evan B. Westerfield
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue
Suite 2200
Seattle, Washington
98101 Phone: (206) 292-2600
Fax: (206) 292-2601

**Attorneys for Defendant NCR Corporation**

/s/ Philip C. Hunsucker
Philip C. Hunsucker
David A. Rabbino
Christopher J. Dow
Hunsucker Goodstein & Nelson PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone: (925) 284-0840
Fax: (925) 284-0870
phunsucker@hgnlaw.com

**Attorneys for Defendant Menasha Corp.**

/s/ David G. Mandelbaum
David G. Mandelbaum
Marc E. Davies
Caleb J. Holmes
Adam B. Silverman
GREENBERG TRAURIG, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA 19103
215.988.7800
mandelbaumd@gtlaw.com

Francis A. Citera
GREENBERG TRAURIG, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
312.456.8400
citeraf@gtlaw.com

**Attorneys for Defendant P.H. Glatfelter Company**

/s/ Scott W. Hansen
Scott W. Hansen
Steven P. Bogart
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
P.O. Box. 2965
Milwaukee, WI 53202
Telephone: 414-298-1000
Fax: 414-298-8097
sbogart@reinhartlaw.com
shansen@reinhartlaw.com

Thomas R. Gottshall
Stephen F. McKinney
Haynsworth Sinkler Boyd PA
1201 Main Street, Suite 2200
P.O. Box 11889
Columbia, SC 29211-1889
Telephone: 803-779-3080
Fax: 803-765-1243
tgottshall@hsblawfirm.com
smckinney@hsblawfirm.com

**Attorneys for Defendant U.S. Paper Mills**

/s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

**Attorneys for Defendant CBC Coating, Inc.**

s/Nancy K. Peterson
Nancy K. Peterson (Wis. Bar No. 1000197)
Peter C. Karegeannes (Wis. Bar No. 1015025)
William H. Harbeck (Wis. Bar No. 1007004)
Arthur A. Vogel, Jr. (Wis. Bar No. 1010425)
David A. Strifling (Wis. Bar No. 1049923)

Quarles & Brady LLP
411 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 277-5000
william.harbeck@quarles.com

**Attorneys for Defendant WTM I Company**

/s/ Mary Rose Alexander
Mary Rose Alexander
Margrethe K. Kearney
Latham & Watkins LLP
233 S. Wacker Dr. Ste. 5800
Chicago, IL 60606
Telephone: (312) 872-7700
Facsimile: (312) 993-9767
Mary.Rose.Alexander@lw.com
Karl S. Lytz
Patrick J. Ferguson

Latham & Watkins LLP
505 Montgomery St., Ste. 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Fax: (415) 395-8095
Karl.Lytz@lw.com

**Attorneys for Defendant Georgia-Pacific LLC**