UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF WISCONSIN <br><br> Plaintiffs, <br><br> v. <br><br> NCR CORPORATION, *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 10-C-910 <br> ) <br> ) The Honorable William C. Griesbach <br> ) <br> ) <br> ) <br> ) |

**UNITED STATES' OBJECTIONS TO THE ADMISSIBILITY OF CERTAIN EVIDENCE CITED BY DEFENDANTS IN SUPPORT OF THEIR RESPECTIVE FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Table of Contents

I.    NCR's Citation to Exhibits That Have Not Been Offered into
      Evidence by Any Party for Substantive Purposes……………………………..………1

II.   NCR's Demonstrative Exhibits Should Not Be Admitted As
      Substantive Evidence……………………………………………………………..………..2

III.  NCR Improperly Relies upon the Inadmissible Testimony of George Berken………….. 4

      A.    Mr. Berken's Deposition Testimony is Inadmissible Because it is
            Speculative and He Lacks Personal Knowledge of the Facts
            Underlying the Statements……………………………………………...............4

      B.    Mr. Berken's Deposition Testimony is Not Admissible Under
            Fed. R. Civ. P. 32(a)…………………………………………………………………5

      C.    Mr. Berken's Deposition Testimony is Inadmissible Hearsay……………………7

      D.    NCR Incorrectly Asserts the Mr. Berken's Deposition Testimony is Part
            of the Trial Record……………………………………………………………..…….9

IV.   NCR Improperly Relies upon the Inadmissible Testimony of Gregory Hill…………..….9

      A.    The Statements in Mr. Hill's Deposition Regarding Fish Consumption
            Advisories are Not Admissible Under Fed. R. Civ. P. 32…………………….….9

      B.    Mr. Hill's Testimony is Inadmissible Hearsay…………………………………..12

Conclusion…………………………………………………………………………………….13

Pursuant to the Stipulation and Order Regarding Exhibits for the December 2012 Trial (Dkt. 718[1]), the United States hereby substantiates its objections to certain evidence cited by the defendants in their respective proposed Findings of Fact and Conclusions of Law.

## I. NCR's Citation to Exhibits That Have Not Been Offered into Evidence by Any Party for Substantive Purposes

The Parties have offered numerous exhibits into the record "for identification only" or as "demonstratives." Dkt. 718 at 2. The Parties have agreed that these exhibits are only offered for demonstrative or illustrative purposes and they are not in the record as substantive evidence. *Id*. NCR improperly relies upon exhibits that are in the record "for identification only" as substantive evidence and the Court should not consider those citations as evidence. In particular, NCR states that certain categories of "evidence" support Mr. Braithwaithe's calculations and then cites to various exhibits, including Exhibits 8881 and 8883. Dkt. 746-1 at 10-11. The Court should not consider Exhibits 8881 and 8883 as "evidence" supporting Mr. Braithwaithe's calculations because they are in the record "for identification only." NCR made no argument that these documents should be entered into the record as substantive evidence and, therefore, it cannot rely upon these exhibits as substantive evidence. All Parties have cited to documents in their Proposed Finding of Fact and Conclusions of Law that have been admitted for demonstrative or illustrative purposes and the Court should consider them for the limited purpose in which they are offered. However, the United States calls the Court's attention to these exhibits in particular since NCR claimed them to be "evidence."

---

[1] Order Approving Stipulation, *United States of America et al v. NCR Corporation et al*, No. 1:10-910 (Jan. 15, 2013).

## II. NCR's Demonstrative Exhibits Should Not Be Admitted As Substantive Evidence

Having elected to present its case via "trial by PowerPoint," leading its witnesses through a series of glossy slides, NCR now seeks to have over 40 "demonstrative exhibits" admitted as substantive evidence. NCR's request should be denied. All Parties' demonstrative exhibits should be received on equal footing. The use of demonstratives -- also referred to as pedagogical aids -- to facilitate presentation of expert witness testimony is a common and acceptable practice, used by both Plaintiffs and Defendants in this trial. Contrary to NCR's request, however, "pedagogical or demonstrative aids submitted under Federal Rule of Evidence 611(a) are not introduced into evidence, but merely shown to the [trier of fact] to help [the fact finder] understand evidence that has already been admitted into the record." *United States v. Palazzo*, 372 Fed. Appx. 445, 452 n.5 (5th Cir. 2010); *see also United States v. Taylor*, 210 F.3d 311, 315 (5th Cir. 2000) (demonstrative aides are not independent evidence and are not admitted as such).

NCR has identified 36[2] demonstrative exhibits it now seeks to have admitted as substantive evidence, apparently arguing only that it considered it too "cumbersome" to elicit testimony from its experts on all the assertions contained in the slide presentations. Dkt. 748 at 12. But there is nothing particularly unusual regarding these demonstratives to warrant the exceptional step of converting them to substantive evidence. These 36 demonstratives consist of summaries of expert opinions and various calculations incorporated therein and fall squarely within the category of "[p]edagogical-device summaries or illustrations, such as . . . graphs, calculations, or listings of data taken from the testimony of witnesses or documents in evidence, which are intended to summarize, clarify, or simplify testimonial or other evidence that has been

---

[2] Exhibits 5016, 5021, 5025, 5028-30, 5044, 5046-51, 5053, 5068-70, 5091, 5092C-D, 5094-95, 5097A-B, 5098-5103, 5104B, 5123-24, 5127, 5209, and 5216.

2

admitted in the case, but which are not themselves admitted, instead being used only as an aid to the presentation and understanding of the evidence." *United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998). These demonstratives should be received for demonstrative purposes only.

NCR argues that the remaining five[3] demonstratives, each used during the testimony of Susan O'Connell, are admissible under Federal Rule of Evidence 1006. They are not. As NCR notes, Rule 1006 allows for the admission of summaries and charts "to prove the content of voluminous writings . . . that cannot be conveniently examined in court." Fed. R. Evid. 1006. The O'Connell demonstratives (Exs. 5011-15), however, do not summarize "voluminous writings." As identified by NCR in its brief, the five demonstratives "summarize" only nine total exhibits. *See* Dkt. 748 at 12 (citing Exs. 4448-49, 4451, 4465, 4537-38, 4648-50). Indeed, it is these underlying exhibits – themselves being offered into evidence – that are likely admissible under Rule 1006, as they consist of excel spreadsheets compiling cost documentation. While a colorful pie-chart reflecting the substance of a single excel spreadsheet may serve as an effective visual aid, it does not constitute a Rule 1006 summary. The demonstrative exhibits used in conjunction with Ms. O'Connell's testimony should be admitted for demonstrative purposes only.

If the information set forth in NCR's 41 demonstratives is merely duplicative of information in other admissible exhibits or trial testimony, then there is no need for the cumulative demonstratives to be admitted as substantive evidence. To the extent that the information in a demonstrative is not otherwise in evidence, it would be inappropriate to convert the demonstrative exhibit into a substantive exhibit to fill that gap. Demonstrative aides are used merely to aid the trier of fact to understand evidence that has already been admitted. "[I]n the

---

[3] Exhibits 5011-15.

3

Case 1:10-cv-00910-WCG   Filed 02/19/13   Page 5 of 18   Document 750

end they are not admitted as evidence." *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004); *see also United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006) (demonstrative "is not to be considered as evidence, but only as an aid in evaluating evidence."). NCR's request to convert its demonstrative aids into substantive evidence should be denied.

### III. NCR Improperly Relies upon the Inadmissible Testimony of George Berken

In its Findings of Fact and Conclusions of Law, NCR cites to the deposition testimony of Mr. Berken wherein Mr. Berken, a fact witness, speculates about the remedy that would be required under a NCR-only discharger hypothetical scenario. *See* Dkt. 746 at 38. NCR improperly relies upon this deposition testimony because it not admissible under Fed. R. Evid. 602, Fed. R. Civ. P. 32, and Fed. R. Evid. 801.

#### A. Mr. Berken's Deposition Testimony is Inadmissible Because it is Speculative and He Lacks Personal Knowledge of the Facts Underlying the Statements

Mr. Berken's testimony is inadmissible under Fed. R. Evid. 602. Although NCR characterizes Mr. Berken as a cost "expert," he was deposed as a fact witness. Dkt. 746 at 38. He did not serve an expert report in this case and he was not designated as an expert witness by any Party. Dkt. 679 at 6-20. As a fact witness, Mr. Berken's testimony would not have included his speculative opinion as to what may occur under a hypothetical factual scenario.

Under Fed. R. Evid. 602, Mr. Berken is limited to testimony about matters within his personal knowledge. It is impossible for Mr. Berken to have personal knowledge of the hypothetical posed by NCR. NCR asked Mr. Berken about what remedy might be required in OU4, assuming that: (1) NCR discharged only 6% or 9% of the PCB that currently exist in OU4; and (2) no other PCBs were discharged into OU4 by any other party. Ex. 4031 at 188-89. It is undisputed that NCR is not the only party that discharged PCBs into OU4. Accordingly, it is impossible for Mr. Berken to have personal knowledge of what remedy might be required under

4

an assumption that is contrary to reality. Mr. Berken's speculative testimony is therefore inadmissible under Fed. R. Evid. 602. *Magoffe v. JLG Indus., Inc.*, 375 Fed. Appx. 848, 859 (10th Cir. 2010) (finding a lay witness' testimony speculative testimony about what would have happened in a hypothetical situation was inadmissible under Fed. R. Evid. 602 because it was "not based on his first-hand perception of actual events").[4]

### B. Mr. Berken's Deposition Testimony is Not Admissible Under Fed. R. Civ. P. 32(a)

Federal Rule of Civil Procedure 32 permits the use of deposition testimony at trial if a party can satisfy particular criteria.[5] Fed. R. Civ. P. 32(a). In particular, deposition testimony can only be used at trial if that witness is unavailable[6] under Fed. R. Civ. P. 32(a)(4).[7] Mr. Berken lives in Appleton, Wisconsin, within 100 miles of the courthouse in Milwaukee. Ex. 4031 at 7; Dkt. 749-3.[8] Mr. Berken was, therefore, available under Fed. R. Civ. P. 32(a)(4) and his deposition testimony is not admissible under Fed. R. Civ. P. 32(a)(4).[9]

---

[4] Mr. Berken's testimony is also not admissible under Fed. R. Evid. 701. Guessing about the remedy that would be required in a hypothetical situation involves a variety of engineering and public health related judgments, which clearly require "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701 & 702.

[5] If the Court finds that Mr. Berken's testimony is inadmissible under Fed. R. Evid. 602, it is also inadmissible under Fed. R. Civ. P. 32. *See* Fed. R. Civ. P. 32(a)(1)(B).

[6] Under the Order RE: Pretrial & Trial Procedures, the Parties agreed that the deposition testimony of a witness who was available may be used in lieu of live testimony if no other Party objected to the use of that witness's testimony. Dkt. 610 at 2-3. However, if any Party objected to the use of deposition testimony, the Parties agreed "the witness must be called live, if at all, pursuant to the Federal Rules." Dkt. 610 at 2-3. On November 19, 2012, the United States objected to the use of Mr. Berken's deposition at trial. Dkt. 749-1.

[7] Importantly, deposition testimony can only be used it if falls within a use permitted by Fed. R. Civ. P. 32(a)(2) through (8). Fed. R. Civ. P. 32(a)(2)(C). The United States limits its discussion of these provisions to the ones most likely to be invoked by NCR.

[8] The proper method for calculating whether Mr. Berken lives within 100 miles of the courthouse where the trial took place is the straight line measurement or "as the crow flies." *Lyman v. St. Jude Medical S.C., Inc.*, 580 F. Supp. 2d 719, 728 n.5 (E.D. Wis. 2008). Using the GeoBytes "city distance tool," Appleton, Wisconsin is 87 miles from Milwaukee. *See*

5

Mr. Berken's testimony also is not admissible under Fed. R. Civ. P. 32(a)(3), which permits the use of the deposition testimony of a Rule 30(b)(6) witness at trial. While Mr. Berken did serve as a Rule 30(b)(6) witness for the United States and the State of Wisconsin on certain topics, NCR relies upon statements outside the scope of Mr. Berken's designations. Therefore, the statements cited by NCR cannot be admitted under Fed. R. Civ. P. 32(a)(3).

In response to NCR's Rule 30(b)(6) deposition notice, the United States designated Mr. Berken as a Rule 30(b)(6) witness to testify about an identified list of topics that all related to the *costs* for the "remedial action work required by the EPA's Unilateral Administrative Order ("UAO")" (Topics 1-4), or the "*volume* of PCBs and PCB-contaminated sediment" to be remediated under the UAO (Topics 5-7). Dkt. 749-7. In response to Menasha's Rule 30(b)(6) notice, the State designated Mr. Berken as a Rule 30(b)(6) designee for issues related to the *cost* estimates used in the Explanation of Significant Differences ("ESD"). Dkt. 479-4 at 8. Additionally, NCR served a deposition notice for Mr. Berken in his personal capacity. Dkt. 749-5. Accordingly, Mr. Berken's deposition transcript includes testimony within Mr. Berken's Rule 30(b)(6) capacity as well as his individual capacity.

NCR's cites to portions of Mr. Berken's testimony that fall completely outside the scope of his Rule 30(b)(6) witness designations for the United States or the State. NCR does not cite any testimony related to the costs of the remediation work required by the UAO, the volume of PCBs contaminated sediment, or the cost estimate presented in the ESD. Instead, NCR quotes speculative statements of Mr. Berken concerning what remedy might be required under a

---

http://www.geobytes.com/CityDistanceTool.htm?d&pt_1=uswiappl&pt_2=uswimilw; *Lyman.*, 580 F. Supp. 2d at 728 n.5 (relying on GeoBytes city distance tool to calculate whether a witness was within 100 miles of the place of trial).

[9] The Parties' Joint Pretrial Report made clear that the United States did not expect to call Mr. Berken as a live witness but NCR reserved the right to call Mr. Berken to testify. Dkt. 679 at 6-7.

6

Case 1:10-cv-00910-WCG    Filed 02/19/13    Page 8 of 18    Document 750

hypothetical NCR-only discharger scenario. Dkt. 746 at 38. The remedy requirements for a hypothetical scenario are unrelated to the UAO and ESD cost and remediation volume topics that were the subject of Mr. Berken's Rule 30(b)(6) designations. NCR's Rule 30(b)(6) Notice was clearly limited to the UAO's requirements, not the requirements associated with a particular party's discharge of PCBs. As such, Mr. Berken's speculation on that subject was done in his personal capacity only and they do not fit within the use permitted by Fed. R. Civ. P. 32(a)(3).

Since the cited testimony is outside the scope of the Rule 30(b)(6) Notices and Mr. Berken was available, Fed. R. Civ. P. 32(a) does not permit NCR to use Mr. Berken's deposition transcript at trial.

### C. Mr. Berken's Deposition Testimony is Inadmissible Hearsay

The deposition testimony cited by NCR is hearsay as it is an out of court statement offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Mr. Berken's statements do not fall within the definition of non-hearsay. Mr. Berken did not testify at trial so his statements do not fit within Fed. R. Evid. 801(d)(1). Mr. Berken is not a party to this action and, since his statements were outside his designations as a Rule 30(b)(6) witness as discussed above, his statements were not made as a representative of the United States and do not fit within the requirements of Fed. R. Evid. 801(d)(2)(A).

Importantly, because NCR elicited testimony outside the scope of the Rule 30(b)(6) topics, the United States did not have the opportunity to prepare Mr. Berken to answer the questions on its behalf or authorize Mr. Berken to testify on behalf of the United States on those topics. Since Mr. Berken was testifying outside his capacity as a Rule 30(b)(6) witness, the United States also has not adopted Mr. Berken's statements pursuant to Fed. R. Evid.

7

801(d)(2)(B) and did not authorize Mr. Berken to make those statements under Fed. R. Evid. 801(d)(2)(C).

NCR may argue that the statement is not hearsay pursuant to Fed. R. Evid. 801(d)(2)(D) and that Mr. Berken was an agent or employee of the United States who testified about a matter within the scope of that relationship.[10] NCR would be incorrect. Mr. Berken is employed by The Boldt Company, which serves as a contractor to WDNR. Ex. 4031 at 8. As an employee of The Boldt Company, Mr. Berken is a member of the Agency Oversight/Team ("A/OT"), which advises EPA and WDNR on technical matters relating to the remedial design and the oversight of implementation of the remedial action. Tr. 405. Mr. Berken's role on the team is to coordinate the technical members of the A/OT and to analyze the cost estimates that NCR's consultants have made for the remedial action work. Ex. 4031 at 8-9, 18. Accordingly, the subject matter of Mr. Berken's employment is the design and implementation of the remedy selected by EPA and WDNR for the contamination as it exists at the Site.

However, Mr. Berken's employment does not include selecting a remedy at the Site, particularly not a hypothetical remedy under a hypothetical set of circumstances. EPA and WDNR are the decision makers on remedy selection issues and EPA alone possesses the ultimate authority to approve a remedy. Mr. Berken's speculation about what remedy a hypothetical discharge volume might require does not fall within the scope of his employment because Mr. Berken's employment on the A/OT does not include the selection of remedies and his role is limited to Site conditions as they actually exist.

---

[10] For purposes of Rule 801(d)(2)(D), the United States will assume without admitting that Mr. Berken's employment as a contractor for the Wisconsin Department of Natural Resources ("WDNR") and his role on the Agency/Oversight Team is sufficient to make him an "agent" of the United States.

### D. NCR Incorrectly Asserts the Mr. Berken's Deposition Testimony is Part of the Trial Record

Finally, NCR also incorrectly asserts that Mr. Berken's statements are part of the trial record already. Dkt. 746 at 38 n.29. They are not. Plaintiffs preserved their objections to use of this portion of Mr. Berken's testimony as part of the agreed upon pretrial proceedings. *See* Dkt. 698 at 30-35. For the reasons explained above, Mr. Berken's testimony is inadmissible and should be excluded from the record.

### IV. NCR Improperly Relies upon the Inadmissible Testimony of Gregory Hill

In its Findings of Fact and Conclusions of Law and at trial, NCR cites to statements in the deposition testimony of a retired WDNR employee, Gregory Hill, which included an off-hand remark that state budgetary constraints limit the amount of fish sampling done for the development of fish consumption advisories. *See* Dkt. 746 at 50; Tr. 46-47. NCR improperly relies upon this testimony because it is inadmissible under Fed. R. Civ. P. 32 and it is inadmissible hearsay.

#### A. The Statements in Mr. Hill's Deposition Regarding Fish Consumption Advisories are Not Admissible Under Fed. R. Civ. P. 32

Just like Mr. Berken, Mr. Hill was available to testify live at trial. Mr. Hill lives in Madison, Wisconsin, within 100 miles of the courthouse in Milwaukee. Ex. 4039 at 9; Dkt. 749-4.[11] Mr. Hill was, therefore, available and his deposition testimony cannot be admitted under Fed. R. Civ. P. 32(a)(4).[12]

---

[11] Using the GeoBytes "city distance tool," Madison, Wisconsin is 72 miles from Milwaukee. *See* http://www.geobytes.com/CityDistanceTool.htm?d&pt_1=uswimadi&pt_2=uswimilw; *Lyman*, 580 F. Supp. 2d at 728 n.5.

[12] On November 19, 2012, several of the defendants objected to the use of Mr. Hill's deposition testimony at trial. Dkt. 749-2. Therefore, under the Order RE: Pretrial & Trial Procedures, Mr. Hill should have been "called live, if at all, pursuant to the Federal Rules." Dkt. 610 at 2-3. In

9

Mr. Hill's deposition testimony also cannot be admitted under Fed. R. Civ. P. 32(a)(3) because Mr. Hill was never a Rule 30(b)(6) designee for the United States. While he was a Rule 30(b)(6) designee for the State on certain topics, the State was not a party to claim that was tried in December. The trial focused exclusively on the United States' Fifth Claim for Relief in the First Amended Complaint. Dkt. 30 at 30, 32. The State is not a party to this Claim because CERCLA does not provide a state the authority to obtain relief under Section 106. *See* 42 U.S.C. 9606; *Colorado v. Idarado Min. Co.*, 916 F.2d 1486 (10th Cir. 1990); *New York v. Shore Realty Corp.*, 7559 F.3d 1032, 1049-50 (2d Cir. 1985). Rule 32(a)(3) only authorizes the use of a party's Rule 30(b)(6) designee's testimony against the party who designated the witness. Fed. R. Civ. P. 32(a)(3). Since the United States is the only party to the Fifth Claim for Relief and the United States did not designate Mr. Hill as a Rule 30(b)(6) witness, his testimony is not admissible under Fed. R. Civ. P. 32(a)(3).

Even if the State's Rule 30(b)(6) designation of Mr. Hill was somehow imputed to the United States, Mr. Hill's testimony regarding fish consumption advisories is inadmissible because it falls outside the scope of the State's Rule 30(b)(6) designation. In response to Menasha's Rule 30(b)(6) Notice, Mr. Hill was identified as the State's Rule 30(b)(6) designee for various topics related to the movement of PCBs (Topics 1(a), 1(b), 1(c)(iii), 1(c)(iv)), the impacts of dredging (Topics 4, 5, 6(a)), and the cost estimates used in the 2007 Amended Record of Decision ("ROD") (Topic 9). *See* Dkt. 479-4 at 4-8. Additionally, Glatfelter served a deposition notice on Mr. Hill in his personal capacity. Dkt. 749-5. Accordingly, Mr. Hill's deposition transcript contains some testimony given in his personal capacity as well as his capacity as a Rule 30(b)(6) designee.

---

the Parties' Joint Pretrial Report, the United States indicated that they did not expect to call Mr. Hill to testify at trial, but NCR reserved the right to do so. Dkt. 679 at 6-7.

Mr. Hill's cited testimony regarding fish consumption advisories is clearly unrelated to any topic for which he was designated as a Rule 30(b)(6) witness because it is unrelated to PCB movement, dredging, or the cost estimates in the 2007 ROD. Accordingly, the cited portions of Mr. Hill's deposition testimony are outside his role as the State's Rule 30(b)(6) designee and are not admissible under Fed. R. Civ. P. 32(a)(3).

### B. Mr. Hill's Testimony is Inadmissible Hearsay

Mr. Hill's deposition testimony is clearly hearsay as it is an out of court statement that NCR is now trying to offer for the truth of the statement.[13] *See* Fed. R. Evid. 801(c); Dkt. 746 at 50. Mr. Hill's statements do not fall within the definition of non-hearsay. Mr. Hill did not testify at trial so his statements do not fit within Fed. R. Evid. 801(d)(1). Mr. Hill is not a party to this action and, since his statements were outside his designation as the State's Rule 30(b)(6) witness as discussed above, his statements were not made as a representative of the United States (or the State) and do not fit within the requirements of Fed. R. Evid. 801(d)(2)(A). Further, since Mr. Hill was testifying outside his capacity as the State's Rule 30(b)(6) witness, the United States has not adopted Mr. Hill's statements pursuant to Fed. R. Evid. 801(d)(2)(B)[14] and the United States did not authorize Mr. Hill to make those statements under Fed. R. Evid. 801(d)(2)(C).

Mr. Hill's statements also do not fall within Fed. R. Evid. 801(d)(2)(D) because his statements were not within the scope of his relationship as an agent or employee of the United

---

[13] During trial, NCR referenced Mr. Hill's deposition testimony but, after the United States objected to the testimony as hearsay, NCR stated that it was "not offering testimony for the truth." Tr. 46-47. In Post-Trial briefing, NCR has changed tactics as it asserts the statements in Mr. Hill's deposition are facts, as opposed to the hypotheticals posited at trial. Dkt. 746 at 45.

[14] At trial, Dr. Watters was asked whether she had a basis to disagree, "if" Mr. Hill had made various statements. Tr. 46-47. Dr. Watters said she did not. *Id.* Dr. Watters' testimony is insufficient to show that the United States "manifested that it adopted or believed to be true" because NCR stated that it was not asking Dr. Watters "for the truth of the statement." Tr. 46.

11

States at the time the statements were made.[15]  Fed. R. Evid. 801(d)(2)(D) provides that a statement offered against an opposing party is admissible if it "was made by the party's agent or employee on a matter within the scope of that relationship *and while it existed*."  Fed. R. Evid. 801(d)(2)(D) (emphasis added).  Mr. Hill worked at WDNR until December of 2008.  Ex. 4039 at 12.  He was not deposed until August 2012.  Ex. 4039 at 1.  At the time of Mr. Hill's deposition, he was an employee of Hill Management Services, LLC.  Ex. 4039 at 10.  Hill Management Services, LLC is a subcontractor to The Boldt Company and Mr. Hill is part of the A/OT.  Ex. 4039 at 10.

Since Mr. Hill was not a WDNR employee at the time of his deposition, the question under Fed. R. Evid. 801(d)(2)(D) is whether Mr. Hill's statements fall within the scope of his employment as a subcontractor who is part of the A/OT.  At trial, NCR attempted to use Mr. Hill's former position with WDNR to bolster the use of his statements regarding the sampling done for fish consumption advisories.  Tr. 45-46.  However, the statements of a former employee to not fit within Fed. R. Evid. 801(d)(2)(D).  Fed. R. Evid. 801(d)(2)(D); *Young v. James Green Mgmt., Inc.*, 327 F.3d 616, 622 (7th Cir. 2003).

As a member of the A/OT, Mr. Hill's responsibilities include reviewing the various design plans to ensure compliance with the Record of Decision, the Amended Record of Decision, and the ESD.  Ex. 4039 at 180-81.  The A/OT is responsible for overseeing the development and implementation of the remedial design and remedial action.  Ex. 4039 at 10.

Mr. Hill's statements about fish consumption advisories were outside the scope of his participation in the A/OT because his responsibilities are unrelated to fish consumption

---

[15] For purposes of Rule 801(d)(2)(D), the United States will assume without admitting that Mr. Hill's employment as a contractor for WDNR and his role on the A/OT is sufficient to make him an "agent" of the United States.

12

advisories. Mr. Hill's own deposition testimony makes clear that the statement was outside the scope of his employment. During his deposition, Mr. Hill stated that he was "[n]ot directly" involved with fish studies on the Fox River and he only had "some" familiarity with those studies. Ex. 4039 at 183. Accordingly, Mr. Hill's statements do not fall within Fed. R. Evid. 801(d)(4)(D) and are inadmissible hearsay.

## Conclusion

For the foregoing reasons, this Court should not admit Exhibits 5011-16, 5021, 5025, 5028-30, 5044, 5046-51, 5053, 5068-70, 5091, 5092C-D, 5094-95, 5097A-B, 5098-5103, 5104B, 5123-24, 5127, 5209, 5216, 8881, and 8883 as substantive evidence in this case and should not consider the deposition testimony of Mr. Berken and Mr. Hill.

Respectfully submitted,
FOR THE UNITED STATES OF AMERICA

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: February 19, 2013

s/*Kristin M. Furrie*
RANDALL M. STONE
JEFFREY A. SPECTOR
KRISTIN FURRIE
SEAN CARMAN
MAYA ABELA
SUMONA MAJUMDAR
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: 202-514-1308
Facsimile: 202-616-6584
E-Mail: randall.stone@usdoj.gov

GREGORY J. HAANSTAD
Attorney for the United States, Acting

13

Under Authority Conferred by 28 U.S.C. § 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202

14

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Brief to be served on the following counsel of record by the Court's Electronic Case Filing system:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Francis A. Citera**
Greenberg Traurig LLP
citeraf@gtlaw.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**David R. Erickson**
Shook Hardy & Bacon LLP
derickson@shb.com

**S. Todd Farris**
Friebert Finerty & St. John SC
stf@ffsj.com

**Patrick J. Ferguson**
Latham & Watkins LLP
patrick.ferguson@lw.com

**Charles Fried**
fried@law.harvard.edu

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Margaret I. Hoefer**
Stafford Rosenbaum LLP
mhoefer@staffordlaw.com

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein PC
phunsucker@hgnlaw.com

**Peter C. Karegeannes**
Quarles & Brady LLP
peter.karegeannes@quarles.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Gregory A. Krauss**
Gregory Krauss pllc
gkrauss@krausspllc.com

**Linda R. Larson**
Marten Law PLLC
llarson@martenlaw.com

**Vanessa A. Lavely**
Cravath Swaine & Moore LLP
vlavely@cravath.com

**Susan E. Lovern**
von Briesen & Roper SC
slovern@vonbriesen.com

**Anne E. Lynch**
Hunsucker Goodstein PC
alynch@hgnlaw.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**Meline G. MacCurdy**
Marten Law
mmaccurdy@martenlaw.com

**David G. Mandelbaum**
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

**Bradley M. Marten**
Marten Law
bmarten@martenlaw.com

**Tara M. Mathison**
Davis & Kuelthau SC
tmathison@dkattorneys.com

15

| | | |
|---|---|---|
| **Allison E. McAdam**<br>Hunsucker Goodstein PC<br>amcadam@hgnlaw.com | **Nancy K. Peterson**<br>Quarles & Brady LLP<br>nancy.peterson@quarles.com | **Sarah A. Slack**<br>Foley & Lardner LLP<br>sslack@foley.com |
| **Darin P. McAtee**<br>Cravath Swaine & Moore LLP<br>dmcatee@cravath.com | **Thomas M. Phillips**<br>Reinhart Boerner Van Deuren SC<br>tphillip@reinhartlaw.com | **Margaret R. Sobota**<br>Sidley Austin LLP<br>msobota@sidley.com |
| **Stephen F. McKinney**<br>Haynsworth Sinkler Boyd PA<br>smckinney@hsblawfirm.com | **Ian A.J. Pitz**<br>Michael Best & Friedrich LLP<br>iapitz@michaelbest.com | **Arthur A. Vogel, Jr.**<br>Quarles & Brady LLP<br>arthur.vogel@quarles.com |
| **Heidi D. Melzer**<br>Melzer Law, LLC<br>hmelzer@melzerlaw.com | **David A. Rabbino**<br>Hunsucker Goodstein PC<br>drabbino@hgnlaw.com | **Anthony S. Wachewicz, III**<br>City of Green Bay<br>tonywa@ci.green-bay.wi.us |
| **Elizabeth K. Miles**<br>Davis & Kuelthau SC<br>emiles@dkattorneys.com | **Ronald R. Ragatz**<br>DeWitt Ross & Stevens SC<br>rrr@dewittross.com | **James P. Walsh**<br>Appleton City Attorney<br>jim.walsh@appleton.org |
| **William J. Mulligan**<br>Davis & Kuelthau SC<br>wmulligan@dkattorneys.com | **Kathleen L. Roach**<br>Sidley Austin LLP<br>kroach@sidley.com | **Ted A. Warpinski**<br>Friebert Finerty & St John SC<br>taw@ffsj.com |
| **Daniel C. Murray**<br>Johnson & Bell Ltd.<br>murrayd@jbltd.com | **Megan A. Senatori**<br>DeWitt Ross & Stevens SC<br>ms@dewittross.com | **Ted Waskowski**<br>Stafford Rosenbaum LLP<br>twaskowski@staffordlaw.com |
| **Omid H. Nasab**<br>Cravath Swaine & Moore LLP<br>onasab@cravath.com | **Adam B. Silverman**<br>Greenberg Traurig LLP<br>silvermana@gtlaw.com | **Evan B. Westerfield**<br>Sidley Austin LLP<br>evanwesterfield@sidley.com |
| **Kelly J. Noyes**<br>von Briesen & Roper SC<br>knoyes@vonbriesen.com | **M. Andrew Skierawski**<br>Friebert Finerty & St. John SC<br>mas@ffsj.com | **Richard C. Yde**<br>Stafford Rosenbaum LLP<br>ryde@staffordlaw.com |

Dated: February 19, 2013                                        s/ *Kristin M. Furrie*