

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Enforcement Section*  *Telephone (202) 616-6515*
*P.O. Box 7611*  *Facsimile (202) 616-6584*
*Washington, DC 20044-7611*  *kristin.furrie@usdoj.gov*

November 13, 2012

**VIA EMAIL**

David G. Mandelbaum
GreenbergTraurig
2700 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103

    Re: *United States and the State of Wisconsin v. NCR Corp., et al.*, Case No. 10-C-910 (E.D. Wis.)

Dear David,

    We are writing on behalf of the United States and the State of Wisconsin (collectively, the "Plaintiffs") in response to your letter of December 7, 2012, requesting discovery regarding "all of the copies of the document or documents … and any other evidence" concerning the existence of the "cooperative agreement in proper form and with the required terms … from 1998 until whenever it terminated (if it did)."  The Plaintiffs believe your request goes well beyond the issue before the Court and the scope of footnote 6 of the District Court's Decision and Order on the Propriety of the Remedy (Dkt. 666).

    The issue before the Court was whether a Cooperative Agreement existed and the Court found that it did exist based upon the language in the document in the record as 620-1.  *See* Dkt. 666 at 14-15.  The Court then inserted a footnote noting that, due the late filing of document 620-1 and questions raised by defendants about the "new document," the defendants may take "discovery *on the document*."  The Court further instructed that if there was a basis to question "the *document's* legitimacy," the defendants may ask for reconsideration "*on this point*."  Accordingly, the Court has made clear that the open issue only concerns the document filed as docket 620-1.

    There can be no question regarding the existence of the Cooperative Agreement or the authenticity of the document.  Notably, prior to the close of

discovery, the Plaintiffs had already produced more than 200 documents related to the Cooperative Agreement, including the Agreement itself, extensions of the Agreement, deliverables required under the agreement, and correspondence regarding the Agreement.  Second, Glatfelter has been in possession of the document filed as 620-1 since approximately 1998.  Docket number 620-1 includes a "received" stamp dated March 11, 1998 from de maximis, inc., a contractor for the Fox River Group.  Further, this version of the document was produced by NCR to all Parties as a part of its initial disclosures in the *Whiting* litigation in 2008.  Further, in 1998, you received the document from NCR, along with the other members of the Fox River Group and de maximis, inc., after they obtained the Cooperative Agreement from EPA's counsel. *See* API-GE020447-81; API-GE020456-73 (containing the disputed language).  The existence of the Cooperative Agreement was also communicated to you in 2003.  *See* NCR-FOX-0468395.

     Notwithstanding your possession of the relevant information and the ongoing trial, the Plaintiffs have attempted to locate additional concerning the Cooperative Agreement at WDNR and EPA Region 5.  Today the Plaintiffs filed two declarations documenting the search efforts and attaching authenticated copies of the documents at issue.  In additional, along with this letter, we will be providing two compact discs with more than 400 additional documents from EPA's and WDNR's files related to the Cooperative Agreement, including Bates stamped version of the documents attached to the declarations that were filed with the Court.

     Because both EPA and WDNR have located authentic versions of the Cooperative Agreement and those versions include the language relied upon by the Court when determining that a Cooperative Agreement existed, the Plaintiffs do not believe that further discovery on this issue is warranted.  If you disagree, please let us know tomorrow morning so that we can raise it with the Court on Friday, December 14, 2012.

                          Regards,

                          *s/Kristin M. Furrie*

                          Kristin M. Furrie
                          Trial Attorney