UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>NCR CORPORATION, *et al.*  )<br>)<br>Defendants.  ) | Civil Action No. 10-C-910<br><br>The Honorable William C. Griesbach |

**PLAINTIFFS' OBJECTIONS TO EXHIBITS CITED BY NCR CORPORATION AND THE CERTAIN DEFENDANTS IN THEIR RESPECTIVE RESPONSES TO FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to the Stipulation and Order Regarding Exhibits for the December 2012 Trial (Dkt. 718), Plaintiffs hereby substantiate their objections to certain evidence cited by the defendants in their respective proposed Findings of Fact and Conclusions of Law.

**I.     Memoranda Summarizing Interviews are Inadmissible Hearsay and Hearsay within Hearsay**

Witness interview memoranda cited by NCR are inadmissible hearsay and hearsay within hearsay. Exhibit 4207 is a memorandum prepared by James Braithwaite and Philip Simon, NCR's testifying experts, that summarizes July 2010 interviews with various current and former Appleton Coated Paper Company ("ACPC") employees. Exhibits 4322, 4327, and 4328 are memoranda to the file that document interviews conducted on NCR's behalf of ACPC employees.[1] Dkt. 764 at 23 n. 18.

---

[1]     Exhibits 4282, 4284, 4318-28, 4413-15, 6366, and 6367 are all notes of interviews. These are all inadmissible hearsay and hearsay within hearsay for the reasons discussed above.

These memoranda are clearly hearsay for which no exception applies. Further, even if an exception could be found for the memoranda, the exhibits contain inadmissible hearsay within hearsay under Fed. R. Evid. 805 because the statements are ultimately the statements of the individuals who were interviewed, not the authors of the memoranda. *See United States v. Severson*, 49 F.3d 268, 272 (7th Cir. 1995); *Mosely v. Chicago*, 252 F.R.D. 421, 430 (N.D. Ill. 2008). Accordingly, this Court should rule that Exhibits 4207, 4322, 4327, and 4328 are inadmissible.

## II. Dr. Magar's Expert Report and Demonstrative Exhibits are Not Admissible

In a footnote, the Certain Defendants request admission of page 18 of Dr. Victor Magar's expert report and demonstrative exhibits 8557, 8559, and 8561. Dkt. 769 at 19 n.8. The Court should deny the Certain Defendants' motion because the exhibits are inadmissible.

### A. Dr. Magar's Expert Report is Inadmissible

The Court should not admit page 18 of Dr. Magar's expert report (Exhibit 8350) because it is inadmissible hearsay. Simply stated, "[e]xpert reports are hearsay and, further, need not be admitted into evidence when the expert will testify to the opinions contained in the report." *Douglas Dynamics, LLC v. Buyers Prods Co.*, No. 09-cv-261, 2010 WL 4118098, at *2 (W.D. Wis. Oct. 8, 2010); *accord Sigler v. American Honda Motor Co.*, 532 F.3d 469, 481 (6th Cir. 2008) (reliance on hearsay expert reports was an abuse of discretion).

The Certain Defendants request admission of page 18 to clarify the scope of Dr. Magar's opinion, but that is not at issue. While Plaintiffs' made a procedural objection to the testimony of Dr. Magar concerning OUs 2 and 3 at trial, Plaintiffs stated that the testimony could continue and they would "consider whether to withdraw or sustain [their] objection." Tr. at 1599. Plaintiffs never reasserted that objection at trial and have not raised that objection in their post-

2

trial briefing. Dkt. 738, 756. In fact, Plaintiffs have acknowledged that Dr. Magar tried to extend his opinions to OU 2 and OU 3, and Plaintiffs also have pointed out that those opinions lack any substantive basis. Dkt. 738 at 24. In their initial Proposed Finding of Fact and Conclusion of law, Plaintiffs stated:

> An expert for the OU 1 dischargers, Dr. Victor Magar, focused his specific attention on OU 4, though he made a passing and unconvincing attempt to extend his opinions to OU 2 and OU 3. Tr. 1596-99, 1611-12 (Magar). As support for his views, Dr. Magar compared certain sedimentation and deposition characteristics of OU 1 and OU 4 – including the mean sediment particle sizes, the total organic carbon content of the sediment, and the sediment shear forces in OU 1 and OU 4 – but he offered no corresponding comparisons for OU 2 or OU 3. Tr. 1611-17 (Magar).

Dkt. 738 at 24. Since the scope of Dr. Magar's opinion is not at issue, his expert report should not be admitted into evidence.

### B. The Certain Defendants' Demonstrative Exhibits Should Not Be Admitted into Evidence

NCR and the Certain Defendants adamantly argue that demonstratives should not be admitted into evidence unless, of course, it is their own demonstratives. *Compare* Dkt. 752 at 12 with Dkt. 748 at 12; *Compare* Dkt. 759 at 6 *with* Dkt. 769 at 19 n.8. Neither NCR's nor the Certain Defendants' demonstrative exhibits should be admitted as substantive evidence. All parties' demonstrative exhibits should be considered on an equal footing; none of them should be admitted as substantive evidence.

Exhibit 8557 is a map of the Fox River that purports to show the location of sediment cores and the associated maximum PCB concentration from those cores. Ex. 8557; Tr. 1594 (Magar). Exhibit 8559 is a depiction that Dr. Magar described as a "hanging garden" plot of PCB concentration results horizontally down river and vertically into the sediment. Ex. 8559; Tr. 1599-600 (Magar). Exhibit 8561 is a chart that supposedly shows particle size and organic

3

carbon content in various sections of the River. Ex. 8561; Tr. 1613 (Magar). The Court should not admit Exhibits 8557, 8559, and 8561 as substantive evidence because an insufficient foundation was laid for the exhibits. Certain Defendants have not even identified or provided the source(s) of the data that 8557, 8559, and 8561 purport to summarize, as envisioned by Rule 1006. *See* Fed. R. Evid. 1006 ("The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place."). To the extent it was extracted from the comprehensive sediment sample database known as the core chemistry spreadsheet, the Certain Defendants show their hypocrisy because they have objected to admission of that data set. Dkt. 716 at 41 (Exhibit 2241); Dkt. 751 at 20 (objecting to Exhibit 2241 as hearsay and inauthentic).

Notably, for a summary to be admissible, the underlying source data must also be admissible. *United States v. Benabe*, 436 Fed. Appx. 639, 650 (7th Cir. 2011) ("But the rule is not an end-run around other rules of admissibility. The underlying records must be accurate and otherwise admissible as evidence for Rule 1006 to apply to a summary of the underlying records."). Without providing any information about the source of the data purportedly summarized in Exhibits 8857, 8559, 8561, the Certain Defendants have failed to demonstrate that their demonstrative exhibits are admissible as data summaries under Fed. R. Evid. 1006. *United States v. Oros*, 578 F.3d 703, 708 (7th Cir. 2009) ("[W]e require the proponent of the summary to demonstrate that the underlying records are accurate and would be admissible as evidence.").

### III. NCR Failed to Prove that the Deposition Testimony of Mr. Berken is Admissible

NCR yet again cites speculative deposition testimony by a WDNR contractor employee, George Berken, as a purported admission by the United States. "Deposition testimony is

4

normally inadmissible hearsay" unless it falls within a hearsay exception or exclusion. *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962-63 (11th Cir. 1993). Here, NCR has not shown (and cannot show) that that Mr. Berken's deposition is admissible under Fed. R. Civ. P. 32(a) or as an admission of the United States under Fed. R. Evid. 801(d)(2)(D). NCR bears the burden of proving that one of those hearsay exceptions applies. *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990) ("The party seeking to admit a deposition at trial must prove that the requirements of Rule 32(a) have been met."); *Daniel v. Ben E. Keith Co.*, 97 F.3d 1329, 1335-36 (10th Cir. 1996) (same for Rule 801(d)(2)(D)).

The deposition testimony cited by NCR cannot be considered an admission by the United States because it fell outside the scope of Mr. Berken's special designation as a 30(b)(6) witness for the United States. Mr. Berken was a Rule 30(b)(6) designee on a discrete set of topics concerning the government's estimation of the actual dredging volumes and the actual remediation costs under EPA's Unilateral Administrative Order. Dkt. 749-7 at 4-5. The deposition testimony cited by NCR called for his speculation on a completely different topic – i.e., the potential requirements of a hypothetical remedy *assuming* that NCR only discharged 6-9% of the PCBs in OU 4 and *assuming* that NCR was the only discharger.[2] The case law holds that Mr. Berken's guess at that hypothetical is not binding on the United States precisely because it was beyond the scope of his 30(b)(6) designation. *See EEOC v. Freeman*, No. RWT-09-2573, 2012 WL 6649195, at *5 (D. Md. Dec. 19, 2012) ("The deponent's answers to questions outside

---

[2] NCR admits that the scope of Mr. Berken's Rule 30(b)(6) Notice was related to costs and repeatedly highlights Mr. Berken's experience in cost estimating. Dkt. 766 at 5-9. In order to squeeze the cited testimony to within the scope of the Rule 30(b)(6) Notice, NCR attempts to re-frame the question posed to Mr. Berken as one related to cost. Dkt. 766 at 7. However, Mr. Berken was not asked about the cost of the remediation under the hypothetical scenario. Ex. 4031 at 188. He was asked about how the hypothetical scenario would change the remedy itself. Ex. 4031 at 188 ("[H]ow would you expect that to affect the remedy in OU4?").

5

the scope of the notice will not bind the organization."); *Falchenberg v. N.Y. State Dept. of Educ.*, 642 F. Supp. 2d 156, 164) (S.D.N.Y. 2008) (same); *EEOC v. Caesars Entertainment, Inc.*, 237 F.R.D. 428, 433 (D. Nev. 2006) (same). Thus, Mr. Berken's 30(b)(6) designation for certain topics does not make his speculation on another topic admissible against the United States under the plain language of Fed. R. Civ. P. 32(a)(3) or Fed. R. Evid. 801(d)(2).

More generally, Mr. Berken's role as a WDNR contractor does not make his deposition testimony admissible against the United States under Fed. R. Civ. P. 32(a)(3) or Fed. R. Evid. 801(d)(2). Under those exceptions, statements by or on behalf of one unit of government are not admissible against another unit of government. *See City of New York v. Pullman Inc.*, 662 F.2d 910, 914-15 & n.6 (2d Cir. 1981) (interim report by federal Urban Mass Transit Administration ("UMTA") did not qualify as a Rule 801(d)(2) admission of the New York City Transit Authority or the City of New York, even though they received UMTA funding for the railcars at issue in the case); *cf. Daniel*, 97 F.3d at 1335-36 (deposition testimony by employee of company that labeled and packaged a product not a Rule 801(d)(2) admission of a separate company that manufactured the product). In short, Mr. Berken cannot be considered an agent of the United States as to testimony outside the scope of his 30(b)(6) designation, so any such testimony is not admissible under Fed. R. Civ. P. 32(a)(3) or Fed. R. Evid. 801(d)(2).

## Conclusion

For the foregoing reasons, the Court should find that Exhibits 4207, 4322, 4327, 4328, 8350, 8557, 8559, and 8561 are inadmissible hearsay.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: March 6, 2013                s/*Kristin M. Furrie*
RANDALL M. STONE
JEFFREY A. SPECTOR
KRISTIN FURRIE
SEAN CARMAN
MAYA ABELA
SUMONA MAJUMDAR
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
Telephone:    202-616-6515
Facsimile:    202-616-6584
E-Mail:       kristin.furrie@usdoj.gov


GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI  53202


FOR THE STATE OF WISCONSIN

Dated: March 6, 2013                s/ *Cynthia R. Hirsch*
CYNTHIA R. HIRSCH
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
P.O. Box 7857
Madison, WI  53707-785
E-Mail:       hirschcr@doj.state.wi.us

7

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Brief to be served on the following counsel of record by the Court's Electronic Case Filing system:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Francis A. Citera**
Greenberg Traurig LLP
citeraf@gtlaw.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**David R. Erickson**
Shook Hardy & Bacon LLP
derickson@shb.com

**S. Todd Farris**
Friebert Finerty & St. John SC
stf@ffsj.com

**Patrick J. Ferguson**
Latham & Watkins LLP
patrick.ferguson@lw.com

**Charles Fried**
fried@law.harvard.edu

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Margaret I. Hoefer**
Stafford Rosenbaum LLP
mhoefer@staffordlaw.com

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein PC
phunsucker@hgnlaw.com

**Peter C. Karegeannes**
Quarles & Brady LLP
peter.karegeannes@quarles.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Gregory A. Krauss**
Gregory Krauss pllc
gkrauss@krausspllc.com

**Linda R. Larson**
Marten Law PLLC
llarson@martenlaw.com

**Vanessa A. Lavely**
Cravath Swaine & Moore LLP
vlavely@cravath.com

**Susan E. Lovern**
von Briesen & Roper SC
slovern@vonbriesen.com

**Anne E. Lynch**
Hunsucker Goodstein PC
alynch@hgnlaw.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**Meline G. MacCurdy**
Marten Law
mmaccurdy@martenlaw.com

**David G. Mandelbaum**
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

**Bradley M. Marten**
Marten Law
bmarten@martenlaw.com

i

| | | |
|---|---|---|
| **Tara M. Mathison**<br>Davis & Kuelthau SC<br>tmathison@dkattorneys.com | **Kelly J. Noyes**<br>von Briesen & Roper SC<br>knoyes@vonbriesen.com | **M. Andrew Skierawski**<br>Friebert Finerty & St. John SC<br>mas@ffsj.com |
| **Allison E. McAdam**<br>Hunsucker Goodstein PC<br>amcadam@hgnlaw.com | **Nancy K. Peterson**<br>Quarles & Brady LLP<br>nancy.peterson@quarles.com | **Sarah A. Slack**<br>Foley & Lardner LLP<br>sslack@foley.com |
| **Darin P. McAtee**<br>Cravath Swaine & Moore LLP<br>dmcatee@cravath.com | **Thomas M. Phillips**<br>Reinhart Boerner Van Deuren SC<br>tphillip@reinhartlaw.com | **Margaret R. Sobota**<br>Sidley Austin LLP<br>msobota@sidley.com |
| **Stephen F. McKinney**<br>Haynsworth Sinkler Boyd PA<br>smckinney@hsblawfirm.com | **Ian A.J. Pitz**<br>Michael Best & Friedrich LLP<br>iapitz@michaelbest.com | **Arthur A. Vogel, Jr.**<br>Quarles & Brady LLP<br>arthur.vogel@quarles.com |
| **Heidi D. Melzer**<br>Melzer Law, LLC<br>hmelzer@melzerlaw.com | **David A. Rabbino**<br>Hunsucker Goodstein PC<br>drabbino@hgnlaw.com | **Anthony S. Wachewicz, III**<br>City of Green Bay<br>tonywa@ci.green-bay.wi.us |
| **Elizabeth K. Miles**<br>Davis & Kuelthau SC<br>emiles@dkattorneys.com | **Ronald R. Ragatz**<br>DeWitt Ross & Stevens SC<br>rrr@dewittross.com | **James P. Walsh**<br>Appleton City Attorney<br>jim.walsh@appleton.org |
| **William J. Mulligan**<br>Davis & Kuelthau SC<br>wmulligan@dkattorneys.com | **Kathleen L. Roach**<br>Sidley Austin LLP<br>kroach@sidley.com | **Ted A. Warpinski**<br>Friebert Finerty & St John SC<br>taw@ffsj.com |
| **Daniel C. Murray**<br>Johnson & Bell Ltd.<br>murrayd@jbltd.com | **Megan A. Senatori**<br>DeWitt Ross & Stevens SC<br>ms@dewittross.com | **Ted Waskowski**<br>Stafford Rosenbaum LLP<br>twaskowski@staffordlaw.com |
| **Omid H. Nasab**<br>Cravath Swaine & Moore LLP<br>onasab@cravath.com | **Adam B. Silverman**<br>Greenberg Traurig LLP<br>silvermana@gtlaw.com | **Evan B. Westerfield**<br>Sidley Austin LLP<br>evanwesterfield@sidley.com |
| | | **Richard C. Yde**<br>Stafford Rosenbaum LLP<br>ryde@staffordlaw.com |

Dated: March 6, 2013                                             s/ *Kristin M. Furrie*