IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

THE UNITED STATES OF AMERICA
AND THE STATE OF WISCONSIN

    Plaintiffs,

v.

NCR CORPORATION, *et al.,*

    Defendants.

No. 10-CV-00910-WCG

**CERTAIN DEFENDANTS'[1] OBJECTIONS TO THE ADMISSION OF CERTAIN EXHIBITS CITED IN PLAINTIFFS AND NCR CORPORATION'S RESPONSIVE POST-TRIAL BRIEFS**

---

[1] Certain Defendants are CBC Coating, Inc., Menasha Corporation, P.H. Glatfelter Company, U.S. Paper Mills Corp, and WTM I Company. Defendant U.S. Paper Mills Corp. joins only in Section IV below.

## I. Introduction

Certain Defendants hereby object to certain exhibits cited in Plaintiffs' Response To Defendants' Proposed Findings Of Fact And Conclusions Of Law For The Phase 1 Trial ("Plaintiffs' Post-Trial Response Brief"), Dkt. 756, and NCR Corporation's ("NCR") Post-Trial Response Brief, Dkt. 764, in accordance with the Stipulation and Proposed Order Regarding Exhibits for the December 2012 Trial ("Stipulation Regarding Exhibits"), Dkt. 718.

## II. Objections To Administrative Record Exhibits

### A. Certain Defendants' Objections To Administrative Record Exhibits Are Timely.

Certain Defendants timely asserted objections to the admissibility of Administrative Record Exhibits cited in Plaintiffs' Proposed Findings Of Fact And Conclusions Of Law For The Phase 1 Trial, Dkt. 738, in accordance with the Stipulation Regarding Exhibits, Dkt. 718. Likewise, Certain Defendants' objections to Administrative Record Exhibits cited in Plaintiffs' Post-Trial Response Brief are also timely.[2]

Plaintiffs incorrectly continue to assert that the entire Administrative Record has been admitted for all purposes. *See* Plaintiffs' Response To NCR Corporation's And The Certain Defendants' Objections To The Admission Of Certain Trial Exhibits ("Plaintiffs' Responses to Objections"), Dkt. 761 at 4. Plaintiffs go so far as to accuse the defendants of "gamesmanship" and making a "last minute tactical move" by asserting objections to the admission of numerous Administrative Record Exhibits for purposes other than the remedy challenge. Nothing could be further from the truth. Plaintiffs' Responses to Objections make evident that their argument that all of the Administrative Record Exhibits have been admitted without objection rests upon: (1) the false equivalence of the distinct questions Phase 1 of this case addressed; and, (2) the

---

[2] Certain Defendants re-assert and incorporate by reference the arguments in Section II of Certain Defendants' Objections To The Admission Of Certain Exhibits, Dkt. 751 at 5-7.

1

incorrect representation of an oral agreement they claim all parties reached with respect to the admission of trial exhibits.

Plaintiffs did not offer during trial the Administrative Record Exhibits they now seek to be admitted. As Footnote 8 to the Order Re: Pretrial & Trial Procedures ("Pre-Trial Order") specifically states:

> **If any Party offers** one of the AR Documents at trial for a purpose other than adjudicating whether the selection of the response action required by the UAO was arbitrary, capricious or otherwise not in accordance with law, **then** other Parties reserve the right to object at trial to the admissibility of that Document on any grounds.

Dkt. 610 at 7 n.8 (emphasis added). Because Plaintiffs did not offer the Administrative Record Exhibits during trial, Defendants were not required to raise their objections to the admissibility of any Administrative Record Exhibit during trial, pursuant to the Stipulation Regarding Exhibits. All that was discussed during trial was the intent of the parties to file an exhibit list that would frame post-trial briefing. Tr. 7-8, 2808-2810. No exhibits were received *en masse*. As explained below, the exhibit lists contained no objections to the Administrative Record Exhibits because the Pre-Trial Order made clear that there was no need to object.

### 1. Whether The Remedy Selection Was Arbitrary And Capricious Is A Different Issue Than Whether The United States Is Entitled To Injunctive Relief.

The parties agreed that the Administrative Record Exhibits would be admissible without objection for purposes of Defendants' challenge to the propriety of the remedy. Plaintiffs now attempt to unilaterally extend that agreement to mean that the Administrative Record Exhibits are admissible for all purposes. Plaintiffs incorrectly claim that their present demand for injunctive relief is "virtually indistinguishable" from the Defendants' challenge to the remedy selection. Dkt. 761 [Plaintiffs' Responses to Objections] at 4. This argument incorrectly conflates the standard for judging whether the response action selected by the United States

2

Environmental Protection Agency and the Wisconsin Department of Natural Resources was arbitrary and capricious with the standard for judging whether the United States Department of Justice has made a sufficient showing for the injunctive relief it seeks. *See* OU1 Defendants' Post-Trial Brief, Proposed Findings Of Fact, And Proposed Conclusions Of Law, Dkt. 741 at 9-12, and The OU1 Defendants' Response To The Plaintiffs' Post-Trial Proposed Findings Of Fact And Conclusions Of Law And To NCR Corporation's Post-Trial Brief, Dkt. 769 at 8-10.[3] The limitations on the Court's judicial review of agency decisions are a product of administrative law and the review is limited to the Administrative Record. CERCLA section 113(j), 42 U.S.C. § 9613(j). CERCLA section 113(j)(1) makes clear that basic principles of administrative law apply to judicial review of agency decisions:

> In any judicial action under this chapter, ***judicial review of any issues concerning the adequacy of any response action taken or ordered by the President shall be limited to the administrative record. Otherwise applicable principles of administrative law shall govern*** whether any supplemental materials may be considered by the court.

42 U.S.C. § 9613(j)(1) (emphasis added). Thus, ***for purposes of review of agency decisions***, the Administrative Record must be admissible—whether or not it contains hearsay or other inadmissible evidence. That is why, before the Court issued its decision on summary judgment (Dkt. 666), the parties agreed in the Pre-Trial Order that:

> The Parties hereby agree that Exhibits 1 through 2,000 are the documents that comprise the Site Administrative Record and the UAO Administrative Record (the "AR Documents"). ***The Parties further agree that the AR Documents are***

---

[3] In fact, Plaintiffs previously implicitly acknowledged the distinction when they sought summary judgment as to the "Propriety of the Remedy Sought to be Enforced in the Fifth Claim for Relief," Dkt. 508 at 2, rather than summary judgment as to the Fifth Claim for Relief itself. *See* Dkt. 509 at 5 (clearly differentiating between the selection of "the remedy to be performed," and the Fifth Claim for Relief). And, Plaintiffs are aware that this distinction is no mere technicality. Both Plaintiffs moved for summary judgment as to the propriety of the selected remedy, Dkt. 508, but only the United States has standing to request the injunction sought in the Fifth Claim for Relief. *See* 42 U.S.C. § 9606(a); *see also* First Amended Complaint, Dkt. 30 at 30.

3

> ***admissible for purposes of adjudicating whether the selection of the response action required by the UAO was arbitrary, capricious or otherwise not in accordance with law,*[8] *subject to the reservation set forth in Paragraph 8(E).***

Dkt. 610 at 7, ¶ 8(C) (emphasis added).  Footnote 8 makes clear that the parties did not agree that the Administrative Record Exhibits were admissible for *all purposes*:

> If any Party offers one of the AR Documents at trial ***for a purpose other than adjudicating whether the selection of the response action required by the UAO*** was arbitrary, capricious or otherwise not in accordance with law, ***then other Parties reserve the right to object at trial to the admissibility of that Document on any grounds.***

*Id.* n.8 (emphasis added).  If Plaintiffs were correct that the parties already had agreed to admit the Administrative Record Exhibits for all purposes, there would have been no need to "offer" particular Administrative Record Exhibits at trial, and it would have been pointless to "reserve the right to object at trial to [its] admissibility."

Admissibility for one purpose and not another is a long-held evidentiary concept embodied in Federal Rule of Evidence 105.  ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly").  The concept of limited admissibility of evidence embodied in Federal Rule of Evidence 105 also explains why Certain Defendants may offer certain exhibits into evidence for purposes of impeachment and not for the truth of the matters in the exhibits.

Finally, Plaintiffs' contention that the Administrative Record Exhibits are admitted for all purposes goes far beyond Plaintiffs' present demand for an injunction.  It means that those exhibits are admitted for purposes of any future proceedings in this case, including appeals and other future litigation that may be unrelated to Plaintiffs' present demand under the Fifth Claim for Relief or to the remedy selection challenge.  Notably, the Administrative Record includes a wide variety of documents, including newspaper clippings, public comments and correspondence

in addition to the reports highlighted by Plaintiffs.  These documents were admissible for resolution of the remedy challenge because Plaintiffs were required to show that they considered public comments and made a reasonable determination based on the available information.  It does not mean that all statements in those documents are admissible for all purposes without authentication or that they are exempt from the rule against hearsay.  Adoption of the Plaintiffs' position would lead to this absurd result.

### 2. Defendants Neither Waived Their Objections Nor Agreed To The Admissibility Of The Administrative Record Exhibits.

The parties had no authority to alter the terms of the Pre-Trial Order.  *See* Fed. R. Civ. P. 16(e) ("The court may modify the order after a final pretrial conference only to prevent manifest injustice").  In any event, Plaintiffs mischaracterize the agreement among the parties.  During the December 1, 2012 meeting referenced by the Plaintiffs as supposed evidence that Defendants waived any objections to the Administrative Record Exhibits, the Administrative Record Exhibits were neither discussed nor contemplated.  Declaration of Adam B. Silverman, ¶ 5.

Leading up to the meeting, emails exchanged between the parties contemplated the scope of the meeting, which was to reduce the number of objections to trial exhibits.  *Id*., ¶¶ 2-4 & Exhibits 1-3.  Counsel for the United States indicated that the purpose of the meeting was to "to develop a game plan to deal with the exhibit objections."  *Id*., ¶ 2 & Exhibit 1.  Counsel for NCR indicated the same.  *Id*., ¶ 3 & Exhibit 2.  Consistent with this purpose, counsel for NCR created a spreadsheet organizing exhibit objections by exhibit type.  *See id*., ¶ 4 & Exhibit 3.  Exhibit 3 contains no Administrative Record Exhibits.  *Id*.  At the meeting, the parties worked from Exhibit 3 with the express purpose of reducing the number of objections.  *Id*., ¶ 5.  When the meeting attendees realized that the volume of objections was such that an agreement could not be reached prior to trial, the attending parties agreed to address the objections in post-trial briefing.

5

*Id.* The email memorializing that meeting does not reference the Administrative Record Exhibits at all, *see* Dkt. 757-2, providing further support that these exhibits were never contemplated during that meeting.

The intention of the parties is further borne out by the December 3, 2012 Plaintiffs' And Defendants' Combined Trial Exhibit List ("Pre-Trial Exhibit List"), Dkt. 706-1. Neither the Pre-Trial Exhibit List, nor any prior or subsequent version of the Exhibit List, listed *any* objections to the Administrative Record Exhibits. *Id.*; *see also* Dkts. 698-1 and 716. The parties simply did not contemplate that objections to the Administrative Record Exhibits would be made prior to trial.

The facts are clear. The order regarding pretrial procedures allowed the Administrative Record Exhibits into evidence solely for purposes of reviewing the remedy selection on the administrative record, as required by CERCLA. No party subsequently objected to any Administrative Record Exhibits because no party thought it had to. There is no basis to disregard the order regarding pretrial procedures, or the Stipulation Regarding Exhibits.

### B. The Administrative Record Should Not Be Admitted For All Purposes Because It Is Clear Some Administrative Record Exhibits Are Inadmissible.

Certain Defendants have conceded that hearsay exceptions apply to some, but not all of the Administrative Record documents. However, an agency's choice to include documents in an administrative record to support its decision pursuant to principles of administrative law does not mean that the same documents are admissible for *all* purposes. *See* Fed. R. Evid. 105; *infra* Section II.A.1. The review of the remedy selection is a review of the agency's consideration of the record, not a new weighing of evidence at trial. Every other issue in this case is decided on trial evidence, not the Administrative Record. Absent evidence sufficient to establish the

6

authenticity of a specific exhibit, the Court should decline to admit a document solely on the basis of its inclusion in the Administrative Record.

In fact, Plaintiffs' conduct with regard to the Administrative Record Exhibits during the trial and post-trial briefing shows that there is no need to admit the Administrative Record in its entirety for all purposes:

- Plaintiffs only have cited fifty-nine out of 1376 Administrative Record Exhibits in support of their arguments in post-trial briefing;
- Among the fifty-nine Administrative Record Exhibits Plaintiffs have cited, ten were cited expressly for impeachment purposes only, and not for the truth of the matters asserted in them. Dkt. 761 [Plaintiffs' Responses to Objections] at 23;
- Plaintiffs' belated offer to authenticate only the "important" Administrative Record Exhibits, *id.* at 32-33, is a tacit admission that exhibits contained within the Administrative Record lack sufficient proof of their authenticity, and that even Plaintiffs do not want the entire Administrative Record to be considered in support of their arguments.[4]

Therefore, even Plaintiffs are not relying on the complete Administrative Record, nor are they relying on all Administrative Record Exhibits "for all purposes." Furthermore, Plaintiffs concede that at least some Administrative Record Exhibits lack sufficient proof of their authenticity. For all of the reasons stated above, the Court should decline to admit the entire Administrative Record for all purposes.

---

[4] Plaintiffs have indicated they intend to "submit declarations by March 12, 2013 establishing the authenticity and hearsay exceptions for a variety of disputed documents." Dkt. 761 [Plaintiffs' Responses to Objections] at 33. Certain Defendants reserve the right to respond to any such untimely attempts to authenticate disputed exhibits.

7

### III. Objections To Certain Exhibits Cited By Plaintiffs

Plaintiffs have now clarified that certain exhibits subject to Certain Defendants' hearsay objections have been offered for impeachment purposes, but not to establish the truth of the matters asserted in them. *See* Fed. R. Evid. 801(c). Specifically, Certain Defendants' Objections To The Admissibility Of Certain Exhibits ("Certain Defendants' February 19, 2013 Objections") previously argued that Exhibits 2127, 2310, 6519,[5] 9924, 9929, and 9930 are inadmissible as evidence of the truth of the matters asserted in them. *See* Dkt. 751 at 13-15. Plaintiffs have apparently conceded the point. Dkt. 761 [Plaintiffs' Responses to Objections] at 23-28.[6]

### IV. Objections To Certain Exhibits Cited By NCR

NCR has cited Exhibits 2310, 4322, 4327, and 4328 for the first time in NCR's Post-Trial Response Brief, Dkt. 764. Accordingly, Certain Defendants re-state and incorporate by reference their objections to those exhibits contained in Certain Defendants' February 19, 2013 Objections, Dkt. 751 at 15-16.

### V. Certain Defendants' Additional Reserved Objections

NCR argues that the chart Certain Defendants included as Appendix A to Certain Defendants' February 19, 2013 Objections does not adequately substantiate Certain Defendants' reserved objections in accordance with the Stipulation Regarding Exhibits. Dkt. 766 at 17. Certain Defendants' chart substantiating their reserved objections does not stand alone, as Certain Defendants made clear in Section IV of Certain Defendants' February 19, 2013

---

[5] As Plaintiffs correctly point out, Exhibits 2127 and 6519 are both versions of the same document. *See* Dkt. 761 [Plaintiffs' Responses to Objections] at 26 n.11.

[6] In total, Plaintiffs have conceded that Exhibits 294-303, 2127, 2283, 2285, 2310, 4146, 4329, 9924, 9929, and 9930 are admissible only for "non-hearsay purposes." Dkt. 761 [Plaintiffs' Responses to Objections] at 23-28. Pursuant to the Stipulation Regarding Exhibits, Certain Defendants have only listed above the exhibits cited in Plaintiffs' Post-Trial Response Brief, Dkt. 756, for the first time; however, Certain Defendants' reserved objections to the admissibility of all nineteen of the exhibits listed above should be sustained.

8

Objections, which explains and substantiates Certain Defendants' objections. Dkt. 751 at 9-13. Certain Defendants asserted and continue to assert legitimate objections to the admissibility of over 500 exhibits offered by the United States or NCR. Certain Defendants therefore utilized an annotated chart as the only practical way to substantiate objections to such a large volume of inadmissible exhibits.

Plaintiffs erroneously argue that Certain Defendants' February 19, 2013 Objections assert authenticity objections for the first time. Dkt. 761 [Plaintiffs' Responses to Objections] at 22-23. In fact, Certain Defendants have substantiated certain reserved hearsay objections, in accordance with the Stipulation Regarding Exhibits. What Plaintiffs mistake as new authenticity objections are actually arguments that purported business records, public records, or ancient documents do not meet the requirements of their respective *hearsay* exceptions because those *hearsay* exceptions require authentication.

- The exception to the rule against hearsay for business records requires "the testimony of the custodian or another qualified witness," or "certification that complies with [Federal] Rule [of Evidence] 902(11) or (12)." Fed. R. Evid. 803(6).
- The exception to the rule against hearsay for public records requires proof that "neither the source of information nor other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8).
- The exception to the rule against hearsay for ancient document applies to, "A statement in a document that is at least 20 years old and *whose authenticity is established*." Fed. R. Evid. 803(16) (emphasis added).

9

In this context, the authenticity of an exhibit is not a separate objection, but a prong of the test to determine whether that exhibit is subject to an exception to the rule against hearsay. The fact that Certain Defendants indicated that authentication is lacking for certain exhibits does not constitute untimely objections. Rather, they are substantiation of Certain Defendants' hearsay objections.[7]

## VI. Conclusion

Plaintiffs' post-trial briefs cite to only fifty-nine of the 1376 Administrative Record Exhibits. Yet, Plaintiffs persist in trying to admit all the Administrative Record Exhibits. It is not clear why Plaintiffs continue to press their untenable position if only a small fraction of the exhibits are relevant to their trial position. The Court should consider the objected-to Administrative Record Exhibits on an individual basis.

For the foregoing reasons, the Court should exclude all of the exhibits identified above and in Certain Defendants' Objections To The Admissibility Of Certain Exhibits, Dkt. 751, or otherwise decline to consider them for purposes of weighing the truth of the matters addressed in them.

Dated: March 6, 2013　　　　　　　　　　　　　　　　Respectfully submitted,

| | |
|---|---|
| /s/ Philip C. Hunsucker | s/ Scott W. Hansen |
| Philip C. Hunsucker | Scott W. Hansen |
| David A. Rabbino | WI State Bar ID No. 1017206 |
| Allison E. McAdam | shansen@reinhartlaw.com |
| Marc A. Shapp | Steven P. Bogart |
| Hunsucker Goodstein PC | WI State Bar ID No. 1005758 |
| 3717 Mt. Diablo Blvd., Suite 200 | sbogart@reinhartlaw.com |
| Lafayette, CA 94549 | Reinhart Boerner Van Deuren s.c. |

---

[7] For example, Plaintiffs' sole argument against Certain Defendants' objections to Exhibit 2218 is that Certain Defendants have waived their authenticity objection. Dkt. 761 [Plaintiffs' Responses to Objections] at 23. However, Certain Defendants' timely objection to Exhibit 2218 on hearsay grounds, Dkt. 716 at 40, was merely substantiated in Certain Defendants' February 19, 2013 Objections, Dkt. 751 at 12, 20, by pointing out that it does not meet the second requirement of Federal Rule of Evidence 803(16).

10

Telephone: (925) 284-0840
Fax: (925) 284-0870
phunsucker@hgnlaw.com
drabbino@hgnlaw.com
macadam@hgnlaw.com
mshapp@hgnlaw.com

Anne E. Lynch
Hunsucker Goodstein PC
5335 Wisconsin Avenue NW, Suite 360
Washington, DC 20015
Telephone: (202) 895-5380
Fax: (202) 895-5390
alynch@hgnlaw.com

**Attorneys for Defendant Menasha Corporation**

 s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

**Attorneys for Defendant CBC Coating, Inc.**

1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

Thomas R. Gottshall
Haynsworth Sinkler Boyd, P.A.
1201 Main Street, Suite 2200
Columbia, SC 29201
Telephone: 803-779-3080
Facsimile: 803-765-1243
tgottshall@hsblawfirm.com

**Attorneys for Defendant U.S. Paper Mills Corp.**

 s/ Nancy K. Peterson
Nancy K. Peterson (Wis. Bar No. 1000197)
Peter C. Karegeannes (Wis. Bar No. 1015025)
Arthur A. Vogel, Jr. (Wis. Bar No. 1010425)
William H. Harbeck (Wis. Bar No. 1007004)
QUARLES & BRADY LLP
411 East Wisconsin A venue
Milwaukee, WI 53202
Telephone: 414-277-5000
E-mail: nancy.peterson@quarles.com

**Attorneys for Defendant WTM I Company**

s/ David G. Mandelbaum
David G. Mandelbaum
Francis A. Citera
Marc E. Davies
Caleb J. Holmes
Adam B. Silverman
GREENBERG TRAURIG, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA 19103
215.988.7800
mandelbaumd@gtlaw.com

**Attorneys for Defendant P.H. Glatfelter Co.**

11