IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>THE STATE OF WISCONSIN,<br><br>                       Plaintiffs,<br><br>                 v.<br><br>NCR CORPORATION,<br>APPLETON PAPERS INC.,<br>BROWN COUNTY,<br>CITY OF APPLETON,<br>CITY OF GREEN BAY,<br>CBC COATING, INC.,<br>GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br>KIMBERLY-CLARK CORPORATION,<br>MENASHA CORP.,<br>NEENAH-MENASHA SEWERAGE COMMISSION,<br>NEWPAGE WISCONSIN SYSTEMS, INC.,<br>P.H. GLATFELTER CO.,<br>U.S. PAPER MILLS CORP., and<br>WTM I COMPANY,<br><br>                       Defendants. | Civil Action No. 10-C-910 |

---

**NCR CORPORATION'S OBJECTIONS TO CERTAIN EXHIBITS CITED IN
THE PARTIES' MARCH 1, 2013, POST-TRIAL RESPONSE BRIEFS**

---

NCR Corporation ("NCR") respectfully submits its Objections to Certain Exhibits Cited in the Parties' March 1, 2013, Post-Trial Response Briefs.[1]

## I. THE GOVERNMENT CITES TO INADMISSIBLE ADMINISTRATIVE RECORD DOCUMENTS

### A. All Parties Reserved Their Rights to Object to Documents in the Administrative Record

In its response brief, the Government not only cites various inadmissible Administrative Record ("AR") Documents,[2] but also argues that the Defendants, including NCR, had waived their rights to object to any of the AR Documents—Exhibits 1-1376. But the Pre-Trial Order expressly reserved the Defendants' right to object at trial to the use of the AR Documents for any purpose other than proving or disproving the propriety of the remedy. (Dkt. #610 at 7 n.8.) Subsequently, as Government counsel stated at the outset of trial, all parties agreed to address those and other reserved objections to exhibits during post-trial briefing. (*See, e.g.*, Tr. 8:10-12 ("[W]e'll deal with hearsay objections and those sorts of things during the post-trial briefing . . . .").) The Government's contention that the Defendants waived their objections to the AR Documents by not raising them at trial is thus without merit, as explained in NCR's Objections to Certain Exhibits.[3] (Dkt. #752 at 1-2.)

---

[1] NCR also maintains the objections raised in its Objections to Certain Exhibits. (Dkt. #752.)

[2] *See, e.g.*, Dkt. #756 at 14 (citing TX 1308), 16 (citing TXs 3, 751), and 34 (citing TXs 5, 460).

[3] Consistent with the Pre-Trial Order, NCR and the other defendants made clear their intention to reserve their objections to the AR Documents. For example, when the Government asserted during trial that "the parties have previously stipulated to admission of the entire administrative record in this case", NCR disagreed. (Tr. 868:17-869:15.)

## B. The Government Improperly Relies Upon Inadmissible Hearsay

As it did in its post-trial brief, the Government relies upon several documents in its response brief that constitute inadmissible hearsay in support of its claim that it is entitled to a permanent injunction against the Defendants.

NCR respectfully objects to Exhibits 5 and 1308.

Exhibit 5 is a 2002 report issued by the RETEC Group, Inc., a consulting firm hired by WDNR. (*See* TX 5.) It supposedly incorporates data on PCB contamination in fish and human consumption. The Government offers the statements in Exhibit 5 to support its contention that PCB contamination levels currently at the Site cause adverse health effects and present a public health hazard. (*See* Dkt. #756 at 33-34.) Because the Government is offering statements in Exhibit 5 for the truth of the matters asserted, Exhibit 5 constitutes inadmissible hearsay under Federal Rules of Evidence ("FRE") 801-04. Nor does Exhibit 5 fit within the public records exception to hearsay because consultant reports authored by third parties for advocacy purposes do not constitute public records under FRE 803(8). *See In re Parmalat Sec. Litig.*, 477 F. Supp. 2d 637, 641 (S.D.N.Y. 2007).

Exhibit 1308 is the response by Riverside Paper to the United States Fish and Wildlife Service's request for information. (*See* TX 1308.) The Government offers the statements in Exhibit 1308 to support its contention that Mr. Braithwaite's estimates of PCB discharges by CBC/Riverside were mistaken. (*See* Dkt. #756 at 14.) But Exhibit 1308 states only that CBC/Riverside did not recycle "NCR Paper" or "NCR Broke" sourced from ACPC before 1970; it does not address PCBs from CCP in office wastepaper that was recycled by CBC/Riverside prior to 1971. Regardless, because the Government is offering Exhibit 1308 for the truth of the matter asserted, it constitutes inadmissible hearsay (as to all parties other than CBC) under FRE 801-04.

2

## II. THE GOVERNMENT IMPROPERLY RELIES ON ADDITIONAL DOCUMENTS CONSTITUTING INADMISSIBLE HEARSAY

NCR respectfully objects to Exhibits 2285 and 2349.

In its response brief, the Government argues that estimating the PCB discharges to the Fox River involves inherent "uncertainty" illustrated by the "wide-ranging estimates" parties have made at various times. (Dkt. #756 at 15.) In support of this contention, it cites these exhibits. (*See id*. at n.8.) Exhibit 2285 is a letter from John Hanson, an attorney for Fort James Paper (now Georgia-Pacific), to Randall Stone, providing comments on certain revisions to the 2000 Amendola Report. (*See* TX 2285.) Exhibit 2349 is a 1999 report prepared by Environmental Resources Management. (*See* TX 2349.) To the extent that the Government offers the statements in Exhibits 2285 and 2349 for the truth of the matters, Exhibits 2285 and 2349 constitute inadmissible hearsay under FRE 801-04.

## III. THE OTHER PARTIES CITE AGAIN TO THE SAME INADMISSIBLE DOCUMENTS FROM THEIR FIRST ROUND OF POST-TRIAL BRIEFS

The Government and the other defendants cite many of the same inadmissible documents in their response briefs as they cited in their first round of post-trial briefs. (*See, e.g.*, Dkt. # 760 at 5-6 (citing Exhibit 8427); #769 at 35 (same).) Similarly, the Government in its response brief cites to pages in its own post-trial brief that rely on inadmissible AR Documents, to support the Government's contention that it will suffer irreparable harm absent a permanent injunction. (*See* Dkt. #756 at 31-35.) For the same reasons those exhibits were impermissibly cited in the first round of post-trial briefs (*see* Dkt. #752 at 2-6, 8-9), they are similarly impermissibly cited in the response briefs.

## IV. THE OU1 DEFENDANTS' DEMONSTRATIVE EXHIBITS CONSTITUTE INADMISSIBLE HEARSAY

In their response brief, the OU1 Defendants move Exhibits 8557, 8559 and 8561 in evidence.[4] (*See* Dkt. #769 at 14 n.8.) NCR respectfully objects to these exhibits. Unlike NCR's demonstrative exhibits, which were moved in evidence to demonstrate the numerical data that NCR's witnesses incorporated by reference in their testimony (*see* Dkt. #766 at 11-12), the OU1 Defendants offer these exhibits for the truth of the matters asserted therein but without accompanying references to cited testimony. Because they each contain hearsay and do not fit within a recognized exception, they are inadmissible. Although the OU1 Defendants attempt to rely on FRE 1006, they fail to show that any of the exhibits summarize the contents of supposedly voluminous writings and that those supposedly voluminous writings themselves constitute admissible evidence.

## V. DEMONSTRATIVE EXHIBITS

The parties cite numerous demonstrative exhibits in their response briefs that are not independently admissible. As previously noted, demonstrative exhibits have been marked for identification only. Listed in Table A below are demonstrative exhibits that the other parties cite in their response briefs but did not move in evidence for substantive purposes. Pursuant to the parties' agreement concerning demonstrative exhibits (Dkt. #718 ¶ 4), the demonstratives cited in their briefs should not be admitted.

---

[4] Exhibits 8557 and 8559 are maps showing PCB concentrations at various points along the river. Exhibit 8561 contains a table purporting to convey data about particle size and organic carbon.

4

| TABLE A: Demonstrative Exhibits Not Admitted For Substantive Purposes |||||
|---|---|---|---|---|
| **Party** | **Demonstrative Exhibit Number** |||||
| **Government** | 3047 | 8327 | 9527 | 9970 | 9972 |
| | 3049 | 9525 | 9536 | 9971 | 9980 |
| | 3066 | 9526A | 9968 | | |
| **Glatfelter/ OU1 Defendants** | 8557 | 8559 | 8561 | 9963 | |
| **U.S. Paper** | 8320 | 8897 | | | |
| **WTM 1** | 8559 | | | | |

## CONCLUSION

For the reasons stated above, NCR respectfully requests that NCR's objections to certain exhibits cited in the parties' post-trial response briefs be sustained.

5

Case 1:10-cv-00910-WCG   Filed 03/06/13   Page 6 of 7   Document 774

Dated: March 6, 2013                    Respectfully submitted,

NCR CORPORATION

/s/   Darin P. McAtee

*Counsel for NCR Corporation*
CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Darin P. McAtee
Yonatan Even
Worldwide Plaza, 825 Eighth Avenue
New York, New York 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
dmcatee@cravath.com

SIDLEY AUSTIN LLP
Evan B. Westerfield
Eric W. Ha
One South Dearborn Street
Chicago, Illinois 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

MARTEN LAW PLLC
Linda R. Larson
Bradley M. Marten
1191 Second Avenue, Suite 2200
Seattle, Washington 98101
Phone: (206) 292-2600
Fax: (206) 292-2601