IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE UNITED STATES OF AMERICA AND THE STATE OF WISCONSIN | : : : : |
| Plaintiffs, | : : No. 10-CV-00910-WCG |
| v. | : : |
| NCR CORPORATION, *et al.,* | : : |
| Defendants. | : : |

**CERTAIN DEFENDANTS'[1] RESPONSE TO OBJECTIONS BY THE UNITED STATES AND NCR CORPORATION TO THE ADMISSION OF CERTAIN EXHIBITS CITED IN RESPONSIVE POST-TRIAL BRIEFS**

---

[1] Certain Defendants are Menasha Corporation, P.H. Glatfelter Company, and WTM I Company. CBC Coating, Inc. joins only in Sections I., II., and IV.

## I. Introduction.

Certain Defendants hereby respond to the Plaintiffs' Objections To Exhibits Cited By NCR Corporation And The Certain Defendants In Their Respective Responses To Findings Of Fact And Conclusions Of Law ("Plaintiffs' Second Objections"), Dkt. 771, and NCR Corporation's ("NCR") Objections To Certain Exhibits Cited In The Parties' March 1, 2013, Post-Trial Response Briefs ("NCR's Second Objections"), Dkt. 774, in accordance with the Stipulation and Proposed Order Regarding Exhibits for the December 2012 Trial ("Stipulation Regarding Exhibits"), Dkt. 718.

## II. Plaintiffs And NCR Have Waived Objections To Numerous Trial Exhibits.

Pursuant to the Stipulation Regarding Exhibits, each exhibit that has been placed on Plaintiffs' and Defendants' Combined Trial Exhibit List ("Exhibit List"), Dkt. 716, will be admitted into evidence for all purposes unless an objecting party states and substantiates its reserved objections to that exhibit following the procedure set forth in the Stipulation Regarding Exhibits. Except for the exhibits discussed in Section III, *infra,* Plaintiffs have not stated or substantiated their reserved objections to any of the exhibits placed on the Exhibit List by Certain Defendants. *See* Dkt. 750 [Plaintiffs' First Objections] and Dkt. 771 [Plaintiffs' Second Objections]. Therefore, Plaintiffs have waived any objections to all of the exhibits listed in the attached Table 1. Similarly, NCR has waived all objections to the exhibits listed in Table 1. *See* Dkt. 752 [NCR's First Objections] and Dkt. 774 [NCR's Second Objections].

**III. Demonstrative Exhibits 8557, 8559, And 8561, And Page 18 Of Exhibit 8350 Are Admissible.**

In their post-trial responsive brief, OU1 Defendants[2] seek to admit the demonstrative exhibits 8557, 8559 and 8561 under Federal Rule of Evidence 1006 and a single page of Victor Magar's report—Exhibit 8350—in response to a trial objection by the United States. Dkt. 769 at 14 n.8. Both NCR and the United States objected to the admission of demonstrative exhibits 8557, 8559 and 8561. Dkt. 771 [Plaintiffs' Second Objections] at 3-4; Dkt. 774 [NCR's Second Objections] at 5. Plaintiffs object to the admission of page 18 of Ex. 8350. Dkt. 771 at 2-3. The Court should admit these exhibits.

Federal Rule of Evidence 1006 allows parties to offer summaries of data "to prove the content of voluminous writings . . . that cannot be conveniently examined in court," as long as the underlying voluminous writings are made available to the other parties for examination. Plaintiffs argue that a summary is only admissible if the underlying source data is admissible. Dkt. 771 [Plaintiffs' Second Objections] at 4. Plaintiffs fail to recognize that OU1 Defendants already have met this requirement. Exhibits 8557, 8559 and 8561 all summarize the data contained in the Lower Fox River database compiled and maintained by the Wisconsin Department of Natural Resources. This database has been available to all parties for some time. Defendant P.H. Glatfelter Company ("Glatfelter") produced the database prior to trial as GLT-ENF001958, and listed it on the Exhibit List as Exhibit 8389. Dkt. 716 at 171. The database was not objected to by any party and is admitted into evidence for all purposes. *Id.* Exhibit 8389 contains over 30,000 rows of data and hundreds of thousands of cells, which makes it a perfect candidate for summarization. *See United States v. Smyth*, 556 F.2d 1179, 1183 n.9 (5th Cir. 1977). Further, two of the demonstrative exhibits previously were produced by Glatfelter as

---

[2] The OU1 Defendants are Menasha Corporation, P.H. Glatfelter Company, and WTM I Company.

exhibits to Dr. Magar's expert report.  *Compare* Ex. 8350 at GLT-ENF001824 and Ex. 8557; *compare* Ex. 8350 at GLT-ENF001832 and Ex. 8559.  No party questioned the accuracy of the demonstrative exhibits or their underlying data.  The exhibits should be admitted under Federal Rule of Evidence 1006.

Page 18 from Dr. Magar's expert report (Exhibit 8350) should be admitted to refute Plaintiffs' trial objection to the scope of Dr. Magar's testimony.  *See* Tr. 1597:17-1599:20 (Magar).  The Court asked Plaintiffs' counsel to assert or withdraw the objection after Dr. Magar's testimony progressed.  *Id*.  Plaintiffs' counsel neither asserted nor withdrew the objection.  Further, Plaintiffs again questioned the scope of Dr. Magar's testimony in their post-trial brief.  February 4, 2013 Proposed Findings Of Fact And Conclusions Of Law For The Phase 1 Trial ("Plaintiffs' Post-Trial Brief"), Dkt. 738 at 24.  Exhibit 8350, as well as Dr. Magar's trial testimony, makes clear that Dr. Magar opined that OU1 Defendants did not cause the need to remediate areas downstream of OU1.  Ex. 8350 at GLT-ENF001791; *see, e.g.*, Tr. 1596:7-1617:21 (Magar).

**IV.     Certain Defendants' Additional Reserved Objections Have Been Adequately Substantiated, And Should Therefore Be Sustained.**

NCR's incorrect argument against the chart Certain Defendants included as Appendix A to Certain Defendants' Objections To The Admissibility Of Certain Exhibits ("Certain Defendants' February 19, 2013 Objections"), Dkt. 751, is the only response by any party to the objections asserted in Appendix A.  *See* Dkt. 766 at 17.  As Certain Defendants previously explained, Certain Defendants' Appendix A ***in conjunction with*** Section IV of Certain Defendants' February 19, 2013 Objections was the only practical way to substantiate legitimate objections to over 500 inadmissible exhibits.  *See* Certain Defendants' Objections To The Admission Of Certain Exhibits Cited In Plaintiffs And NCR Corporation's Responsive Post-

4

Trial Briefs ("Certain Defendants' March 6, 2013 Objections"), Dkt. 772 at 9-10. Plaintiffs have not similarly argued that Certain Defendants' objections are not substantiated. Rather, Plaintiffs argued that it is illogical for Certain Defendants to object based on authenticity to certain Administrative Record Exhibits because Certain Defendants agreed to admit those exhibits for resolution of the remedy challenge.[3] But, Certain Defendants raised additional objections beyond authenticity to each of the Administrative Record Exhibits listed in Appendix A. Therefore, at a minimum the Court should sustain all of Certain Defendants' objections to exhibits listed in Appendix A for which Plaintiffs or NCR did not offer a specific response.

**V.     Plaintiffs' Untimely Evidence Of The Authenticity Of Certain Exhibits Prejudices Certain Defendants, Is Inadmissible, And Does Not Prove The Authenticity Of The Exhibits In Question.**

On March 1, 2013, Plaintiffs indicated they intended to "submit declarations by March 12, 2013 establishing the authenticity and hearsay exceptions for a variety of disputed documents." Plaintiffs' Response To NCR Corporation's And The Certain Defendants' Objections To The Admission Of Certain Trial Exhibits ("Plaintiffs' Responses to Objections"), Dkt. 761 at 33. Plaintiffs filed three declarations on March 12, 2013. *See* Dkt. 777 to 779. These new submissions are inconsistent with the procedures agreed to by the parties and adopted by the Court. Moreover, this belated effort to authenticate only the "important" Administrative Record Exhibits is a tacit admission that exhibits contained within the Administrative Record lack sufficient proof of their authenticity. *See id.* at 32-33. Plaintiffs cannot claim to be prejudiced unfairly if they are denied the opportunity to correct this self-inflicted injury:

- The Administrative Record, in various iterations, has been in Plaintiffs' possession for years. *See, e.g.*, Declaration Of Lawrence Schmitt In Support Of Motion For

---

[3] Certain Defendants explained the nature of Plaintiffs' error on this point in their March 6, 2013 Objections, Dkt. 772 at 3-6.

5

Preliminary Injunction, Dkt. 125 at 5, ¶ o ("EPA and WDNR have compiled an administrative record supporting their remedy selection decisions for the Site"); *see also* Third Notice Of Availability Of Administrative Record Materials, Dkt. 474; Certificate Of Service And Second Notice Of Availability Of Administrative Record Materials, Dkt. 324.

- Since no later than October 14, 2010, Plaintiffs have known that at least some Administrative Record Exhibits would be relevant to their case-in-chief. Complaint, Dkt. 1.

- Since no later than November 13, 2012, Plaintiffs have been on notice that Defendants reserved the right to object to the admissibility of Administrative Record Exhibits. Order Re: Pretrial & Trial Procedures, Dkt. 610 at 7, n.8; *see also* Dkt. 772 [Certain Defendants' March 6, 2013 Objections] at 2-5.

- On November 20, 2012, Plaintiffs moved *in limine* to admit certain exhibits, including at least six Administrative Record Exhibits. *See* Dkt. 645 to Dkt. 646-4. On November 28, 2012, the Court denied Plaintiffs' motion *in limine* as premature because the parties were still negotiating how to address objections to exhibits. Dkt. 696 at 4.

- Since no later than December 4, 2012, Plaintiffs have known they would argue their case-in-chief at least in part based on Administrative Record Exhibits. The United States represented to the Court that documentary evidence from the Administrative Record would support the United States' case-in-chief, in response to motions for entry of judgment pursuant to Federal Rule of Civil Procedure 52(c) by NCR, P.H. Glatfelter Company, and Menasha Corporation. Tr. 463:11-467:23.

6

The foregoing shows that Plaintiffs had ample opportunity to address the evidentiary defects of the Administrative Record Exhibits according to the procedures agreed upon by the parties and ordered by the Court, but chose not to do so. Instead, Plaintiffs apparently made the strategic decision to argue that Defendants had waived their objections to the Administrative Record Exhibits. By comparison, any attempt now by Plaintiffs to correct these deficiencies at this late stage would be untimely and prejudicial to Certain Defendants:

- The Stipulation Regarding Exhibits requires parties to object to Administrative Record Exhibits cited in the February 4, 2013 proposed findings of fact and conclusions of law no later than February 19, 2013; otherwise, those objections are waived. Dkt. 718 at 2.

- Plaintiffs cited numerous Administrative Record Exhibits in Plaintiffs' Post-Trial Brief, Dkt. 738, to which Certain Defendants raised objections, Dkt. 751 [Certain Defendants' February 19, 2013 Objections] at 9-14 & App'x A.

- Plaintiffs offered to authenticate Administrative Record Exhibits in their March 1, 2013 response, but actually did not do so; Plaintiffs only offered to do so by March 12, 2013. *See* Dkt. 761 [Plaintiffs' Responses to Objections] at 32-33.

- Pursuant to the Stipulation Regarding Exhibits, "any objections to those Exhibits not stated and substantiated in the March 6, 2013 briefs are deemed waived." Dkt. 718 at 3. Plaintiffs' evidence purporting to authenticate certain Administrative Record Exhibits was not filed until March 12, 2013. The Stipulation Regarding Exhibits does not provide for additional briefing after March 12, 2013 in which Certain Defendants could respond to address Plaintiffs' untimely effort to authenticate Administrative Record Exhibits. Plaintiffs have disregarded the procedures agreed to by the parties

7

and adopted by the Court, and Certain Defendants therefore reserve the right to respond to Plaintiffs' eleventh-hour filing beyond the scope of the Stipulation Regarding Exhibits.

However, in order to address Plaintiffs' untimely effort to authenticate Administrative Record Exhibits in accordance with the Stipulation Regarding Exhibits, Certain Defendants respond as follows:

Out of 1376 documents in the Administrative Record, Plaintiffs have offered declarations authenticating exactly ***twenty-four*** Administrative Record Exhibits. *See* Dkt. 777 to 779. Thus, instead of an effort to move the entire Administrative Record into evidence, Plaintiffs now try to provide authentication for fewer than 2% of the Administrative Record Exhibits. *See* Dkt. 761 [Plaintiffs' Responses to Objections] at 32-33. Even among this small subset of Administrative Record Exhibits, Plaintiffs have failed to meet the requirements of the Federal Rules of Evidence.

As an initial matter, the declarations themselves are inadmissible hearsay not subject to any exception. Fed. R. Evid. 801(c), 802. Declarants James Hahnenberg and James Killian were each deposed in this case, and Mr. Hahnenberg was present in the courtroom for much of the December 2012 trial. Rather than call live witnesses during trial, Plaintiffs offer three declarations purporting to provide evidence sufficient to authenticate certain exhibits under Federal Rules of Evidence 901 and 902. Moreover, Plaintiffs have offered no proof that the declarations are subject to any exception to the rule against hearsay, nor are the declarations self-authenticating under any provision of Federal Rule of Evidence 902. As such, they cannot serve as "evidence sufficient to support a finding" of the authenticity of any of the exhibits that the declarants purport to authenticate. *See* Fed. R. Evid. 901(a). Therefore, the Administrative

Record Exhibits listed in the declarations are only admissible to the extent they are self-authenticating under Federal Rule of Evidence 902.

Plaintiffs have failed to authenticate Exhibits 51, 52, 274, 414, 416, 547, 660, 883, 891, 1127, 1142, 1149, and 2113 as certified domestic records of a regularly conducted activity. *See* Dkt. 777 at 9 and 13, Dkt. 778 at 11 and 15, and Dkt. 779 at 16 and 20.[4] To prove self-authenticating domestic records of a regularly conducted activity, "***Before the trial or hearing***, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11) (emphasis added). Plaintiffs' declarations come more than three months after the start of the December 2012 trial.

Plaintiffs have failed to authenticate Exhibits 51, 52, 274, 414, 416, 547, 660, 883, 891, 1127, 1142, 1149, 1156, 1286, and 2113 as public records.[5] *See* Dkt. 777 at 10, Dkt. 778 at 12, and Dkt. 779 at 17. None of these exhibits bears a seal purporting to be that of the United States or any political subdivision thereof. Fed. R. Evid. 902(1). Nor do any of these exhibits meet the requirements of Federal Rule of Evidence 902(2). First, only Exhibits 1127, 1142, and 2113 bear "the signature of an officer or employee of an entity named in Rule 902(1)(A)." Fed. R. Evid. 902(2)(A). Exhibits 51, 52, 274, 414, 416, 547, 660, 883, 891, 1149, 1156, and 1286 are all unsigned. *Id.* Second, none of these exhibits has been accompanied by an adequate certification as required by Federal Rule of Evidence 902(2)(B). Even if the Court were to

---

[4] Plaintiffs' declarations also list Administrative Record Exhibits as subject to self-authentication as certified domestic records of a regularly conducted activity to which Certain Defendants do not object, namely Exhibits 2, 3, 5, 9, 279, 322, 409, 758, and 772.

[5] Plaintiffs' declarations also list Administrative Record Exhibits as subject to self-authentication as public records to which Certain Defendants do not object, namely Exhibits 2, 3, 5, 9, 279, 322, 409, 758, and 772, and 1308.

9

accept the declarations Plaintiffs filed as evidence, Messrs. Warburton, Hahnenberg, and Killian all failed to affix a seal to their certifications. Fed. R. Evid. 902(2)(B).

Plaintiffs have failed to prove that "portions" of Exhibit 1286 are subject to the ancient documents exception to the rule against hearsay. Plaintiffs' declarant, David Warburton, states that the portions in question of Exhibit 1286 are copies of documents "submitted to FWS [U.S. Fish and Wildlife Service]." Dkt. 777 at 7. Mr. Warburton cannot know whether the documents were in a place where, if authentic, they likely would be, Fed. R. Evid. 803(16), 901(b)(8); he only knows that some documents purporting to be more than 20 years old were submitted to FWS. Likewise, Mr. Hahnenberg states, "The EPA Region 5 Records Center received copies of Exhibit 1286 from the U.S. Fish and Wildlife Service." Dkt. 778 at 9. As such, Plaintiffs have offered no proof as to the location of the ancient "portions" of Exhibit 1286 as required by the Federal Rules of Evidence 803(16) and 901(b)(8).

## VI. Conclusion.

For the foregoing reasons, the Court should:

(1) Admit all of the exhibits identified in Table 1 below;

(2) Admit Exhibits 8557, 8559, and 8561 as summaries under Federal Rule of Evidence 1006;

(3) Admit page 18 of Exhibit 8350 for the fact of the statement;

(4) Exclude from evidence all of the exhibits identified in Table 2 below; and,

(5) Decline to consider Plaintiffs' untimely and inadmissible evidence purporting to authenticate Administrative Record Exhibits, or otherwise disregard such evidence.

Dated: March 12, 2013                                       Respectfully submitted,

/s/ Philip C. Hunsucker
Philip C. Hunsucker
David A. Rabbino
Allison E. McAdam
Marc A. Shapp
Hunsucker Goodstein PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone: (925) 284-0840
Fax: (925) 284-0870
phunsucker@hgnlaw.com
drabbino@hgnlaw.com
macadam@hgnlaw.com
mshapp@hgnlaw.com

Anne E. Lynch
Hunsucker Goodstein PC
5335 Wisconsin Avenue NW, Suite 360
Washington, DC 20015
Telephone: (202) 895-5380
Fax: (202) 895-5390
alynch@hgnlaw.com

**Attorneys for Defendant Menasha Corporation**

 s/ Susan E. Lovern
Susan E. Lovern (#1025632)
Michael P. Carlton (#1016037)
Thomas Armstrong (#1016529)
Kelly J. Noyes (#1064809)
von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 700
Milwaukee, WI 53202
Telephone: (414) 276-1122
Fax: (414) 276-6281
slovern@vonbriesen.com
mcarlton@vonbriesen.com
tarmstro@vonbriesen.com
knoyes@vonbriesen.com

**Attorneys for Defendant CBC Coating, Inc.**

s/ Nancy K. Peterson
Nancy K. Peterson (Wis. Bar No. 1000197)
Peter C. Karegeannes (Wis. Bar No. 1015025)
Arthur A. Vogel, Jr. (Wis. Bar No. 1010425)
William H. Harbeck (Wis. Bar No. 1007004)
QUARLES & BRADY LLP
411 East Wisconsin A venue
Milwaukee, WI 53202
Telephone: 414-277-5000
E-mail: nancy.peterson@quarles.com

**Attorneys for Defendant WTM I Company**

s/ David G. Mandelbaum
David G. Mandelbaum
Francis A. Citera
Marc E. Davies
Caleb J. Holmes
Adam B. Silverman
GREENBERG TRAURIG, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA  19103
215.988.7800
mandelbaumd@gtlaw.com

**Attorneys for Defendant P.H. Glatfelter Co.**

**Table 1:**

The following exhibits are not subject to any objections, previously reserved objections having been waived, and therefore should be admitted into evidence for all purposes:[6]

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6093 | 7312 | 7398 | 7458 | 7574 | 8365 | 8445 | 8631 | 8667 |
| 6094 | 7313 | 7399 | 7459 | 7575 | 8366 | 8446 | 8632 | 8668 |
| 6101 | 7316 | 7400 | 7460 | 7576 | 8367 | 8447 | 8633 | 8669 |
| 7204 | 7318 | 7401 | 7461 | 7577 | 8368 | 8448 | 8634 | 8670 |
| 7206 | 7319 | 7403 | 7462 | 7578 | 8369 | 8449 | 8635 | 8671 |
| 7207 | 7320 | 7404 | 7478 | 7661 | 8370 | 8451 | 8636 | 8672 |
| 7208 | 7321 | 7405 | 7483 | 7714 | 8371 | 8453 | 8637 | 8673 |
| 7210 | 7322 | 7406 | 7485 | 7809 | 8373 | 8454 | 8638 | 8674 |
| 7212 | 7323 | 7407 | 7487 | 7810 | 8374 | 8455 | 8639 | 8675 |
| 7213 | 7332 | 7408 | 7489 | 7811 | 8384 | 8456 | 8640 | 8676 |
| 7214 | 7335 | 7409 | 7490 | 7812 | 8392 | 8601 | 8641 | 8677 |
| 7215 | 7336 | 7411 | 7506 | 7813 | 8396 | 8602 | 8642 | 8678 |
| 7216 | 7337 | 7415 | 7509 | 7825 | 8400 | 8603 | 8643 | 8679 |
| 7217 | 7338 | 7416 | 7511 | 7827 | 8401 | 8607 | 8644 | 8680 |
| 7218 | 7340 | 7422 | 7518 | 7830 | 8402 | 8608 | 8645 | 8681 |
| 7219 | 7341 | 7423 | 7532 | 7832 | 8404 | 8609 | 8646 | 8682 |
| 7222 | 7342 | 7424 | 7533 | 7833 | 8405 | 8610 | 8647 | 8683 |
| 7223 | 7343 | 7426 | 7535 | 7843 | 8408 | 8611 | 8648 | 8684 |
| 7234 | 7348 | 7428 | 7539 | 7844 | 8409 | 8612 | 8649 | 8685 |
| 7235 | 7351 | 7429 | 7540 | 7848 | 8410 | 8613 | 8650 | 8686 |
| 7236 | 7353 | 7430 | 7542 | 7855 | 8411 | 8614 | 8651 | 8687 |
| 7237 | 7357 | 7432 | 7546 | 7857 | 8412 | 8615 | 8652 | 8688 |
| 7247 | 7359 | 7434 | 7548 | 7858 | 8415 | 8616 | 8653 | 8689 |
| 7249 | 7385 | 7436 | 7552 | 7859 | 8417 | 8617 | 8654 | 8690 |
| 7256 | 7386 | 7438 | 7555 | 7860 | 8425 | 8618 | 8655 | 8691 |
| 7263 | 7387 | 7441 | 7556 | 7861 | 8431 | 8619 | 8656 | 8692 |
| 7275 | 7388 | 7442 | 7557 | 7862 | 8433 | 8620 | 8657 | 8693 |
| 7279 | 7389 | 7443 | 7558 | 7864 | 8434 | 8621 | 8658 | 8694 |
| 7282 | 7390 | 7444 | 7561 | 7865 | 8435 | 8622 | 8659 | 8695 |
| 7283 | 7391 | 7446 | 7562 | 7866 | 8436 | 8623 | 8660 | 8696 |
| 7284 | 7392 | 7447 | 7563 | 7867 | 8437 | 8624 | 8661 | 8697 |
| 7285 | 7393 | 7448 | 7566 | 7868 | 8438 | 8625 | 8662 | 8698 |
| 7286 | 7394 | 7449 | 7568 | 7869 | 8439 | 8627 | 8663 | 8699 |
| 7298 | 7395 | 7450 | 7569 | 8226 | 8441 | 8628 | 8664 | 8700 |
| 7310 | 7396 | 7451 | 7570 | 8227 | 8443 | 8629 | 8665 | 8701 |
| 7311 | 7397 | 7452 | 7573 | 8229 | 8444 | 8630 | 8666 | 8702 |

| 8703 | 8726 | 8749 | 8778 | 8801 | 8824 | 8847 | 8871 | 9408 |
|------|------|------|------|------|------|------|------|------|
| 8704 | 8727 | 8750 | 8779 | 8802 | 8825 | 8848 | 8872 | 9409 |
| 8705 | 8728 | 8751 | 8780 | 8803 | 8826 | 8849 | 8873 | 9410 |
| 8706 | 8729 | 8752 | 8781 | 8804 | 8827 | 8850 | 8874 | 9411 |
| 8707 | 8730 | 8753 | 8782 | 8805 | 8828 | 8851 | 8875 | 9412 |
| 8708 | 8731 | 8754 | 8783 | 8806 | 8829 | 8852 | 8888 | 9413 |
| 8709 | 8732 | 8755 | 8784 | 8807 | 8830 | 8853 | 8889 | 9452 |
| 8710 | 8733 | 8756 | 8785 | 8808 | 8831 | 8854 | 8890 | 9488 |
| 8711 | 8734 | 8757 | 8786 | 8809 | 8832 | 8855 | 8891 | 9489 |
| 8712 | 8735 | 8762 | 8787 | 8810 | 8833 | 8856 | 8892 | 9775 |
| 8713 | 8736 | 8764 | 8788 | 8811 | 8834 | 8857 | 8893 | 9811 |
| 8714 | 8737 | 8766 | 8789 | 8812 | 8835 | 8858 | 9222 | 9842 |
| 8715 | 8738 | 8767 | 8790 | 8813 | 8836 | 8859 | 9230 | 9844 |
| 8716 | 8739 | 8768 | 8791 | 8814 | 8837 | 8860 | 9243 | 9850 |
| 8717 | 8740 | 8769 | 8792 | 8815 | 8838 | 8861 | 9244 | 9851 |
| 8718 | 8741 | 8770 | 8793 | 8816 | 8839 | 8862 | 9245 | 9915 |
| 8719 | 8742 | 8771 | 8794 | 8817 | 8840 | 8863 | 9246 | 9917 |
| 8720 | 8743 | 8772 | 8795 | 8818 | 8841 | 8864 | 9247 |      |
| 8721 | 8744 | 8773 | 8796 | 8819 | 8842 | 8865 | 9403 |      |
| 8722 | 8745 | 8774 | 8797 | 8820 | 8843 | 8867 | 9404 |      |
| 8723 | 8746 | 8775 | 8798 | 8821 | 8844 | 8868 | 9405 |      |
| 8724 | 8747 | 8776 | 8799 | 8822 | 8845 | 8869 | 9406 |      |
| 8725 | 8748 | 8777 | 8800 | 8823 | 8846 | 8870 | 9407 |      |

[6] Certain exhibits were "Admitted Subject to Relevance Objections." *See*, *e.g.*, Exhibit 7207, Dkt. 716 [Exhibit List] at 132. No party has asserted relevance objections to any of these exhibits. Therefore, these exhibits now should be admitted into evidence for all purposes. Additionally, Exhibits 8871, 8872, 8875, 8888, 8889, 8890, 8891, 8892, and 8893 were admitted during trial without objections, and therefore are included as exhibits that should be admitted for all purposes.

13

**Table 2:**

The following exhibits should be excluded from evidence because—aside from NCR's meritless argument—no party has opposed all of Certain Defendants' objections in accordance with the Stipulation Regarding Exhibits:[7]

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 0274 | 2113 | 2205 | 2350 | 2509 | 4084 | 4186 | 4305 | 4371 |
| 2021 | 2115 | 2211 | 2353 | 2511 | 4085 | 4187 | 4306 | 4372 |
| 2032 | 2116 | 2212 | 2357 | 2517 | 4086 | 4188 | 4312 | 4381 |
| 2033 | 2117 | 2215 | 2396 | 2544 | 4087 | 4189 | 4316 | 4387 |
| 2034 | 2118 | 2216 | 2400 | 2547 | 4088 | 4190 | 4318 | 4388 |
| 2036 | 2119 | 2234 | 2401 | 2552 | 4089 | 4191 | 4319 | 4395 |
| 2037 | 2120 | 2235 | 2402 | 2556 | 4090 | 4192 | 4320 | 4396 |
| 2038 | 2123 | 2236 | 2403 | 2557 | 4091 | 4193 | 4321 | 4397 |
| 2039 | 2126 | 2240 | 2404 | 2566 | 4092 | 4194 | 4322 | 4401 |
| 2041 | 2130 | 2241 | 2405 | 2568 | 4093 | 4196 | 4323 | 4402 |
| 2042 | 2139 | 2242 | 2407 | 4051 | 4094 | 4198 | 4324 | 4424 |
| 2043 | 2146 | 2243 | 2415 | 4055 | 4112 | 4199 | 4325 | 4428 |
| 2044 | 2151 | 2247 | 2419 | 4058 | 4140 | 4203 | 4326 | 4429 |
| 2045 | 2152 | 2248 | 2420 | 4059 | 4145 | 4208 | 4327 | 4433 |
| 2046 | 2154 | 2249 | 2422 | 4060 | 4147 | 4217 | 4328 | 4436 |
| 2047 | 2155 | 2258 | 2426 | 4061 | 4157 | 4228 | 4338 | 4437 |
| 2048 | 2156 | 2259 | 2427 | 4062 | 4158 | 4232 | 4345 | 4438 |
| 2049 | 2157 | 2263 | 2436 | 4063 | 4159 | 4234 | 4346 | 4439 |
| 2050 | 2158 | 2274 | 2443 | 4064 | 4161 | 4239 | 4347 | 4440 |
| 2051 | 2159 | 2279 | 2458 | 4065 | 4170 | 4265 | 4348 | 4441 |
| 2054 | 2160 | 2281 | 2459 | 4066 | 4172 | 4266 | 4349 | 4442 |
| 2055 | 2161 | 2282 | 2461 | 4067 | 4173 | 4267 | 4350 | 4443 |
| 2066 | 2162 | 2287 | 2467 | 4068 | 4174 | 4270 | 4351 | 4444 |
| 2067 | 2163 | 2288 | 2471 | 4069 | 4175 | 4282 | 4352 | 4445 |
| 2068 | 2164 | 2302 | 2472 | 4070 | 4176 | 4283 | 4353 | 4446 |
| 2074 | 2165 | 2303 | 2477 | 4071 | 4177 | 4284 | 4354 | 4447 |
| 2085 | 2166 | 2312 | 2478 | 4072 | 4178 | 4285 | 4357 | 4448 |
| 2089 | 2167 | 2334 | 2498 | 4077 | 4179 | 4289 | 4358 | 4449 |
| 2090 | 2172 | 2336 | 2501 | 4078 | 4180 | 4290 | 4359 | 4450 |
| 2091 | 2175 | 2337 | 2503 | 4079 | 4181 | 4293 | 4366 | 4451 |
| 2092 | 2176 | 2340 | 2504 | 4080 | 4182 | 4296 | 4367 | 4452 |
| 2101 | 2180 | 2341 | 2505 | 4081 | 4183 | 4298 | 4368 | 4453 |
| 2107 | 2181 | 2342 | 2506 | 4082 | 4184 | 4299 | 4369 | 4454 |
| 2110 | 2184 | 2347 | 2507 | 4083 | 4185 | 4300 | 4370 | 4455 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4456 | 4479 | 4500 | 4517 | 4534 | 4551 | 4568 | 4591 | 9914 |
| 4457 | 4480 | 4501 | 4518 | 4535 | 4552 | 4569 | 4592 | 9916 |
| 4458 | 4481 | 4502 | 4519 | 4536 | 4553 | 4570 | 4593 | 9918 |
| 4459 | 4483 | 4503 | 4520 | 4537 | 4554 | 4571 | 4594 | 9919 |
| 4460 | 4484 | 4504 | 4521 | 4538 | 4555 | 4572 | 4596 | 9920 |
| 4461 | 4487 | 4505 | 4522 | 4539 | 4556 | 4573 | 4597 | 9921 |
| 4462 | 4489 | 4506 | 4523 | 4540 | 4557 | 4575 | 4603 | 9922 |
| 4464 | 4490 | 4507 | 4524 | 4541 | 4558 | 4576 | 7007 | 9923 |
| 4465 | 4491 | 4508 | 4525 | 4542 | 4559 | 4577 | 7009 | 9926 |
| 4466 | 4492 | 4509 | 4526 | 4543 | 4560 | 4582 | 7045 | 9927 |
| 4467 | 4493 | 4510 | 4527 | 4544 | 4561 | 4584 | 7146 | 9928 |
| 4468 | 4494 | 4511 | 4528 | 4545 | 4562 | 4585 | 9904 | 9931 |
| 4469 | 4495 | 4512 | 4529 | 4546 | 4563 | 4586 | 9909 | 9951 |
| 4470 | 4496 | 4513 | 4530 | 4547 | 4564 | 4587 | 9910 | 9952 |
| 4471 | 4497 | 4514 | 4531 | 4548 | 4565 | 4588 | 9911 | |
| 4472 | 4498 | 4515 | 4532 | 4549 | 4566 | 4589 | 9912 | |
| 4478 | 4499 | 4516 | 4533 | 4550 | 4567 | 4590 | 9913 | |

---

[7] Exhibit 2110 was designated both as subject to Certain Defendants' reserved objections and as "Admitted." Dkt. 716 [Exhibit List] at 35. Exhibit 2110 was erroneously designated "Admitted," and is therefore subject to the indicated objections.