IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and <br><br> STATE OF WISCONSIN, <br><br> Plaintiffs, <br><br> v. <br><br> NCR Corporation, *et al.*, <br><br> Defendants. | No. 1:10-cv-00910-WCG |

**CERTAIN DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE THE DECLARATIONS OF DAVID WARBURTON, JAMES HAHNENBERG AND JAMES KILLIAN, OR, IN THE ALTERNATIVE, TO SUPPLEMENT THE TRIAL RECORD**

Certain Defendants[1] respectfully move this Court to strike the Declarations of David Warburton (Dkt. 777), James Hahnenberg (Dkt. 778) and James Killian (Dkt. 779). Plaintiffs submitted these declarations in support of their response to the defendants' objections to certain administrative record exhibits. Dkt. 780. These declarations support plaintiffs' *final* filing in this phase of the trial, and come almost three months after the trial concluded and after the close of evidence, and after plaintiffs submitted post-trial proposed findings of fact and conclusions of law on February 4 (Dkt. 738), and submitted a responsive post-trial brief on March 1 (Dkt. 756). The plaintiffs seek to use these declarations in support of their request for a permanent injunction, without providing defendants an opportunity to cross-examine Mr. Warburton, Mr. Hahnenberg or Mr. Killian.

---

[1] "Certain Defendants" are Menasha Corporation, P.H. Glatfelter Company, and WTM I Company.

The post-trial evidentiary briefing that closed on March 12 provided parties with the opportunity to show that documents are admissible based on the trial record; it did not provide the opportunity to re-open the record. If plaintiffs wished to admit these Administrative Record documents in evidence, they should have listed these declarants on their witness list and elicited their testimony at trial. Submitting last-minute declarations when defendants have no opportunity to cross-examine these witnesses—or even to respond to the statements made in the declarations—is unfair and improper. Therefore, the declarations must be stricken. In the alternative, the trial record should be opened to allow for cross-examination of the declarants and for rebuttal testimony.

## I. PROOF SUBSTANTIATING THE ADMISSIBILITY OF A DOCUMENT HAD TO BE OFFERED AT TRIAL

The Stipulation and Proposed Order Regarding Exhibits for the December 2012 Trial (Dkt. 718) (the "Stipulation") set forth a schedule for objecting to exhibits on the Exhibit List (Dkt. 716) and responding to those objections. The Stipulation did not provide any party the opportunity to supplement the record in order to support the admission of an exhibit. If any party felt it needed to substantiate the admissibility of an exhibit with proof outside the four corners of that exhibit, the party had to offer that proof during trial, in accordance with the Federal Rules of Evidence.

Out-of-court declarations are inadmissible hearsay. Fed. R. Evid. 801(c). "The principal vice of hearsay is the inability of the opponent of the evidence to cross-examine the person who made the out-of-court statement (the 'declarant')." *United States v. Benitez-Avila*, 570 F.3d 364, 367-68 (1st Cir. 2009*)*; *Oltman v. Miller*, 407 F.2d 376, 378 (7th Cir. 1969) ("Since the speaker cannot be cross-examined to find out the true purport of his words, courts have held his statements inadmissible."); *Alford v. United States*, 282

U.S. 687, 692 (1931) ("[T]he right of cross-examination is one of the safeguards essential to a fair trial.").

In other circumstances, a motion is required in order submit additional evidence after trial via affidavit. *See*, *e.g.*, Fed. R. Civ. P. 59(c) ("When a motion for a new trial is based on affidavits, they must be filed with the motion."). Rule 59 provides for a response to those affidavits. *Id.* Rule 59 is intended to cover instances where a motion is filed before final judgment. Fed. R. Civ. P. 59 n. 1995 Amendments ("The phrase 'no later than' is used--rather than 'within'-- to include post-judgment motions that sometimes are filed before actual entry of the judgment by the clerk."). Although Rule 59 is silent regarding motions to reopen the trial record before a decision is made and a judgment is entered, at least one court has examined such motions under the Rule 59 standard for "newly discovered evidence," which requires that the evidence have been discovered after judgment, that it be of a nature that would probably change the outcome, and that it must not be cumulative or impeaching. *In re Ryan*, Dkt. No. 04-6007-TLM (Bankr. D. Id. March 30, 2006).[2] Plaintiffs filed no motion here, providing defendants with no adequate opportunity to respond, nor have they provided any explanation for why the Court should receive new evidence after the trial record has been closed. Plaintiffs do not contend, nor could they, that this evidence is "newly discovered."

If plaintiffs wished to substantiate the admissibility of the Administrative Record exhibits, plaintiffs should have listed Mr. Warburton, Mr. Hahnenberg and Mr. Killian on their witness list and elicited those witnesses' testimony at trial. But plaintiffs failed to include the declarants among the witnesses they intended to call at trial. Dkt. 679 at 6.

---

[2] The decision can be found at:
http://www.id.uscourts.gov/decisions-bk/Rasmussen%20v.%20Ryan%20(Motion%20to%20Reopen).pdf

The parties submitted the Joint Initial Pretrial Report before trial, and before the December 1, 2012, meeting between the parties at which plaintiffs (wrongly) claim that the defendants agreed to waive *all* objections to the Administrative Record exhibits. Dkt. 761 at 8. At the time plaintiffs agreed to the Joint Initial Pretrial Report, plaintiffs cannot have believed that they would not have to offer proof at trial supporting admission of the Administrative Record documents for purposes other than record-review of the remedy selection. Nor can the plaintiffs claim surprise that defendants maintained objections to the Administrative Record exhibits. Rather, plaintiffs mistakenly chose to use only the face of each exhibit to prove that exhibit's admissibility. They have belatedly changed tactics now, just at the end of post-trial briefing.

Plaintiffs' submission now of declarations in support of their arguments for the admission of Administrative Record exhibits unfairly surprised defendants and left them without a way to offer contrary evidence. Plaintiffs backdoored their arguments of admissibility without providing defendants the opportunity to respond. *See* Certain Defendants' Response To Objections By The United States And NCR Corporation To The Admission Of Certain Exhibits Cited In Responsive Post-Trial Briefs, Dkt. 781 at 5-8. The undue surprise suffered by defendants is made worse by the fact that the declarations address, not only exhibits objected to in March 6 submissions, but also to exhibits objected to in February 19 submissions, in contradiction to the terms agreed to in the Stipulation. *See* Dkt. 718 [Stipulation] ¶ 6.c ("On Friday, March 1, 2013 . . . Parties shall also address . . . any admissibility objections raised by another Party in the briefs filed on Tuesday, February 19, 2013."); *see also* Warburton Decl. at 9 (responding to

PHI 317,050,144v1 3-19-13
4
Case 1:10-cv-00910-WCG   Filed 03/19/13   Page 4 of 6   Document 784

Exhibits 883, 891, 1149); Hahnenberg Decl. at 11 (responding to Exhibits 51, 52, 416, 758, 772); Killian Decl. at 16 (responding to Exhibits 2, 3, 9, 274, 322, 414, 416, 660).

The plaintiffs have rested both their affirmative case and their rebuttal case. The record is closed. If plaintiffs feel they did not put on an adequate case to prove entitlement to a mandatory injunction, they cannot now correct that deficiency by submitting declarations substantiating the admissibility of Administrative Record exhibits. The plaintiffs knew, if they wanted to use Administrative Record exhibits for purposes other than proving the propriety of the remedy, that they would have to respond to the substantiated objections to the admissibility of those exhibits, as provided in the Stipulation. They did not. Certain Defendants' motion to strike these declarations should be granted.

## II. IF CERTAIN DEFENDANTS' MOTION TO STRIKE IS DENIED, THE TRIAL RECORD SHOULD BE OPENED FOR THE LIMITED PURPOSE OF ALLOWING CROSS-EXAMINATION OF THE DECLARANTS AND REBUTTAL TESTIMONY

In the alternative, if Certain Defendants' motion to strike is denied, Certain Defendants move to open the trial record for the limited purpose of cross-examining Mr. Warburton, Mr. Hahnenberg and Mr. Killian, and potentially offering rebuttal testimony. These declarations should be stricken from the record, but if they are not, at the very least defendants should be given the opportunity adequately to respond to these declarations through cross-examination and by providing rebuttal testimony.

## III. CONCLUSION

For the reasons set forth above, Certain Defendants' Motion to Strike the Declarations of David Warburton, James Hahnenberg and James Killian, Or, In the Alternative, to Supplement the Trial Record, should be granted.

Date: March 19, 2013                                                                 Respectfully submitted,

s/Nancy K. Peterson
Nancy K. Peterson (Wis. Bar No. 1000197)
Peter C. Karegeannes (Wis. Bar No. 1015025)
William H. Harbeck (Wis. Bar No. 1007004)
Arthur A. Vogel, Jr. (Wis. Bar No. 1010425)
David A. Strifling (Wis. Bar No. 1049923)

Quarles & Brady LLP
411 E. Wisconsin Avenue
Milwaukee, WI 53202
Telephone: 414-277-5000
nancy.peterson@quarles.com

**Attorneys for Defendant WTM I Company**

s/ Philip C. Hunsucker
Philip C. Hunsucker
David A. Rabbino
Allison McAdam
Hunsucker Goodstein & Nelson PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone: 925-284-0840
Email: phunsucker@hgnlaw.com

**Attorneys for Defendant Menasha Corporation**

s/ David G. Mandelbaum
David G. Mandelbaum
Francis A. Citera
Marc E. Davies
Caleb J. Holmes
Adam B. Silverman
GREENBERG TRAURIG, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA 19103
215.988.7800
mandelbaumd@gtlaw.com

**Attorneys for Defendant P.H. Glatfelter Company**