UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>THE STATE OF WISCONSIN<br><br>    Plaintiffs,<br><br>    v.<br><br>NCR CORPORATION, *et al.*<br><br>    Defendants. | Civil Action No. 10-C-910<br><br>The Honorable William C. Griesbach |

**PLAINTIFFS' OPPOSITION TO THE CERTAIN DEFENDANTS'
MOTION TO STRIKE THE DECLARATIONS OF DAVID WARBURTON,
JAMES HAHNENBERG, AND JAMES KILLIAN, OR, IN
THE ALTERNATIVE, TO SUPPLEMENT THE TRIAL RECORD**

During the December trial, the Certain Defendants only wanted to address objections to exhibits through post-trial briefing. Once post-trial briefing began, however, they reversed course and now complain that Administrative Record exhibit objections could only have been addressed at trial. Plaintiffs should not be prejudiced by the Certain Defendants' inconsistency and gamesmanship.

Plaintiffs maintain that the Administrative Record exhibits have already been admitted into evidence for all purposes and that the admissibility of the exhibits is clear from the face of the exhibits. The Declarations and Certifications of James Hahnenberg, David Warburton, and James Killian were submitted out of abundance of caution and to alleviate any potential concerns after the Certain Defendants asserted new post-trial objections. If the Certain Defendants are permitted to assert objection to the Administrative Record exhibits for the first time in post-trial

briefing, Plaintiffs should likewise be able to overcome those objections post-trial. Therefore, the Certain Defendants' motion to strike the Declarations should be denied.

I. **The Certain Defendants' Arguments Lead to Absurd Results**

It is unclear exactly how the Certain Defendants believe Plaintiffs should have laid the foundation for the Administrative Record exhibits as their position only leads to absurd results. On the first morning of trial, prior to calling their first witness, Plaintiffs stated that all exhibits on the exhibit list were admitted into evidence unless there was a notation for a reserved objection and that those reserved objections would be handled in post-trial briefing. Tr. at 8. The Certain Defendants did not object or otherwise contradict Plaintiffs' explanation to the Court. The exhibit list included Administrative Record exhibits. None of the Administrative Record exhibits had a notation for a reserved objection. Dkt. 706-1. Thus, having told the Court that the Parties had stipulated that the Administrative Record exhibits were admitted, it would not have made sense for the Plaintiffs then to call witnesses to authenticate and lay a foundation for those already admitted exhibits.[1]

Before trial, the Parties believed that trial time would be limited and the Certain Defendants in particular worried about having sufficient trial time to present their case. In fact, the Certain Defendants informed the Court that they "d[id] not believe this case can possibly be tried to completion between December 3 through 21." *See* Dkt. 611 at 2-3. In order to maximize the available trial time for substantive testimony, the Parties agreed to address exhibit objections in post-trial briefing. Tr. at 7-8; Dkt. 757-2. The Certain Defendants, however, now reverse

---

[1] The Certain Defendants argue that, because the declarants were not on its witness list, Plaintiffs would not have been able to establish at trial the admissibility of the Administrative Record exhibits. This argument is meritless. Plaintiffs' witness list included other EPA and WDNR employees who could have likewise established the admissibility of the Administrative Record exhibits. The declarants were not the only individuals who were capable of establishing the admissibility of the exhibits in question.

2

Case 1:10-cv-00910-WCG    Filed 03/25/13    Page 2 of 11    Document 786

course and argue that Plaintiffs should have called witnesses to testify at trial about the admissibility of Administrative Record exhibits -- when no party had asserted any objection to their admissibility.[2]  Further, the Certain Defendants concede that the Administrative Record exhibits are admissible for some purposes.  Accordingly, the Certain Defendant in effect argue that, while trial time was too precious to spend responding to reserved objections, trial time was not too precious to spend laying the foundation for hundreds of Administrative Record exhibits on the off chance someone would assert an objection to exhibits that were already admitted in the record for some purposes.

The absurdity of the Certain Defendants' position is most obvious from their objection to the authenticity of Administrative Record exhibits.  The authenticity rules merely require the Plaintiffs to "prove that the document is 'what its proponent claims.'" *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 779 (7th Cir. 2006) (quoting Fed. R. Evid. 901(a)).  The Certain Defendants agree that Administrative Record exhibits are the documents that they purport to be when it comes to remedy selection, as they agree that they have stipulated the exhibits are admissible for that purpose.  Inexplicitly, however, the same Administrative Record exhibits are not what they purport to be when Plaintiffs cite them for another purpose.  As this Court has previously noted, "[e]ither a document is authentic or it is not." *Appleton Papers Inc. v. George A. Whiting Paper Co.*, No. 08-c-16, 2012 WL 2704920, *18 (E.D. Wis. July 3, 2012).

Having conceded the authenticity of all of the Administrative Record exhibits for remedy selection purposes, the Certain Defendants' challenge to the authenticity of the <u>same</u> exhibit when the exhibit is used for other purposes is frivolous.  Exhibit 1127, for example, is either the

---

[2] Near the end of trial, when it had proceeded more quickly than the Parties expected, Plaintiffs even suggested that the Parties handle the evidentiary objections in a hearing or otherwise, prior to leaving Milwaukee, but Defendants did not agree and the suggestion was not adopted.  Tr. at 2116-19.

Unilateral Administrative Order or it is not. Having conceded that Exhibit 1127 is the Unilateral Administrative Order for remedy selection purposes, the Certain Defendants' post-trial challenge as to whether it is still the Unilateral Administrative Order for enforcement purposes is without merit.

## II. Post-trial Declarations are Warranted Where the Certain Defendants Delayed Until After Trial to Challenge the Admissibility of the Administrative Record Exhibits

The Plaintiffs maintain that the Administrative Record Exhibits have already been admitted into evidence for all purposes. However, if the Court permits the Defendants to assert post-trial objections to those exhibits, Plaintiffs should likewise be permitted to address the post-trial objections post-trial. There is no dispute that the Parties agreed that exhibit objections could be handled in post-trial briefing. The Parties established a procedure wherein: (1) any exhibit where there was no preserved objection was automatically in evidence, without the need to lay the foundation or authenticate the exhibit, and (2) preserved objections to exhibits were not argued until they were asserted in post-trial briefing, and the party asserting the objection bore the initial burden of sustaining objection or it would be waived. Thus, under the procedure agreed upon by the Parties for handling evidentiary issues, the burden under the Federal Rules of Evidence was shifted from the proponent of the evidence to the opponent to argue that the evidence in question should *not* be admitted, the reserve of the burden. The Certain Defendants now unilaterally seek an exception to the rules of the case that apply to every other exhibit, asserting that admissibility of Administrative Record exhibits should have been handled during

trial and that Plaintiffs bore the burden of predicting the Certain Defendants' unspoken objections.[3]

Plaintiffs asserted at trial that the Administrative Record exhibits had been admitted into evidence for all purposes. The Certain Defendants did not dispute this at trial and have offered no explanation for their silence. At trial, the Certain Defendants also failed to state their hearsay and authenticity objections to particular Administrative Record exhibits. Plaintiffs had no knowledge of specific objections to Administrative Record exhibits until February 19, 2013, when the Certain Defendants first objected to the authenticity and admissibility of certain Administrative Record exhibits. Plaintiffs should be permitted to address these objections in post-trial briefing because that is the first time that the objections were raised. Plaintiffs could have (and would have) presented witnesses to respond to the Certain Defendants objections had any such objections been asserted or had the Certain Defendants stated that the Administrative Record exhibits had not been stipulated into evidence. The Certain Defendants' silence should not be rewarded. It would be unfairly prejudicial to Plaintiffs to permit the Certain Defendants to raise objections post-trial after they sat silent at trial.

### III. The Certain Defendants Suffer No Surprise or Prejudice

The Certain Defendants feign surprise that the Plaintiffs filed declarations definitively establishing the authenticity and admissibility of 24 Administrative Record exhibits. Plaintiffs, however, made their intention to do so clear on March 1, 2013, stating in their Response to NCR Corporation's and the Certain Defendants' Objections to the Admission of Certain Trial Exhibits

---

[3] The Certain Defendants' position is even at odds with NCR. NCR has argued that the proper place to deal with Administrative Record exhibit objections was in post-trial briefing and *not* at trial. Dkt. 774 at 2. In fact, NCR argues that it had no obligation to object at trial because it would be handled in post-trial briefing. *Id*.

that the declarations would cover exhibits objected to in the February filings. Dkt. 761 at 32-33.
Therefore, there was no "undue surprise" caused by the submittal of the declarations.

Further, the Certain Defendants are not prejudiced by the Plaintiffs' filing of the Warburton, Hahnenberg, and Killian Declarations and Certifications because the Federal Rules of Evidence themselves contemplate the use of certifications to authenticate and lay the foundation for evidence.[4] Indeed, "the most appropriate way to view Rule 902(11) is as the functional equivalent of testimony offered to authenticate a business record tendered under Rule 803(6) because the declaration permitted by Rule 902(11) serves the same purpose as authenticating testimony." *Rambus, Inc. v. Infineon Techs. AG*, 348 F. Supp. 2d.698, 701 (E.D. Va. 2004).

The Advisory Committee Notes explain that Fed. R. Evid. 902(11) "provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses." *Id.*, citing Fed. R. Evid. 902(11), Advisory Committee's Notes; *see also DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764, 772 n.3 (D.S.C. 2004) (explaining that "Rule 902(11) was designed to work in tandem with an amendment to Rule 803(6) to allow proponents of business records to qualify them for admittance with an affidavit or similar written statement rather than . . . live testimony").

---

[4] Fed. R. Evid. 803(6)(D) ("all these conditions are shown by the testimony of the custodian or another qualified witness, or by a *certification* that complies with Rule 902(11) or (12) or with a statute permitting certification") (emphasis added); Fed. R. Evid. 902(4)(B) ("copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law – if the copy is certified as correct by:…(B) *a certificate* that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court") (emphasis added); Fed. R. Evid. 902(11) ("[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a *certification* of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court") (emphases added).

There is no question that David Warburton, James Hahnenberg, and James Killian each constitute a "qualified" witness within the scope of the above-cited Rules – courts have broadly interpreted the term, "requiring only someone familiar with the creation and maintenance of the records." *United States v. Williams*, No. 3:10-CR-130, 2010 WL 2802457, at *2, (E.D. Va. July 14, 2010) (citing *United States v. Sofidiya*, No. 97-4681, 1998 WL 743597, at *3 (4th Cir. Oct. 23, 1998)). *See also United States v. Hernandez*, Nos. 98-4378, 98-4388, 1998 WL 841504, at *3 (4th Cir. Dec. 7, 1998); *Rambus*, 348 F. Supp. 2d at 702-703. As employees of the government agencies involved with the Site, and personally involved in work on the Site themselves, Messers. Warburton, Hahnenberg, and Killian are familiar with the creation and maintenance of the records described in their respective Certifications and Declarations, as stated therein.[5] The Declarations and Certifications at issue were executed in accordance with the procedures established in 28 U.S.C. § 1746, as explicitly provided for under the Advisory Committee's Notes for Fed. R. Evid. 902: "A declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11)."

Finally, for the reasons detailed above, the notice provision of Fed. R. Evid. 902(11) is simply inapplicable given the unique circumstances of how evidentiary objections were handled in this case post-trial, and particularly because Certain Defendants raised objections to the Administrative Record exhibits at issue *after* trial was complete and *after* Plaintiffs instructed the Court that they had already been admitted into evidence. Plaintiffs are not clairvoyant – they could not be reasonably expected to submit for *pre-trial* review certifications and declarations

---

[5] The Certain Defendants now seek to further defer resolution of this matter so that they can depose Mr. Hahnenberg on the authenticity of the Unilateral Administrative Order and other Administrative Record exhibits. This of course is standard practice for the Certain Defendants. Enough is enough. All good things must come to an end.

7

that responded to evidentiary objections to Administrative Record exhibits that Certain Defendants did not assert until *after* the trial.

## **Conclusion**

For the foregoing reasons, this Court should overrule the Certain Defendants' Motion to Strike.

Respectfully submitted,
FOR THE UNITED STATES OF AMERICA

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: March 25, 2013

s/*Kristin M. Furrie*
KRISTIN FURRIE
RANDALL M. STONE
JEFFREY A. SPECTOR
SEAN CARMAN
MAYA ABELA
SUMONA MAJUMDAR
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: 202-616-6515
Facsimile: 202-616-6584
E-Mail: kristin.furrie@usdoj.gov

GREGORY J. HAANSTAD
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515

SUSAN M. KNEPEL
Assistant United States Attorney
Office of the United States Attorney
517 E. Wisconsin Avenue, Room 530
Milwaukee, WI 53202

FOR THE STATE OF WISCONSIN

Dated:   March 25, 2013             s/ *Cynthia R. Hirsch*
                                    CYNTHIA R. HIRSCH
                                    Assistant Attorney General
                                    Wisconsin Department of Justice
                                    17 West Main Street
                                    P.O. Box 7857
                                    Madison, WI  53707-785
                                    E-Mail:      hirschcr@doj.state.wi.us

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Response in Opposition to the Certain Defendants Motion to Strike to be served on the following counsel of record by the Court's Electronic Case Filing system:

**Mary Rose Alexander**
Latham & Watkins LLP
mary.rose.alexander@lw.com

**Thomas Armstrong**
von Briesen & Roper SC
tarmstro@vonbriesen.com

**Paul Bargren**
Foley & Lardner LLP
pbargren@foley.com

**Linda E. Benfield**
Foley & Lardner LLP
lbenfield@foley.com

**Dennis P. Birke**
DeWitt Ross & Stevens SC
db@dewittross.com

**Steven P. Bogart**
Reinhart Boerner Van Deuren SC
sbogart@reinhartlaw.com

**Michael P. Carlton**
von Briesen & Roper SC
mcarlton@vonbriesen.com

**Evan R. Chesler**
Cravath Swaine & Moore LLP
echesler@cravath.com

**Francis A. Citera**
Greenberg Traurig LLP
citeraf@gtlaw.com

**Marc E. Davies**
Greenberg Traurig LLP
daviesm@gtlaw.com

**David R. Erickson**
Shook Hardy & Bacon LLP
derickson@shb.com

**S. Todd Farris**
Friebert Finerty & St. John SC
stf@ffsj.com

**Patrick J. Ferguson**
Latham & Watkins LLP
patrick.ferguson@lw.com

**Charles Fried**
fried@law.harvard.edu

**Sandra C. Goldstein**
Cravath Swaine & Moore LLP
sgoldstein@cravath.com

**Thomas R. Gottshall**
Haynsworth Sinkler Boyd PA
lgantt@hsblawfirm.com

**Eric W. Ha**
Sidley Austin LLP
eha@sidley.com

**Scott W. Hansen**
Reinhart Boerner Van Deuren SC
shansen@reinhartlaw.com

**William H. Harbeck**
Quarles & Brady LLP
william.harbeck@quarles.com

**Cynthia R. Hirsch**
Wisconsin Department of Justice
hirschcr@doj.state.wi.us

**Margaret I. Hoefer**
Stafford Rosenbaum LLP
mhoefer@staffordlaw.com

**Caleb J. Holmes**
Greenberg Traurig LLP
holmesc@gtlaw.com

**Philip C. Hunsucker**
Hunsucker Goodstein PC
phunsucker@hgnlaw.com

**Peter C. Karegeannes**
Quarles & Brady LLP
peter.karegeannes@quarles.com

**Paul G. Kent**
Stafford Rosenbaum LLP
pkent@staffordlaw.com

**Gregory A. Krauss**
Gregory Krauss pllc
gkrauss@krausspllc.com

**Linda R. Larson**
Marten Law PLLC
llarson@martenlaw.com

**Vanessa A. Lavely**
Cravath Swaine & Moore LLP
vlavely@cravath.com

**Susan E. Lovern**
von Briesen & Roper SC
slovern@vonbriesen.com

**Anne E. Lynch**
Hunsucker Goodstein PC
alynch@hgnlaw.com

**Kevin J. Lyons**
Davis & Kuelthau SC
klyons@dkattorneys.com

**Karl S. Lytz**
Latham & Watkins LLP
karl.lytz@lw.com

**Meline G. MacCurdy**
Marten Law
mmaccurdy@martenlaw.com

**David G. Mandelbaum**
Greenberg Traurig LLP
mandelbaumd@gtlaw.com

1

**Bradley M. Marten**
Marten Law
bmarten@martenlaw.com

**Tara M. Mathison**
Davis & Kuelthau SC
tmathison@dkattorneys.com

**Allison E. McAdam**
Hunsucker Goodstein PC
amcadam@hgnlaw.com

**Darin P. McAtee**
Cravath Swaine & Moore LLP
dmcatee@cravath.com

**Stephen F. McKinney**
Haynsworth Sinkler Boyd PA
smckinney@hsblawfirm.com

**Heidi D. Melzer**
Melzer Law, LLC
hmelzer@melzerlaw.com

**Elizabeth K. Miles**
Davis & Kuelthau SC
emiles@dkattorneys.com

**William J. Mulligan**
Davis & Kuelthau SC
wmulligan@dkattorneys.com

**Daniel C. Murray**
Johnson & Bell Ltd.
murrayd@jbltd.com

**Omid H. Nasab**
Cravath Swaine & Moore LLP
onasab@cravath.com

**Kelly J. Noyes**
von Briesen & Roper SC
knoyes@vonbriesen.com

**Nancy K. Peterson**
Quarles & Brady LLP
nancy.peterson@quarles.com

**Thomas M. Phillips**
Reinhart Boerner Van Deuren SC
tphillip@reinhartlaw.com

**Ian A.J. Pitz**
Michael Best & Friedrich LLP
iapitz@michaelbest.com

**David A. Rabbino**
Hunsucker Goodstein PC
drabbino@hgnlaw.com

**Ronald R. Ragatz**
DeWitt Ross & Stevens SC
rrr@dewittross.com

**Kathleen L. Roach**
Sidley Austin LLP
kroach@sidley.com

**Megan A. Senatori**
DeWitt Ross & Stevens SC
ms@dewittross.com

**Adam B. Silverman**
Greenberg Traurig LLP
silvermana@gtlaw.com

**M. Andrew Skierawski**
Friebert Finerty & St. John SC
mas@ffsj.com

**Sarah A. Slack**
Foley & Lardner LLP
sslack@foley.com

**Margaret R. Sobota**
Sidley Austin LLP
msobota@sidley.com

**Arthur A. Vogel, Jr.**
Quarles & Brady LLP
arthur.vogel@quarles.com

**Anthony S. Wachewicz, III**
City of Green Bay
tonywa@ci.green-bay.wi.us

**James P. Walsh**
Appleton City Attorney
jim.walsh@appleton.org

**Ted A. Warpinski**
Friebert Finerty & St John SC
taw@ffsj.com

**Ted Waskowski**
Stafford Rosenbaum LLP
twaskowski@staffordlaw.com

**Evan B. Westerfield**
Sidley Austin LLP
evanwesterfield@sidley.com

**Richard C. Yde**
Stafford Rosenbaum LLP
ryde@staffordlaw.com

Dated: March 25, 2013                                     s/ *Kristin M. Furrie*