UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA and
STATE OF WISCONSIN,

        Plaintiffs,

  v.                                       Case No. 10-C-910

NCR CORP. et al.,

        Defendants.

**DECISION AND ORDER GRANTING MOTIONS
TO DISMISS CROSS-CLAIMS**

The Defendants have filed two motions to dismiss the cross-claims of Defendant Appleton Papers Inc. ("API"). Defendant Glatfelter argues that the cross-claims, which are claims for cost recovery and contribution under sections 107 and 113 of CERCLA, are the same claims API brought in the companion action, No. 08-C-16. As such, they are duplicative and wasteful of the parties' and this Court's time and energy. The Certain Defendants'[1] motion is premised on the fact that API is an indemnitor of NCR, and as an indemnitor it stands in the shoes of NCR. As such, it does not have any independent standing to bring CERCLA claims on its own behalf because its liability is derivative of NCR's.

API concedes that its claims have been litigated in the companion action. In that case, I dismissed the § 107 cost recovery claims on the basis that a § 113 claim was available to API. But API argues that circumstances have changed. Specifically, this Court's more recent conclusion that API is not liable at all under CERCLA means that the viability of its § 113 claim is potentially in

---

[1] "Certain Defendants" are U.S. Paper Mills Corp., WTM I Company, CBC Coating, Inc., Menasha Corporation, City of Appleton and Neenah-Menasha Sewerage Commission.

jeopardy. (The claim would apparently only be viable in the event that this Court's contribution decision is reversed.) As such, in light of this Court's ruling and the complexity of the interplay between § 107 and § 113, it asks that it be allowed to at least pursue its § 107 claim in the event it has no remedy with its § 113 claim.

API is right that these are unique procedural circumstances that other courts have not addressed. But the question is why these duplicate contribution-style claims should be allowed in a subsequent enforcement action when they have already been addressed in an earlier contribution action that remains open. It is true that the finding of no liability came late in these proceedings, but as Glatfelter notes, any awkwardness resulting from that fact was a function of API joining or instituting a contribution lawsuit long before its liability was ever on the table. That is, the entire premise of API's contribution action was some sort of common liability, yet now it wants to avoid CERCLA liability (which it has successfully done) *and* maintain an action under CERCLA. Simply put, the fact that there happens to be another, later-filed civil action involving the same parties does not give a party license to restate claims that have been addressed in the earlier-filed action. If circumstances warrant revisiting any decisions in *Whiting,* API may move for reconsideration on that basis in the other case. But without good reason, I do not see any basis to allow claims involving the complex interplay between § 107 and § 113 to be litigated a second time in the enforcement action. Indeed, API's effort to do so creates a risk of inconsistent ruling by the same court in separate cases.

Accordingly, the motions to dismiss the cross-claims [411, 417] are **GRANTED**.

**SO ORDERED** this   29th   day of March, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

2