IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and <br><br> STATE OF WISCONSIN, <br><br>                 Plaintiffs, <br><br>      v. <br><br> NCR Corporation, *et al.*, <br><br>                 Defendants. | No. 1:10-cv-00910-WCG |

**REPLY IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO STRIKE THE DECLARATIONS OF DAVID WARBURTON, JAMES HAHNENBERG AND JAMES KILLIAN, OR, IN THE ALTERNATIVE, TO SUPPLEMENT THE TRIAL RECORD**

Plaintiffs continue to insist in their response to Certain Defendants'[1] motion to strike (1) that all of the Administrative Record exhibits already have been admitted,[2] and (2) that Plaintiffs are entitled to file declarations long after trial and with no opportunity for defendants to respond. Both of these arguments are inconsistent with the clear language of the procedures agreed to by all of the parties and the Federal Rules of Evidence. As with the position they have taken regarding the admission of the Administrative Record exhibits, Plaintiffs attempt to ignore the plain words and intent of the agreements entered into by all the parties and approved by the Court.

---

[1] "Certain Defendants" are Menasha Corporation, P.H. Glatfelter Company, and WTM I Company.
[2] Plaintiffs raise this argument again. We do not take it up in detail here, as there has been substantial briefing on this issue already. Dkt. 751 at 1-3; Dkt. 752 at 4-5; Dkt. 772 at 6-7; Dkt. 781 at 5-10; Dkt. 774 at 2. Simply, plaintiffs insist that the parties agreed to the admission of the Administrative Record exhibits at a meeting where those exhibits were never even discussed.

1
PHI 317056354v2

Plaintiffs are correct about one thing—that the parties agreed to address objections to exhibits, including Administrative Record exhibits, *in* post-trial *briefing*. No one ever said anything about new post-trial evidence. However, new evidence is exactly what the Plaintiffs now seek to introduce.

Following trial, the parties established a procedure for addressing objections to exhibits. Dkt. 718 [Stipulation and Proposed Order Regarding Exhibits for the December 2012 Trial ("Stipulation")]. The Court approved that procedure. There is no provision in the Stipulation that would allow any party to submit new post-trial evidence to substantiate the admissibility of any exhibit, nor did the parties ever discuss such a submission. No other party submitted post-trial declarations to substantiate the admissibility of exhibits. Furthermore, Plaintiffs ignored the terms agreed to in the Stipulation, which required responses to February 19, 2013, objections to be made on March 1, 2013. *Id.* ¶ 6.c. ("On Friday, March 1, 2013 . . . Parties shall also address . . . any admissibility objections raised by another Party in the briefs filed on Tuesday, February 19, 2013). Submitting declarations with their last filing in this phase of the case violates the Stipulation, as well as the plain language of the Federal Rule of Evidence on which Plaintiffs rely.

Plaintiffs claim that their late-filed declarations caused defendants no surprise or hardship because Plaintiffs stated their intention to file those declarations in an earlier post-trial submission. However, Plaintiffs ignore the fact that all of the parties' post-trial submissions have been filed. Plaintiffs cite Rules 803(6) and 902(11), the business records exception to the hearsay rule. Rules 803(6) and 902(11) do not support Plaintiffs' position because they specifically require that a declaration supporting the admissibility of business records be

submitted before trial.  Rule 803(6) states, "records of a regularly conducted activity" are not excluded as hearsay if the following conditions are satisfied:

>    (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>    (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>    (C) making the record was a regular practice of that activity;
>    (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12)[3] or with a statute permitting certification; and
>    (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6*)*.  However, Rule 902(11) does not allow a party to file a declaration after the start of trial:

>    ***Before the trial or hearing***, the proponent must give an adverse party reasonable written notice of the intent to offer the record— ***and must make the record and certification available for inspection***—so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11) (emphasis added).  Plaintiffs failed before trial to "make the record and certification available for inspection—so that the [defendants had] a fair opportunity to challenge them." *Id.*; *see also id.*, Advisory Committee's Notes ("The notice requirement in Rule[] 902(11) . . . is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration.").  In fact, Plaintiffs did the opposite of providing reasonable notice; they waited until the last day of post-trial briefing to file the declarations.

Plaintiffs cite no case in which a document was admitted under Rule 902(11) subsequent to trial, and Certain Defendants have not been able to locate one.  It is hard to imagine that one exists, because such a post-trial submission would be contrary to the plain language of Rule

---

[3] Rule 902(12) does not apply because it concerns foreign records of a regularly conducted activity.

902(11), which requires notice and inspection "[b]efore the trial or hearing." *Id.*; *see also United States v. Razo*, No. 1:11-cr-00184-JAW-01, 2013 WL 653957 (D. Me. Feb. 21, 2013) ("[Rule 902(11)] does not affect the right of the opponent to challenge the authenticity of the records."); *White v. C.I.R.*, T.C. Summ. Op. 2012-53, 2012 WL 2094309 (U.S. Tax Ct. Jun. 11, 2012) ("Although the rule does not establish what notice is sufficient to provide a fair opportunity, the time must be of such duration that the evidence 'can be vetted for objection or impeachment in advance.'" (citing *United States v. Brown*, 553 F.3d 768, 793 (5th Cir. 2008)); *United States v. Weiland*, 420 F.3d 1062, 1072 (9th Cir. 2005) ("[T]he government did not make Young's declaration available for inspection until *after* its conditional introduction into evidence. Such lack of notice violates both the letter and the spirit of Rule 902(11) and provides the party opposing admission with substantially no opportunity to verify the authenticity of either the records or any foundational testimony or affidavits." (emphasis in original)).

In *United States v. Weiland*, the government argued that it should be excused from its failure to comply with Rule 902(11) because the defendant did not make a pretrial motion to suppress the documents sought to be admitted under the Rule. The court found

> This argument lacks merit. Rule 902(11) does not contain an exception to the notice requirement for cause shown—good or otherwise. Also, Weiland objected to the offer of the [documents] and their certification at an appropriate time: when the government offered that exhibit at trial. The government, no less than any other litigant, is required to ensure that evidence it intends to offer is admissible, *to anticipate objections from opposing parties*, and to comply with the Federal Rules of Evidence.

*Weiland*, 420 F.3d at 1072 (emphasis added). Plaintiffs believe they can avoid this requirement of Rule 902(11) because of the "unique circumstances of how evidentiary objections were handled in this case post-trial." These circumstances do not excuse Plaintiffs from providing defendants with sufficient notice and opportunity to respond to the declarations and challenge

4

PHI 317056354v2

their admissibility. Plaintiffs gave no notice of the fact that the declarants would be Mr. Warburton, Mr. Hahnenberg and Mr. Killian. In fact, by failing to list the declarants on their Witness List, Plaintiffs provided no notice at all that they would be a part of Plaintiffs' case.

Plaintiffs believe that listing "other EPA and WDNR employees who could have established the admissibility of the Administrative Record exhibits" somehow absolves them of having to satisfy Rule 902(11). It does not. Plaintiffs seek an exception to the plain language of Rule 902(11), but case law makes clear that such an exception does not exist.

In short, Plaintiffs do not explain how the business records exception solves their problem. To take the almost facetious example to which they repeatedly cite, no one disputes that the 2007 UAO is a record of the issuance of a UAO. However, it is not evidence of the facts that gave rise to issuance of the UAO—at least not under Rule 803(6)—and it is not evidence that the facts that EPA believed to have been true in 2007 are still true today. The truth of those facts must be proven by actual evidence of the facts, not evidence that EPA believed the facts to have been true five years ago. Plaintiffs should have anticipated what exhibits from the Administrative Record they intended to use to prove their entitlement to an injunction and provided these declarations prior to trial if they did not wish to call the declarants as witnesses. Plaintiffs did not do so and therefore did not satisfy Rule 902(11).

Finally, Plaintiffs believe that the fact that the parties agreed that the Administrative Record exhibits were "admissible for purposes of adjudicating whether the selection of the response action required by the UAO was arbitrary, capricious or otherwise not in accordance with law," Dkt. 610 [Order Re: Pretrial & Trial Procedures ("Pre-Trial Order")] ¶ 8(C), somehow bears on the question of those exhibits' admissibility. As the Pre-Trial Order, Dkt. 610, made clear, parties reserved the right to object to the admissibility of any Administrative

5

PHI 317056354v2

Case 1:10-cv-00910-WCG    Filed 04/01/13    Page 5 of 7    Document 788


Record exhibit, offered for a purpose other than adjudicating the propriety of the remedy, "on any grounds." *Id*. n.8. The parties agreed that the Administrative Record exhibits were placed into EPA's record for the Site, and would be admissible to adjudicate the propriety of the remedy. *See* CERCLA § 113(j)(1), (2), 42 U.S.C. § 9613(j)(1), (2) ("[J]udicial review of any issues concerning the adequacy of any response action . . . shall be limited to the administrative record.").

However, since the remedy selection was decided ***before trial*** on the summary judgment motion filed by the Plaintiffs, the trial itself was about whether Plaintiffs could demonstrate their entitlement to a permanent injunction ***not*** whether the government acted arbitrarily and capriciously in selecting the remedy. *Id*. § 113(j)(2), 42 U.S.C. § 9613(j)(2). Thus, whether the Administrative Record exhibits were admissible for determining the propriety of the remedy, has no bearing as to the relevance or admissibility of any document contained in the Administrative Record for the questions actually tried. Agreeing that an out-of-court statement was in the Administrative Record for the purposes of deciding whether EPA acted arbitrarily when it found a fact several years ago is far different than agreeing that the same out-of-court statement may be considered by the Court ***today*** for the truth of the matter asserted. *See* Fed. R. Evid. 105.

For the reasons stated herein, and in the Memorandum in Support of Certain Defendants' Motion to Strike the Declarations of David Warburton, James Hahnenberg and James Killian, Or, In the Alternative, To Supplement the Trial Record, Dkt. 784, Certain Defendants' motion should be granted.

6

PHI 317056354v2

Case 1:10-cv-00910-WCG    Filed 04/01/13    Page 6 of 7    Document 788

Date: April 1, 2013						Respectfully submitted,

s/Nancy K. Peterson						s/ David G. Mandelbaum
Nancy K. Peterson (Wis. Bar No. 1000197)			David G. Mandelbaum
Peter C. Karegeannes (Wis. Bar No. 1015025)			Francis A. Citera
William H. Harbeck (Wis. Bar No. 1007004)			Marc E. Davies
Arthur A. Vogel, Jr. (Wis. Bar No. 1010425)			Caleb J. Holmes
David A. Strifling (Wis. Bar No. 1049923)			Adam B. Silverman
								GREENBERG TRAURIG, LLP
Quarles & Brady LLP						Two Commerce Square, Suite 2700
411 E. Wisconsin Avenue					2001 Market Street
Milwaukee, WI 53202						Philadelphia, PA  19103
Telephone: 414-277-5000					215.988.7800
nancy.peterson@quarles.com					mandelbaumd@gtlaw.com

**Attorneys for Defendant WTM I Company**			**Attorneys for Defendant P.H. Glatfelter Company**


s/ Philip C. Hunsucker
Philip C. Hunsucker
David A. Rabbino
Allison McAdam
Hunsucker Goodstein & Nelson PC
3717 Mt. Diablo Blvd., Suite 200
Lafayette, CA 94549
Telephone:  925-284-0840
Email:  phunsucker@hgnlaw.com

**Attorneys for Defendant Menasha Corporation**

7

*PHI 317056354v2*

Case 1:10-cv-00910-WCG   Filed 04/01/13   Page 7 of 7   Document 788