

**U.S. Department of Justice**

Environment and Natural Resources Division

*Environmental Enforcement Section*　　　　　　　　　　*Telephone (202) 514-1308*
*P.O. Box 7611*　　　　　　　　　　　　　　　　　　　　*Facsimile (202) 616-6584*
*Washington, DC 20044-7611*　　　　　　　　　　　　　　randall.stone@usdoj.gov

May 1, 2013

**FILED AND SERVED BY THE COURT'S
ELECTRONIC CASE FILING SYSTEM**

The Honorable William C. Griesbach
Chief Judge
United States District Court for the
Eastern District of Wisconsin

      Re:    *United States and the State of Wisconsin v. NCR Corp., et al.*,
            Case No. 10-cv-910 (E.D. Wis.)

Dear Judge Griesbach:

      In March 2012, the United States filed a letter with the Court's ECF system (Dkt. 325) requesting that the Court defer any action on the Plaintiffs' Joint Motion to Enter the Proposed Consent Decree with Brown County, the City of Green Bay, and Settling Federal Agencies (Dkt. 173). That request was made because the United States' right to withhold certain internal government documents concerning the proposed Consent Decree was at issue in a Seventh Circuit appeal of this Court's decision in a Freedom of Information Act case captioned *Menasha Corp. v. U.S. Dep't of Justice*, No. 11-cv-682 (E.D. Wis.). The Seventh Circuit recently rendered its decision in the *Menasha* case, holding that "all the documents at issue are protected by the work product privilege." *Menasha Corp. v. U.S. Dep't of Justice*, 707 F.3d 846, 852 (7th Cir. 2013). Acting *sua sponte*, the Seventh Circuit also accelerated the issuance of the mandate in that case in recognition of the fact that action on the proposed Consent Decree had been stayed during the *Menasha* appeal. *Id.*, No. 12-1720 (7th Cir. March 20, 2013) (*sua sponte* order); *id.*, No. 12-1720 (7th Cir. March 28, 2013) (order accelerating issuance of the mandate and notice of issuance of mandate).

      In light of these developments, the United States respectfully requests that the Court decide the Plaintiffs' Joint Motion to Enter the Proposed Consent Decree with Brown County, the City of Green Bay, and Settling Federal Agencies. That motion was fully briefed before its consideration was

stayed at the Plaintiffs' request.[1] An intensive round of discovery in this case merely confirmed the basic facts about Army Corps of Engineers historic dredging activities that were laid out in the Plaintiffs' briefs in support of the motion to enter the Consent Decree, as evidenced by the set of pre-trial fact stipulations between the United States and the Defendants. *See* Dkt. 698 at 16-20 (Joint Supplemental Pretrial Report); *see also* Dkt. 512-1 (declaration describing the United States' document production efforts); Dkt. 512-2, 512-3 (initial and supplemental responses to 314 requests for admission concerning Army Corps activities). In addition, the experts retained by NCR Corporation have acknowledged that Army Corps dredging activities "did not add PCBs to the [Lower Fox River]" and they opined that "although the dredging process re-suspended and re-released contaminated sediment . . . the amounts involved are relatively low and would not have traveled far." Phase 1 Trial Exhibit 4000 at 112.

The other parties to the pending proposed Consent Decree – Brown County, the City of Green Bay, the Oneida Tribe of Indians of Wisconsin, the Menominee Indian Tribe of Wisconsin, and the State of Wisconsin – all support this request that the Court take action now on the motion to enter the proposed Decree. In addition, the United States and those other parties continue to believe that the settlement embodied in the proposed Consent Decree should be approved because it is fair, reasonable, and consistent with CERCLA. *See United States v. George A. Whiting Paper Co.*, 644 F.3d 368, 372 (7th Cir. 2011).

Respectfully submitted,

Randall M. Stone
Senior Attorney

---

[1] *See* Dkt. 173 through 173-14; Dkt. 174 through 174-62; Dkt. 175; Dkt. 252 through 252-2; Dkt. 253 through 253-11; Dkt. 254; Dkt. 255 through 255-24; Dkt. 256; Dkt. 257; Dkt. 258; Dkt 276 through 276-17; Dkt. 277; Dkt. 278.

2