UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

        Plaintiffs,

        v.                                    Case No. 10-C-910

NCR CORPORATION, *et al.*,

        Defendants.

**ORDER ENTERING
DECLARATORY JUDGMENT AND TERMS OF INJUNCTION
UNDER FED. R. CIV. P. 65(d)**

The litigation of this case has been divided into phases and Phase 1 focused on the United States of America's Fifth Claim for Relief in its First Amended Complaint in this action arising under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675. That claim under CERCLA Section 106, 42 U.S.C. § 9606, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeks judicial enforcement of a Unilateral Administrative Order ("UAO") that the U.S. Environmental Protection Agency ("EPA") issued to compel certain Defendants to perform sediment remediation work and associated CERCLA response activities at the Lower Fox River and Green Bay Superfund Site in northeastern Wisconsin (the "Site"). The UAO covers CERCLA response activities that remain to be performed in several different portions of the Site, which EPA has identified as Operable Unit 2 ("OU 2") (stretching from the Upper Appleton Dam to the Little Rapids Dam), OU 3 (from the Little Rapids Dam to the

De Pere Dam), OU 4 (from the De Pere Dam to the River mouth at Green Bay), and OU 5 (the bay of Green Bay).

Unresolved issues concerning the United States' claim for enforcement of the UAO were addressed at the Phase 1 Court trial in this case involving the Plaintiffs and the following Defendants: NCR Corporation; CBC Coating, Inc.; Georgia-Pacific Consumer Products LP; Menasha Corp.; P.H. Glatfelter Co.; U.S. Paper Mills Corp.; and WTM I Co. (the "Phase 1 Defendants"). The reasons and justification for the entry of this Declaratory Judgment and Terms of Injunction are set forth in the accompanying Findings of Fact and Conclusions of Law (Dkt 794) under Fed. R. Civ. P. 52 and in prior orders referenced therein, including the Court's *Decision and Order Granting Partial Judgment on the Pleadings and Denying Motion In Limine* (Dkt. 627), *Decision and Order on the Propriety of the Remedy* (Dkt. 666), and *Decision and Order on Defendants' Liability* (Dkt. 668). Pursuant to Fed. R. Civ. P. 58 and 65(d), this order enters judgment, in favor of the United States and against each of the Phase 1 Defendants, on the United States' Fifth Claim for Relief, upon the following terms and conditions:

1. <u>The UAO Requirements</u>. The requirements of the UAO are set forth in the UAO itself (which was appended to the First Amended Complaint as Dkt. 30-1 and admitted at the Phase 1 trial as Exhibits 1127 and 2569). The UAO specifies that the CERCLA response activities it mandates must be performed in accordance with the EPA-approved Final Design for the remedial action in OUs 2 through 5 at the Site (admitted at the Phase 1 trial as Exhibits 2000-2014), which sets forth detailed technical requirements and specifications for response activities such as the dredging and capping of PCB-contaminated sediments at the Site. The requirements of the UAO and the Final Design are referred to collectively herein as the "UAO Requirements." The use of

the term "UAO Requirements" in this order shall be construed and applied in accordance with the UAO and the Final Design, which are referenced and cited here but not restated in full due to the size of those documents.

2. <u>Declaratory Judgment</u>. A declaratory judgment shall be entered, in favor of the United States and against each Phase 1 Defendant, that each such Phase 1 Defendant is liable for compliance with all UAO Requirements applicable to such Phase 1 Defendant, other than the provisions of UAO Section XIX (Reimbursement of Response Costs). The applicable declaratory relief requirements vary geographically for different Phase 1 Defendants under the UAO and certain prior agreements with the Plaintiffs, so the declaratory judgment shall be tailored accordingly, as follows:

    a. Defendant NCR Corporation ("NCR") is declared liable, jointly and severally, for compliance with all UAO Requirements applicable to NCR, which includes all UAO Requirements relating to OUs 2 through 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

    b. Defendant CBC Coating, Inc. ("CBC") is declared liable, jointly and severally, for compliance with all UAO Requirements applicable to CBC, which includes all UAO Requirements relating to OUs 2 though 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

    c. Defendant Georgia-Pacific Consumer Products LP ("Georgia-Pacific") is declared liable, jointly and severally, for compliance with all UAO Requirements applicable to Georgia-Pacific, which includes all UAO Requirements relating to Lower OU

3

4 (as that area is defined by a separate Consent Decree with Georgia-Pacific (Dkt. 2-1)) and OU 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

d. Defendant Menasha Corporation ("Menasha") is declared liable, jointly and severally, for compliance with all UAO Requirements applicable to Menasha, which includes all UAO Requirements relating to OUs 2 though 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

e. Defendant P.H. Glatfelter Co. ("Glatfelter") is declared liable, jointly and severally, for compliance with all UAO Requirements applicable to Glatfelter, which includes all UAO Requirements relating to OUs 2 though 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

f. Defendant U.S. Paper Mills Corp. ("U.S. Paper") is declared liable, jointly and severally, for compliance with all UAO Requirements applicable to U.S. Paper, which includes all UAO requirements relating to OU 4 and OU 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

g. Defendant WTM I Company ("WTM") is declared liable, jointly and severally, for compliance with all UAO Requirements applicable to WTM, which includes all UAO Requirements relating to OUs 2 though 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

3. <u>Injunction</u>. An injunction shall be entered, in favor of the United States and against each Phase 1 Defendant identified in Subparagraphs 3.a through 3.d below, that each such Phase 1 Defendant is enjoined to comply with all requirements of the UAO applicable to such Phase 1 Defendant, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

The applicable injunctive relief requirements vary for different Phase 1 Defendants under the UAO, so the injunction shall be tailored accordingly, as follows:

    a.    NCR is liable, jointly and severally, and enjoined to comply with all UAO Requirements applicable to NCR, which includes all UAO Requirements relating to OUs 2 through 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

    b.    Menasha is liable, jointly and severally, and enjoined to comply with all UAO Requirements applicable to Menasha, which includes all UAO Requirements relating to OUs 2 though 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

    c.    Glatfelter is liable, jointly and severally, and enjoined to comply with all UAO Requirements applicable to Glatfelter, which includes all UAO Requirements relating to OUs 2 though 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

    d.    WTM is liable, jointly and severally, and enjoined to comply with all UAO Requirements applicable to WTM, which includes all UAO Requirements relating to OUs 2 though 5, other than the provisions of UAO Section XIX (Reimbursement of Response Costs).

4.    <u>Parties Bound by Injunction</u>.  Upon receipt of actual notice of this order, the following persons and entities shall be bound by the terms of the injunction set forth in Paragraph 3 pursuant to Fed. R. Civ. P. 65(d)(2):

    a.    the parties;

b. the parties' officers, agents, servants, employees, and attorneys; and

c. other persons who are in active participation or concert with anyone described in Subparagraphs 4.a and 4.b.

5. <u>Other Orders and Agreements Concerning Injunctive Relief</u>.

a. Separate terms of an injunction against CBC are not necessary at this time. In a stipulation with CBC (Dkt. 701), the United States has reserved the right to seek injunctive relief against CBC through future proceedings if the United States determines, in the unreviewable exercise of its enforcement discretion, that such relief has become necessary.

b. Separate terms of an injunction against Georgia-Pacific are not necessary at this time. Georgia-Pacific's Consent Decree with the Plaintiffs already includes a provision stipulating that Georgia-Pacific is liable, along with others, for performance of all response work that the UAO requires in Lower OU 4 and OU 5 (Dkt. 2-1).

c. Separate terms of an injunction against U.S. Paper are not necessary at this time. In a stipulation with U.S. Paper (Dkt. 619), the United States has reserved the right to seek injunctive relief against U.S. Paper through future proceedings if the United States determines, in the unreviewable exercise of its enforcement discretion, that such relief has become necessary.

6. <u>EPA Oversight</u>. All CERCLA response action work required by this order shall be subject to oversight by EPA, with supervision by the Court.

7. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction to enforce, supervise, construe, and modify this order, including by issuance of supplemental or clarifying orders.

**SO ORDERED** this   30th   day of April, 2013.

<u>s/ William C. Griesbach</u><br>
William C. Griesbach<br>
United States District Judge