## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) Case Action No. 1:10-CV-00910 ) Hon. William C. Griesbach |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NCR CORPORATION, et al., | ) ) |
| Defendants. | ) ) |

## DECLARATION OF ALLISON E. MCADAM IN SUPPORT OF MENASHA CORPORATION'S RESPONSE TO NCR CORPORATION'S CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO ENFORCE THE MAY 1, 2013 INJUNCTION (DKT. 814)

I, Allison E. McAdam, declare:

1.  I am a Shareholder with Hunsucker Goodstein PC ("HG"). I am duly admitted to practice before the United States District Court for the Eastern District of Wisconsin and am one of the attorneys representing Menasha Corporation ("Menasha") in this matter. The following facts are within my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.  On May 6, 2013—five days after the Court issued the Order granting the injunction (Dkt. 795)—HG received a letter from counsel for NCR Corporation ("NCR") which demanded that Menasha pay 25 percent of the future Site remediation costs. A true and correct copy of the letter HG received from counsel for NCR on May 6, 2013 is Attachment A. Counsel for NCR represented "NCR is also amenable to discussing any other arrangements through which the Enjoined Parties can meet their obligation under the Order." Attachment A at 1.

3.  On May 8, 2013, I participated in a call with counsel for NCR, during which HG was informed that only Tetra Tech, the remediation contractor selected by the LLC for the Site cleanup, could perform the remediation work required by the UAO. Counsel for NCR also stated the remediation costs in 2013 were estimated to be over $70 million. Finally, counsel for NCR indicated NCR would be willing to consider "reasonable joint participation."

4.  On May 9, 2013, I received an email from counsel for NCR with an attached chart in which NCR estimated that the funding requirement for the 2013 dredging year would be approximately $74,586,815.34. A true and correct copy of the email I received from counsel for NCR on May 9, 2013, with the attached chart, is Attachment B.

5.  On May 15, 2013, I received an email from counsel for NCR which indicated that Menasha had until Friday, May 17, 2013—16 days after the Court's Order granting the

injunction (Dkt. 795)—to provide a "substantive response" to NCR's demand that Menasha agree to pay 25 percent of the estimated 2013 dredging year remediation costs (more than $18.5 million).  A true and correct copy of the May 15, 2013 email I received from counsel for NCR is Attachment C.

6. On May 17, 2013, HG responded to NCR's demand for a "substantive response" with a letter in which Menasha agreed to: (1) continue its participation in a group working toward final settlement using a cash out approach; and, (2) pay interim funding in the amount of $750,000 toward remediation costs in 2013 (more than 1 percent of the total estimate for 2013).  A true and correct copy of the May 17, 2013 letter from HG to counsel for NCR is Attachment D.

7. On May 22, 2013, I received an email from counsel for NCR stating that Menasha's counteroffer was "unacceptable to NCR" and that NCR would seek relief from the Court, thereby rejecting Menasha's counteroffer.  A true and correct copy of the May 22, 2013 email I received from counsel for NCR is Attachment E.

8. On May 22, 2013, NCR filed its Expedited Non-Dispositive Motion to Enforce the May 1, 2013 Injunction (Dkt. 814).

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed on June 3, 2013, at Lafayette, California.

By: s/ Allison E. McAdam
Allison E. McAdam