UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA and
STATE OF WISCONSIN,

        Plaintiffs,

  v.                                                      Case No. 10-C-910

NCR CORP., et al.,

        Defendants.

**ORDER DENYING NCR'S MOTION TO ENFORCE**

On May 1, this court issued a decision on the governments' fifth claim for relief. In the decision, the court determined that the Defendants were jointly and severally liable and issued an injunction ordering some of them (NCR, Glatfelter, Menasha and WTM) to comply with the remediation called for in the applicable unilateral administrative order.

NCR, which has been conducting and paying for the cleanup, contacted the other parties in an effort to begin cooperating, but according to NCR they made only minimal offers to participate in the financing of this expensive project. The history of this action, and its related contribution action, No. 08-C-16, suggests why the other parties are not helping. In the related case, the court has concluded that NCR is equitably liable for the entirety of the remaining cleanup expense and that it cannot obtain contribution from other parties for its expenditures. NCR argues that, even so, the injunction requires these other parties to comply with the UAO and fund the cleanup (even though as the case stands they will be entitled to contribution from NCR). NCR thus filed a motion to "enforce" the May 1 injunction and require that 25% of the funds be paid by each of the other

three Defendants subject to the injunction.

These Defendants object on several grounds, but the primary one is what might be called "standing," in the loose sense of the term. That is, the injunction was issued in favor of the United States, and it is the only party in a position to seek enforcement. Absent any indication of injury or offense on the government's part, it is not NCR's place to insist that the injunction be enforced in any specific manner. If the government moves for relief on the basis that a given party is violating the terms of the injunction, the court can entertain such arguments at that time. But a court, having issued an injunction, does not generally police its application at the request of a single enjoined party who believes it should be enforced differently.

Accordingly, the motion to enforce the injunction is **DENIED**.

**SO ORDERED** this 10th day of June, 2013.

/s William C. Griesbach
William C. Griesbach
United States District Judge