UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                           Case No. 10-C-910

NCR CORPORATION, et al.,

    Defendants.

# ORDER

    NCR has filed what, in essence, is a motion for reconsideration of this Court's reconsideration. The motion will be denied. At its essence lies an error of reason that the Seventh Circuit has flatly rejected. To recall, among the key reasons I believed reconsideration was warranted was the realization that Dr. Wolfe had dramatically overstated the contributions by U.S. Paper to the PCB problem. Now, NCR's expert, Mr. Butler, has prepared an analysis showing that if U.S. Paper's overstated share were distributed *pro rata* among the other PRPs, NCR would *still* not have been sufficient to cause the entire OU4 harm because it would have contributed "only" about 48% of the PCB concentrations in OU4. (ECF No. 1036-1 at ¶¶ 22-23.) But that line of reasoning is only relevant if the harm is viewed as binary. As I noted in granting the motion for reconsideration, the question of harm has been found to be not a unitary "either/or" consideration, but an analysis of the *degree* to which a party contributed to the harm. Butler's analysis simply does not reflect that, nor could it have been expected to. It is true, as NCR notes, that the opposite is not true: the "harm" is not perfectly correlated to the volume, mass or concentration of PCBs. Even so,

Butler's analysis was largely premised on its responsiveness to the remediation rules that the Seventh Circuit later found to be mostly irrelevant. Not surprisingly, his testimony does not suffice to carry the day.

NCR has requested that this court certify an interlocutory appeal, and the government has asked for time to brief that question. Under 28 U.S.C. § 1292, a district court may certify that an order otherwise not appealable may be appealed. The court of appeals may agree and allow an interlocutory appeal, provided that "application is made to it within ten days after the entry of the order." The Seventh Circuit has allowed judges to make § 1292 certifications after the fact, but has frowned upon "gratuitous" delays in such certifications. *Weir v. Propst,* 915 F.2d 283, 287 (7th Cir. 1990); *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957 (7th Cir. 2000). Here, NCR made its request promptly—within two weeks—and so the parties may brief the question of whether the ruling on NCR's divisibility defense should be certified under 28 U.S.C. § 1292(b). Responses may be filed by November 20, 2015. NCR may file a brief reply by November 25.

**SO ORDERED** this 9th day of November, 2015.

                                                /s William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court