UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA and
THE STATE OF WISCONSIN,

        Plaintiffs,

  v.                                                  Case No. 10-C-910

NCR CORPORATION, et al.,

        Defendants.

**ORDER**

Before me presently are the Plaintiffs' motion to strike and Defendant NCR's motion to certify the judgment. For the reasons given below, I will deny both motions.

**I. Motion to Strike**

The government seeks to strike the surrebuttal testimony of Mr. Butler regarding his "28 percent share" opinion, which was based on certain of Dr. Wolfe's estimates Butler obtained during the December 2012 trial. In support of its motion, the government argues that Butler's opinion, based on Wolfe's estimates, should have been disclosed prior to trial. It also argues that the opinion was not proper surrebuttal testimony because it was simply bolstering his prior testimony rather than being responsive to any matters raised during rebuttal testimony. Georgia-Pacific and the government raised these objections at trial, but they were overruled.

NCR raises a number of arguments in opposition to the motion to strike. In short, it defends admission of the testimony at trial, but it also questions whether the government's motion to strike

is procedurally appropriate. Finding it dispositive, I address only the latter objection.

At trial, this court overruled the objections to Butler's surrebuttal testimony, concluding both that it was procedurally appropriate and proper surrebuttal. (ECF No. 731, Tr. 2782-84.) Following the trial, the parties filed briefs. NCR's brief cited Butler's testimony about his use of Wolfe's estimates: "Even under Dr. Wolfe's higher estimates, the full contamination scenario would require approximately '40 percent higher dredge volumes than the NCR [alone] dredge volumes.'" (ECF No. 746 at 37.) NCR echoed its reliance on Wolfe in its brief on appeal: "Like the estimates presented by the Simon Team and Connolly, Wolfe's calculations showed that NCR was a minority contributor of PCBs in OU4. (Tr. 2267:23-2268:6.) The District Court rejected Braithwaite's and Jones's work and largely ignored the estimates by Wolfe and Connolly." (ECF No. 1050-1 at 6.) Noting this, the court of appeals remanded for consideration of whether Butler's use of Wolfe's estimates would present a reasonable basis for apportionment. It is true, as the government notes, that NCR did not specifically refer to the "28 percent" estimate Butler attributed to NCR at trial. Even so, both this court and the court of appeals were aware that NCR was attempting to show that the harm was divisible even if NCR relied on Georgia-Pacific's expert for the underlying estimates.

It is unclear whether, as NCR now says, the government should have pressed its objections to the admission of Butler's testimony in its post-trial briefing, its appellate briefs or at oral argument—or all three. But I need not conclude that the argument is waived to conclude that it is not properly before me. Though it is styled as a motion to strike, in essence it is a motion seeking reconsideration of my earlier evidentiary ruling. In support of its motion seeking reconsideration, the government cites a vague principle encouraging district courts to explore alternative bases for their decisions. *Young v. Verizon's Bell Atl. Cash Balance Plan,* 615 F.3d 808, 815 (7th Cir. 2010).

The government argues that even though it has won the case against NCR on other grounds, a ruling granting the motion to strike (as opposed to finding it moot) would provide a second, independent basis for the court of appeals to uphold the government's victory.

The government's earnest desire to bolster its case on appeal is understandable, but I am not aware of any procedural mechanism, nor any precedent, for entertaining a motion addressing a three-year-old previously-decided issue, particularly when that motion is brought by the party that has already won on another ground. Surely, the desire to have a second ground for that victory cannot be enough to justify reconsideration, or else parties would never cease asking for rulings, and re-dos of rulings, despite having won on other grounds. The only precedent the government cites is a case in which the Seventh Circuit praised a district court for developing the record fully and exploring alternative bases of decision: in *Young,* the district court, due to uncertainties in ERISA law, had decided to bifurcate a trial, applying different legal standards of review (deferential and *de novo)* to each phase of the trial. *Id.* at 814. In essence, the district court created a record that would allow the court of appeals to reach a complete result under either standard of review.

A general preference for thoroughness, or for exploring alternate bases for a decision, does not warrant revisiting issues decided long ago, however. *Young* involved a district court that created an alternative basis for its decision in the first instance, not on a motion for reconsideration years later. The case is before me presently with directions to consider certain evidence, not to consider whether that evidence should have been allowed in the first place. Whether or not this court's December 2012 evidentiary ruling is outside the scope of the mandate or law of the case, it remains true that the matter is now before me only because of a completely unrelated issue. The remand to consider the matters the Seventh Circuit cited was not an invitation to open the door to revisit other

3

issues. Accordingly, the motion to strike will be denied as moot.[1]

**II. Motion to Certify Appeal Under § 1292(b)**

NCR has requested certification, for immediate appeal, of this court's October 19, 2015 decision finding that NCR had failed to prove its divisibility defense. To guide the district court, there are four statutory criteria for the grant of a section 1292(b) petition: there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. *Ahrenholz v. Bd. of Trustees of Univ. of Illinois,* 219 F.3d 674, 675 (7th Cir. 2000).

The parties opposed to the certification argue that the question decided in my October 19 order was essentially one of fact, rather than law; after all, the Seventh Circuit had remanded the action to this court so that this court could undertake certain findings of fact pertinent to the divisibility defense. Thus, there is not a question of "law" susceptible to easy resolution by the court of appeals. NCR argues just the opposite, claiming that the divisibility defense is indeed a question of law because it relied on the Seventh Circuit's directives about the proper legal standards for divisibility.

It is true, as NCR says, that there are questions of law "involved" in the proposed appeal, but at their core they are tied up with difficult questions of fact. The Seventh Circuit has explained that the "question of law" clause in section 1292(b) refers to a "pure" question of law, e.g., "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine"—the kinds of things a court of appeals could decide "quickly and cleanly without having to study the record." *Id.* at 677. Here, it should go without saying that appellate review would

---

[1]Similarly, this court has not considered the declaration the government wants to strike, either. Accordingly, its motion is moot as to the declaration as well.

4

require much more than a "quick and clean" review of a discrete legal question.

Accordingly, the request for § 1292(b) certification is **DENIED**.  Having found that judgment should not be entered at this time (under § 1292(b) or otherwise), I will decline to enter the judgment proposed by the government.  The motion to strike is **DENIED**.  The clerk will set the case on the calendar for a telephonic scheduling conference.

**SO ORDERED** this 25th day of January, 2016.

      /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court