UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                     Case No. 10-C-910

NCR CORPORATION, et al.,

    Defendants.

**ORDER**

**I. NCR's Motion to Compel**

Plaintiff NCR has moved to compel the United States to produce a full, unredacted copy of the 2002 Amendola report, which NCR believes the United States has relied on in supporting its consent decrees. It asks that the court conduct an *in camera* review of the report to determine whether that was the case and, if so, for an order requiring production. For the reasons given below, the motion will be denied.

NCR argues that the government has selectively quoted and more extensively relied upon the 2002 report, which contains different estimates from previous versions of the report. For example, when it negotiated a consent decree with Georgia-Pacific, the United States estimated that GP was responsible for roughly 16% of the PCBs discharged to the river. Similarly, it used Amendola information to estimate a .03% share to Kimberly-Clark. Previously, the government criticized NCR's expert for relying on earlier versions of the report, and yet now it will not produce what appears to be the final report. NCR thus argues that for this and other reasons, the government

has waived any privilege it might have had with respect to the documents in question. In addition, the government accidentally disclosed several unredacted documents, including the information NCR now seeks. NCR agreed to destroy its versions of the documents, and the government eventually produced redacted versions, justifying the redactions by citing work-product privilege. NCR also argues that this disclosure serves as a waiver of any privilege.

The United States responds that NCR (and Appvion) have already tried to get the documents in question, but have been rejected by this court and the Seventh Circuit. "Even though the government used portions of its reports in two consent decrees, that use does not waive work product immunity for all the related content." *Appleton Papers, Inc. v. E.P.A.,* 702 F.3d 1018, 1020 (7th Cir. 2012). Moreover, the essence of NCR's argument—that fairness dictates that the disclosure of *some* portions of the reports means the government must disclose them in their entirety—is not a persuasive argument here because the government's references to its continued work with Amendola were tangential and limited. As such, NCR is not forced to labor under an unfairly incomplete record, and in fact I conclude it would be unfair to require the government to disclose the work product of its litigation consultant merely because it made a few references to his work at various points in this litigation. This court has already held that, "[g]iven the limited disclosures made here (which involved wiggle words like "estimates" and "suggestions"), it cannot be argued that the government's disclosures were done selectively or that it had cherry-picked certain data in order to create a misleading impression." *Appleton Papers Inc. v. E.P.A.,* No. 11-CV-318, 2012 WL 1079884, at *5 (E.D. Wis. Mar. 30, 2012).

It is not as though NCR has no recourse at all. First, the government is not a party to the contribution action, which is where NCR believes the information may be used against it. Thus,

2

it is difficult to envision how the government will enjoy some sort of unfair litigation advantage over NCR. Second, to the extent any other parties attempt to rely on the government's partial disclosures, NCR will be able to point out any limitation arising out of the fact that we have been presented with only limited information. Conceivably, the absence of full disclosures will affect the weight properly accorded to that information. Accordingly, the motion [1083] is **DENIED**. The duplicate motion filed in No. 08-C-16 will also be denied.

**II. The United States' Rule 7(h) Motion to Compel**

The United States has filed a motion to compel certain documents from Appvion. As with the documents described above, these documents have been the subject of previous motion practice, with this court denying motions to compel and for sanctions. Previously, this court ruled that the documents sought, which relate to UK litigation between B.A.T. and Appvion, were not relevant to Appvion's status as an indemnitor because that issue had been decided by the Seventh Circuit. (ECF No. 1774.) More recently, this court "clarified," at P.H. Glatfelter's request, that Appvion's status had not in fact been conclusively resolved, because the Seventh Circuit was merely concluding that Appvion could *sue* under § 107, not that it definitively was a PRP rather than an indemnitor. (ECF No. 1788.) Based on that ruling, the government argues that the documents, which could relate to Appvion's status as either a PRP or an indemnitor, are now in play and should be turned over. In short, Appvion's relevance argument is no longer persuasive.

Appvion's response relies on this court's earlier rulings and interpretations of the Seventh Circuit's decision. As just noted, however, Appvion's status as either a PRP or indemnitor has not been conclusively established, and so the United States is correct that Appvion's principal relevance

3

objection is unconvincing. Given the breadth of discovery generally allowed, it is conceivable that the UK litigation documents could be relevant or could lead to relevant information. In the UK litigation, B.A.T. sought indemnity from Appvion and Windward Prospects for Fox River liability. In a dispute over indemnification of Fox River expenses, it is not a stretch to believe that the nature of Appvion's own payments to NCR could have arisen. With Appvion's key relevance objection out of the way, the documents should be produced.

NCR's motion [1083] is **DENIED**. The duplicate motion filed in No. 08-C-16 will also be denied. The United States' motion [1096] is **GRANTED**.

**SO ORDERED** this 19th day of August, 2016.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court